# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ARCONIC INC. (f/k/a ALCOA INC.), | ) ) ) | |
|    Plaintiff/Counterdefendant, | ) ) | Civil Action No.: 1:15-cv-01466-ELR |
| v. | ) ) | |
| UNIVERSAL ALLOY CORPORATION, | ) ) ) | |
|    Defendant/Counterclaimant. | ) | |

## UAC'S BRIEF REGARDING TECHNICAL EXPERT REPLACEMENT

Pursuant to the Court's direction during the May 7, 2021 telephone conference and subsequent Order (ECF No. 777), Universal Alloy Corporation ("UAC") respectfully submits this brief setting forth its position on a replacement expert witness in view of the sudden and unexpected passing of its previous technical expert witness, Dr. Michael Stevenson.  As outlined during the telephone conference, UAC respectfully submits that it should be allowed to offer a replacement expert witness – of its own choosing, not of Arconic Inc.'s ("Arconic") – whose testimony will remain within the confines of Dr. Stevenson's report as modified by the Court's *Daubert* ruling.  UAC has already engaged an expert, and believes that it can proceed efficiently on the schedule described below without introducing new delay or

1

prejudice to plaintiff.

*First*, UAC respectfully submits that there is no reasonable argument that it should be precluded from presenting a replacement expert witness under these circumstances. Dr. Stevenson's passing is not a situation of UAC's own making, nor is the case presently calendared for trial. Indeed, it is UAC's understanding from the May 7 telephone conference that the parties are unlikely to receive a trial date in the coming months.

What is more, this situation is not without precedent in the case. During expert discovery in 2018, Arconic's damages expert witness became unavailable, and Arconic identified a replacement damages expert witness. UAC should be allowed the benefit of this accommodation.

*Second*, UAC's replacement technical expert witness should be an expert of its own choosing, not of Arconic's. While Arconic suggested on the May 7 telephone conference that Dr. Stevenson's team member, Mr. Matthew Kenner, should be UAC's new default testifying expert, there is no basis to constrain UAC in this way. Mr. Kenner was at all times a consulting expert, assisting Dr. Stevenson and UAC's legal team. (*See* ECF No. 387-1 at 4.) Mr. Kenner co-signed Dr. Stevenson's expert report to acknowledge that he performed a "technical review" of the work product, not as an indication that he too might testify in the case. Indeed, Arconic previously

acknowledged that UAC did not intend to call Mr. Kenner to testify at trial when Arconic withdrew its request to depose Mr. Kenner. (ECF No. 555.) In any event, whether UAC's replacement technical expert is Mr. Kenner or another witness should have no impact on the timing of trial, for the reasons discussed further below.

*Third*, given that Arconic sought to exclude portions of Dr. Stevenson's report, a replacement technical expert witness cannot adopt Dr. Stevenson's report in its entirety, as was the approach for Arconic's replacement damages expert witness. Regardless of who is stepping into Dr. Stevenson's role, aspects of the opinions reflected in his report must be excised in order to comply with the Court's *Daubert* Order. (*See* ECF No. 774 (*Daubert* Order) at 37 (granting `"motion to exclude Stevenson's references regarding his null hypothesis theory"`).) Allowing a replacement expert report may actually streamline the trial preparation process given that Arconic sought to exclude only "[c]ertain" aspects of Dr. Stevenson's opinion, but did not identify the challenged testimony by page or section of the report. (*See generally* ECF No. 722 (Motion to Exclude Certain Opinions of Michael Stevenson Pursuant to Rule 702).) Upon receipt of the report from UAC's replacement expert, Arconic will be able to assess whether it believes any of the proposed opinions run afoul of the Court's *Daubert* Order, thus bringing to a head any dispute on the permissible scope or content of UAC's technical expert

3

testimony well in advance of trial.

***Finally***, with regard to the timing of replacement expert witness discovery and motion practice, UAC respectfully submits that the process can be completed without impacting the anticipated timeline to trial. As noted on the May 7 telephone conference, UAC has engaged a technical expert witness, who is working diligently to perform an independent analysis of the issues and proceed to a replacement expert report and the requisite Rule 26 disclosures expeditiously. To that end, UAC proposes the following schedule for replacement expert witness discovery and motion practice:

- <u>Replacement Technical Expert Report</u>:  July 23, 2021
- <u>Replacement Technical Expert Deposition</u>:  August 24, 2021
- <u>Replacement Technical Expert *Daubert* Briefing (if any)</u>:
  - Opening brief: September 24, 2021
  - Opposition brief: October 8, 2021
  - Reply brief: October 22, 2021

*   *   *

For the foregoing reasons, UAC respectfully requests that the Court allow it to proceed with a replacement technical expert witness, and enter a schedule for replacement expert witness discovery and motion practice. UAC remains at the

Court's disposal should it wish further information.

Respectfully submitted this 14th Day of May, 2021.

/s/ *John G. Perry*

| | |
|---|---|
| WOMBLE BOND<br>DICKINSON (US) LLP<br>Michael J. Sullivan<br>Ga. Bar. No. 142203<br>John G. Perry<br>Ga. Bar. No.141609<br>271 17th Street, NW, Suite 2400<br>Atlanta, Georgia 30363<br>Telephone: (404) 872-7000<br><br>HOOVER HULL TURNER LLP<br>David K. Herzog (*pro hac vice)*<br>111 Monument Circle, Suite 4400<br>Indianapolis, Indiana 46204<br>Telephone: (317) 822-4400 | SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>P. Anthony Sammi (*pro hac vice*)<br>Douglas R. Nemec (*pro hac vice*)<br>Leslie A. Demers (*pro hac vice*)<br>One Manhattan West<br>New York, New York 10001<br>Telephone: (212) 735-3000<br><br>FAEGRE BAKER DANIELS LLP<br>Randall E. Kahnke (*pro hac vice*)<br>Kerry L. Bundy (*pro hac vice*)<br>Tyler A. Young (*pro hac vice*)<br>2200 Wells Fargo Center, 90 S. 7th St.<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 766-7000<br><br>Katrina G. Kelly (*pro hac vice*)<br>Matthew E. Burkhart (*pro hac vice*)<br>300 North Meridian Street, Suite 2700<br>Indianapolis, Indiana 46204<br>Telephone: (317) 237-0300 |

*Attorneys for Universal Alloy Corporation*

## CERTIFICATE OF TYPE SIZE AND STYLE

Counsel for Defendant hereby certifies that the size and style of the type used in the foregoing filing is Times New Roman: 14 point.

/s/ *John G. Perry*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of May, 2021, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

/s/ *John G. Perry*