# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| ARCONIC INC. (*f/k/a* ALCOA INC.), | * * | |
| Plaintiff, | * * | |
| v. | * * | 1:15-CV-01466-ELR |
| UNIVERSAL ALLOY CORPORATION, | * * * * | |
| Defendant. | * * | |

_____

# O R D E R
_____

On May 7, 2021, the Court held a telephone conference with the Parties regarding the recent passing of Defendant's expert, Dr. Michael Stevenson, and Defendant's efforts to secure a replacement expert witness. [See Doc. 778]. That same day, the Court directed the Parties to file briefs regarding the substitution of Defendant's expert witness by Friday, May 14, 2021. [Doc. 777].

The Parties both complied with the Court's instructions and filed their respective briefs which outline their respective positions. [Docs. 779, 780]. By its brief, Defendant requests that the Court grant it leave to offer a replacement expert witness—of its own choosing—"whose testimony will remain within the confines of Dr. Stevenson's report as modified by the Court's Daubert ruling." [Doc. 779

at 1]. To that end, Defendant proposes the following schedule for replacement expert witness discovery and motion practice:

- Replacement Technical Expert Report due: July 23, 2021.

- Replacement Technical Expert Deposition deadline: August 24, 2021.

- Replacement Technical Expert Daubert Briefing (if any) deadlines:

    o Opening brief: September 24, 2021;

    o Opposition brief: October 8, 2021;

    o Reply brief: October 22, 2021.

[Id. at 4].

In its brief, Plaintiff notes that it does not oppose a substitute expert witness, however, it does not believe a new expert report is necessary. [Doc. 780 at 1–2]. According to Plaintiff,

> the previous expert's consulting firm (ESI) put in over 10,000 hours and almost four years preparing that report, which spans hundreds of pages and considered almost 8,000 documents. Redoing that work to reach the same conclusions, based on the same facts and theories, would seem unnecessary, particularly when the new expert could be impeached with the prior report.

[Id. at 2]. Thus, Plaintiff suggests that Defendant's new expert adopt the existing report generated by Dr. Stevenson to eliminate potential future disputes. [Id. at 3].

However, should the Court grant Defendant leave to submit a new report, Plaintiff requests an opportunity to object after reviewing the new report and deposing the substituted expert witness. [Id.] Additionally, Plaintiff requests the

2

opportunity to object to the selection of Defendant's new expert if the new expert comes from a different consulting firm than Dr. Stevenson (specifically, ESI), "should there be a basis to do so." [Id. at 16–17].

Upon review, the Court **GRANTS** Defendant leave to offer a replacement expert witness of its own choosing, noting that any new expert report must stay within the confines of Dr. Stevenson's report (as modified by the Court's March 10, 2021 Order). To that end, the Court **DIRECTS** the Parties to adhere to the following deadlines:

- Replacement Technical Expert Report due: July 23, 2021.
- Replacement Technical Expert Deposition deadline: August 24, 2021.
- Replacement Technical Expert Daubert Briefing (if any) deadlines:
    - Opening brief: September 24, 2021;
    - Opposition brief: October 8, 2021;
    - Reply brief: October 22, 2021.

Finally, the Court **DENIES** Plaintiff's request to object to the selection of Defendant's replacement expert. The Court notes that Plaintiff shall have an opportunity to depose Defendant's replacement expert and file a motion to exclude, should it so choose. However, the Court will not entertain any other objections to Defendant's replacement expert beyond a properly presented motion to exclude.

**SO ORDERED**, this 20th day of May, 2021.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia