# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ARCONIC INC. (f/k/a ALCOA INC.), | ) ) ) | |
| Plaintiff/Counterdefendant, | ) ) | Civil Action No.: 1:15-cv-01466-ELR |
| v. | ) ) | |
| UNIVERSAL ALLOY CORPORATION, | ) ) ) ) | |
| Defendant/Counterclaimant. | ) | |

## ALCOA'S MOTION TO EXCLUDE CERTAIN TESTIMONY OF DEFENDANT'S EXPERT JOSEPH R. PICKENS

NOW COMES Plaintiff ARCONIC INC. (f/k/a Alcoa Inc.) ("Alcoa") and respectfully files this Motion to Exclude Certain Testimony Of Defendant's Expert Joseph R. Pickens (the "Motion"). This Motion is brought pursuant to the Court's Order of May 20, 2021 (Dkt. 781), Rule 702 of the Federal Rules of Civil Procedure, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and Rule 37(c)(1) of the Federal Rules of Civil Procedure. Alcoa is contemporaneously filing its Memorandum of Law in support hereof, and the exhibits attached thereto. A proposed Order is attached hereto as Exhibit A.

Dr. Michael Stevenson of ESi submitted a technical expert report in this case on behalf of Defendant United Alloy Corporation ("UAC"). Alcoa moved to

exclude certain opinions of Stevenson on the grounds that he based his conclusions on an unreliable methodology — the so-called "null hypothesis" methodology. UAC opposed the motion, arguing that the null hypothesis methodology was just a label that could be removed and that Stevenson in fact had applied the scientific method. This Court granted the motion to exclude, finding the null hypothesis methodology unreliable and inapplicable, and noting that in "whatever form or name," Stevenson's opinion and methodology were not sufficiently explained.

Upon the tragic passing of Stevenson, UAC sought to submit a replacement expert. This Court allowed UAC to do so, but noted that this was not an opportunity for UAC to submit new expert opinions; the replacement testimony was required to stay within the confines of Stevenson's opinion as limited by the Court's *Daubert* order. Dkt. 781 at 3.

UAC subsequently submitted the replacement expert report of Dr. Joseph R. Pickens. Pickens' report and testimony go beyond the confines of Stevenson's report, in violation of the Court's May 20, 2021 Order. Pickens also testifies as to matters that are, as he admits, beyond his expertise. For the reasons set forth in the accompanying Memorandum of Law, those portions of Pickens' report and testimony should be excluded.

Specifically, Alcoa respectfully requests that the Court exclude:

(1) Pickens' no misappropriation theories, analyses, and conclusions;

(2) Pickens' theories, analyses, and conclusions as to whether the trade secrets

were independently developed, generally known, readily ascertainable, or reverse engineered;

(3) Pickens changed opinion (#3) and the new opinions disclosed at his deposition;

(4) The ESi Memos recently produced, as well as any analyses, theories, or conclusions based on them; and

(5) Pickens' opinion as to FAA qualification or certification, disagreement with Alcoa's expert on these subjects, or opinion that UAC could have developed a manufacturing process for stretched-form spar chords that was acceptable to Boeing in the available time without relying on Alcoa's trade secrets.

Dated: October 8, 2021                                 Respectfully submitted,

                                                       */s/ Courtland L. Reichman*
                                                       Courtland L. Reichman

                       Courtland L. Reichman
                       (Georgia Bar No. 599894)
                       Sarah Jorgensen
                       (Georgia Bar No. 541130)
                       REICHMAN JORGENSEN LLP
                       1201 West Peachtree Street
                       Suite 2300
                       Atlanta, GA 30309
                       Tel: (404) 609-1040
                       creichman@reichmanjorgensen.com
                       sjorgensen@reichmanjorgensen.com

                       Caroline Walters

*(Admitted pro hac vice)*
Jennifer P. Estremera
*(Admitted pro hac vice)*
Kate M. Falkenstien
*(Admitted pro hac vice)*
Sara Edelstein
(*Admitted pro hac vice*)
REICHMAN JORGENSEN LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
Fax: (650) 623-1449
cwalters@reichmanjorgensen.com
jestremera@reichmanjorgensen.com
kfalkenstien@reichmanjorgensen.com
jsteinberg@reichmanjorgensen.com
sedelstein@reichmanjorgensen.com

Michael Matulewicz-Crowley
*(Admitted pro hac vice)*
REICHMAN JORGENSEN LLP
750 Third Avenue Suite, Suite 2400
New York, NY 10017-1965
Tel: 212-381-1965
mmatulewicz-crowley@reichmanjorgensen.com

*Attorneys for Plaintiff Arconic Inc.*

## **CERTICATE OF COMPLIANCE WITH LR 5.1(C)**

This is to certify that the foregoing document was prepared using Times New Roman 14 point font in accordance with LR 5.1(C).

Dated: October 8, 2021  /s/ *Courtland L. Reichman*
Courtland L. Reichman

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I have electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

This 8th day of October, 2021.  /s/ *Courtland L. Reichman*
Courtland L. Reichman