IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARCONIC CORPORATION (f/k/a ARCONIC INC.), | ) ) ) | |
| Plaintiff/Counterdefendant, | ) ) ) | Civil Action No.: 1:15-cv-01466-ELR |
| v. | ) ) ) | |
| UNIVERSAL ALLOY CORPORATION, | ) ) ) ) | |
| Defendant/Counterclaimant. | ) ) | |

## ARCONIC'S NOTICE OF NAME CHANGE AND UNOPPOSED MOTION TO JOIN PARTY PURSUANT TO RULE 20

Pursuant to Federal Rule of Civil Procedure 20, Plaintiff and Counterclaim-Defendant Arconic Inc. ("Arconic"), respectfully notifies the Court that its name has changed to Howmet Aerospace Inc. and respectfully moves the Court to join Arconic Corporation as Plaintiff and Counterclaim-Defendant.

In support of this Motion, Arconic states as follows:

1. On March 31, 2020, Arconic Inc. went through a corporate reorganization: Arconic Inc. separated from Arconic Rolled Products Corporation. *See* Ex. A (Separation and Distribution Agreement Between Arconic Inc. and Arconic Rolled Products Corp., March 31, 2020 (the "S&DA")). Arconic Inc. was subsequently renamed "Howmet Aerospace Inc." ("Howmet Aerospace"), and

1

Arconic Rolled Products Corporation was renamed "Arconic Corporation" ("Arconic Corp."). Ex. A at § 3.2(i). Arconic Corp. is thus a free-standing corporation, spun off from and separate from Arconic Inc. (now Howmet Aerospace).

2. As part of this reorganization, the entire business unit and operations at issue in this case stayed with Arconic Corp. Accordingly, as set forth in the S&DA and its accompanying schedules, the trade secrets, confidential information, intellectual property, and contracts at issue in this case have been transferred and assigned to Arconic Corp. Ex. A at § 2.2. Similarly, as of separation, this litigation became a "Liability" of Arconic Corp., as defined in the S&DA, and as set forth in the accompanying schedules. *Id.* at 2.1(a)(ii), 2.3(a); *see also* Ex. B (Schedule of Liabilities).

3. Accordingly, Arconic moves to join Arconic Corp. as a co-plaintiff and co-counterclaim-defendant. Arconic Inc. would remain in the case as a co-plaintiff and co-counterclaim-defendant as well, and its name would be changed in the case caption to Howmet Aerospace Inc.

4. UAC has advised Arconic that, based on the facts set forth herein, UAC does not oppose the motion.

# ARGUMENT

5.  Federal Rule of Civil Procedure 25(c) states: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Matter of Covington Grain Co., Inc.*, 638 F.3d 1632, 1634 (5th Cir. 1981). "Assignment of the interest sought to be enforced is sufficient grounds for a Court on motion to add a party under Rule 25(c), especially given that the decision of whether to add a party under rule 25(c) is squarely within the discretion of the District Court." *Howell v. Phoenix Life Ins. Co.*, No. 1:07-CV-014-JTC, 2009 WL 10669623, at *2 (N.D. Ga. Aug. 20, 2009).

6.  As for joinder, a party may seek to permissively join another party in interest pursuant to Federal Rule of Civil Procedure 20,[1] which states: "Persons may be joined in one action as plaintiffs if . . . they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . and . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. Pro.

---

[1] Fed. R. Civ. P. 19 deals with joinder of necessary parties.

20(a)(1)(A). Similarly, "[p]ersons…may be joined in one action as defendants if…any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . and . . . any question of law or fact common to all defendants will arise in the action." 20(a)(2)(A). "[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits….The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims *and* parties in the interest of judicial economy: 'Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Alexander v. Fulton Cty, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003).

7. Here, Arconic seeks to join Arconic Corp. as an additional party, to be both a plaintiff and a counterclaim-defendant. Arconic Inc. and Arconic Corp. assert a "right to relief jointly, severally, or in the alternative with respect to or arising out of" the matters and issues in this case.

8. Joining Arconic Corp. would "promote trial convenience and expedite the final determination of disputes" by including all interested parties and the

party, Arconic Corp., whose current rights are at issue are implicated. There is no need for a separate case to litigate the same issues, particularly because Arconic Corp. agrees to be bound by prior decisions in this case.

9. By joining Arconic Corp., regardless of the ultimate determination of interests, rights, and liabilities, the Court will have all interested parties before it and be able to make a final determination on the claims and counterclaims.

10. To reflect the joinder of Arconic Corp. and the change of name of Arconic Inc., the case caption should be amended to read as follows: "Arconic Corporation and Howmet Aerospace Inc. (Plaintiffs and Counterclaim-Defendants) v. Universal Alloy Corporation (Defendant and Counterclaim-Plaintiff)."

## CONCLUSION

For the above reasons, Arconic Inc. respectfully provides notice that Arconic Inc. has become Howmet Aerospace Inc., and requests that the Court join Arconic Corp. as a plaintiff and counterclaim-defendant in this case. A proposed Order is attached.

Dated: January 25, 2022   Respectfully submitted,

 /s/ *Courtland L. Reichman*

Courtland L. Reichman
(Georgia Bar No. 599894)
Sarah Jorgensen

(Georgia Bar No. 541130)
REICHMAN JORGENSEN LLP
1201 West Peachtree Street
Suite 2300
Atlanta, GA 30309
Tel: (404) 609-1040
creichman@reichmanjorgensen.com
sjorgensen@reichmanjorgensen.com

Caroline Walters
*(Admitted pro hac vice)*
Jennifer P. Estremera
*(Admitted pro hac vice)*
Kate M. Falkenstien
*(Admitted pro hac vice)*
REICHMAN JORGENSEN LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA 94065
Tel: (650) 623-1401
Fax: (650) 623-1449
cwalters@reichmanjorgensen.com
jestremera@reichmanjorgensen.com
kfalkenstien@reichmanjorgensen.com
*Attorneys for Plaintiff Arconic Inc.*

## **CERTICATE OF COMPLIANCE WITH LR 5.1(C)**

This is to certify that the foregoing document was prepared using Times New Roman 14 point font in accordance with LR 5.1(C).

Dated: January 25, 2022          */s/ Courtland L. Reichman*
                                                  Courtland L. Reichman

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

This 25th day of January, 2022              */s/ Courtland L. Reichman*
                                                                  Courtland L. Reichman