**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE Inc., )<br><br>Plaintiffs and Counterclaim-Defendants, )<br><br>v. )<br><br>UNIVERSAL ALLOY CORPORATION, )<br><br>Defendant and Counterclaim-Plaintiff. ) | Civil Action No.:<br>1:15-cv-01466-ELR<br><br>Jury Trial Requested |

**ALCOA'S MOTION IN LIMINE # 4
AND MEMORANDUM OF LAW IN SUPPORT THEREOF
TO EXCLUDE IULIAN GHEORGHE AS A WITNESS AND GHEORGHE'S
QUASI-EXPERT REPORT
<u>AND RELATED DOCUMENTS</u>**

## TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ...................................................................................................1
BACKGROUND .....................................................................................................2
ARGUMENT ...........................................................................................................6
    I.    GHEORGHE SHOULD BE EXCLUDED AS AN IRRELEVANT FACT WITNESS. ........................................................6
    II.    GHEORGHE'S REPORT, AND ALL RELATED EVIDENCE AND TESTIMONY, IS INADMISSIBLE. ..........................................8
CONCLUSION ......................................................................................................14

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*,
   2018 U.S. Dist. LEXIS 192103 (S.D. Fla. Nov. 9, 2018) ................................. 12

*Abusbeih v. Ansari*,
   2020 WL 1159397 (N.D. Ga. Feb. 21, 2020) ...................................................... 11

*Campbell v. Garcia*,
   No. 3:13-cv-0627-LRH-WGC, 2016 U.S. Dist. LEXIS 124047 (D.
   Nev. Sep. 13, 2016) ......................................................................................... 9, 10

*Canon, Inc. v. Color Imaging, Inc.*,
   2016 WL 11745665 (N.D. Ga. Jul. 5, 2016) ......................................................... 8

*Clack v. Carolina Transp. of Burgaw, Inc.*,
   2020 WL 2026019 (N.D. Ga. Jan. 17, 2020) ...................................................... 11

*Jinro America Inc. v. Secure Investments, Inc.*,
   266 F.3d 993 (9th Cir. 2001) .............................................................................. 13

*Johnson v. Jennings*,
   772 F. App'x 822 (11th Cir. 2019) ..................................................................... 11

*Knight through Kerr v. Miami-Dade Cty.*,
   856 F.3d 795 (11th Cir. 2017) .............................................................................. 7

*Little v. Ford Motor Co.*,
   2017 WL 6994586 (N.D. Ga. Dec. 21, 2017) (Ross, J.) ....................................... 7

*Mitchell v. Ford Motor Co.*,
   318 F. App'x 821 (11th Cir. 2009) ....................................................................... 7

*Osterneck v. E.T. Barwick Indus.*,
   106 F.R.D. 327 (N.D. Ga 1984) ....................................................................... 9, 10

*Palmer v. Hoffman*,
    318 U.S. 109, 63 S. Ct. 477 (1943) ........................................................................ 10

*United States v. Dukagjini*,
    326 F.3d 45 (2d Cir. 2002) ................................................................................... 13

**Rules**

Fed. R. Civ. P. Rule 26 ................................................................................................. 7, 11

Fed. R. Civ. P. Rule 37 ................................................................................................... 1, 7

Fed. R. Evid. 402 ............................................................................................................ 1, 6

Fed. R. Evid. 403 .......................................................................................................... 1, 11

Fed. R. Evid. 701 .......................................................................................................... 1, 12

Fed. R. Evid. 702 .......................................................................................................... 1, 12

Fed. R. Evid. 802 ...................................................................................................... 1, 9, 10

Fed. R. Evid. 803 .......................................................................................................... 1, 10

NOW COME Arconic Corporation and Howmet Aerospace Inc. (f/k/a Alcoa Inc., collectively "Alcoa")[1], and respectfully file this Motion In Limine #4 and Memorandum of Law In Support Thereof to Exclude Iulian Gheorghe As A Witnesses and Gheorghe's Quasi-Expert Report, "The Stretch Forming of Aluminum Alloys" (hereinafter referred to as the "Report") And Related Documents, pursuant to Rule 37 of Civil Procedure and Rules of Evidence 402, 403, 701, 702, 802, and 803.

