**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ARCONIC CORPORATION, and<br>HOWMET AEROSPACE Inc., | ) )  ) | |
| Plaintiffs and Counterclaim-Defendants, | ) ) | Civil Action No.:<br>1:15-cv-01466-ELR |
| v. | ) ) | Jury Trial Requested |
| UNIVERSAL ALLOY CORPORATION, | ) ) | |
| Defendant and Counterclaim-Plaintiff. | ) ) | |

## <u>DECLARATION OF LEAF WILLIAMS ISO MOTION IN LIMINE NO. 4</u>

I, Leaf Williams, hereby declare as follows:

1.      I am attorney with Reichman Jorgensen Lehman & Feldberg LLP, Counsel for Plaintiffs Arconic Corporation and Howmet Aerospace Inc. (f/k/a Alcoa Inc., collectively "Alcoa") in this matter.  I am admitted to the bars of California and Washington, and I have been admitted to appear in this case *pro hac vice*.  I have personal knowledge of the matters set forth herein.  If called upon to testify, I could and would testify competently hereto.

2.      This Declaration is submitted in support of Arconic Corporation and Howmet Aerospace Inc.'s (f/k/a Alcoa Inc., collectively "Alcoa") Motion In Limine

To Exclude Iulian Gheorghe As A Witness And Gheorghe's Quasi-Expert Report And Related Documents (Motion in Limine No. 4).

3.     Exhibit 1 attached to this declaration is a true and correct copy of excerpts of UAC's Second Amended And Supplemental Answers To Plaintiff's First Set Of Interrogatories Directed To Defendant UAC, dated December 15, 2016.

4.     Exhibit 2 attached to this declaration is a true and correct copy of the November 2, 2016 letter from UAC's counsel to Alcoa's counsel.

5.     Exhibit 3 attached to this declaration is a true and correct copy of the November 15, 2022 letter from UAC's counsel to Alcoa's counsel.

6.     Exhibit 4 attached to this declaration is a true and correct copy of the March 23, 2016 letter from UAC's counsel to Alcoa's counsel.

7.     Exhibit 5 attached to this declaration is a true and correct copy of the November 22, 2016 letter from UAC's counsel to Alcoa's counsel.

8.     Exhibit 6 attached to this declaration is a true and correct copy of the February 10, 2017 letter from UAC's counsel to Alcoa's counsel.

9.     Exhibit 7 attached to this declaration is a true and correct copy of an April 6, 2016 letter from Alcoa's counsel to UAC's counsel in which counsel for Alcoa, at p. 3, noted that it "did not have a clear enough sense of his role to rule him

out as a custodian" and requested more explanation about his work, "including a description of the subject matter of his research and development work."

10. Exhibit 8 attached to this declaration is a true and correct copy of an October 7, 2016 letter from Alcoa's counsel to UAC's counsel in which counsel for Alcoa, at p. 2, requested confirmation "that UAC will add . . . Iulian Gheorghe as custodian[]."

11. Exhibit 9 attached to this declaration is a true and correct copy of an November 9, 2016 letter from Alcoa's counsel to UAC's counsel in which counsel for Alcoa, at p. 2, asked UAC if Iulian Gheorghe had "any knowledge regarding UAC's development of its process for producing the stretch form parts at issue, including the development of specifications first used in connection with the production of other parts but later used in connection with the stretch form parts[.]"

12. Exhibit 10 attached to this declaration is a true and correct copy of a November 18, 2016 letter from Alcoa's counsel to UAC's counsel in which counsel for Alcoa, at p. 2, stated that "Iulian Gheorghe should be added as a full custodian . . . . UAC's reliance on his expertise in UAC's stretch forming process mandates making him a custodian."

13. Exhibit 11 attached to this declaration is a true and correct copy of a January 25, 2017 letter from Alcoa's counsel to UAC's counsel in which counsel

for Alcoa, at p. 2, noted "In your letter, you also indicated that UAC was continuing to refuse to include Iulian Gheorghe as a custodian at that time . . . . [i]n light of the subsequent discussions regarding the scope of the Court's Order . . .  Alcoa requests that UAC reconsider this position."

14.    Exhibit 12 attached to this declaration is a true and correct copy of a March 10, 2017 letter from Alcoa's counsel to UAC's counsel in which counsel for Alcoa, at p. 1, noted that it appreciated UAC's agreement to re-review correspondence involving Iulian Gheorghe in order to re-consider whether he needed to be added as a custodian, and requesting that UAC identify its own documents demonstrating his involvement.

15.    Exhibit 13 is a true and correct copy of the March 21, 2017 letter from UAC's counsel to Alcoa's counsel.

16.    Exhibit 14 is a true and correct copy of excerpts of Defendant's Second Amended And Supplemental Answer To Plaintiff's Interrogatory No. 19, dated May 7, 2018.

I declare under penalty of perjury under the laws of Georgia and the United States of America that the foregoing is true and correct.

Executed on this 8th day of March, 2022, in Vancouver, Washington.

Leaf K. Williams