## INTRODUCTION

UAC repeatedly told Alcoa – on six separate occasions – that Iulian Gheorghe did not have any involvement in UAC's development of its stretch form process and that he had no knowledge relevant to the claims in this case. Gheorghe's only connection to the case appears to be a purported "report" that he created in support of UAC's opposition to having to participate in discovery. That report is hearsay, is impermissible expert testimony, and is not the proper subject of lay witness testimony. UAC now seeks to have Gheorghe testify as a witness. Because UAC has stated that he has no relevant knowledge other than his purported "report," Gheorghe should not be permitted to testify at trial.

---

[1] Arconic was formerly known as "Alcoa." Because many historical documents refer to "Alcoa," for simplicity, Plaintiff is referred to as "Alcoa" herein.

1

As to the purported "report," UAC had Gheorghe conduct an "experiment" on its stretch form process in 2016 for this litigation. ███████████████████████████████████████████████████████████████████████████████████████████████████████████

Gheorghe's report on this experiment is impermissible hearsay evidence, because it is a litigation document, is not a regular business record, and is offered for the truth of the matter asserted. It is also improper quasi-expert testimony, when Gheorghe was not disclosed as an expert. Testimony from a witness that is concededly irrelevant and information about a report that is pure hearsay should be excluded.

## BACKGROUND

When discovery began, UAC "categorically refused" to provide discovery on six out of the seven stages of the spar chord stretch forming process, claiming that those six stages were not relevant to the case. Dkt. 160, Order of Judge Russel G. Vineyard filed September 9, 2016 ("Order"), p. 5 (internal quotations and citations omitted). Therefore, in 2016, Alcoa filed a motion to compel asWilliams that the Court require UAC "to participate in discovery regarding all seven stages of its manufacturing process." Dkt. 97.

In support of its opposition, UAC presented to the Court an "experiment" that its then-employee, Gheorghe, had conducted in response to this discovery dispute.

Dkt. 116 (UAC Opp.) at 3; Dkt. 117.1, ("Affidavit of Iulian Gheorghe"). █

█

█

█

█

█

█

█

█

█

█

█

---

[2] The experiment was described as "test[ing] whether variations in alloy composition, extrusion, solution heat treat, and quench affected whether UAC's stretch-form machine could shape an extrusion into a spar chord meeting Boeing's specifications." Dkt 116 (UAC Opp.) at 12. █

█

3

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

In the September 9, 2016 Order, the Honorable Russell Vineyard rejected UAC's argument and ordered that it produce discovery related to all stages of "UAC's process for manufacturing the parts at issue." Dkt. 160 at 12, 15.

UAC consistently insisted, even after this Order, that Gheorghe had no other relevant information about the case, and resisted producing any documents from him beyond those associated with his "experiment." Despite ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬,[3] UAC refused to add him as a document custodian. Instead, UAC repeatedly represented that prior to conducting the experiments in March 2016, Gheorghe "was not involved in the processes for manufacturing the parts at issue." Williams Decl., Ex. 2 (UAC 11/2/2016 Letter) at 2; Williams Decl., Ex. 3 (UAC 11/15/2016 Letter) at 2; *see also* Williams Decl., Ex. 4 (UAC 3/23/2016 Letter) at 2 (Gheorghe's "research and development work, however, had nothing to do with the stretch-former"); Ex. 5 (UAC 11/22/2016 Letter) at 2-3 (Gheorghe had "no involvement in creating the processes for the parts"). Indeed, according to UAC, it

---

[3] Declaration of Leaf Williams ("Williams Decl."), Ex. 1 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

4

developed its stretch form process in Canton, Georgia and Gheorghe was in Romania until early 2016. Williams Decl., Ex. 4 at 2 (UAC 3/23/2016 Letter); Ex. 2 at 2 (UAC 11/2/2016 Letter). UAC reiterated in February 2017, well after the Court had ordered it to participate fully in discovery on all stages of the manufacturing process: "Dr. Gheorghe's only connection with this case is that he performed the experiment disclosed in UAC's Court filings," and he "had no involvement with UAC's development of its stretch forming process." Williams Decl., Ex. 6 at 1 (UAC 2/10/2017 Letter).

After multiple requests by Alcoa, Williams Decl., Exs. 7-12, and at least five prior statements that Gheorghe was irrelevant, "out of a spirit of compromise," in 2017, UAC agreed to add Gheorghe as a custodian. But it noted again that he "worked in UAC's European facilities, which do not perform any manufacturing process relevant to this case." Williams Decl., Ex. 13 at p. 1 (UAC 3/21/2017 Letter). Subsequently, during depositions, a UAC employee explained ████ ████████████████████████████████████████ ██████████████████████████████

Then, almost half a year after the close of fact discovery, UAC supplemented an interrogatory response, stating ████████████████████ ████████████████████

5

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████ Williams Decl., Ex. 14 (UAC 5/7/2018 Supp. Resp. to Interrogatory No. 19) at pp. 7-8.

UAC has listed Gheorghe as a "may call" trial witness, Dkt. 718 (Proposed Joint Pretrial Order, "PTO") at 88, ████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████

## ARGUMENT

**I.  GHEORGHE SHOULD BE EXCLUDED AS AN IRRELEVANT FACT WITNESS.**

UAC has identified Gheorghe as a potential witness. Dkt. 719 at 88. However, UAC represented at least six times that Gheorghe has no relevant information relating to this lawsuit beyond the Report, which – as discussed in Section II – is inadmissible. Williams Decl., Exs. 7-12. Therefore, any testimony from Gheorghe should be excluded. Fed. R. Evid. 402.

Indeed, after the close of fact discovery, UAC amended an interrogatory response to disclose ████████████████████████████████████

6

██████████████████████████████████████████ Williams Decl., Ex. 14 at pp. 7-8. ██████████████████████████

██████████████████████████████████████████

██████████████████████████████████████

To the extent, however, that this revised interrogatory response was intended ██████████████████████████████████████████

██████████████████████████████████████[4] – it came too late. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is *not allowed to use that information or witness to supply evidence . . .* at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c) (italics added). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Little v. Ford Motor Co.*, 2017 WL 6994586, at *5 (N.D. Ga. Dec. 21, 2017) (Ross, J.) (quoting *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009)).

UAC's failure to identify Gheorghe as a fact witness was not substantially justified. "Substantially justified means that reasonable people could differ as to the

---

[4] When Alcoa asked UAC to withdraw Gheorghe as a trial witness given its many prior representations, UAC refused but stated that it would abide by its representations in its letters.

7

appropriateness of the contested action." *Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 812 (11th Cir. 2017). Here, no reasonable person would find it appropriate to repeatedly state during fact discovery that Gheorghe was not involved in the processes at issue, has no knowledge about them, and has moved to China, only to turn around and claim he is relevant and may come testify at trial. UAC had all the relevant information in its possession to determine the relevance of Gheorghe at the time Alcoa first made its discovery requests.

And, the late disclosure certainly harms Alcoa. Alcoa was understandably surprised to see Gheorghe listed as a potential witness given UAC's repeated assurances that he is not relevant. Given UAC's repeated statements that Gheorghe has no relevant information, presumably any information Gheorghe has is not important to UAC – and there has been no explanation as to UAC's tardy disclosure of Gheorghe as a potential witness. *See Canon, Inc. v. Color Imaging, Inc.*, 2016 WL 11745665, at *2 (N.D. Ga. Jul. 5, 2016) (listing factors to consider when determining whether a late disclosure is harmless). In sum, UAC's failure to identify Gheorghe as a witness with information relevant to the case is neither substantially justified nor harmless, and he should be excluded as a fact witness.

## II.     GHEORGHE'S REPORT, AND ALL RELATED EVIDENCE AND TESTIMONY, IS INADMISSIBLE.

*First*, Gheorghe's Report and all related documents are hearsay and do not meet any exception for admission. The Report was admittedly created as part of the litigation in order to support an opposition to a motion to compel discovery. The "experiments" were all run in ▬▬▬▬, in response to Arconic's motion to compel, by a UAC employee who had no background in the stretch form spar chord process and who had had no involvement with the development or operation of the stretch form spar chord process in UAC's Canton facility. *See supra* at pp. 2-3. There is no suggestion that the "experiments" were conducted as part of normal business operations.

There would be no reason to offer the Report and related documents into evidence other than to claim that the results of the "experiments" and the related conclusions are true; the mere fact that UAC conducted experiments in response to a motion to compel discovery has no relevance to the case – it is only the purported contents and results of those experiments that could have any bearing here. Thus, the Report and related documents are out of court statements offered for the truth of the matter asserted, and are inadmissible hearsay. Fed. R. Evid. 802; *see e.g.*, *Osterneck v. E.T. Barwick Indus.*, 106 F.R.D. 327, 331 (N.D. Ga 1984) (excluding as hearsay an investigative committee report where the committee had conducted an investigation into SEC allegations against the company); *see also Campbell v.*

*Garcia*, No. 3:13-cv-0627-LRH-WGC, 2016 U.S. Dist. LEXIS 124047, at *12-17 (D. Nev. Sep. 13, 2016) (excluding surveillance report conducted after an accident).

The Report and related documents do not qualify for any exception to the hearsay rules. *See* Fed. R. Evid. 803 (listing exceptions). Most notably, the Report cannot qualify as a business record because it was not created or kept in the ordinary course of business activity. *See* Rule 803(6)(b). And the Report does not have indicia of reliability because it was written for the purpose of litigation, and appears to present selected data run as an "experiment" rather than as a normal business operation. *See Osterneck*, 106 F.R.D. at 333 (explaining the business records exception has an "explicit trustworthiness component"); *see also Palmer v. Hoffman*, 318 U.S. 109, 111-15, 63 S. Ct. 477, 479-81 (1943) (finding that reports created for litigation are not business records); *Campbell*, No. 2016 U.S. Dist. LEXIS 124047, at *12-17 (D. Nev. Sep. 13, 2016) ("Courts have long held that a document prepared for purposes of litigation is not a business record because it is lacking in trustworthiness.") (citations and quotation marks omitted).

*Second*, even were the Report and related documents admissible under Rules 802 and 803, the Report, related documents, and testimony thereon have at best minimal relevance to the issues in dispute but carry significant risk of unfair prejudice or confusing and misleading the jury. A court may "exclude relevant

10

evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Johnson v. Jennings*, 772 F. App'x 822, 825 (11th Cir. 2019).

Here, testimony or evidence relating to the Report have at best minimal relevance to the issues in dispute. UAC itself has repeatedly insisted that "Dr. Gheorghe's only connection with this case is that he performed the experiment disclosed in UAC's Court filings" and that he has no knowledge of the development of UAC's process. *See supra* at 4-5. Thus, Gheorghe has no relevant fact information to which he could testify, and the Report itself is not part of the underlying factual dispute in this case; it is an after-the-fact litigation-directed "experiment" conducted by a company employee with no direct knowledge of the matters in issue.

Nor can UAC treat this as an "expert" report and have Gheorghe testify as an expert witness. Gheorghe was not identified or disclosed as an expert, did not produce a report during expert discovery, and Alcoa did not have the opportunity to conduct expert discovery on the Report. *See* Fed. R. Civ. P. 26(a)(2)(B); *Abusbeih*

11

*v. Ansari*, 2020 WL 1159397, at *1 (N.D. Ga. Feb. 21, 2020).[5]  That Gheorghe was brought in to make an assessment of UAC's discovery claims regarding the six stages of the manufacturing process does not thereby allow him as a fact witness to provide "expert" opinions, *i.e.*, opinions based not on any personal knowledge of the underlying facts in dispute but on an experiment and analysis of technical information.  Fed. R. Evid. 701 (lay witnesses may only testify as to opinions that are rationally based on their perception and which are "not based on scientific, technical, or other specialized knowledge"); *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, 2018 U.S. Dist. LEXIS 192103, at *11-15 (S.D. Fla. Nov. 9, 2018) (noting that Rule 702 "ensures that a party will not evade the expert witness disclosure requirements set forth in [Federal Rule of Civil Procedure] 26 . . . by simply calling an expert witness in the guise of a layperson") (citations and quotation marks omitted).

Any minimal relevance of testimony on the Report or the supporting

---

[5] Gheorghe is not on the UAC Witness List as a designated "expert."  Alcoa has not received proper disclosure of his background, nor was he deposed as an expert whose "opinions may be presented at trial."  *See* Fed. R. Civ. P. 26(a) and (b).  At their core, "the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise[.]" *Clack v. Carolina Transp. of Burgaw, Inc.*, 2020 WL 2026019, at *2 (N.D. Ga. Jan. 17, 2020) (citations and quotation marks omitted).

documents is substantially outweighed by prejudice or by the risk of confusing and misleading the jury. UAC itself has never suggested any relation between the Report – which was submitted solely to rebut Arconic's demand for full discovery – and the trial issues in the case. And indeed, a jury would likely be confused as to how Gheorghe's "experiment" relates to the issues they must decide; such testimony or evidence would potentially mislead the jury into believing it *has* some relevance – otherwise, why would they be required to consider it? And the "Report" could mislead the jury into believing that it represents a level of expertise or scientific inquiry that would serve to bolster Novelis' claims. *See Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001) (expert testimony is "likely to carry special weight with the jury . . . care must be taken to assure that a proffered witness truly qualifies as an expert"); *United States v. Dukagjini*, 326 F.3d 45, 53 (2d Cir. 2002) ("Simply by qualifying as an 'expert,' the witness attains unmerited credibility when testifying about factual matters from first-hand knowledge."). Moreover, Arconic would then have to take time to explain and address the Report, wasting the Court's time and resources. In short, introducing the Report and related evidence and testimony has minimal relevance to any facts in dispute, would likely lead to confusion of the issues, and should be excluded.

## CONCLUSION

The Court should exclude Gheorghe as a witness and preclude UAC introducing Gheorghe's Report and all associated evidence and testimony at trial.

Dated: March 8, 2022

Respectfully submitted,

*/s/ Courtland L. Reichman*

Jennifer Estremera *(Pro Hac Vice)*
Kate S. Falkenstien *(Pro Hac Vice)*
Leaf Williams *(Pro Hac Vice)*
Sara Edelstein *(Pro Hac Vice)*
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
Tel: (650) 623-1401
jestremera@reichmanjorgensen.com
kfalkenstien@reichmanjorgensen.com
lwilliams@reichmanjorgensen.com
sedelstein@reichmanjorgensen.com

Courtland L. Reichman *(Pro Hac Vice)*
Sarah O. Jorgensen *(Pro Hac Vice)*
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309
Tel: (404) 609-1040
creichman@reichmanjorgensen.com
sjorgensen@reichmanjorgensen.com

Christine E. Lehman *(Pro Hac Vice)*
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1710 Rhode Island Avenue, NW
12th Floor
Washington, DC 20036
Tel: (202) 894-7310
clehman@reichmanjorgensen.com

Caroline M. Walters *(Pro Hac Vice)*
Michael Matulewicz-Crowley *(Pro Hac Vice)*
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Tel: (212) 381-1965
cwalters@reichmanjorgensen.com
mmatulewicz-crowley@reichmanjorgensen.com

*Attorneys for Arconic Corporation and Howmet Aerospace Inc. (Plaintiffs and Counterclaim-Defendants)*

## **CERTICATE OF COMPLIANCE WITH LR 5.1(C)**

This is to certify that the foregoing document was prepared using Times New Roman 14-point font in accordance with LR 5.1(C).

Dated: March 8, 2022                                                         */s/ Courtland L. Reichman*
                                                                                            Courtland L. Reichman

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I have electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

This 8th day of March, 2022  */s/ Courtland L. Reichman*
Courtland L. Reichman