# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), ) ) ) | |
| ) | Civil Action No.: |
| Plaintiffs and Counterclaim-Defendants, ) | 1:15-cv-01466-JPB |
| ) | **Pretrial Conference Set:** |
| ) | **June 27, 2023** |
| v. ) | |
| ) | Jury Trial Requested |
| UNIVERSAL ALLOY CORPORATION, ) | |
| ) | |
| Defendant and Counterclaim-Plaintiff. ) | |

## PROPOSED PRETRIAL ORDER

1.

*There are no motions or other matters pending for consideration by the Court except as noted:*

**By Plaintiffs and Defendant:**

The following motions remain pending before this Court:

(1) UAC's brief in response to the Court's March 30, 2020 Order [Dkt. 676] to show cause why it should not be required to pay Arconic's reasonable expenses, including attorneys' fees, incurred in filing the motion to exclude, Dkt. 685; and

(2) The parties' previously pending motions *in limine*. Dkts. 802; 803; 804; 805; 807; 809; 811; 813; 815; 817; 819, which the parties understand will be re-filed by the Clerk of the Court per Dkt. 900; and

(3) UAC's Motion *in Limine* to Preclude Argument, Evidence and Testimony Regarding Shortened Development Time , Dkt. 908.

1

In addition, there was one discovery dispute that had not been adjudicated, which subsequently has been mooted, Dkt 385.

Arconic anticipates that the courtroom may need to be sealed during portions of the trial.  To the extent that Arconic makes such a request, it would like the Court's guidance on the preferred procedures for doing so.


2.


*All discovery has been completed, unless otherwise noted, and the Court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.*

**By Plaintiffs and Defendant:** All discovery has been completed with the following two exceptions: (1) the deposition of Christopher White, a witness that UAC intends to replace for a now-unavailable witness on its witness list, which is scheduled for May 31, 2023; and (2) updated damages information.  The parties have agreed to exchange updated data supporting the parties' damages calculations three weeks before the pretrial conference (i.e., on June 6).  The parties have further agreed to exchange updated damages calculations (for Arconic, one week before the pretrial conference; and for UAC, four days after receipt of Arconic's calculations; e.g., for the presently-scheduled June 27 pretrial conference, Arconic's updated calculations would be due Tuesday, June 20, and UAC's would be due Friday, June 23).  For purposes of clarity, this update includes only an update in the numbers to account for the passage of time, and not a change in methodology.

3.


*Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.*

**By Plaintiffs and by Defendant:** There is no question by any party as to the misjoinder or non-joinder of any parties.

4.

*Unless otherwise noted, there is no question as to the jurisdiction of the Court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)*

**By Plaintiffs and Defendant:** Jurisdiction in this matter is based upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.

*The following individually named attorneys are hereby designated as lead counsel for the parties:*

**Plaintiffs:**              Courtland L. Reichman
                             (Georgia Bar No. 599894)
                             REICHMAN JORGENSEN LLP
                             1201 West Peachtree Street
                             Suite 2300
                             Atlanta, GA 30309
                             Tel: (404) 609-1040
                             creichman@reichmanjorgensen.com

**Defendant:**               P. Anthony Sammi
                             LATHAM & WATKINS LLP 1271
                             Avenue of the Americas New York,
                             New York 10020 Telephone: (212)
                             906-1200
                             Tony.Sammi@lw.com

6.

*Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.*

**By Plaintiffs and Defendant:** There are no reasons why plaintiff should not be permitted to open and close arguments to the jury.

7.

*The captioned case shall be tried (__X__) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.*

8.

*State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.*

**By Plaintiffs:** Plaintiffs do not request bifurcation of their claim for misappropriation of trade secrets. The damages and liability issues are not discrete, nor are they particularly complex. Moreover, bifurcation would require the parties to present the same witnesses and evidence more than once, and accordingly, bifurcation would not be an efficient use of judicial resources.

The Court previously bifurcated UAC's sham litigation antitrust counterclaims, staying expert discovery and all merits consideration relating to the Counterclaims until Alcoa's trade secret claim is resolved. Dkt. 158. Those claims should remain bifurcated. Alcoa has not had the opportunity to file a motion for summary judgment on those claims under the Court's bifurcation order, and given the status of the case and rulings in connection with summary judgment, those claims have no factual basis.

Plaintiffs' misappropriation claim for damages will be tried to the jury. In addition to compensatory damages, Plaintiffs are seeking exemplary damages and attorney's fees. As is routine, the jury decides Plaintiffs' request for exemplary damages and whether attorney's fees are to be awarded. However, the Court sets the amount of attorney's fees.

Plaintiffs are also seeking a permanent injunction barring UAC's sales of the spar chords at issue in this case. The Court determines whether a permanent injunction may issue. If the Court prefers, Plaintiffs are willing to have the jury decide both damages and injunctive relief. In addition, there may be post-trial damages that are awardable depending in large measure on whether the Court grants a permanent injunction. Those damages, if any, may be set by the Court post-trial, and would include such things as ongoing royalties (as measured by lost profits), supplemental damages (for the time period between the verdict and final judgment), and other ancillary relief. To be clear, Alcoa is not seeking forward-looking damages from the jury on the understanding that they would be set by the Court post-

4

trial.  If the Court prefers to have the jury decide (or recommend) post-trial damages, the verdict form can state past damages and forward damages separately.

The Court also may award ancillary relief, such as an accounting, audit rights, and destruction of Alcoa's trade secret and confidential information. The scope of ancillary relief will be determined post-trial.

**By Defendant:** Defendant does not request bifurcation of the trial on Arconic's claim of misappropriation of trade secrets. Defendant notes that plaintiff's and defendant's applications for attorneys' fees under the Georgia Uniform Trade Secrets Act are for the Court and requests that those issues be resolved by the Court, not the jury. In addition, plaintiff's requests for exemplary damages and for an injunction are for the Court and should be resolved by the Court, not the jury. UAC disagrees with Plaintiff's statements that it would be appropriate for the jury to decide the amount of exemplary damages under the GTSA, and UAC respectfully requests the opportunity to address these issues in more detail with the Court at the Pretrial Conference.

9.

*Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.*

**By Defendant:** UAC proposed certain additional questions regarding a juror's legal qualifications to serve that Arconic refused to include in the parties' joint list. UAC has listed those questions at the bottom of Attachment A and requests that they be asked.

**By Plaintiffs:** UAC proposed certain additional questions regarding a juror's legal qualifications to serve that Alcoa does not believe are appropriate.  Alcoa has stated its objections to those additional questions on Attachment A.

10.

*Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.*

*Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.*

*The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.*

11.

*State any objections to Plaintiffs' voir dire questions:*

Defendant makes the following objections to Plaintiff's proposed voir dire questions:

- UAC objects to Plaintiff's proposed question 8 as biased, asking for commitment or a prejudgment of the case, and being propounded in improper form (it is leading, argumentative, and assumes facts not in evidence).
- UAC objects to Plaintiff's proposed question 16 as biased, asking for commitment or a prejudgment of the case, and being propounded in improper form (it is leading, argumentative, and assumes facts not in evidence).
- UAC objects to Plaintiff's proposed question 17 as biased, asking for commitment or a prejudgment of the case, and being propounded in improper form (it is leading, argumentative, and assumes facts not in evidence).
- UAC objects to Plaintiff's proposed question 18 as biased, asking for commitment or a prejudgment of the case, and being propounded in improper form (it is leading, argumentative, and assumes facts not in evidence).
- UAC objects to Plaintiff's proposed question 19 as biased, asking for commitment or a prejudgment of the case, and being propounded in improper form (it is leading, argumentative, and assumes facts not in evidence).

*State any objections to defendant's voir dire questions:*

Plaintiffs make the following objections to Defendant's proposed voir dire questions:

- Alcoa objects to Defendant's proposed questions 5, 6, and 8 as overly broad and improper inquiry.
- Alcoa objects to Defendant's proposed question 32 as asking for commitment or a prejudgment of the case.
- Alcoa objects to proposed question 43 on grounds of relevance, as Boeing is not a party to this case.

## 12.

*All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).*

**By Plaintiffs and Defendant:** The parties do not request additional strikes.

## 13.

*State whether there is any pending related litigation. Describe briefly, including style and civil action number.*

**By Plaintiffs and Defendant:** UAC filed Counterclaims in this matter for Monopolization and Attempted Monopolization. Dkt. 159. The Counterclaims are pending. However, expert discovery and all merits consideration relating to the Counterclaims have been stayed until Alcoa's trade secret claim is resolved. Dkt. 158.

## 14.

*Attached hereto as Attachment "C" is Plaintiffs' outline of the case which includes a succinct factual summary of Plaintiffs' cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision*

*authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.*

15.

*Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.*

16.

*Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.*

**By Plaintiffs and Defendant:**  The parties have also agreed to the following stipulations:

- UAC pled a defense of nonparty fault under O.C.G.A. § 51-12-33. Dkt. 159 at 24 ¶ 11; Dkt. 718, Attachment D, at 12. The Georgia Supreme Court recently held in *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC* that "apportionment under OCGA § 51-12-33 (b) does not apply to tort actions brought against a single defendant." 862 S.E.2d 295, 297 (Ga. 2021). In view of *Alston & Bird, LLP*, as UAC is the only defendant in this case, its defense of nonparty fault under O.C.G.A. § 51-12-33 is not available. Accordingly, UAC stipulates that it will not present a defense of nonparty fault under O.C.G.A. § 51-12-33, barring an intervening change in the law (e.g., through a legislative reinstatement of the defense).

8

- UAC will not make arguments in front of the jury that Arconic spoliated or tampered with evidence through its efforts stamping documents and changing the storage and security of documents. This stipulation does not bar introduction of evidence relating to Arconic's efforts stamping documents and changing the storage and security of documents.

- The parties have agreed in principle to a neutral jury instruction to address the unfortunate passing of expert witnesses in this case, Dr. Michael Stevenson and Dr. Thomas Eagar.

17.

*The legal issues to be tried are as follows:*

**By Plaintiffs:**

Whether UAC misappropriated Alcoa's trade secrets relating to its process to manufacture stretch form spar chords in violation of the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760, *et seq.*[1]

Whether Alcoa is entitled to monetary damages and, if so, in what amount.

Whether Alcoa is entitled to a permanent injunction restraining UAC's further use of its trade secrets and its sale of stretch-formed spar chords to Boeing.

Whether Alcoa is entitled to exemplary damages because UAC's misappropriation under O.C.G.A. § 10-1-763(b), and if so, in what amount.

---

[1]     For purposes of clarity, during the course of discovery, Alcoa discovered that UAC misappropriated its trade secrets to manufacture other parts not at issue in this case. Alcoa received permission from the Court to use this information to assert new claims against UAC based on this alleged misappropriation. This trial does not relate to those new claims, which have not yet been asserted.

Whether Alcoa is entitled to reimbursement of its attorneys' fees and costs because UAC's misappropriation was willful and malicious.[2]

**By Defendant:**

1.  Arconic claims that it has trade secrets in multiple steps in its processes for manufacturing stretch-formed spar chords for the Boeing Company. For each individual alleged trade secret identified below,[3] Arconic bears the burden of proof to establish each element of its claim.

    i.      [NAME OF ALLEGED TRADE SECRET 1]

    ii.     [NAME OF ALLEGED TRADE SECRET 2]

2.  With respect to Alleged Trade Secret 1 [Alleged Trade Secret 2, et seq.], whether Arconic has shown by a preponderance of the evidence that such alleged trade secret is Arconic's property.

3.  With respect to Alleged Trade Secret 1 [Alleged Trade Secret 2, et seq.], whether Arconic has shown by a preponderance of the evidence that the information qualifies as a trade secret under O.C.G.A. § 10-1-761(4). This requires Arconic to prove each of the following elements:

    i.      That Alleged Trade Secret 1 is not generally known to another person who can obtain economic value from its disclosure or use;

    ii.     That Alleged Trade Secret 1 is not readily ascertainable by proper means;

---

[2]     Plaintiffs intend to seek pre-judgment and post-judgment interest.  However, Plaintiffs understand that these issues will not be tried to the jury but will be resolved separately.

[3] Individual alleged trade secrets to be specified by Arconic. If Arconic asserts more than one alleged trade secret at trial, the issues below will have to be separately tried for each such alleged trade secret. This list of issues includes Alleged Trade Secret 1 and Alleged Trade Secret 2 as placeholders.

iii. That Alleged Trade Secret 1 derives economic value, actual or potential, from not being known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

iv. That Arconic used efforts that were reasonable under the circumstances to maintain the secrecy of Alleged Trade Secret 1.

4. With respect to Alleged Trade Secret 1 [Alleged Trade Secret 2, et seq.], whether Arconic has shown by a preponderance of the evidence that UAC misappropriated such alleged trade secret under O.C.G.A. § 10-1-761(2). This requires Arconic to prove:

i. That UAC acquired Alleged Trade Secret 1 and knew or should have known that Alleged Trade Secret 1 had been acquired by "improper means" as that term is defined under O.C.G.A. § 10-1-761(1);

ii. That UAC used or disclosed Alleged Trade Secret 1without Arconic's express or implied consent, and that UAC used improper means to acquire knowledge of Alleged Trade Secret 1;

iii. That UAC used or disclosed Alleged Trade Secret 1 without Arconic's express or implied consent, and that, at the time of UAC's use or disclosure, UAC knew or should have known that Alleged Trade Secret 1 had been derived from or through a third person who used improper means to acquire Alleged Trade Secret 1;

iv. That UAC used or disclosed Alleged Trade Secret 1 without Arconic's express or implied consent, and that, at the time of UAC's use or disclosure or use, UAC knew or should have known that Alleged Trade Secret 1 had been acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;

v. That UAC used or disclosed Alleged Trade Secret 1 without Arconic's express or implied consent, and that, at the time of UAC's use or disclosure, UAC knew or should have known that Alleged Trade Secret 1 had been derived from or through a person who had a duty to Arconic to maintain the secrecy of Alleged Trade Secret 1 or to limit use of Alleged Trade Secret 1; or

vi.   That UAC used or disclosed Alleged Trade Secret 1 without Arconic's express or implied consent, and that, before a material change of position, UAC knew or should have known that Alleged Trade Secret 1 was a trade secret and that knowledge of it had been acquired by accident or mistake.

5.   With respect to Alleged Trade Secret 1 [Alleged Trade Secret 2, et seq.], whether UAC has shown by a preponderance of the evidence that it lawfully acquired such alleged trade secret by reverse engineering, independent development, or in some other lawful way.

6.   With respect to Alleged Trade Secret 1 [Alleged Trade Secret 2, et seq.], whether UAC has shown by a preponderance of the evidence that Arconic's misappropriation claim is barred by the applicable statute of limitations because Arconic discovered, or in the exercise of reasonable care should have discovered, the alleged misappropriation before November 17, 2009.

7.   With respect to Alleged Trade Secret 1 [Alleged Trade Secret 2, et seq.], whether UAC has shown by a preponderance of the evidence that Arconic's misappropriation claim is barred by the doctrine of laches.

8.   With respect to Alleged Trade Secret 1 [Alleged Trade Secret 2, et seq.], whether UAC has shown by a preponderance of the evidence that Arconic's misappropriation claim is barred by the doctrine of waiver.

9.   With respect to Alleged Trade Secret 1 [Alleged Trade Secret 2, et seq.], whether UAC has shown by a preponderance of the evidence that Arconic's misappropriation claim is barred by the doctrine of estoppel.

10.   Whether Arconic has shown by a preponderance of the evidence that it is entitled to injunctive relief with respect to Alleged Trade Secret 1 [Alleged Trade Secret 2, et seq.] under O.C.G.A. § 10-1-762.

11.   With respect to Alleged Trade Secret 1 [Alleged Trade Secret 2, et seq.], whether Arconic has shown by a preponderance of the evidence that it is entitled to an award of damages under O.C.G.A. § 10-1-763. This requires Arconic to prove:

i.   That Arconic suffered actual damages as a result of the misappropriation of Alleged Trade Secret 1;

    ii.    That UAC was unjustly enriched by the misappropriation of Alleged Trade Secret 1; or

    iii.    If neither actual damages nor unjust enrichment has been proved by a preponderance of the evidence, that Arconic is entitled to a reasonable royalty attributable to Alleged Trade Secret 1 for no longer than the period of time for which use could have been prohibited.

12.    Whether UAC has shown by a preponderance of the evidence that any damages Arconic may have suffered with respect to Alleged Trade Secret 1 [Alleged Trade Secret 2, et seq.] were caused by Arconic's own conduct.

13.    Whether UAC has shown by a preponderance of the evidence that Arconic failed to mitigate its alleged damages.

14.    Whether any damages that Arconic may have suffered should be apportioned to persons or entities who are not parties to this action.

15.    Whether Arconic has shown by a preponderance of the evidence that it is entitled to an award of expenses of litigation, including attorneys' fees, under O.C.G.A. § 10-1-764.

16.    Whether Arconic has shown by a preponderance of the evidence that UAC's alleged misappropriation of Alleged Trade Secret 1 [Alleged Trade Secret 2, et seq.] was willful and malicious so as to entitle Arconic to exemplary damages under O.C.G.A. § 10-1-763(b).

17.    Whether Arconic's claim for punitive and exemplary damages is frivolous, unreasonable, and groundless.

18.    Whether UAC can show that it is entitled to an award of attorneys' fees pursuant to O.C.G.A. § 10-1-764.

18.

    *Attached hereto as Attachment "F-1" for the plaintiff and Attachment "F-2" for the defendant is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might*

13

*express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.*

*All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.*

19.

*Attached hereto as Attachment "G-1" for the plaintiffs, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.*

*Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.*

*Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to Plaintiffs' exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.*

*Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.*

14

*Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.*

*Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.*

**By Plaintiffs and Defendant:** The parties have identified the universe of their potential objections to exhibits on Attachments G-1(b) and G-2(b).  However, the parties intend to work together to minimize the number of objections to raise to the Court.  The parties have agreed to the following exchange deadlines:

| Exchange | Deadline | Objections | Meet & Confer | File/Raise with Court |
|---|---|---|---|---|
| Opening Decks and Demonstratives | 5 p.m. ET<br><br>day before use | 7 p.m. ET<br><br>night before use | 9 p.m. ET<br><br>night before use | File or serve objections and responses to Court by 11 pm the night before use; if acceptable to the Court, resolve with Court the morning of use |
| Witnesses | 7 p.m. ET<br><br>2 days before use | 8:30 p.m. ET<br><br>2 days before use | 9 p.m. ET<br><br>2 days before use | File or serve objections and responses to Court by midnight 2 days before use; if acceptable to the Court, |

| | | | | resolve with Court morning day before use |
|---|---|---|---|---|
| Exhibits | 8 p.m. ET night before use | 9 p.m. ET night before use | 9:30 p.m. ET night before use | File or serve objections and responses to Court by midnight night before use; if acceptable to the Court, resolve with Court the morning of use |
| Demonstratives | 8 p.m. ET night before use | 9 p.m. ET night before use | 9:30 p.m. ET night before use | File or serve objections and responses to Court by midnight night before use; if acceptable to the Court, resolve with Court the morning of use |
| Rule 1006 Exhibits | 8 p.m. ET night before use | 9 p.m. ET night before use | 9:30 pm ET night before use | File or serve objections and responses to Court by midnight night before use; if acceptable to the Court resolve morning of use |

| Discovery Responses | 8 p.m. ET<br><br>night before use | 9 p.m. ET<br><br>night before use | 9:30 pm ET<br><br>night before use | File or serve objections and responses to Court by midnight night before use; if acceptable to the Court, resolve with Court the morning of use |
|---|---|---|---|---|
| Depo Designations | 7 p.m. ET<br><br>2 days before use | 8:30 p.m. ET<br><br>2 days before use - objections to counters + counter--counter-designations<br><br>9:30 p.m. ET<br>2 days before use - objections to counter-counters | 11 p.m. ET<br><br>2 days before use<br><br>After meet and confer, parties to exchange revised designations by 7 PM 1 day before use. | File objections by midnight 1 day before use; if acceptable to the Court, resolve with Court morning day before use<br><br>The parties' designations may contain any testimony in Attachments H-1(a) – (c) and H-2(a) – (c), subject to any individual objections |

20.

*The following designated portions of the testimony of the persons listed below may be introduced by deposition:*

**By Plaintiffs:** *See Attachment H-1(a) (Plaintiffs' deposition designations), Attachment H-1(b) (Plaintiffs' deposition counter-designations), and Attachment H-1(c) (Plaintiffs' deposition counter-counter-designations).*

**By Defendant:** *See Attachment H-2(a) (Defendant's deposition designations), Attachment H-2(b) (Defendant's deposition counter-designations), and Attachment H-2(c) (Defendant's deposition counter-counter-designations).*

*Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.*

21.

**By Plaintiffs and Defendant:**  If the Court would find trial briefs helpful on any given issue, the parties will submit them as requested.

**From Defendant**: The Court previously issued an order requiring Plaintiff to identify the alleged trade secrets at issue for purposes of discovery. In response, Plaintiff produced a 154-page document. It would be helpful to the Court, the jury, and the parties to have Plaintiff identify the specific alleged trade secrets that it intends to prove at trial were misappropriated and from which it suffered specific damages. As it stands, there is a limitless number of alleged trade secret combinations, making it difficult if not impossible to set the bounds on a reasonable trial plan.  Plaintiff contends that these issues have already been addressed by prior Court rulings, but fails to note that those rulings addressed the trade secrets that were subject to discovery, not those that it intends to present at trial—which, in Arconic's own words, are so numerous that "it would become far too complex to list out all of them individually, and all of the various combinations of them." (Pretrial Order Attachment I-1(b), Plaintiff's Objection to Defendant's Proposed Verdict Form.) Arconic's own replacement technical expert witness who testified only one month ago—eight years into the case—still could not identify how many trade secrets are

at issue, or even whether there are more or fewer than 50 trade secrets. (Neu Dep. Tr. at 9:8-12, 11:2-15:22.)

Plaintiff's refusal to identify the specific trade secrets that it will attempt to prove at trial were actually misappropriated has already caused significant additional work and expense. For example, Plaintiff has listed on its exhibit list over 3,000 exhibits, yet Plaintiff represented to the Court that the trial of the entire case will take only two weeks. As a result, Defendant has had to prepare objections to this huge volume of exhibits and has had to identify a huge volume of responsive exhibits so that it can be prepared to respond to the exhibits Plaintiff actually offers at trial. In addition to the additional work and expense Plaintiff has already caused, Plaintiff's approach will cause additional work and effort for the Court and its personnel. Defendant respectfully requests that Plaintiff be required to identify, in advance of trial, the specific alleged trade secrets that it will attempt to prove at trial were actually misappropriated and the exhibits that it will actually use at trial to prove that.

**From Plaintiffs:** This Court, Judge Birch, and Judge Vineyard have rejected Defendant's repeated argument that it does not know what trade secrets Plaintiff alleges were misappropriated. Dkt. 461 (Order on UAC's Motion to Compel 30(b)(6)); Dkt. 598 (July 25, 2019 R&R on Alcoa's Motion to Exclude); Dkt. 676 (Court Order adopting July 25, 2019 R&R). Alcoa listed in detail the trade secrets it alleges UAC misappropriated in its trade secret list. Dkt. 448-43 (UAC SMF Ex. QQ). In particular, Alcoa's technical expert explained in detail what trade secrets he concluded were used by UAC. The process the parties went through in discovery was for the purpose of, *inter alia*, identifying the trade secrets UAC misappropriated. There is no reason to revisit this question yet again – as the Court has already ruled. *See* Dkt. 461 at 21-22 (rejecting the claim that UAC would be surprised at trial because, "as [Alcoa] points out, it has provided a '154-page list summarizing the trade secrets [Alcoa] contends UAC misappropriated,'" produced documents, provided a 30(b)(6) witness, and provided a lengthy expert report); R&R at 6 (noting, *inter alia*, that Alcoa's Trade Secret List explicitly alleged that "Alcoa's proprietary C545 alloy composition" had been misappropriated); Dkt. 676 at 13 (adopting R&R). With respect to the exhibit lists, Alcoa has explained to UAC that the number of documents to be submitted at trial will be much lower than the number on the pretrial order list. This is a result of a number of factors and circumstances expected to occur between now and trial, including pretrial rulings, the nature of positions UAC takes, the use of Rule 1006 exhibits and the extent to which exhibits underlying those must be submitted. Alcoa notes that UAC's initial exhibit list included over 4,000 documents.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**By Plaintiffs:** See Attachment I-1(a) (Plaintiffs' proposed verdict form) and Attachment I-1(b) (Plaintiffs' objection to Defendant's proposed verdict form).

**By Defendant:** See Attachment I-2(a) (Defendant's proposed verdict form) and Attachment I-2(b) (Defendant's objection to Plaintiff's proposed verdict form).

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**The parties** respectfully request that each party be afforded up to seventy-five minutes for opening statements and one and a half hours for closing argument.

Given the extensive factual record and the complexity of the subject matter, the parties think the jury would benefit from additional explanation.

*If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.*

25.

*Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties* met in person on June 4-5, 2018 to discuss in good faith the possibility of settlement of this case. *The court (_____) has or (X) has not discussed settlement of this case with counsel. It appears at this time that there is:*

*(_____) A good possibility of settlement.*

*(_____) Some possibility of settlement.*

*(__X__) Little possibility of settlement.*

*(_____) No possibility of settlement.*

26.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

27.

The parties understand that the court has allotted no more than two weeks (or 10 business days) for the trial.  The parties request that each side be afforded the same amount of time, kept by clock.

28.

*IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_) submitted by stipulation of the parties or (__X__) approved by the court after conference with the parties.*

*IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order*

*shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.*

**SO ORDERED**, _____, 2023

_____
J.P. BOULEE
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

/s/:  Courtland L. Reichman_____        /s/: Tony Sammi_____
Courtland L. Reichman                    Tony Sammi (*pro hac vice*)
(Georgia Bar No. 599894)                 LATHAM & WATKINS LLP
REICHMAN JORGENSEN LLP                   1271 Avenue of the Americas
1201 West Peachtree Street               New York, New York 10020
Suite 2300                               Telephone: (212) 906-1200
Atlanta, GA 30309                        Tony.Sammi@lw.com
Tel: (404) 609-1040
creichman@reichmanjorgensen.com

*Counsel for Plaintiffs*                 *Counsel for Defendant*

# ATTACHMENT A

(Questions To Jurors Concerning
Legal Qualifications To Serve)

## ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ARCONIC CORPORATION, and | ) | |
| HOWMET AEROSPACE INC. | ) | |
| (f/k/a Alcoa Inc.), | ) | |
| | ) | Civil Action No.: |
|   Plaintiffs and Counterclaim-Defendants, | ) | 1:15-cv-01466-JPB |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSAL ALLOY, | ) | |
| CORPORATION | ) | |
| | ) | |
|   Defendant and Counterclaim-Plaintiff. | ) | |

## JOINT PROPOSED QUESTIONS
## REGARDING JUROR'S LEGAL QUALIFICATIONS

1. Are you a citizen of the United States?

2. Are you eighteen (18) years of age or older?

3. Have you been a resident of one of the following Georgia counties for at least one year: Cherokee, Clayton, Cobb, DeKalb, Douglas, Fulton, Gwinnett, Henry, Newton or Rockdale?

4. Are you incapable by reason of mental or physical infirmity of rendering satisfactory jury service?

5. Have you been charged with or convicted of a state or federal crime punishable by imprisonment of more than one year?

1

6.      Are you a member of the United States military in active service?

7.      Are you a public officer actively engaged in the performance of official duties in the executive, legislative, or judicial branch of the United States or of any state, district, territory, possession, or subdivision of a state? ("Public officer" means a person elected to public office or someone who is directly appointed by a person elected to public office.).

8.      Do any of you know socially, professionally or otherwise any of the following persons, who may be called as witnesses in this case? [Court to read Plaintiff's and Defendant's witness lists (omitting objections and commentary).] If yes, please explain.

9.      Do any of you know socially, professionally or otherwise any other member of this jury panel? If yes, please explain.

10.     If your answer to any of the questions in 10 or 11 is affirmative, would your acquaintance or past experience with such individual affect your ability to render a fair and impartial verdict in this case?

11.     Would your service on this jury cause any undue hardship, burden, or extreme inconvenience to you or to any member of your immediate family?

12.     Do you have any questions, potential problems, concerns, or other matters that you feel you should bring to the attention of the Court regarding your service as a juror on this case?

13.     Are you now, or have you ever been an employee, officer, director, partner, shareholder, or had business dealings with any of the following entities:

   a)      Universal Alloy Corporation;

   b)      Arconic Corporation;

   c)      Howmet Aerospace Inc. (formerly known as Alcoa).

14.     Do you have, or did you ever have, a relative, spouse, friend or acquaintance who is or has ever been an employee, officer, director, partner, or shareholder of any of the following entities:

   a)      Universal Alloy Corporation;

b)      Arconic Corporation;

c)      Howmet Aerospace Inc. (formerly known as Alcoa).

15.    Do you know socially, professionally or otherwise any member or employee of the law firm of Hoover Hull & Turner, including David Herzog or any member of their families? If yes, please explain.

16.    Have you or a member of your immediate family or any close friend, your employer, or former employer(s), ever been represented by Hoover Hull & Turner? If yes, please explain.

17.    Do any of you know socially, professionally or otherwise any member or employee of the law firm of Faegre Drinker Biddle & Reath LLP, including Randall E. Kahnke, Kerry L. Bundy, Matt Burkhart, or any member of their families? If yes, please explain.

18.    Have you or a member of your immediate family or any close friend, your employer, or former employer(s), ever been represented by Faegre Drinker Biddle & Reath LLP? If yes, please explain.

19.    Do any of you know socially, professionally or otherwise any member or employee of the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, including Tony Sammi, Douglas Nemec, Leslie Demers, or any member of their families? If yes, please explain.

20.    Have you or a member of your immediate family or any close friend, your employer, or former employer(s), ever been represented by Skadden, Arps, Slate, Meagher & Flom LLP? If yes, please explain.

21.    Do any of you know socially, professionally or otherwise any member or employee of the law firm of Womble Bond Dickinson (US) LLP, including Michael Sullivan, John Perry, or any member of their families? If yes, please explain.

22.    Have you or a member of your immediate family or any close friend, your employer, or former employer(s), ever been represented by Womble Bond Dickinson (US) LLP? If yes, please explain.

23. Do any of you know socially, professionally or otherwise any member or employee of the law firm of Reichman Jorgensen LLP, including Courtland Reichman, Sarah Jorgensen, Caroline Walters, or any member of their families? If yes, please explain.

24. Have you or a member of your immediate family or any close friend, your employer, or former employer(s), ever been represented by Reichman Jorgensen LLP? If yes, please explain.

25. Do any of you know socially, professionally or otherwise any member or employee of the law firm of McKool Smith, P.C. (sometimes known as McKool Smith Hennigan) or any member of their families? If yes, please explain.

26. Have you or a member of your immediate family or any close friend, your employer, or former employer(s), ever been represented by McKool Smith, P.C. (sometimes known as McKool Smith Hennigan)? If yes, please explain.

**Additional Questions Proposed by UAC**

UAC proposed certain additional questions regarding a juror's legal qualifications to serve that Arconic refused to include in the parties' joint list. UAC has listed those questions below and requests that they be asked.

Arconic does not agree that the additional questions listed below by UAC are appropriate on the basis that they are biased, repetitive, invasive, involve entities which are not party to this lawsuit, include attorneys and counsel not involved in this lawsuit for the preceding 5 years, and/or ask for commitment or a prejudgment of the case.

27. Do you hold any beliefs, whether political, personal, or religious, that might interfere with your complying completely with the Court's instructions and rendering a fair and impartial verdict in this action?

28. Are you now, or have you ever been an employee, officer, director, partner, shareholder, or had business dealings with any of the following entities:

    a) The Boeing Company;

4

b)    Cyril Bath Company;

c)    Vista Metals Corporation;

d)    Spectrulite Consortium, Inc.;

e)    International Light Metals.

29.    Do you have, or did you ever have, a relative, spouse, friend or acquaintance who is or has ever been an employee, officer, director, partner, or shareholder of any of the following entities:

a)    The Boeing Company;

b)    Cyril Bath Company;

c)    Vista Metals Corporation;

d)    Spectrulite Consortium, Inc.;

e)    International Light Metals.

30.    Do any of you know socially, professionally or otherwise any member or employee of the law firm of K&L Gates LLP including Tom Birsic, Melissa Tea, James Angelo or any member of their families? If yes, please explain.

31.    Have you or a member of your immediate family or any close friend, your employer, or former employer(s), ever been represented by K&L Gates LLP? If yes, please explain.

32.    Do any of you know socially, professionally or otherwise any member or employee of the law firm of Holland & Knight LLP, including J. Allen Maines, Mellori Lumpkin or any member of their families? If yes, please explain.

33.    Have you or a member of your immediate family or any close friend, your employer, or former employer(s), ever been represented by Holland & Knight LLP? If yes, please explain.

34.    Do any of you believe you know anything about this case or that you have heard anything about this case before coming to court today?

35. Does anyone at this time have any prejudice or bias resting on your mind for or against either party?

36. Has anyone already formed an opinion regarding who should prevail in this case?

# ATTACHMENT B-1

(Plaintiffs' Proposed Voir Dire Questions)

## ATTACHMENT B-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.),<br><br>    Plaintiffs and Counterclaim-Defendants,<br><br>         v.<br><br>UNIVERSAL ALLOY CORPORATION,<br><br>  Defendant and Counterclaim-Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.:
1:15-cv-01466-JPB

Jury Trial Requested

## PLAINTIFFS' PROPOSED VOIR DIRE QUESTIONS

1.     Do any of you, or does anyone close to any of you, have any experience, education, or training in any of the following areas?

   a.  Law or legal field

   b.  Contracts

   c.  Engineering

   d.  Science

   e.  Manufacturing

    f.  Product Design

    g.  Research and development

    h.  Computer/IT

    i.  Aerospace, airplanes or aeronautics

    j.  Airplane parts, metallurgy, and/or working with metals

2.      What is your main source of news and information?

3.      Have you or someone close to you ever owned a business?

4.      Have you ever had a job in which your company was the only supplier of a certain product or service?

    a.  What company/market?

5.      Have you or anyone close to you ever invented anything?

6.      Do you have any experience with trade secrets, patents, or other intellectual property?

7.      Have you ever had access to information that was or could have been considered a trade secret?

8.      How many of you believe there should be no restrictions at all on what information employees are allowed to bring with them when leaving one company for a competitor?

9.      Have you or someone close to you ever left your job to go work for a competitor?

    a.  Were you/they sued or accused of violating a non-compete agreement?

10.    Have you or anyone close to you, or company you've worked with, ever been accused of stealing an idea or important information?

11.    Has an employer of yours, employee of yours, or anyone close to you ever been accused of stealing an idea or important information from another company or person?

12.    Have you, your employer, or anyone close to you ever been:

    a.  sued or threatened with a lawsuit?

    b.  sued or threatened with a lawsuit for stealing trade secrets or intellectual property?

13.    Do you believe businesses are too ready to sue each other?

14.    Do you support caps or limits on the amount of money that can be awarded in lawsuits?

15.    Do you have any beliefs against awarding punitive damages in a business dispute if the evidence supports it?

16.    How many of you believe that protections of trade secrets and intellectual property are too strong and unfairly restrict legitimate competition?

17.    How many of you believe big companies label far too many ideas as trade secrets in an effort to stifle competition?

18.     In a lawsuit, how many of you would tend to favor a smaller company
        trying to enter a market over a large and established company?

19.     How many of you believe that if one company is the only supplier of a
        certain good or service, this is inherently unfair?

20.     This case involves airplane parts manufactured specifically for Boeing.
        Do you have any experience with Boeing, including having been
        employed by or sought employment with Boeing, had any business
        dealings with Boeing, or known someone close who has?

   a.   Do you or anyone close to you have any stock or financial interest in
        Boeing?

   b.   Have you or someone close to you ever worked for or had any financial
        interest in any large airplane manufacturer like Boeing?

   c.   Do you have any strong impressions of Boeing?

21.     Are you familiar with the company Arconic, Inc., including having been
        employed by or sought employment with Arconic, had any business
        dealings with Arconic, or known someone close who has?

   a.   If so, what is your impression of it?

22.     Are you familiar with the company Universal Alloy Corporation,
        including having been employed by or sought employment with Universal

Alloy Corporation, had any business dealings with Universal Alloy

Corporation, or known someone close who has?

a.  If so, what is your impression of it?

# ATTACHMENT B-2

(Defendant's Proposed Voir Dire Questions)

**ATTACHMENT B-2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), | ) ) ) |
| | ) |
| Plaintiffs and Counterclaim-Defendants, | ) ) |
| | ) |
| v. | ) |
| | ) |
| UNIVERSAL ALLOY, CORPORATION | ) ) |
| | ) |
| Defendant and Counterclaim-Plaintiff. | ) |

Civil Action No.:
1:15-cv-01466-JPB

## UNIVERSAL ALLOY CORPORATION'S
## PROPOSED VOIR DIRE QUESTIONS

**Parties**

1.  Have you, any member of your family, or someone close to you ever had any experience, either positive or negative, with Arconic (formerly Alcoa)?

2.  Have you, any member of your family, or someone close to you ever had any experience, either positive or negative, with Universal Alloy Corporation (UAC)?

3.  Do you know anything about Arconic or Alcoa?

4.  Do you know anything about Universal Alloy Corporation?

**General Background Information**

5.  Do you have any bumper stickers on your vehicle? If so, what do they say?

6.  Do you wear any tee-shirts or hats with printed messages? If so, what do they say?

7.  Where do you typically get your news? Can you please provide the names of the newspapers, TV and radio stations, and other sources you rely on?

8.  Do you regularly visit any Internet websites? If so, which ones?

9.  Have any of you or any member of your immediate family been active or dues paying members of any church-related organizations, any unions, social or political or professional groups, or similar organizations?  If so, please name the organization, state its purpose and briefly describe your activities within the organization.

**General Work Experience**

10. What jobs have you held over the past 10 years?

11. What are your specific job duties and responsibilities?

12. Have you ever been responsible for hiring and firing other employees?

13. Do other adults live in your household? If yes, what is their job status and occupation?

14. Have you, any family member, or someone close to you had any type of legal training or legal work experience?

15. Have you, any family member, or someone close to you had any type of engineering training or work experience?

16. Have you, any family member, or someone close to you ever served in the armed forces?

17. Do you consider yourself an expert in any field or profession? If yes, please explain.

2

**Aerospace Industry Experience**

18. Have you, any family member, or someone close to you ever worked in the aviation or aerospace manufacturing industry?

19. Have you, any family member, or someone close to you worked in metal extrusions, metal fabrication, or metallurgy?

20. Have you, any family member, or someone close to you ever worked at a company that was subject to regulations on the export of defense and military related technology, like International Traffic in Arms Regulations (ITAR) or Export Administration Regulations (EAR)?

**Trade Secret and Proprietary Information**

21. Are you, any family member, or someone close to you an inventor or an entrepreneur?

22. Have you, any family member, or someone close to you ever applied for, or obtained, a copyright, trademark or a patent?

23. Have you, any family member, or someone close to you ever created an original work of authorship or invented a new product or process, even if not copyrighted, trademarked or patented?

24. Have you, any family member, or someone close to you ever developed anything that you believed was a trade secret?

25. Have you, any family member, or someone close to you ever been in a situation where somebody was accused of having stolen or copied a creative work, or a product, process, idea, trade secret, or proprietary information? If so, please explain.

26. Have you, any family member, or someone close to you ever signed a confidentiality, non-disclosure, or non-compete agreement? If yes, please explain.

27. Have you, any family member, or someone close to you had any experience working with documents marked "proprietary," "restricted," or "confidential"?

28. Have you, any family member, or someone close to you ever left a job to work for a competitor?

29. Have you, any family member, or someone close to you ever worked in a business that had trade secrets, or confidential or proprietary information?

30. Have you, any family member, or someone close to you ever been responsible for protecting trade secrets or intellectual property?

31. Have you, any family member, or someone close to you ever worked for a company that was involved in an antitrust, unfair competition, copyright, trademark or patent dispute?

32. Do you think that if one company accuses another of misappropriating secrets, the accusation is probably true or probably not true?

**Litigation Attitudes and Experiences**

33. Have you, any family member, or someone close to you ever filed a lawsuit or been to court for any reason other than divorce?

   a. If yes, were you (or was your family member or someone close to you) the plaintiff, defendant, or a witness?  Please describe the lawsuit.  Were you satisfied with the outcome of that lawsuit?

34. Do you have any opinions about the money awarded in civil lawsuits? Do you think that the money awarded in civil lawsuits tends to be too low? Too high? About right?

35. Do you think there are too many lawsuits?

36. Have you heard about the idea of tort reform?

   a. If yes, what have you heard?

   b. Do you agree or disagree?

4

## Corporate Attitudes/Business Competition

37. Have you, any family member, or someone close to you ever owned a business?

38. Have you, any family member, or someone close to you had any negative experiences with business competition, such as working for a company that was negatively impacted by the business practices of a competitor?

39. What do you think about the statement "all is fair in business"? Do you agree with it?

40. Do you think there is a difference between law and ethics?

41. Do you think that corporate conspiracies are common these days? Do you strongly feel that way?

## Boeing

42. Are you familiar with Boeing? If so, what is your impression of Boeing as a company?

43. Are you familiar with the 737 Max airplane?

    a.  If yes, what do you know about it?

## Summary

44. A number of questions have been directed to the jurors as a group. Sometimes when directed to a group, a juror may not know how to respond, and sometimes I may not notice. Or maybe you think I asked the wrong question. Does anyone want to change a response, or do you think we may have missed one of your responses?

45. Is there anything you think we should know about you that has not been asked?

5

# ATTACHMENT C

## (Plaintiffs' Outline of the Case)

## ATTACHMENT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ARCONIC CORPORATION, and )
HOWMET AEROSPACE INC. (f/k/a )
Alcoa Inc.), )
                                      )    Civil Action No.:
Plaintiffs and Counterclaim-Defendants )   1:15-cv-01466-JPB
                                        )
v.                                      )    Jury Trial Requested
                                        )
UNIVERSAL ALLOY, )
CORPORATION, )
                                        )
Defendant and Counterclaim-Plaintiff. )
                                        )
                                        )

## OUTLINE OF PLAINTIFFS' CASE

### Factual Statement Of Alcoa's Cause Of Action

     This case involves spar chords the parties manufacture for Boeing. These pieces of contoured aluminum alloy are about 65 to 110 feet long and form the skeleton of wings for Boeing aircraft. Spar chords are technologically complex, precision components. They are particularly difficult to manufacture, because they are critical aircraft parts, tolerances are extremely tight, and each step in the manufacturing process affects the others and the final characteristics of the parts.

     It took Alcoa decades and millions of dollars to develop a proprietary and confidential, cost-effective, seven-step process to manufacture these precision parts. Alcoa's trade secrets in this multi-step stretch-form process include knowing which calibrations and variables to use, as well as which ones had not worked well (lessons learned). Before the events at issue in this case, Alcoa was the only company in the world making stretch-form spar chords. Alcoa gained significant competitive advantage from its trade secrets.

1

In 2014, UAC signed a contract with Boeing to manufacture stretch-form spar chords within months, before it had even obtained the necessary machinery. Alcoa realized UAC could not install this complex machinery and perform this technologically complex process and be capable of almost immediately producing critical airplane parts that would meet Boeing's strict specifications; the only way that UAC would be able to do so, when it had taken decades for Alcoa to develop and perfect such a process, would be to use Alcoa trade secrets in the possession of former Alcoa employees at UAC.  UAC over several years had hired key Alcoa employees and independent contractors who had knowledge of Alcoa's trade secret process, including Michael Colt, Chip Poth, Gerry Dail, Michael Fultz, Paul Scaglione, Henry Sigler, and others.  Alcoa's concerns were confirmed when it received a letter in 2015 from an anonymous informant claiming to be inside UAC and stating that UAC was, indeed, using Alcoa's information. After Alcoa filed suit for trade secret misappropriation, discovery confirmed UAC's use of Alcoa trade secrets across all seven stages of the process for manufacturing spar chords. The evidence will show that UAC's theft was calculated, deliberate, willful, and malicious.

UAC's theft of Alcoa's trade secrets damaged and continues to damage Alcoa, and allowed UAC to enter into a time-sensitive lucrative contract with Boeing for spar chords diverting ███████████████ in Boeing sales from Alcoa to UAC.  UAC's misappropriation also led to additional work and sales as part of the Boeing 2016 contract (as explained by Alcoa damages expert).[1]  And UAC was unjustly enriched by its theft.[2]

## Statutes And Illustrative Case Law Creating A Specific Legal Duty Relied Upon By Alcoa

---

[1]   For purposes of clarity, during the course of discovery, Alcoa discovered that UAC misappropriated its trade secrets to manufacture other parts not at issue in this case.  Alcoa received permission from the Court to use this information to assert new claims against UAC based on this alleged misappropriation.  This trial does not relate to those new claims, which have not yet been asserted.

[2]   Alcoa objects to many of the issues and facts presented by UAC in its Outline of Defendant's Case as not being properly in the case.  Alcoa does not understand that objections are required at this point.  Alcoa will make its objections at the appropriate time.

UAC has a legal duty not to misappropriate Alcoa's trade secrets under the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760, et seq. A trade secret is information, including a method, technique, or process, that has economic value from "not being generally known" and that is "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." O.C.G.A. § 10-1-761(4); *see Penalty Kick Mgmt. v. Coca Cola Co.*, 318 F.3d 1284, 1291-92 (11th Cir. 2003); *Essex Gp. v. Southwire Co.*, 501 S.E.2d 501, 553-55 (Ga. 1998)*; Salsbury Laboratories, Inc. v. Merieux Laboratories, Inc.*, 735 F.Supp. 1537, 1541-43 (M.D. Ga. 1987); *Camp Creek Hosp. Inns, Inc. v. Sheraton Franchise Corp.*, 139 F.3d 1396, 1410-11 (11th Cir. 1998); *Avnet, Inc. v. Wyle Labs.*, 263 Ga. 615, 616-17 (1993). "[A]bsolute secrecy is not required for information to retain trade secret status." *Tronitec, Inc. v. Shealy*, 249 Ga. App. 442, 450 (2001), overruled on other grounds, *Williams Gen. Corp. v. Stone*, 279 Ga. 428 (2005). Nor are confidentiality agreements with employees "required to garner protection under the GTSA." *Candy Craft Creations, LLC v.Gartner*, 2015 WL 1541507, at *22 (S.D. Ga. Mar. 31, 2015). Rather, employees have a duty not to steal their employer's trade secrets. *Avnet, Inc. v. Wyle Labs., Inc*., 263 Ga. 615, 617 (1993); *Thomas v. Best Mfg. Co*., 234 Ga. 787 (1975); *cf. Advantor Sys. Corp. v. DRS Tech. Servs., Inc.*, 2017 WL 412624, *16 (11th Cir. 2017).

A defendant misappropriates trade secrets by disclosing or using the trade secrets without consent when the trade secret was acquired by improper means. O.G.C.A. § 10-1-761(2)(B); *Penalty Kick Mgmt. v. Coca Cola Co.*, 318 F.3d 1284, 1292 (11th Cir. 2003). "[A]ny exploitation of the trade secret that is likely to result in injury to the trade secret owner or enrichment to the defendant is a 'use,'" including "marketing goods that embody the trade secret, employing the trade secret in manufacturing or production, [and] relying on the trade secret to assist or accelerate research or development.'" *Penalty Kick Mgmt. v. Coca Cola Co.*, 318 F.3d 1284, 1293 (11th Cir. 2003) (quoting *Restatement (Third) of Unfair Competition* § 40 cmt. c (1995)); *see also Candy Craft Creations, LLC v. Gartner*, 2015 U.S. Dist. LEXIS 44646, at *59 (S.D. Ga. Mar. 31, 2015); *cf. BBA Nonwovens Simpsonville, Inc. v. Superior Nonwovens, LLC*, 303 F.3d 1332, 1342 (Fed. Cir. 2002) (applying analogous UTSA definition of misappropriation). "One who misappropriates the trade secrets of another is liable if the technology used is substantially derived from the owner's trade secret information;" where Defendants substantially derived "the production process as a whole, and the individual steps," from Plaintiff, "the fact that a very limited number of steps may differ in minor ways does not relieve the Defendants of liability." *Salsbury Labs., Inc. v. Merieux Labs., Inc.,* 735 F. Supp. 1555, 1570 (M.D. Ga. 1989), *aff'd as modified,* 908 F.2d 706 (11th Cir. 1990).

Actual or threatened misappropriation may be enjoined, § 10-1-762.  A plaintiff may also, "in addition to or in lieu of" injunctive relief, recover damages, which can include actual loss, unjust enrichment to the opposing party, or a reasonable royalty if damages cannot be proven by a preponderance of the evidence, § 10-1-763(a).

A plaintiff also is entitled to exemplary damages up to twice the compensatory award for willful and malicious misappropriation, § 10-1-763(b); *Brandenburg v. All-Fleet Refinishing, Inc.*, 555 S.E.2d 508, 512 (Ga. Ct. App. 2001) ("[U]nder the Georgia Trade Secrets Act, a court may award exemplary damages if it finds that willful and malicious misappropriation exists.").  The jury decides enhanced damages.  *See* 11th Circuit Pattern Jury Instruction 11.5 (March 2022) ("If you find that [name of defendant] has engaged in willful and malicious misappropriation of the trade secret, you may award "exemplary" damages, that is, damages meant to make an example of [name of defendant].  Exemplary damages may be awarded in an amount not more than two (2) times the amount awarded for compensatory damages (i.e. the amount awarded for either actual damages plus unjust enrichment or for a reasonable royalty).").  Indeed, in other contexts, the issue of punitive damages is routinely decided by a jury.  *Cf. Caldwell v. Church*, 341 Ga. App. 852, 860, 802 S.E.2d 835, 843 (2017).

A plaintiff is also entitled to reasonable attorney's fees for willful and malicious misappropriation, § 10-1-764.  The jury decides whether attorney's fees are to be awarded, then post-trial the Court sets the amount of attorney's fees. *Acrylicon USA, LLC v. Silikal GmbH*, No. 1:14-CV-1072-TWT, 2017 WL 8785571, at *1 (N.D. Ga. Dec. 8, 2017), overruled on other grounds *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350 (11th Cir. 2021).

### Statement Of Claimed Damages

Alcoa is entitled to damages to compensate for its actual losses, including lost profits.  *See* O.C.G.A. § 10-1-763(a). Alcoa claims lost profits due to lost sales of Boeing spar chords (i.e., spar chords that Alcoa would have sold to Boeing but for UAC's misappropriation), and price erosion of retained sales of Boeing spar chords (i.e., spar chords that Alcoa did sell to Boeing but at a lower price than it would have but for UAC's misappropriation).  The jury will be asked to decide Alcoa's past lost profits damages.  Alcoa (in 2022) calculated those past lost profits damages of ███████ through April 19, 2022.  The final calculation of Alcoa's lost profits will depend on the trial date and on any updated figures that

reflect actual numbers through the date of trial in place of projected numbers.  For the price erosion of retained spar chords, Alcoa claims ██████████ in damages.

Alcoa is also entitled to damages based on UAC's unjust enrichment, to the extent those damages are not encompassed by lost profits.  *See* O.C.G.A. § 10-1-763(a).  Alcoa claims that UAC has obtained profits from its increased share of non-spar chord parts as part of an omnibus contract with Boeing that includes spar chords, and that those profits are not encompassed in Alcoa's lost profits on spar chords.  Alcoa claims ██████████ in damages on this basis.  The final calculation will depend on the trial date and on any updated figures that reflect actual numbers through the date of trial in place of projected numbers.

Alcoa claims exemplary damages of up to twice the award for actual damages, for a total exemplary damages award of up to ██████████ (calculated based on 2022 data).  *See* O.C.G.A. § 10-1-763(b) (allowing exemplary damages if "willful and malicious misappropriation exists").  The final calculation will depend on the trial date and on any updated figures that reflect actual numbers through the date of trial in place of projected numbers.  The jury decides exemplary damages.  *See* 11th Circuit Pattern Jury Instruction 11.5 (March 2022).

Finally, Alcoa also seeks pre-judgment interest, post-judgment interest, and attorney's fees. O.C.G.A. §10-1-764; O.C.G.A. § 13-6-11; O.C.G.A. § 7-4-12.  Alcoa is entitled to attorney's fees given UAC's willful and malicious misappropriation and its stubbornly litigious behavior, which has caused unnecessary trouble and expense.  The jury decides whether attorney's fees are to be awarded, and then the Court sets the amount of attorney's fees.  *Acrylicon USA, LLC v. Silikal GmbH*, No. 1:14-CV-1072-TWT, 2017 WL 8785571, at *1 (N.D. Ga. Dec. 8, 2017).

In addition to damages, Alcoa seeks a permanent injunction barring UAC's sales of the spar chords at issue in this case.  The Court determines whether a permanent injunction may issue.  O.C.G.A. § 10-1-762; E*ssex Grp., Inc. v. Southwire Co*., 269 Ga. 553, 557–58, 501 S.E.2d 501, 505 (1998).  Alcoa intends to present evidence on the permanent injunction to the extent not covered by the upcoming trial.  To be clear, to the extent evidence relates only to the permanent injunction request, it will not be presented at trial and will be reserved for post-trial.  If the Court prefers, Alcoa can present information supporting its injunction request at the jury trial simultaneous with its request for damages from the jury.

There may be additional post-trial damages that are awardable depending in large measure on whether the Court grants a permanent injunction.  Those damages, if any, may be set by the Court post-trial, and would include such things as ongoing royalties (as measured by lost profits),[3] supplemental damages (for the time period between the verdict and final judgment), additional exemplary damages, and other ancillary relief.  O.C.G.A. § 10-1-762(b) ("In exceptional circumstances, if the court determines that it would be unreasonable to prohibit future use, an injunction may condition future use upon payment of a reasonable royalty for no longer than the period of time for which use could have been prohibited."); id. § 10-1-763(a) ("If neither damages nor unjust enrichment caused by the misappropriation are proved by a preponderance of the evidence, the court may award damages caused by misappropriation measured in terms of a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret for no longer than the period of time for which use could have been prohibited.").

To be clear, Alcoa is not seeking forward-looking damages from the jury on the understanding that they would be set by the Court post-trial.  If the Court prefers to have the jury decide (or recommend) post-trial damages, the verdict form can state past damages and forward damages separately.

The Court also may award ancillary relief, such as an accounting, audit rights, and destruction of Alcoa's trade secret and confidential information. *See, e.g.*, *Vention Med. Advanced Components, Inc. v. Pappas*, 171 N.H. 13, 36, 188 A.3d 261, 282 (2018) ("Additionally, we decline the defendants' invitation to limit the destruction solely to the part that Tayebi testified was trade secret. The trial court made several findings that support its injunction ordering the destruction of the defendants' entire machine."); 4 Milgrim on Trade Secrets § 15.02 (2020) (noting that courts may order surrender or destruction of trade secret materials).

The scope of ancillary relief will be determined post-trial.

UAC has withdrawn its defense that damages should be apportioned by fault allocated to third parties Boeing, Cyril Bath, IQ Navigator Inc., and Manpower, absent a change in the law.  A recent Georgia Supreme Court case clarified that reduction of damages under O.C.G.A. § 51-12-33 based on fault of nonparties is not available in cases with only one defendant. *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 862 S.E.2d 295, 298 (Ga. 2021); *see also FDIC v.*

---

[3]     As of April 19, 2022, Alcoa calculated its post-trial lost profits in the amount of ██████.

*Loudermilk*, 305 Ga. 558 (Ga. 2019); *Zaldivar v. Prickett*, 297 Ga. 589, 595, 774 S.E.2d 688, 694 (2015).

# ATTACHMENT D

(Defendant's Outline of the Case)

**ATTACHMENT D**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), | ) ) ) | |
| | ) | Civil Action No.: |
| Plaintiffs and Counterclaim-Defendants, | ) ) | 1:15-cv-01466-JPB |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSAL ALLOY CORPORATION | ) | |
| | ) | |
| Defendant/ and Counterclaim-Plaintiff. | ) ) | |
| | ) | |

**UNIVERSAL ALLOY CORPORATION'S
OUTLINE OF DEFENDANT'S CASE**

**A.    Factual Summary of Defenses[1]**

For decades, Alcoa Inc., now Arconic Inc. ("Arconic"), was Boeing's only source for stretch-formed spar chords ("SFSCs"). Boeing needs four SFSCs to make each wing of an aluminum airplane. The reason Arconic was Boeing's only source for SFSCs was because Arconic was the only aluminum manufacturer that had a stretch-

_____

[1] UAC objects to many of the issues and facts presented by Arconic in its Outline of Plaintiff's Case. UAC does not understand that objections are required at this point. UAC may make its objections at the appropriate time.

1

former big enough to grab a spar chord at each end and bend it over molds to produce the required shape. Arconic's stretch-former is in Lafayette, Indiana, and it was manufactured in the late 1960s by a company called Cyril Bath.

Boeing had many problems with Arconic over many years. Arconic's stretch-former broke in the late 1990s and, as a result, is not able to pull spar chords from both ends during the stretch-forming process. Rather, it pulls the spar chords from one end only, causing the spar chord to be dragged over the stretch-form blocks. Boeing has complained ever since the late 1990s about the fact that Arconic's stretch-former is broken and can pull only from one end. But Arconic has refused to fix its stretch-former. Boeing has also complained about the quality of Arconic's spar chords because, among other things, the parts sometimes are not shaped right and do not fit on Boeing's equipment. Despite Boeing's complaints, Arconic raised its prices from 2008 to 2012 by over 50%, because Arconic knew that Boeing had no other option for obtaining spar chords.

Boeing eventually became fed up with Arconic.

In 2012, Boeing approached Universal Alloy Corporation ("UAC") and asked whether UAC would be willing to buy a stretch-former and begin supplying Boeing with spar chords. Boeing had purchased other heavy-press parts from UAC for many years and knew that UAC was a high-quality manufacturer that provided good customer service. Boeing asked UAC to purchase and install a new, state-of-the-art

stretch-former; in return, Boeing promised that if, for some reason, Boeing decided not to go forward with UAC as a supplier of spar chords, Boeing would reimburse UAC for the more than $20 million UAC would have to spend to purchase and install a stretch-former. Relying on Boeing's guarantee, UAC agreed to purchase and install a stretch-former big enough to stretch-form spar chords. UAC entered into a contract with Cyril Bath, and Cyril Bath agreed to manufacture and install a new, state-of-the-art stretch-former for UAC at UAC's facility in Canton, Georgia. Cyril Bath and Boeing collaborated with UAC as UAC's stretch-former was being designed, built, installed, and calibrated.

Shortly after Boeing and UAC announced that they had entered into a contract for stretch-formed spar chords, Arconic filed a lawsuit in Indiana against UAC and several former Arconic employees. Arconic filed the lawsuit in November 2014, before UAC had even installed a stretch-former. Arconic claimed in its lawsuit that (a) starting as early as 2001, UAC had hired away former Arconic employees for the purpose of obtaining alleged trade secrets needed to manufacture stretch-formed spar chords, and (b) the only way UAC could develop the ability to produce SFSCs for Boeing was by misappropriating and using Arconic's alleged trade secrets.

Arconic's Indiana lawsuit was dismissed, because the Indiana court determined that Arconic did not have the right to sue UAC in Indiana. Arconic then

filed a new lawsuit against UAC in this Court. Arconic chose not to sue any of the individuals it had sued in Indiana.

Arconic has asserted only one claim—for alleged trade secret misappropriation under the Georgia Uniform Trade Secrets Act. O.C.G.A. § 10-1-761, et seq. To prove its claim, Arconic must—as to each alleged trade secret that it claims was misappropriated—prove (1) that the alleged trade secret is in fact a trade secret that (a) is not commonly known, (b) is not publicly available, (c) is not readily ascertainable, and (d) has economic value because of its secrecy; (2) that Arconic has used reasonable efforts to protect the alleged trade secret; (3) that UAC improperly acquired the trade secret and used or disclosed it without permission or acquired it under a duty to maintain secrecy; and (4) that Arconic has suffered damages as a result. Arconic must prove each of these elements as to *each* piece of information that Arconic claims is a trade secret. To defend against this claim, UAC will present the following defenses:

### 1. Lack of Trade Secrets

The processes Arconic uses to make stretch-formed spar chords are not secret; they are public knowledge in the engineering world. Arconic's former employees who went to work for UAC did not have Arconic trade secret information, but rather had general knowledge and experience. They applied their general knowledge and experience in their work for UAC installing the machinery

4

and then developing UAC's heavy-press processes and stretch-forming processes particular to its machinery.

UAC purchased its heavy press, heat treat ovens, and quench chambers used, from third parties. Along with the equipment, UAC acquired the manuals for the machines. With these manuals, general engineering knowledge, and employees who had experience in the aluminum industry, UAC developed its heavy-press processes.

Likewise, UAC used general knowledge to develop its stretch-form processes, which are basic science. The real barrier UAC faced to entering the stretch-form market was the huge expense of the stretch-forming machine. UAC couldn't shoulder that expense without Boeing's support, but once it had that support, the rest was fairly straightforward.

**2. No Reasonable Efforts to Protect Alleged Trade Secrets**

UAC will also show that Arconic didn't treat the information as secret or use reasonable efforts to protect it. To prove that information is trade secret under Georgia law, a party must prove that it used reasonable efforts to protect its secrecy. Without these reasonable efforts, information cannot be secret as a matter of law. Here, Arconic did not take even basic steps to protect its manufacturing information until late 2014 – after Arconic learned about Boeing's contract with UAC and after Arconic hired lawyers to sue UAC. Only then—a month before it sued UAC in

Indiana—did Arconic bother to label certain documents "proprietary" and move them to more secure locations in Arconic's computer system. And in doing so, Arconic failed to preserve relevant information about the state of its documents and who had access to them before these changes went into effect.

Arconic has said that 2000-2008 is the only "relevant time period" for assessing whether Arconic used reasonable efforts to protect what it claims is trade secret information. But Arconic also failed to take basic steps to protect its alleged trade secrets during these years. Again, it didn't bother to label documents as "confidential" or "proprietary" or control who had access to information that it now claims is secret. It allowed employees to take information with them when they retired or left the company—both paper documents and information on laptop computers. It did not train employees on confidentiality. It did not require all those who had access to information to enter into confidentiality agreements. In the absence of such simple, reasonable efforts to protect secrecy, Arconic cannot claim to have trade secrets under Georgia law.

For example, during what Arconic calls the "relevant time period," Arconic did not require many of those with access to the alleged trade secrets to sign confidentiality agreements. Arconic could not produce confidentiality agreements for several key employees who helped Arconic develop what it now claims are trade secrets, including employees who later left Arconic and worked for UAC. Moreover,

many agreements that Arconic did produce had sunset provisions under which any confidentiality obligations expired years ago. Additionally, Arconic has never required any hourly employees to enter into confidentiality agreements, even though its hourly employees work all day every day with the information Arconic claims is secret. Confidentiality agreements are a basic step to protect trade secrets. Arconic's failure in this regard is fatal to its claim.

As a result of Arconic's failure to label documents "confidential" and failure to train its employees on confidentiality, its employees struggle to identify what information Arconic is suing about. And their explanations vary all over the map. In its 154-page disclosure of its alleged trade secrets, Arconic identified process documents it says embody its alleged trade secrets. Of those documents, only about 10% were marked confidential. The rest of the process documents had no markings to tell a reader whether Arconic considered them secret or public. Further, many, if not all (Arconic can't say because it destroyed the data shortly before filing suit), of these unmarked documents were available to every Arconic employee in Arconic's Lafayette, Indiana facility. Arconic did not control electronic access to numerous documents containing alleged trade secrets until immediately before filing its lawsuit—we do not know how many documents were unrestricted because Arconic failed to preserve this information. Arconic's failure to take basic steps to protect key documents describing the details of its alleged trade secrets is also fatal to

Arconic's trade secret claim.

### 3. Identity of Trade Secrets

UAC will also argue that Arconic still has not identified what alleged trade secrets it claims UAC <u>misappropriated</u>. Arconic provided a 154-page list of all the alleged trade secrets that it claims are <u>at issue;</u> but it has never said which ones it alleges UAC actually misappropriated. Arconic's witnesses and experts have testified that some alleged trade secrets are not on the list, and that some of the items that are on the list are not secret. In fact, Arconic's own replacement technical expert witness who testified only one month ago—eight years into the case—still could not identify how many trade secrets are at issue, or even whether there are more or fewer than 50 trade secrets. (Neu Dep. Tr. at 9:8-12, 11:2-15:22.) This has hindered UAC's defense and will be a point of argument.

### 4. Independent Development

UAC independently developed its processes to make stretch-formed spar chords without the use of trade secrets from Arconic. UAC developed its processes through research, trial and error, and implementing non-secret information from available literature, employees and third parties. UAC was already making straight-stretched heavy-press parts starting in 2005. UAC had developed all of its processes for making straight-stretched parts, including straight-stretched spar chords, long before Boeing asked UAC to become a supplier of SFSCs. UAC uses the same

processes to make SFSCs that it had been using since 2005 to make heavy-press aluminum products generally. The only difference is that UAC bought a stretch-former that is capable of stretching 100-foot-long extrusions over Boeing-owned form blocks to impart the shape of an airplane wing.

After UAC ultimately agreed to Boeing's request to develop the ability to stretch-form spar chords, UAC purchased a brand-new, state-of-the-art stretch-form machine from Cyril Bath. Cyril Bath is the same company that made Arconic's machine in the 1960s. Cyril Bath developed the design of UAC's machine with input and assistance from Boeing. UAC believes that the information provided and contributions made by Cyril Bath and Boeing in connection with UAC's development of its stretch-forming capability were in all respects legitimate. In light of the vagueness of Arconic's claims, however, UAC had identified Cyril Bath and Boeing as parties to whom fault could be allocable if there were any basis for Arconic's claims. Arconic has chosen not to join Cyril Bath or Arconic.

UAC's stretch-form machine operates differently from Arconic's machine—starting with the fact that it pulls from both ends, and including the fact that the Boeing-owned form blocks rest on separate, movable tables that rise up to meet the stretched aluminum and avoid dragging it over the blocks as Arconic's machine does. The settings on UAC's machine are not applicable to Arconic's, and vice versa.

9

Other things also differentiate UAC's independently developed processes from Arconic's and demonstrate UAC's independent development. First, UAC has a unique continuous flow path that functions differently and more efficiently than Arconic's flow path. Second, UAC does not do its own casting. A third party, Vista Metals, performs that function for UAC. Third, the machines UAC uses in the other steps of the process (such as the heavy press, heat treat ovens, quench chambers, and aging ovens) are different from Arconic's machines and require different settings. These differences indicate independent development.

### 5.   Reverse Engineering

UAC developed its U724 alloy composition in part by properly reverse engineering a sample of baseline material that Boeing provided to UAC (a) without any restrictions, and (b) for the purpose of telling UAC what Boeing wanted UAC to produce. The samples of baseline material from Boeing were manufactured by Arconic, and Boeing bought them from Arconic (subject to no restrictions) and sent them on to UAC. UAC performed tests on the baseline material to determine its composition. UAC then made further changes to the composition after completing that analysis. Georgia law explicitly permits such reverse engineering.

### 6.   Statute of Limitations

Arconic's internal documents demonstrate that Arconic management knew more than a decade before Arconic filed suit that former employees it now identifies

10

in the complaint had gone to work for UAC and were using knowledge and experience they acquired at Arconic to help UAC install and calibrate its heavy press equipment. Arconic even approached UAC to be a subcontractor for Boeing heavy press parts in 2007 because it knew that UAC was capable of manufacturing everything Arconic could manufacture – except SFSCs, because at that point UAC had not invested the money necessary to acquire a stretch-former. Arconic claims that UAC misappropriated Arconic's information when these employees went to work for UAC. But Arconic's claims are time-barred because Arconic knew about its former employees' contributions in real time, more than five years before bringing its suit.

Arconic also knew in 2007 and 2008 (again more than five years before bringing suit) that UAC had the capability to produce stretch-formed spar chords on the same timeline UAC later accomplished it. In 2007 and, more extensively, 2008, Arconic executives and engineers considered the possibility that Boeing might ask UAC to purchase and install a stretch-former and start supplying spar chords in competition with Arconic. These executives and engineers determined that UAC could purchase and install a stretch-form machine and qualify its stretch-formed parts with Boeing within approximately 2 years. As it happened, Boeing approached UAC in 2012, asked UAC to acquire a stretch-former, and guaranteed to reimburse UAC for its investment in the event Boeing chose not to enter into a contract to buy

SFSCs from UAC. UAC proceeded to have Cyril Bath design, build, and install a stretch-former for UAC, and UAC stretch-formed its first spar chord in May 2015. In short, UAC was able to begin competing with Arconic on precisely the timeline that Arconic had predicted UAC could achieve in 2008— over six years before Arconic sued UAC claiming that very timeline meant UAC must have stolen Arconic's trade secrets.

Laches also applies here and precludes injunctive relief for the same reasons.

### 7.  Third Party Fault

As noted, UAC had identified Boeing and Cyril Bath as non-parties to whom fault could be allocated. UAC also identified IQ Navigator, Inc. and Manpower as non-parties to whom fault could be allocated, because among other reasons Arconic apparently contends that it relied on those two parties to require contractors to enter into confidentiality agreement or otherwise to protect the confidentiality of information that Arconic claims is secret. UAC has withdrawn its defense that fault would have to be attributed to those third parties and reduce any fault that could be attributable to UAC absent a change of law, but Arconic will still need to prove that UAC – and not third parties – are liable for any misappropriation.

### 8.  Improper Damages

Even there were a basis for Arconic's claim, Arconic's damage theories are grossly inflated. In view of Arconic's determination and admission in 2008 that

UAC could become capable of producing SFSCs within two years, the largest "head start" that Arconic could plausibly argue UAC obtained is a few months. But Arconic argues for damages over 10 years with an injunction or damages into perpetuity without an injunction. Arconic's timeline does not reflect reality. For the same reason, an injunction is not appropriate.

Arconic also fails to allocate the damages among its alleged trade secrets, so there is no way to ascertain how much value one alleged trade secret has within the whole process.

Arconic also uses an unrealistic contract price and contract length for its damages calculations given the past history between Boeing and Arconic. Even if UAC had not entered the market, Boeing likely would have found a second supplier, as Boeing was motivated to do so based on Arconic's price-gouging, inconsistent product quality, and persistent refusal to maintain its equipment and Boeing's form blocks. Boeing likely would not have agreed to a 10-year contract with Arconic at previous prices; it had implemented a program with its suppliers demanding lower prices.

### 9. Punitive Damages

To obtain punitive damages, Arconic must prove that UAC's conduct was "willful" and "malicious." UAC did not do anything wrongful, but even if a fact finder were to disagree, the record is devoid of any evidence that UAC's conduct

rose to the willful-and-malicious level necessary to support consideration of punitive damages.

## B.    Relevant Statutes, Rules, Regulations, And Case Law

UAC believes these are illustrative authorities regarding remaining issues in this case. UAC has cited and may rely on the additional authorities it has cited in its filings with the Court, as necessary, and reserves the right to rely on case law that may be included in future filings with the Court.

### 1. Georgia Trade Secret Law

The Georgia Trade Secrets Act ("GTSA", O.C.G.A. § 10-1-706, *et seq.*, provides that Arconic can succeed on the merits of its trade secret misappropriation claim only if it proves that (1) it possessed a trade secret, and (2) UAC misappropriated it. O.C.G.A. § 10-1-763; *see generally Capital Asset Research Corp. v. Finnegan*, 160 F.3d 683, 685 (11th Cir. 1998); *Camp Creek Hosp. Inns, Inc. v. Sheraton Franchise Corp.*, 139 F.3d 1396, 1410 (11th Cir. 1998); *Hilb, Rogal & Hamilton Co. of Atlanta, Inc. v. Holley*, 284 Ga. App. 591, 644 S.E.2d 862, 867 (2007). The specific applicable statutory sections are as follows:

- O.C.G.A. § 10-1-761 (Definition of "trade secret" and "misappropriation")
- O.C.G.A. § 10-1-762 (Requirements for injunctive relief)
- O.C.G.A. § 10-1-763 (Describing damages available under the statute)
- O.C.G.A. § 10-1-764 (Describing attorneys' fees available under the statute)
- O.C.G.A. § 10-1-766 (Describing the statute of limitations)

14

- O.C.G.A. § 10-1-767 (Describing the statute's effect on other laws)

A trade secret is defined as:

[I]nformation, without regarding to form, including, but not limited to, technical or nontechnical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, product plans, or a list of actual or potential customers or suppliers which is not commonly known by or available to the public and which information:

> (A)      Derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

> (B)      Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

O.C.G.A. § 10-1-761(4).

That is, a trade secret requires the following elements: (i) information not commonly known by or available to the public; (ii) which derives economic value from not being generally known to or ascertainable by proper means by others who can obtain economic value from the information; and (iii) that was subject to reasonable efforts to maintain its secrecy. *See Capital Asset Research Corp.*, 160 F.3d at 685.

A trade secret must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." O.C.G.A. § 10-1-761(4)(B). For each claimed trade secret, the owner must show that it used "efforts that are reasonable under the circumstances to maintain [the purported secrets'] secrecy." *HCC Ins.*

*Holdings, Inc. v. Flowers*, 237 F. Supp. 3d 1341, 1350 (N.D. Ga. 2017) (quoting

O.C.G.A. § 10-1-761(4)(B); *see also Diamond Power Int'l, Inc. v. Davidson*, 540

F. Supp. 2d 1322, 1332 (N.D. Ga. 2007) (same).

Evaluating reasonable efforts requires considering the full scope of a party's

efforts, including ensuring that employees are aware that particular information is

claimed as a trade secret. *HCC Ins. Holdings Inc. v. Flowers*, 237 F. Supp. 3d 1341,

1351 (N.D. Ga. 2017) (summary judgment warranted where plaintiff failed to

"label[] [documents] confidential or otherwise communicate[] the confidentiality of

the [documents] directly to its employees"); *see also Hill Holiday Connors

Cosmopulos, Inc. v. Greenfield*, 433 F. App'x 207, 214 (4th Cir. 2011) ([Reasonable

efforts] "imposes a heavy burden on the owner of a trade secret, as it calls for

constant warnings to all persons to whom the trade secret has become known and

obtaining from each an agreement, preferably in writing, acknowledging its secrecy

and promising to respect it." (quotation omitted)). And while absolute secrecy is not

required, it is not enough to take *some steps* to protect secrecy. If the steps a plaintiff

*failed to take* "compromised the efficacy" of those it *did take,* that precludes a

finding of "reasonable efforts." *Yellowfin Yachts, Inc. v. Baker Boatworks, LLC*,

898 F.3d 1279, 1300 (11th Cir. 2018).

Arconic has "the burden of establishing each of these statutory elements as

to each claimed trade secret." *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d

1154, 1158 (11th Cir. 2004); *EarthCam, Inc. v. OxBlue Corp.*, 49 F. Supp. 3d 1210, 1225 (N.D. Ga. 2014). This means that "a plaintiff who seeks relief for misappropriation of trade secrets must identify the trade secrets and carry the burden of showing that they exist." *Rent Info. Tech. v. Home Depot U.S.A., Inc.*, 268 Fed. Appx. 555, 558 (9th Cir. 2008) (applying Georgia law) (citation and quotation omitted). Arconic's claim fails if any of the elements are not shown.

As to misappropriation, generally, a defendant misappropriates a trade secret when it acquires a trade secret from someone it has reason to know acquired the trade secret by improper means, or when the defendant "discloses or uses a trade secret of another, without express or implied consent, knowing that at the time of disclosure or use the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." *Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1292 (11th Cir. 2003) (citing *Kuehn v. Selton & Assocs.*, 242 Ga. Ct. App. 662, 530 S.E.2d 787, 791 (2000)); *see also* O.C.G.A. § 10-1-761(2). Pursuant to O.C.G.A. § 10-1-761(a), "improper means" includes "theft, bribery, misrepresentation, breach or inducement of a breach of a confidential relationship or other duty to maintain secrecy or limit use . . . ." *Avnet, Inc. v. Wyle Labs, Inc.*, 263 Ga. 615, 617, 437 S.E.2d 302, 304 (1993).

It is well-established that, for Arconic to prove that UAC "misappropriated the trade secret," Arconic must "show that the defendant (1) disclosed information

that enabled a third party to learn the trade secret or (2) used a 'substantial portion' of the plaintiff's trade secret to create an improvement or modification that is 'substantially derived' from the plaintiff's trade secret." *Penalty Kick Mgmt.*, 318 F.3d at 1293 (citation omitted).

A party does not misappropriate a trade secret where it independently developed the information at issue or developed it through reverse engineering. O.G.C.A. § 10-1-761(1). *See also Penalty Kick Mgmt. Ltd. v. Coca Cola Co*., 318 F.3d 1284, 1291 (11th Cir. 2003) (differences in processes are indicative of independent development); *Meyn Am., LLC v. Tarheel Distribs., Inc*., 36 F. Supp. 3d 1395 (M.D. Ga. 2014) (party not subject to liability for misappropriation by reverse-engineering unless it knew or had reason to know of confidentiality breach).

The statute of limitations under the GTSA is five years. O.C.G.A. § 10-1766. The statutory period begins on the date the "misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." *Id.*; *see also Warehouse Sols., Inc. v. Integrated Logistics, LLC,* NO. 1:11-CV-02061-RLV, 2014 WL 12647878 (N.D. Ga. July 7, 2014), aff'd on other grounds 610 F. App'x 881 (11th Cir. May 8, 2015) (claim accrued when plaintiff knew party was using proprietary information).

The relief available under the GTSA includes injunctive relief and damages.

18

Actual or threatened misappropriation may be enjoined, § 10-1-762. A plaintiff may also, "in addition to or in lieu of" injunctive relief, recover damages, which can include actual loss, unjust enrichment to the opposing party, or a reasonable royalty if damages cannot be proven by a preponderance of the evidence, § 10-1763(a).

If the plaintiff seeks lost profits damages, it can only recover damages for the period before a defendant would have discovered the trade secret without the alleged misappropriation. "[O]nce the defendant has discovered, or would have discovered, the trade secret without the misappropriation, any lost profits from that time forward are not caused by the defendant's wrongful act." *Sokol Crystal Prods., Inc. v. DSC Commc'ns Corp.*, 15 F.3d 1427, 1433 (7th Cir. 1994). In addition, where a plaintiff seeks damages for multiple trade secrets, it must show the damages attributable to each trade secret. *See LivePerson, Inc. v. [24]7.AI, Inc.*, No. 17-cv-01268-JST, 2018 WL 6257460 (N.D. Cal. Nov. 30, 2018); *Texas Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304 (Fed. Cir. 2018). To the extent that the plaintiff seeks reasonable royalty damages, it must show that its proposed royalty is reasonable under the *Georgia-Pacific* factors, taken from *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), *award reduced on appeal as modified*, 446 F.2d 295 (2d Cir. 1971).

19

A plaintiff may receive exemplary damages up to twice the compensatory award only if it proves that the defendant's misappropriation was willful and malicious. § 10-1-763(b). A plaintiff may receive an award of attorneys' fees only if it proves that the misappropriation was willful and malicious. O.C.G.A. § 10-1764. The defendant may receive an award of attorneys' fees if the claim of misappropriation was made in bad faith. *Id.* The judge – and not the jury – decides the amount of attorneys' fees and the amount of exemplary damages. *See, e.g.*, O.C.G.A. § 10-1-763(b) ("[T]he court may award exemplary damages . . . ."); *id.* § 10-7-764 ("[T]he court may award reasonable attorneys' fees . . . ."); *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1362 n. 30 (11th Cir. 2021) ("O.C.G.A. § 10–1–763(b) gives the district court discretion to award 'exemplary damages' for 'willful and malicious misappropriation.'") *see also Acrylicon United States, LLC v. Silikal Gmbh*, No. 1:14-cv-1072, 2017 U.S. Dist. LEXIS 220449 (N.D. Ga. Aug. 16, 2017) (after jury trial finding liability, entering an award for exemplary damages); *Acrylicon*, 2017 U.S. Dist. LEXIS 220106, at *6 (N.D. Ga. Dec. 8, 2017) (after jury trial finding liability, entering an award for attorneys' fees); Verdict, *Acrylicon*, No. 1:14-cv-1072, ECF No. 410 (not asking the jury to determine the amount of exemplary damages or attorneys' fees). UAC incorporates by reference arguments from its Objection to Arconic's Verdict Form at Attachment I-2(b).

20

# ATTACHMENT E

(Stipulated Facts)

**ATTACHMENT E**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), | ) ) ) | |
| Plaintiffs and Counterclaim-Defendants, | ) ) | Civil Action No.: 1:15-cv-01466-JPB |
| v. | ) ) | |
| UNIVERSAL ALLOY CORPORATION, | ) ) | |
| Defendant and Counterclaim-Plaintiff. | ) ) | |

**JOINT STATEMENT OF UNDISPUTED FACTS**

The following facts are not disputed or have been agreed to or stipulated to by the parties:

1. Howmet Aerospace Inc. (formerly known as Alcoa) is a Delaware corporation.

2. Arconic Corporation is a Delaware corporation.

3. Universal Alloy Corporation (known as UAC) is a Georgia corporation.

4.     Alcoa and UAC are aluminum manufacturing companies, which manufacture aerospace components among other products.

5.     Alcoa filed this lawsuit against UAC on April 30, 2015 alleging UAC misappropriated Alcoa's alleged trade secrets.

6.     Stretch-formed spar chords are pieces of extruded contoured aluminum ranging from approximately 65 to over 100 feet in length that are used to construct the wings of airplanes.

7.     To make stretch-form spar chords, aluminum ingots are created out of aluminum alloys.  Ingots are shapes of various sizes and are created by placing a molten liquid alloy into a mold and allowing it to solidify into a solid shape.

8.     An aluminum alloy is a chemical composition in which other elements—including copper, magnesium, manganese, and zinc—are added to pure aluminum to enhance certain properties.

9.     The aluminum ingots are "homogenized" (i.e., heated) for a specified length of time and at specified temperatures, which changes the aluminum alloy's metallurgical properties and prepares the aluminum ingot for extrusion.

10.     Billets are extruded after heating by placing the billets into a machine called a press that exerts force to push the alloy through a pattern-shaped hole (called a "die") to form the shape of the product.  Stretch-formed spar chords, due to their size, require a "heavy press" or "large press."

11.     After extrusion, products are held in a large heat treat furnace, which heats the products and causes the alloying elements to dissolve into a "solution," thereby achieving desired material properties.

12.     After heat treatment, the products are then sent through quench equipment in which they are sprayed with water to rapidly cool the metal.

13.     Once heat treated and quenched, the extruded material is sent to a large stretch-form machine.

14.     A stretch-form machine has a jaw at each end that clamps onto the product. The machine then stretches (i.e., pulls) the product and causes it to bend over form blocks. The result is to impart a curve over the length of the product that corresponds roughly to the shape of an airplane wing.

15.     Stretch-formed spar chords generally require a stretch-form machine that can accommodate parts up to approximately 1,440 inches (or roughly 120 feet) long.

16.     Alcoa has manufactured stretch-formed spar chords at its facility in Lafayette, Indiana.

17.     In 2014, UAC entered into a contract with Boeing to begin providing stretch-formed spar chords to Boeing beginning in January 2016.

18.     Over the years, several employees and consultants have worked for both Alcoa and UAC.

# ATTACHMENT F-1

## (Plaintiffs' Witness List)

CONFIDENTIAL

## ATTACHMENT F-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), ) ) ) | |
| ) | Civil Action No.: |
| Plaintiffs and Counterclaim-Defendants, ) ) | 1:15-cv-01466-JPB |
| ) | Jury Trial Requested |
| v. ) | |
| ) | |
| UNIVERSAL ALLOY CORPORATION, ) | |
| ) | |
| Defendant and Counterclaim-Plaintiff. ) ) | |
| _____ ) | |

## PLAINTIFFS' WITNESS LIST

### List of Witnesses Plaintiffs Expect to Call

Plaintiffs Arconic Corporation and Howmet Aerospace, Inc. (f/k/a Alcoa, Inc.) (collectively "Alcoa") identify the following witnesses whom it will or may call live or by prior testimony at trial, depending on the witness's availability. Alcoa reserves the right to call witnesses identified on UAC's witness list, and additional witnesses necessitated by the Court's pretrial or trial rulings or in response to UAC's trial witnesses. Alcoa reserves the right to call witnesses by deposition as identified in its deposition designations attached to the Pretrial Order.

CONFIDENTIAL

## I.  EXPERT WITNESSES

### A.  <u>Expert Witnesses Alcoa Will Call At Trial</u>

Below are the expert witnesses Alcoa will call as live witnesses at trial, along with a reasonably specific summary of the expected testimony of each expert witness.

#### (1)  Richard W. Neu  Ph.D.

Richard W. Neu is a technical expert with over 30 years of expertise in materials science, engineering, and mechanical engineering.  Mr. Neu will testify consistent with his expert reports, which may include testimony on Alcoa's trade secrets and UAC's misappropriation of Alcoa trade secrets in the development and use of its process for manufacturing stretch-formed spar chords.  Mr. Neu may also rebut any opinions offered by Dr. Joseph Pickens on matters within his areas of expertise.

**Defendant UAC objects** to the extent Dr. Neu intends to offer opinions that were not fully disclosed in his expert report. Defendant objects to Dr. Neu's testimony to the extent such testimony is objectionable under one or more of Fed. R. Evid. 702, 703, 611, 401, 402, 403, and/or is otherwise improper under applicable rules of evidence. Defendant further objects to Dr. Neu's testimony to the extent his testimony is related to any evidentiary issues (including, but not limited to, *motions in limine*) to be raised by Defendant in advance of trial, including as detailed in UAC's brief at Dkt. 841-1.  Defendant objects to the extent that Dr. Neu purports to instruct the jury on the law. Defendant objects to Dr. Neu's opinions to the extent they are inconsistent with the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, or the Court's order at Dkt. 774.

CONFIDENTIAL

### (2)    Russell Stalters

Russell Stalters is an expert with over 25 years of experience in data management and protection. Mr. Stalters will testify as to the reasonableness of Alcoa's efforts to protect its trade secrets, the typical practices of the industry in the relevant time period, and the adaptations that Alcoa made to its data-management practices over time. To the extent that UAC intends to introduce testimony or written evidence of its expert, Alan Brill, Mr. Stalters may testify in rebuttal.

**Defendant UAC objects** to the extent Mr. Stalters intends to offer opinions that were not fully disclosed in his expert report. Defendant objects to Mr. Stalters' testimony to the extent such testimony is objectionable under one or more of Fed. R. Evid. 702, 703, 611, 401, 402, 403, and/or is otherwise improper under applicable rules of evidence. Defendant further objects to Mr. Stalters' testimony to the extent his testimony is related to any evidentiary issues (including, but not limited to, *motions in limine*) to be raised by Defendant in advance of trial. Defendant objects to the extent that Mr. Stalters purports to instruct the jury on the law. Defendant objects to Mr. Stalters' opinions to the extent they are inconsistent with the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, or the Court's order at Dkt. 774.

### (3)    Jim Bergman

Mr. Bergman is an economics and financial expert with expertise in evaluating damages with respect to intellectual property disputes. Mr. Bergman will testify consistent with his expert report, including any updates or corrections thereto, which will include facts, factors and matters relevant to Mr. Bergman's opinions regarding damages, damage measurements, and

CONFIDENTIAL

applicable damage frameworks.  Mr. Bergman may also rebut any opinions offered by Keith Ugone on matters within his areas of expertise.

**Defendant UAC objects** to the extent Mr. Bergman intends to offer opinions that were not fully disclosed in his expert report. Defendant objects to Mr. Bergman's testimony to the extent such testimony is objectionable under one or more of Fed. R. Evid. 702, 703, 611, 401, 402, 403, and/or is otherwise improper under applicable rules of evidence. Defendant further objects to Mr. Bergman's testimony to the extent his testimony is related to any evidentiary issues (including, but not limited to, *motions in limine*) to be raised by Defendant in advance of trial, including as detailed in UAC's brief at Dkt. 841-1.  Defendant objects to the extent that Mr. Bergman purports to instruct the jury on the law. Defendant objects to Mr. Bergman's opinions to the extent they are inconsistent with the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, or the Court's order at Dkt. 774.

## II.    NON-EXPERT WITNESSES

### A.    <u>Fact Witnesses Alcoa Will Call Live At Trial</u>

      **i.**    Edward Colvin

Defendant UAC reserves the right to object to the witness's testimony that is beyond the subjects identified for the witness in Plaintiff's initial disclosures or was not otherwise disclosed in discovery by Plaintiff, despite an obligation to do so. Defendant UAC reserves the right to object to the witness's testimony that is beyond his personal knowledge or improper opinion or expert testimony by a lay witness.

### B.    <u>Fact Witnesses Alcoa May Call Live Or By Prior Testimony At Trial</u>

| Witness | City, State |
|---|---|
| David Trent | ███████████ |
| Dustin Ruh | ███████████ |
| Gerry Dail | ███████████ |
| James Perrin | ███████████ |
| Joseph Kerkhove | ███████████ |
| Melissa Griffith | Arconic Corp. 3131 Main St. Lafayette, IN 47905 |

CONFIDENTIAL

| | |
|---|---|
| Scott Greeson | Arconic Corp.<br>3131 Main St.<br>Lafayette, IN 47905 |
| Terry Jarrett | ████████ |
| Pamela Whitton | Howmet Aerospace, Inc.<br>Lafayette, IN |
| Alan Chase | ████████ |
| Chad Walker | Universal Alloy Corporation<br>180 Lamar Haley Parkway<br>Canton, GA 30114 |
| Milton "Chip" Poth | Counsel of Record for UAC |
| Danny Maxey | Last known address:<br>████████ |
| Henry Sigler | ████████ |
| John Ball | ████████ |
| John Restall | Universal Alloy Corporation<br>180 Lamar Haley Parkway<br>Canton, GA 30114 |
| Michael Colt | Universal Alloy Corporation<br>180 Lamar Haley Parkway<br>Canton, GA 30114 |
| Michael Fultz | ████████ |
| Paul Scaglione | ████████ |
| Thomas Ploughe | Universal Alloy Corporation<br>2871 John Ball Way<br>Anaheim, CA 92806 |
| Vic Dangerfield | Universal Alloy Corporation<br>180 Lamar Haley Parkway<br>Canton, GA 30114 |

**CONFIDENTIAL**

Defendant UAC reserves the right to object to the any witnesses' testimony that is beyond the subjects identified for the witness in Plaintiff's initial disclosures or was not otherwise disclosed in discovery by Plaintiff, despite an obligation to do so. Defendant UAC reserves the right to object to any witnesses' testimony that is beyond his or her personal knowledge or improper opinion or expert testimony by a lay witness. Defendant objects to the extent that Plaintiff intends to call any witness live who is outside of Plaintiff's control and outside the trial subpoena power of the Court.

# ATTACHMENT F-2

(Defendant's Amended Witness List)

**ATTACHMENT F-2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), | ) ) ) | |
| | ) | Civil Action No.: |
| Plaintiffs and Counterclaim-Defendants, | ) ) | 1:15-cv-01466-JPB |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSAL ALLOY CORPORATION | | |
| Defendant/Counterclaim-Plaintiff. | | |

**UNIVERSAL ALLOY CORPORATION'S**
**WITNESS LIST**

**Defendant UAC will have the following witnesses present at trial:**

1.   Dr. Joseph Pickens
     13815 Kennard Drive
     Glenelg, MD 21737

Dr. Pickens is expected to testify as to the matters and topics included in his expert report served July 23, 2021, which are incorporated herein by reference; the matters and topics discussed at his deposition; and his rebuttal of the analysis, expert report, and testimony of Arconic's technical expert, Dr. Richard Neu.  These matters and topics include, but are not limited to, the items more specifically enumerated in the remainder of this description.  Dr. Pickens is expected to testify about the engineering analysis and technical evaluation of Arconic's allegations that Universal Alloy Corporation ("UAC") has misappropriated Arconic's alleged trade secrets in its process for manufacturing stretch-formed spar chords for The Boeing Company ("Boeing").  Dr. Pickens is anticipated to testify that:  (a) UAC's process for

1

manufacturing stretch-formed spar chords (including its various component stages) is substantially different from Arconic's process; (b) similarities between UAC's and Arconic's processes are due to the nature of the parts and alloys involved, which are specified by Boeing; (c) analysis of Arconic's allegations, in light of the documents produced, deposition testimony, and known science and engineering, reveal that UAC did not misappropriate Arconic's alleged trade secret information related to the production of stretch-formed spar chords for Boeing; (d) although available data does suggest a match between UAC process parameters and Arconic historical process parameters with respect to a limited process element (solution heat treatment), the underlying metallurgical engineering principles available to UAC from other sources render the available information readily ascertainable to a manufacturer of hard alloy aluminum extrusions; (e) UAC performed significant work to independently develop the processes and procedures it uses to manufacture stretch-formed spar chords; (f) UAC "reverse engineered" an Arconic alloy sample provided by Boeing; (g) Arconic and its technical expert concede that development of a competent manufacturing process for stretch-formed spar chords acceptable to Boeing could be accomplished without misappropriation of Arconic's alleged trade secrets; and (h) analysis of available evidence does not support Arconic's assertion that UAC's development timeline was hastened or even measurably accelerated by misappropriation of Arconic's alleged trade secret information. Dr. Pickens may also rebut any criticisms of his methodology offered by Arconic's technical expert, Dr. Richard Neu.

> **Plaintiffs object** to the extent Dr. Pickens intends to offer opinions that were not fully disclosed in his expert report.  Plaintiffs object to Dr. Pickens's testimony to the extent such testimony is objectionable under one or more of Fed R. Evid. 702, 703, 611, 401, 402, 403, and/or is otherwise improper under applicable rules of evidence.  Plaintiffs further object to Dr. Pickens's testimony to the extent his testimony is related to any evidentiary issues (including, but not limited to, *motions in limine*) to be raised by Plaintiff in advance of trial.  Plaintiffs object to the extent that Dr. Pickens purports to instruct the jury on the law. Plaintiffs object to Dr. Pickens's opinions to the extent they are inconsistent with the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, or the Court's Order at Dkt. 774 and 894.

2.    Alan Brill
      Kroll, Inc.
      2 Emerson Lane, Suite 200
      Secaucus, NJ 07094

Mr. Brill is expected to testify as to the matters and topics included in his expert report dated May 4, 2018, which are incorporated herein by reference; the matters and topics discussed at his deposition; and his rebuttal of the analysis, expert report, and testimony of Arconic's expert on reasonable efforts, Russell Stalters. These matters and topics include, but are not limited to, the items more specifically enumerated in the remainder of this description. Mr. Brill is expected to testify about elements of a reasonable trade secret protection program, and the policies, practices, and procedures employed by Arconic to protect the secrecy of its alleged trade secrets. Mr. Brill is anticipated to testify as to the elements of a reasonable program for protecting trade secrets. Mr. Brill is further anticipated to testify that: (a) the information security program for trade secrets as adopted and actually implemented by Arconic did not constitute a reasonable information security program under the circumstances; (b) Arconic's program, as actually implemented, fell far short of a reasonable information security program in multiple ways, including some of the most basic controls that are recognized as part of information and records management; (c) Arconic did not employ reasonable controls to protect documents Arconic claims to be trade secrets; (d) Arconic's program and efforts undertaken by Arconic were not reasonable under the circumstances based on generally accepted standards for protection of sensitive information; (e) Mr. Stalters "Subject Time Period" (the "late 1990s through 2008") is insufficient and too narrow, as the relevant time period for assessing whether a trade secret has been reasonably protected is the life of that trade secret; and (f) Arconic's own statements and actions after the Subject Time Period confirm that Arconic's program and the efforts undertaken by Arconic were not reasonable under the circumstances. Mr. Brill may also rebut any criticisms of his methodology offered by Arconic's expert on reasonable efforts, Russell Stalters.

> **Plaintiffs object** to the extent Mr. Brill intends to offer opinions that were not fully disclosed in his expert report. Plaintiffs object to Mr. Brill's testimony to the extent such testimony is objectionable under one or more of Fed R. Evid. 702, 703, 611, 401, 402, 403, and/or is otherwise improper under applicable rules of evidence. Plaintiffs further object to Mr. Brill's testimony to the extent his testimony is

related to any evidentiary issues (including, but not limited to, *motions in limine*) to be raised by Plaintiff in advance of trial.  Plaintiffs object to the extent that Mr. Brill purports to instruct the jury on the law. Plaintiffs object to Mr. Brill's opinions to the extent they are inconsistent with the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702.

3.    Dr. Keith Ugone
      Analysis Group
      Park Place Center
      2911 Turtle Creek Boulevard, Suite 600
      Dallas, TX 75219

Dr. Ugone is expected to testify as to the matters and topics included in his expert report dated May 4, 2018, which are incorporated herein by reference; the matters and topics discussed at his deposition; and his rebuttal of the analysis, expert report, and testimony of Arconic's damages expert, Jim Bergman (and its former damages expert, Robert Barnett, whose report was adopted by Mr. Bergman).  These matters and topics include, but are not limited to, the items more specifically enumerated in the remainder of this description.  Dr. Ugone is expected to testify about the appropriate calculation method of damages for misappropriation of trade secrets both generally and with respect to this case.   Dr. Ugone is anticipated to testify that Mr. Bergman's claimed damages opinions:  (a) are unreliable and overstated; (b) do not provide the trier of fact with guidance as to a monetary remedy for UAC's alleged trade secret misappropriation; (c) fail to consider alternative reasons for Arconic losing Boeing spar chord sales, including but not limited to Arconic's prices for Boeing spar chords being unreasonably high, the low quality of Arconic's products and facilities, Boeing's numerous business difficulties with Arconic prior to 2016, Boeing's desire to find a second source of supply for Boeing spar chords, and UAC's differentiating positive qualities; (d) inappropriately credit the entire stretch-form process to Arconic's claimed trade secrets despite evidence of other contributing inputs, including but not limited to certain alloy compositions not being Arconic trade secrets, and the contributions of Henry Sigler to the stretch-form process; (e) fail to apportion Arconic's claimed damages to specific alleged trade secrets; (f) use a claimed damages period that is too long; (g) use Arconic's 2010 prices to calculate claimed lost profits and claimed price erosion damages; (h) fail, for unjust enrichment, to consider alternative reasons for lost sales and do not deduct

capital costs; and (i) are driven by unreliable underlying assumptions for reasonable royalty damages.  Dr. Ugone may also rebut any criticisms of his methodology offered by Arconic's expert on damages, Jim Bergman.

> **Plaintiffs object** to the extent Dr. Ugone intends to offer opinions that were not fully disclosed in his expert report.  Plaintiffs object to Dr. Ugone's testimony to the extent such testimony is objectionable under one or more of Fed R. Evid. 702, 703, 611, 401, 402, 403, and/or is otherwise improper under applicable rules of evidence.  Plaintiffs further object to Dr. Ugone's testimony to the extent his testimony is related to any evidentiary issues (including, but not limited to, *motions in limine*) to be raised by Plaintiff in advance of trial.  Plaintiffs object to the extent that Dr. Ugone purports to instruct the jury on the law. Plaintiffs object to Dr. Ugone's opinions to the extent they are inconsistent with the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, or the Court's Order at Dkt. 774.

**Defendant UAC may call the following witnesses[1] at trial, either live or by deposition[2]:**

4.      Milton ("Chip") Poth III*
        Universal Alloy Corporation
        180 Lamar Haley Parkway
        Canton, GA 30114

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

5.      Michael Colt
        Universal Alloy Corporation
        180 Lamar Haley Parkway
        Canton, GA 30114

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

6.      Victor Dangerfield*
        Universal Alloy Corporation
        180 Lamar Haley Parkway
        Canton, GA 30114

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

---

[1]   Plaintiffs reserve the right to object to any witnesses' testimony that is beyond his or her personal knowledge or improper opinion or expert testimony by a lay witness.

[2]   UAC's designations from the depositions of these witnesses who were deposed are attached to the Pre-Trial Order as Attachments H-2(a-c).  UAC reserves the right to call as live witnesses, in lieu of or in addition to presenting them by deposition, any Arconic witnesses who appear live at trial.

*   Witnesses indicated with an asterisk are no longer fulltime employees of UAC but may be contacted through counsel for UAC.

7.    Paul Scaglione



Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

8.    Melissa Lindh
      Universal Alloy Corporation
      180 Lamar Haley Parkway
      Canton, GA 30114

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

9.    Greg Baugh
      Universal Alloy Corporation
      180 Lamar Haley Parkway
      Canton, GA 30114

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

10.   Henry Sigler

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

11.   Michael Fultz

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

12.    Alan Chase
▮▮▮▮▮▮▮▮▮

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

13.    John Ball (deceased, available by deposition only)

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

14.    Christopher White
       Universal Alloy Corporation
       180 Lamar Haley Parkway
       Canton, GA 30114

Plaintiffs object to this witness as a late addition to the witness list nearly three years after the Pretrial Order was filed; this witness should have been disclosed in the initial Pretrial Order.  Separately, Plaintiffs object to the witness's testimony that is beyond the scope of Danny Maxey's testimony, and to the extent the witness's testimony is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

15.    John Restall
       Universal Alloy Corporation
       180 Lamar Haley Parkway
       Canton, GA 30114

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

16.    Tom Ploughe
       Universal Alloy Corporation
       2871 John Ball Way
       Anaheim, CA 92806

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

17. Chad Walker
    Universal Alloy Corporation
    180 Lamar Haley Parkway
    Canton, GA 30114

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

18. Mike McHenry
    Universal Alloy Corporation
    180 Lamar Haley Parkway
    Canton, GA 30114

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

19. Will White


Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

20. Iulian Gheorghe
    *U.S. Address:*

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so. Plaintiffs further object to this witness's testimony on the basis that UAC represented

Mr. Gheorghe has no first-hand knowledge of any matter relevant to this case and he was not disclosed as an expert.[3]

21.   Carrie Lavette



Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

22.   Rob Pahl



Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

23.   Gerry Dail



Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

24.   Brian Ankenman



Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

---

[3]   **UAC Response**:   UAC never made such representation.   By specifically responding to this particular objection, UAC does not concede that any other objection raised by Arconic herein has merit.

25.    Kelly Bethards



Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

26.    Vicki Micheau



Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

27.    Jeff Carpenter
       The Boeing Company
       1301 SW 16th St.
       Renton, WA 98057

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

28.    William Quiring

Plaintiffs reserve the right to object to the witness's testimony that is beyond the subjects identified for the witness in Defendant's initial disclosures or was not otherwise disclosed in discovery by Defendant, despite an obligation to do so.

29.    Joseph Kerkhove
       3424 E Sequoia Trail
       Phoenix, AZ 85044-3412

Plaintiffs object to the extent that Defendant intends to call Mr. Kerkhove live as he is outside the trial subpoena power of the Court.

30.   Melissa Griffith
      Arconic Inc.
      3131 Main St.
      Lafayette, IN 47905

Plaintiffs object to the extent that Defendant intends to call Ms. Griffith live as she is outside the trial subpoena power of the Court.

31.   Terry Jarrett


Plaintiffs object to the extent that Defendant intends to call Ms. Jarrett live as she is outside the trial subpoena power of the Court.

32.   Kevin Johnson
      Arconic Inc.
      3131 Main St.
      Lafayette, IN 47905

Plaintiffs object to the extent that Defendant intends to call Mr. Johnson live as he is outside the trial subpoena power of the Court.

33.   James Perrin
      Arconic Inc.
      3131 Main St.
      Lafayette, IN 47905

Plaintiffs object to the extent that Defendant intends to call Mr. Perrin live as he is outside the trial subpoena power of the Court.

34.   Eric Roegner


Plaintiffs object to the extent that Defendant intends to call Mr. Roegner live as he is outside the trial subpoena power of the Court.

35.   Dustin Ruh
      Arconic Inc.
      3131 Main St.
      Lafayette, IN 47905

Plaintiffs object to the extent that Defendant intends to call Mr. Ruh live as he is outside the trial subpoena power of the Court.

36.    Any witnesses listed or called by Arconic.

# ATTACHMENT G-1(a)

(Plaintiffs' List of Documentary Evidence )

**CONFIDENTIAL**

Arconic Corp, et al.  v. Universal Alloy Corporation
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

ARCONIC's PROPOSED TRIAL EXHIBIT LIST

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|
| | | | | |

CONFIDENTIAL

ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

Arconic Corp, et al.  v. Universal Alloy Corporation

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
Arconic Corp, et al.  v. Universal Alloy Corporation
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Case 1:15-cv-01466-ELR

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**
<u>**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**</u>

May 31, 2023

| <u>TX No.</u> | <u>Description</u> | <u>Date</u> | <u>BegBates</u> | <u>End Bates</u> |
|---|---|---|---|---|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
Arconic Corp, et al.  v. Universal Alloy Corporation
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

CONFIDENTIAL

Arconic Corp, et al.  v. Universal Alloy Corporation
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

CONFIDENTIAL

Arconic Corp, et al.  v. Universal Alloy Corporation

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
<u>**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**</u>

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

<u>ARCONIC's PROPOSED TRIAL EXHIBIT LIST</u>

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

CONFIDENTIAL

Arconic Corp, et al.  v. Universal Alloy Corporation
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

Arconic Corp, et al.  v. Universal Alloy Corporation
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

CONFIDENTIAL
ARCONIC's PROPOSED TRIAL EXHIBIT LIST

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

CONFIDENTIAL

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

CONFIDENTIAL
Arconic Corp, et al.  v. Universal Alloy Corporation
ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

CONFIDENTIAL
ARCONIC's PROPOSED TRIAL EXHIBIT LIST

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

CONFIDENTIAL
Arconic Corp, et al.  v. Universal Alloy Corporation
ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

CONFIDENTIAL
Arconic Corp, et al.  v. Universal Alloy Corporation
ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

Arconic Corp, et al.  v. Universal Alloy Corporation

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|
|        |             |      |          |           |

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

CONFIDENTIAL

Arconic Corp, et al.  v. Universal Alloy Corporation

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

CONFIDENTIAL

May 31, 2023

Arconic Corp, et al.  v. Universal Alloy Corporation

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

CONFIDENTIAL

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

CONFIDENTIAL

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

CONFIDENTIAL
Arconic Corp, et al.  v. Universal Alloy Corporation

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

Arconic Corp, et al.  v. Universal Alloy Corporation

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

CONFIDENTIAL
Arconic Corp, et al.  v. Universal Alloy Corporation
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

ARCONIC's PROPOSED TRIAL EXHIBIT LIST

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
Arconic Corp, et al.  v. Universal Alloy Corporation
<u>**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**</u>

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

CONFIDENTIAL
Arconic Corp, et al.  v. Universal Alloy Corporation

ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
| --- | --- | --- | --- | --- |

**CONFIDENTIAL**
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**
ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

<u>**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**</u>

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

CONFIDENTIAL

ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

CONFIDENTIAL

Arconic Corp, et al.  v. Universal Alloy Corporation

ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

CONFIDENTIAL
Arconic Corp, et al.  v. Universal Alloy Corporation
ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Case 1:15-cv-01466-ELR
Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**
<u>**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**</u>

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

**CONFIDENTIAL**
Arconic Corp, et al.  v. Universal Alloy Corporation
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

Arconic Corp, et al.  v. Universal Alloy Corporation
<u>**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**</u>

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

<u>**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**</u>

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

May 31, 2023

| TX No. | Description | Date | BegBates | End Bates |
|---|---|---|---|---|

**CONFIDENTIAL**

<u>**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**</u>

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

CONFIDENTIAL

Arconic Corp, et al.  v. Universal Alloy Corporation

ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

<u>**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**</u>

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

Arconic Corp, et al.  v. Universal Alloy Corporation
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
<u>ARCONIC's PROPOSED TRIAL EXHIBIT LIST</u>

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
May 31, 2023

Arconic Corp, et al.  v. Universal Alloy Corporation
<u>**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**</u>

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
Arconic Corp, et al.  v. Universal Alloy Corporation
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

Arconic Corp, et al.  v. Universal Alloy Corporation

**CONFIDENTIAL**

**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
Arconic Corp, et al.  v. Universal Alloy Corporation

ARCONIC's PROPOSED TRIAL EXHIBIT LIST

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

CONFIDENTIAL
Arconic Corp, et al.  v. Universal Alloy Corporation
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

**CONFIDENTIAL**
Arconic Corp, et al.  v. Universal Alloy Corporation
**ARCONIC's PROPOSED TRIAL EXHIBIT LIST**

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

| TX No. | Description | Date | BegBates | End Bates |
|--------|-------------|------|----------|-----------|

# ATTACHMENT G-1(b)

(UAC Objections to Arconic's Exhibit List)

Case 1:15-cv-01466-ELR
Arconic Inc. v. Universal Alloy Corporation

Case 1:15-cv-01466-JPB   Document 921   Filed 05/31/23   Page 205 of 720
Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

The following are UAC's objections under LR 16.4 to Arconic's proposed trial exhibits based on the face of the exhibits. UAC reserves the right to raise further objections, as appropriate, by motion in limine or at trial.

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

1

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|---|---|---|---|---|---|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

| TX No. | Description | Date | BegBates | End Bates | Objections |
|---|---|---|---|---|---|

Case 1:15-cv-01466-ELR
Arconic Inc. v. Universal Alloy Corporation

Case 1:15-cv-01466-JPB   Document 921   Filed 05/31/23   Page 218 of 720
Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Case 1:15-cv-01466-ELR
Arconic Inc. v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|---|---|---|---|---|---|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Case 1:15-cv-01466-ELR
Arconic Inc. v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
| | | | | | |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|  |  |  |  |  |  |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

| TX No | Description | Date | BegBates | End Bates | Objections |
|-------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Case 1:15-cv-01466-ELR
Arconic Inc. v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|  |  |  |  |  |  |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL



| | | | | | Objections |
|---|---|---|---|---|---|

Case 1:15-cv-01466-ELR
Arconic Inc. v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

Case 1:15-cv-01466-JPB   Document 921   Filed 05/31/23   Page 263 of 720
Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|---|---|---|---|---|---|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No | Description | Date | BegBates | End Bates | Objections |
|-------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Case 1:15-cv-01466-ELR
Arconic Inc. v. Universal Alloy Corporation

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
| | | | | | |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc. v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|---|---|---|---|---|---|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
| | | | | | |

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No | Description | Date | BegBates | End Bates | Objections |
|-------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No | Description | Date | BegBates | End Bates | Objections |
|-------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
| | | | | | |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No | Description | Date | BegBates | End Bates | Objections |
|-------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No | Description | Date | BegBates | End Bates | Objections |
|-------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc. v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Case 1:15-cv-01466-ELR
Arconic Inc.  v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|---|---|---|---|---|---|

Case 1:15-cv-01466-ELR
Arconic Inc. v. Universal Alloy Corporation

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

| TX No | Description | Date | BegBates | End Bates | Objections |
|-------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Case 1:15-cv-01466-ELR
Arconic Inc. v. Universal Alloy Corporation

Case 1:15-cv-01466-JPB   Document 921   Filed 05/31/23   Page 314 of 720
Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|
|        |             |      |          |           |            |

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

Attachment G-1(b) – UAC Objections to Arconic s Exhibit List

CONFIDENTIAL

| TX No. | Description | Date | BegBates | End Bates | Objections |
|--------|-------------|------|----------|-----------|------------|

# ATTACHMENT G-2(a)

(Defendant's Exhibit List)

Attachment G-2(a) – Defendant's Exhibit List

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Attachment G-2(a) – Defendant's Exhibit List

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Attachment G-2(a) – Defendant's Exhibit List

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Attachment G-2(a) – Defendant's Exhibit List

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Attachment G-2(a) – Defendant's Exhibit List

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Attachment G-2(a) – Defendant's Exhibit List

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Attachment G-2(a) – Defendant's Exhibit List

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Attachment G-2(a) – Defendant's Exhibit List

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
| --- | --- | --- | --- | --- | --- | --- |

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
| --- | --- | --- | --- | --- | --- | --- |

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
| --- | --- | --- | --- | --- | --- | --- |

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential



For Court Use

Attachment G-2(a) – Defendant's Exhibit List

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Attachment G-2(a) – Defendant's Exhibit List

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Attachment G-2(a) – Defendant's Exhibit List

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
| --- | --- | --- | --- | --- | --- | --- |

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Attachment G-2(a) – Defendant's Exhibit List

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Attachment G-2(a) – Defendant's Exhibit List

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|

Confidential

| For Court Use | Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

# ATTACHMENT G-2(b)

(Plaintiffs' Objections to Defendant's List)

<u>**ATTACHMENT G-2(b)**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ARCONIC CORPORATION, and | ) | |
| HOWMET AEROSPACE INC., | ) | |
| | ) | |
| Plaintiffs and Counterclaim-Defendants, | ) | Civil Action No.: |
| | ) | 1:15-cv-01466-JPB |
| v. | ) | |
| | ) | Jury Trial Requested |
| UNIVERSAL ALLOY CORPORATION, | ) | |
| | ) | |
| Defendant and Counterclaim-Plaintiff. | ) | |

<u>**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**</u>

Plaintiffs Arconic Corp. and Howmet Aerospace Inc. (collectively "Alcoa") hereby submit their objections to UAC's Exhibit List. Alcoa reserves the right to further object to exhibits on UAC's list based on UAC's failure to disclose or identify and/or as based on UAC's untimely disclosure or identification of entries included on its list. For ease of reference, Plaintiffs have included the below objection key.

| OBJECTION LIST | |
|---|---|
| **Objection** | **Rule** |
| Lacks foundation | Fed. R. Evid. 104; 602; 901(a) |
| Hearsay | Fed. R. Evid. 103(c); 801- 802 |
| Incomplete | Fed. R. Evid. 106 |
| Legal Conclusion | Fed. R. Evid. 103(c) |
| Calls for expert opinion; improper opinion testimony of a lay witness | Fed. R. Evid. 103(c); 701-702 |
| Misstates or mischaracterizes document or testimony | Fed. R. Evid. 103(c); 611(a) |
| Prejudicial | Fed. R. Evid. 403 |
| Calls for Speculation/Speculation | Fed. R. Evid. 602; 701 |
| Privileged | Fed. R. Evid. 501; 502; Fed. R. Civ. P. 26 |
| Relevance | Fed. R. Evid. 401-402 |
| Subsequent remedial measures | Fed. R. Evid. 407 |
| Argumentative/Leading | Fed. R. Civ. P. 611(a); 611(c) |
| Vague and Ambiguous or Misleading | |
| Compound | |
| Assumes Facts Not in Evidence | |
| Incomplete Hypothetical | |
| Lack of personal knowledge | Fed. R. Evid. 602 |
| Calls for a legal conclusion | |
| Asked and answered | |
| Outside the scope of 30(b)(6) designation | |
| Duplicative/Cumulative | |

| Lack of authentication or identification | Fed. R. Evid. 901-903 |
| Not the best evidence | Fed. R. Evid. 1002 |
| Improper Summary | Fed. R. Evid. 1006 |
| Failure to Disclose | Fed. R. Civ. Proc. 37 |

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|
| | | | | | | |

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|
| | | | | | | |

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|
| | | | | | | |

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|
| | | | | | | |

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|
| | | | | | | |

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|
| | | | | | | |

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

Confidential

Arconic's Objections to UAC's Proposed Trial Exhibit List 5.31.2023

| Pre-Trial Ex.# | Date | Description | Bates# | Depo Ex No | Confidentiality | Arconic Objection |
|---|---|---|---|---|---|---|

# ATTACHMENT H-1(a)

(Plaintiffs' Affirmative Designations of
Portions of Deposition Testimony)

**ATTACHMENT H-1(a)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.),     ) <br>     ) <br>     ) <br> Plaintiffs and Counterclaim-Defendants,     ) <br> v.     ) <br> UNIVERSAL ALLOY CORPORATION     ) <br> Defendant/Counterclaim-Plaintiff.     ) | Civil Action No.: 1:15-cv-01466-JPB <br><br> Jury Trial Requested |

**PLAINTIFFS' DEPOSITION DESIGNATIONS**

Plaintiffs Arconic Corp. and Howmet Aerospace, Inc. (f/k/a Alcoa Inc.) (collectively "Alcoa") identifies the following listing of all persons whose testimony at trial will be given by deposition, and designates the following portions of each person's testimony which may be introduced in its case-in-chief.  Alcoa reserves the right to revise, amend, or supplement these designations as necessitated by the Court's pretrial or trial rulings; UAC's trial designations, exhibits, or arguments; or to address any additional developments in the case.   Alcoa further reserves the right

to provide designations for use in its rebuttal case and to use any portion of any deposition transcript for the purposes of impeachment. All extraneous and unnecessary matters, including nonessential colloquy of counsel, will be removed from the designations below when the designations are read to or viewed by the jury.

**Brian Ankenman (May 5, 2016)**

| Start Page | Start Line | End Page | End Line |
|---|---|---|---|
| 5 | 1 | 22 | 4 |
| 22 | 10 | 22 | 19 |
| 24 | 2 | 24 | 10 |
| 44 | 15 | 44 | 21 |
| 55 | 25 | 56 | 12 |
| 83 | 1 | 84 | 20 |
| 166 | 9 | 166 | 17 |
| 166 | 24 | 170 | 13 |
| 170 | 23 | 174 | 8 |
| 179 | 20 | 180 | 11 |
| 186 | 8 | 195 | 24 |
| 196 | 9 | 199 | 12 |
| 209 | 22 | 212 | 19 |
| 213 | 19 | 214 | 10 |
| 216 | 9 | 217 | 14 |
| 218 | 6 | 218 | 17 |
| 218 | 22 | 220 | 5 |
| 223 | 5 | 224 | 3 |
| 231 | 2 | 233 | 4 |
| 233 | 15 | 234 | 21 |
| 234 | 22 | 235 | 8 |
| 238 | 12 | 239 | 4 |
| 239 | 10 | 239 | 14 |
| 239 | 22 | 239 | 23 |
| 239 | 22 | 239 | 23 |
| 240 | 3 | 240 | 5 |

| 240 | 13 | 240 | 15 |
|---|---|---|---|
| 240 | 23 | 240 | 25 |
| 241 | 8 | 241 | 8 |
| 245 | 7 | 246 | 12 |
| 248 | 10 | 249 | 25 |
| 255 | 1 | 255 | 25 |
| 256 | 8 | 256 | 17 |
| 256 | 22 | 258 | 14 |
| 283 | 11 | 285 | 9 |
| 297 | 3 | 298 | 14 |
| 298 | 16 | 298 | 25 |
| 299 | 11 | 303 | 15 |
| 303 | 22 | 305 | 4 |
| 309 | 23 | 310 | 4 |
| 317 | 21 | 318 | 7 |

**John Ball (October 12, 2017)**

| Start Page | Start Line | End Page | End Line |
|---|---|---|---|
| 5 | 9 | 5 | 25 |
| 6 | 3 | 8 | 4 |
| 23 | 20 | 24 | 3 |
| 24 | 12 | 24 | 19 |
| 25 | 4 | 25 | 7 |
| 25 | 19 | 25 | 23 |
| 26 | 25 | 27 | 3 |
| 27 | 6 | 27 | 9 |
| 51 | 9 | 51 | 11 |
| 52 | 15 | 53 | 6 |
| 53 | 8 | 54 | 11 |
| 59 | 2 | 59 | 10 |
| 59 | 20 | 59 | 23 |
| 59 | 25 | 60 | 5 |
| 66 | 6 | 66 | 14 |
| 67 | 25 | 69 | 8 |
| 69 | 11 | 70 | 12 |
| 70 | 19 | 70 | 22 |

| 74 | 1 | 74 | 15 |
| 78 | 21 | 79 | 7 |
| 80 | 7 | 80 | 11 |
| 81 | 17 | 81 | 22 |
| 82 | 21 | 84 | 2 |
| 85 | 10 | 85 | 20 |
| 85 | 24 | 86 | 14 |

**Kelly Bethards (May 4, 2016)**

| Start Page | Start Line | End Page | End Line |
| --- | --- | --- | --- |
| 5 | 2 | 6 | 12 |
| 7 | 9 | 13 | 15 |
| 15 | 8 | 16 | 13 |
| 39 | 22 | 40 | 1 |
| 40 | 3 | 40 | 12 |
| 50 | 11 | 50 | 14 |
| 54 | 12 | 56 | 8 |
| 57 | 22 | 58 | 8 |
| 61 | 13 | 62 | 5 |
| 63 | 2 | 63 | 6 |
| 63 | 10 | 64 | 1 |
| 64 | 16 | 64 | 25 |
| 65 | 9 | 65 | 16 |
| 67 | 10 | 67 | 18 |
| 76 | 1 | 76 | 19 |
| 98 | 25 | 99 | 8 |
| 103 | 8 | 103 | 11 |
| 113 | 18 | 113 | 20 |
| 115 | 23 | 116 | 4 |
| 117 | 9 | 118 | 7 |
| 127 | 6 | 127 | 17 |
| 127 | 25 | 128 | 5 |
| 129 | 4 | 129 | 11 |
| 129 | 14 | 130 | 2 |
| 130 | 5 | 130 | 8 |
| 131 | 6 | 131 | 12 |

| | | | |
|---|---|---|---|
| 131 | 22 | 133 | 7 |
| 133 | 22 | 136 | 1 |
| 136 | 2 | 136 | 11 |
| 137 | 2 | 138 | 24 |
| 139 | 23 | 141 | 14 |
| 142 | 12 | 144 | 6 |
| 144 | 13 | 147 | 13 |
| 148 | 1 | 148 | 8 |
| 157 | 13 | 160 | 7 |
| 163 | 14 | 164 | 7 |
| 171 | 6 | 172 | 13 |
| 172 | 21 | 173 | 3 |
| 174 | 13 | 177 | 24 |
| 182 | 4 | 182 | 13 |
| 182 | 16 | 183 | 7 |
| 183 | 17 | 184 | 6 |
| 189 | 12 | 190 | 25 |
| 192 | 17 | 196 | 1 |
| 196 | 12 | 197 | 1 |
| 198 | 19 | 201 | 24 |
| 202 | 13 | 202 | 25 |
| 203 | 6 | 203 | 6 |
| 203 | 16 | 203 | 25 |
| 204 | 2 | 206 | 16 |
| 207 | 1 | 207 | 21 |
| 208 | 5 | 210 | 12 |
| 211 | 6 | 211 | 21 |
| 212 | 20 | 213 | 5 |
| 213 | 25 | 216 | 20 |
| 217 | 19 | 220 | 12 |
| 220 | 16 | 222 | 14 |
| 245 | 4 | 246 | 5 |
| 247 | 4 | 247 | 15 |
| 247 | 22 | 248 | 7 |
| 249 | 14 | 249 | 19 |
| 255 | 9 | 255 | 14 |
| 255 | 20 | 256 | 8 |

| 256 | 18 | 256 | 20 |
| 263 | 13 | 264 | 5 |

**Jeff Carpenter (September 8, 2017)**

| Start Page | Start Line | End Page | End Line |
|------------|-----------|----------|----------|
| 4  | 2  | 8  | 17 |
| 8  | 18 | 9  | 14 |
| 9  | 15 | 9  | 24 |
| 10 | 5  | 11 | 9  |
| 13 | 13 | 13 | 21 |
| 13 | 22 | 15 | 7  |
| 15 | 14 | 16 | 17 |
| 16 | 18 | 18 | 4  |
| 18 | 7  | 20 | 4  |
| 20 | 21 | 23 | 21 |
| 24 | 4  | 27 | 15 |
| 28 | 22 | 29 | 21 |
| 29 | 22 | 30 | 21 |
| 30 | 22 | 40 | 6  |
| 40 | 16 | 44 | 20 |
| 44 | 21 | 47 | 15 |
| 47 | 20 | 50 | 6  |
| 50 | 7  | 53 | 19 |
| 54 | 4  | 56 | 12 |
| 56 | 21 | 57 | 25 |
| 58 | 14 | 58 | 18 |
| 58 | 19 | 59 | 13 |
| 59 | 14 | 61 | 5  |
| 61 | 6  | 62 | 1  |
| 62 | 2  | 62 | 9  |
| 62 | 10 | 63 | 25 |
| 62 | 20 | 62 | 24 |
| 63 | 12 | 63 | 22 |
| 64 | 10 | 65 | 9  |
| 65 | 13 | 65 | 23 |
| 66 | 13 | 69 | 20 |

| | | | |
|---|---|---|---|
| 69 | 21 | 70 | 16 |
| 70 | 17 | 74 | 16 |
| 79 | 7 | 80 | 15 |
| 81 | 13 | 82 | 7 |
| 83 | 17 | 83 | 19 |
| 90 | 16 | 92 | 8 |
| 93 | 14 | 95 | 22 |
| 95 | 24 | 96 | 11 |
| 97 | 9 | 98 | 21 |
| 102 | 4 | 103 | 25 |
| 104 | 5 | 104 | 25 |
| 105 | 1 | 106 | 11 |
| 110 | 1 | 111 | 3 |
| 112 | 5 | 113 | 1 |
| 113 | 9 | 113 | 12 |
| 113 | 22 | 115 | 11 |
| 115 | 22 | 116 | 20 |
| 116 | 24 | 117 | 21 |
| 118 | 1 | 118 | 12 |
| 119 | 25 | 121 | 12 |
| 121 | 18 | 124 | 5 |
| 124 | 6 | 124 | 11 |
| 125 | 1 | 125 | 7 |
| 126 | 9 | 127 | 3 |
| 129 | 15 | 130 | 24 |
| 133 | 10 | 133 | 24 |
| 134 | 19 | 135 | 10 |
| 135 | 21 | 136 | 20 |
| 138 | 4 | 139 | 10 |
| 139 | 11 | 140 | 20 |
| 140 | 21 | 141 | 19 |
| 142 | 6 | 143 | 3 |
| 145 | 20 | 146 | 22 |
| 148 | 1 | 149 | 16 |

**Alan Chase (September 22, 2017)**

| Start Page | Start Line | End Page | End Line |
|---|---|---|---|
| 4 | 1 | 6 | 7 |
| 8 | 5 | 8 | 21 |
| 9 | 3 | 9 | 10 |
| 9 | 21 | 10 | 18 |
| 11 | 20 | 12 | 12 |
| 11 | 20 | 12 | 12 |
| 13 | 9 | 13 | 14 |
| 16 | 24 | 17 | 12 |
| 17 | 16 | 17 | 21 |
| 18 | 14 | 19 | 6 |
| 19 | 7 | 19 | 17 |
| 26 | 17 | 27 | 4 |
| 27 | 5 | 28 | 12 |
| 33 | 18 | 34 | 7 |
| 34 | 22 | 35 | 2 |
| 35 | 10 | 36 | 15 |
| 36 | 16 | 36 | 22 |
| 37 | 4 | 37 | 25 |
| 39 | 24 | 40 | 13 |
| 41 | 3 | 41 | 18 |
| 43 | 1 | 44 | 10 |
| 44 | 11 | 48 | 23 |
| 50 | 9 | 51 | 1 |
| 51 | 19 | 52 | 10 |
| 53 | 8 | 55 | 17 |
| 54 | 19 | 56 | 22 |
| 55 | 19 | 56 | 22 |
| 56 | 25 | 62 | 5 |
| 63 | 23 | 64 | 6 |
| 65 | 9 | 68 | 20 |
| 68 | 22 | 71 | 17 |
| 71 | 18 | 72 | 16 |
| 72 | 17 | 73 | 14 |
| 74 | 14 | 77 | 10 |
| 77 | 13 | 78 | 13 |

| 81 | 7 | 83 | 19 |
|---|---|---|---|
| 87 | 11 | 90 | 15 |
| 90 | 18 | 90 | 24 |
| 91 | 19 | 93 | 7 |
| 93 | 8 | 94 | 7 |
| 94 | 8 | 95 | 1 |
| 95 | 2 | 95 | 12 |
| 95 | 13 | 95 | 21 |
| 99 | 15 | 100 | 17 |
| 100 | 20 | 100 | 20 |
| 100 | 23 | 102 | 7 |
| 102 | 19 | 103 | 23 |
| 104 | 1 | 104 | 5 |
| 113 | 12 | 115 | 4 |
| 116 | 7 | 116 | 14 |
| 117 | 6 | 118 | 6 |
| 120 | 10 | 120 | 20 |
| 121 | 17 | 122 | 1 |
| 122 | 4 | 122 | 20 |
| 130 | 7 | 130 | 16 |
| 130 | 19 | 130 | 24 |
| 131 | 2 | 131 | 2 |

**Mike Colt (October 18 and 19, 2017)**

| Start Page | Start Line | End Page | End Line |
|---|---|---|---|
| 7 | 9 | 13 | 11 |
| 16 | 4 | 17 | 22 |
| 16 | 14 | 17 | 16 |
| 22 | 12 | 32 | 10 |
| 32 | 18 | 32 | 21 |
| 33 | 22 | 34 | 2 |
| 34 | 16 | 35 | 4 |
| 36 | 1 | 36 | 13 |
| 37 | 14 | 38 | 11 |
| 38 | 13 | 39 | 19 |
| 40 | 5 | 49 | 2 |

9

| | | | |
|---|---|---|---|
| 51 | 20 | 53 | 17 |
| 53 | 21 | 59 | 20 |
| 61 | 19 | 67 | 6 |
| 67 | 8 | 68 | 4 |
| 68 | 7 | 68 | 23 |
| 69 | 15 | 69 | 19 |
| 69 | 22 | 70 | 8 |
| 70 | 11 | 71 | 1 |
| 71 | 6 | 71 | 9 |
| 72 | 12 | 73 | 18 |
| 73 | 24 | 74 | 13 |
| 74 | 16 | 75 | 1 |
| 75 | 3 | 75 | 11 |
| 75 | 13 | 75 | 21 |
| 75 | 23 | 77 | 7 |
| 77 | 9 | 77 | 16 |
| 77 | 18 | 77 | 23 |
| 77 | 25 | 78 | 4 |
| 79 | 9 | 79 | 23 |
| 79 | 25 | 80 | 2 |
| 81 | 2 | 81 | 16 |
| 81 | 19 | 81 | 24 |
| 82 | 2 | 82 | 5 |
| 82 | 7 | 82 | 19 |
| 82 | 24 | 82 | 24 |
| 83 | 16 | 83 | 20 |
| 83 | 23 | 84 | 4 |
| 84 | 15 | 85 | 4 |
| 85 | 14 | 87 | 4 |
| 87 | 15 | 88 | 13 |
| 88 | 22 | 89 | 15 |
| 90 | 5 | 90 | 10 |
| 91 | 1 | 92 | 4 |
| 94 | 5 | 94 | 20 |
| 96 | 21 | 97 | 25 |
| 98 | 2 | 99 | 1 |
| 99 | 12 | 104 | 16 |

| | | | |
|---|---|---|---|
| 104 | 18 | 105 | 4 |
| 105 | 5 | 107 | 5 |
| 107 | 8 | 107 | 17 |
| 108 | 20 | 109 | 25 |
| 110 | 22 | 111 | 1 |
| 112 | 5 | 113 | 2 |
| 113 | 8 | 113 | 16 |
| 115 | 4 | 115 | 21 |
| 115 | 24 | 116 | 21 |
| 116 | 22 | 116 | 25 |
| 117 | 4 | 118 | 17 |
| 123 | 7 | 123 | 9 |
| 123 | 11 | 124 | 2 |
| 125 | 14 | 125 | 22 |
| 125 | 24 | 125 | 25 |
| 127 | 19 | 128 | 21 |
| 128 | 22 | 130 | 14 |
| 130 | 15 | 130 | 17 |
| 130 | 20 | 131 | 4 |
| 131 | 7 | 131 | 22 |
| 147 | 25 | 149 | 12 |
| 149 | 24 | 150 | 5 |
| 151 | 7 | 152 | 14 |
| 152 | 17 | 152 | 23 |
| 153 | 13 | 155 | 12 |
| 155 | 14 | 157 | 4 |
| 157 | 11 | 161 | 1 |
| 161 | 4 | 162 | 18 |
| 162 | 20 | 163 | 12 |
| 163 | 15 | 165 | 5 |
| 165 | 10 | 165 | 23 |
| 166 | 1 | 166 | 17 |
| 168 | 6 | 168 | 17 |
| 168 | 19 | 169 | 4 |
| 171 | 9 | 171 | 24 |
| 178 | 25 | 181 | 2 |
| 181 | 5 | 184 | 13 |

| | | | |
|---|---|---|---|
| 184 | 14 | 184 | 20 |
| 184 | 23 | 186 | 2 |
| 186 | 10 | 192 | 7 |
| 192 | 16 | 208 | 7 |
| 208 | 9 | 208 | 13 |
| 208 | 20 | 217 | 17 |
| 221 | 11 | 225 | 25 |
| 226 | 4 | 230 | 7 |
| 230 | 13 | 235 | 18 |
| 237 | 3 | 239 | 17 |
| 240 | 3 | 246 | 25 |
| 248 | 22 | 249 | 25 |
| 251 | 19 | 252 | 25 |
| 253 | 1 | 253 | 6 |
| 253 | 10 | 253 | 23 |
| 254 | 1 | 254 | 3 |
| 270 | 8 | 270 | 16 |
| 271 | 5 | 280 | 1 |
| 280 | 11 | 281 | 4 |
| 281 | 14 | 286 | 13 |
| 287 | 13 | 313 | 4 |
| 313 | 9 | 316 | 20 |
| 316 | 24 | 317 | 15 |
| 332 | 1 | 336 | 23 |
| 337 | 1 | 337 | 6 |
| 337 | 8 | 337 | 23 |
| 338 | 18 | 339 | 12 |
| 339 | 20 | 351 | 17 |
| 352 | 11 | 352 | 17 |
| 353 | 11 | 354 | 14 |
| 354 | 24 | 369 | 13 |
| 370 | 8 | 372 | 3 |
| 372 | 6 | 374 | 15 |
| 374 | 19 | 379 | 7 |
| 379 | 22 | 380 | 3 |
| 380 | 20 | 384 | 16 |
| 384 | 20 | 387 | 5 |

12

| 387 | 12 | 405 | 12 |
| 405 | 23 | 409 | 9 |
| 410 | 1 | 410 | 1 |
| 410 | 1 | 417 | 9 |
| 417 | 18 | 423 | 20 |
| 424 | 3 | 424 | 6 |
| 424 | 15 | 429 | 18 |
| 430 | 6 | 441 | 2 |
| 441 | 21 | 441 | 24 |
| 442 | 9 | 447 | 9 |
| 447 | 16 | 447 | 23 |
| 448 | 11 | 448 | 15 |
| 448 | 18 | 449 | 2 |
| 449 | 8 | 455 | 9 |
| 455 | 15 | 456 | 4 |
| 463 | 15 | 465 | 10 |
| 470 | 23 | 479 | 24 |
| 480 | 3 | 480 | 8 |
| 480 | 11 | 481 | 9 |
| 481 | 25 | 484 | 7 |
| 484 | 15 | 492 | 6 |
| 492 | 15 | 493 | 19 |
| 494 | 23 | 495 | 16 |
| 495 | 24 | 513 | 6 |
| 520 | 20 | 522 | 12 |

**Gerry Dail (October 19, 2017)**

| Start Page | Start Line | End Page | End Line |
| --- | --- | --- | --- |
| 5 | 1 | 6 | 10 |
| 7 | 7 | 10 | 11 |
| 10 | 17 | 10 | 19 |
| 11 | 15 | 12 | 19 |
| 30 | 4 | 30 | 11 |
| 30 | 17 | 30 | 22 |
| 32 | 8 | 32 | 14 |
| 91 | 13 | 91 | 21 |

13

| 91 | 23 | 92 | 1 |
|---|---|---|---|
| 92 | 3 | 92 | 24 |
| 93 | 22 | 95 | 16 |
| 96 | 4 | 96 | 11 |
| 96 | 19 | 96 | 24 |
| 97 | 2 | 97 | 10 |
| 97 | 12 | 97 | 14 |
| 97 | 16 | 97 | 16 |
| 97 | 18 | 97 | 20 |
| 97 | 24 | 98 | 2 |
| 98 | 5 | 98 | 19 |
| 98 | 22 | 98 | 24 |
| 105 | 17 | 105 | 21 |
| 105 | 24 | 106 | 6 |
| 106 | 8 | 106 | 17 |
| 106 | 19 | 106 | 22 |
| 107 | 3 | 107 | 5 |
| 107 | 7 | 107 | 8 |
| 120 | 7 | 120 | 24 |

**Vic Dangerfield (October 10, 2017)**

| Start Page | Start Line | End Page | End Line |
|---|---|---|---|
| 6 | 8 | 7 | 6 |
| 9 | 4 | 10 | 25 |
| 11 | 1 | 12 | 3 |
| 12 | 4 | 13 | 4 |
| 13 | 5 | 13 | 10 |
| 13 | 25 | 14 | 10 |
| 14 | 11 | 24 | 5 |
| 24 | 8 | 24 | 10 |
| 24 | 15 | 25 | 6 |
| 25 | 8 | 25 | 23 |
| 26 | 4 | 27 | 21 |
| 27 | 22 | 28 | 25 |
| 29 | 1 | 29 | 1 |
| 29 | 3 | 29 | 19 |

| | | | |
|---|---|---|---|
| 29 | 20 | 30 | 16 |
| 31 | 1 | 32 | 11 |
| 32 | 13 | 33 | 3 |
| 33 | 4 | 35 | 17 |
| 35 | 19 | 37 | 19 |
| 38 | 11 | 38 | 25 |
| 39 | 2 | 39 | 18 |
| 39 | 20 | 39 | 24 |
| 43 | 10 | 44 | 9 |
| 44 | 10 | 44 | 16 |
| 44 | 17 | 48 | 20 |
| 48 | 22 | 49 | 22 |
| 49 | 24 | 50 | 4 |
| 50 | 7 | 51 | 7 |
| 51 | 9 | 52 | 4 |
| 52 | 6 | 52 | 22 |
| 52 | 24 | 53 | 3 |
| 53 | 11 | 53 | 14 |
| 53 | 16 | 54 | 21 |
| 55 | 1 | 55 | 6 |
| 55 | 13 | 55 | 14 |
| 55 | 23 | 55 | 24 |
| 55 | 25 | 56 | 2 |
| 56 | 5 | 57 | 4 |
| 57 | 10 | 58 | 5 |
| 58 | 8 | 58 | 15 |
| 58 | 17 | 58 | 25 |
| 59 | 2 | 59 | 9 |
| 59 | 10 | 59 | 13 |
| 59 | 15 | 60 | 3 |
| 61 | 22 | 64 | 23 |
| 65 | 1 | 69 | 2 |
| 65 | 1 | 67 | 24 |
| 69 | 4 | 69 | 8 |
| 70 | 9 | 71 | 25 |
| 72 | 2 | 72 | 19 |
| 72 | 20 | 74 | 11 |

| | | | |
|---|---|---|---|
| 74 | 12 | 75 | 1 |
| 75 | 6 | 78 | 15 |
| 79 | 5 | 80 | 10 |
| 85 | 18 | 86 | 15 |
| 86 | 16 | 87 | 13 |
| 87 | 14 | 88 | 2 |
| 88 | 4 | 88 | 22 |
| 88 | 23 | 90 | 8 |
| 90 | 9 | 90 | 11 |
| 90 | 14 | 92 | 10 |
| 92 | 11 | 94 | 6 |
| 94 | 7 | 96 | 17 |
| 96 | 18 | 97 | 21 |
| 97 | 22 | 100 | 16 |
| 100 | 19 | 101 | 5 |
| 101 | 6 | 101 | 19 |
| 101 | 22 | 107 | 23 |
| 107 | 25 | 110 | 3 |
| 110 | 4 | 114 | 9 |
| 114 | 11 | 114 | 20 |
| 114 | 21 | 115 | 14 |
| 115 | 16 | 116 | 13 |
| 116 | 14 | 116 | 24 |
| 117 | 2 | 117 | 10 |
| 117 | 12 | 118 | 19 |
| 125 | 1 | 126 | 6 |
| 126 | 8 | 126 | 15 |
| 126 | 17 | 127 | 3 |
| 127 | 4 | 129 | 19 |
| 129 | 21 | 131 | 10 |
| 131 | 12 | 131 | 18 |
| 132 | 17 | 132 | 23 |
| 132 | 25 | 136 | 25 |
| 137 | 1 | 140 | 2 |
| 140 | 3 | 142 | 4 |
| 142 | 5 | 142 | 22 |
| 143 | 4 | 147 | 14 |

| 147 | 15 | 148 | 1 |
|-----|----|-----|----|
| 148 | 4 | 148 | 4 |
| 148 | 5 | 149 | 1 |
| 149 | 2 | 150 | 8 |
| 150 | 11 | 151 | 8 |
| 151 | 9 | 151 | 17 |
| 151 | 19 | 152 | 3 |
| 152 | 5 | 152 | 25 |
| 153 | 1 | 153 | 17 |
| 153 | 19 | 155 | 22 |
| 155 | 23 | 157 | 1 |
| 157 | 3 | 158 | 1 |
| 158 | 2 | 158 | 3 |
| 158 | 5 | 159 | 23 |
| 159 | 24 | 161 | 11 |
| 161 | 12 | 162 | 7 |
| 162 | 10 | 163 | 12 |
| 163 | 14 | 164 | 10 |
| 164 | 11 | 164 | 16 |
| 164 | 17 | 165 | 11 |
| 165 | 12 | 173 | 20 |
| 173 | 21 | 174 | 16 |
| 174 | 17 | 176 | 1 |
| 176 | 2 | 180 | 8 |
| 180 | 11 | 180 | 18 |
| 180 | 21 | 180 | 22 |
| 180 | 24 | 180 | 24 |
| 180 | 25 | 182 | 9 |
| 183 | 20 | 183 | 24 |
| 184 | 1 | 185 | 18 |
| 186 | 1 | 186 | 11 |
| 186 | 13 | 187 | 23 |
| 187 | 24 | 189 | 4 |
| 189 | 14 | 191 | 9 |
| 191 | 11 | 192 | 24 |
| 192 | 25 | 193 | 13 |
| 193 | 14 | 193 | 15 |

| 193 | 17 | 195 | 24 |
| 196 | 1 | 196 | 13 |
| 196 | 14 | 196 | 21 |
| 196 | 24 | 197 | 5 |
| 197 | 7 | 197 | 9 |
| 197 | 11 | 198 | 4 |
| 198 | 7 | 198 | 12 |
| 198 | 14 | 198 | 22 |
| 198 | 25 | 202 | 2 |
| 202 | 9 | 202 | 19 |
| 202 | 20 | 203 | 12 |

**Michael Fultz (August 10, 2017)**

| Start Page | Start Line | End Page | End Line |
| --- | --- | --- | --- |
| 6 | 1 | 7 | 9 |
| 8 | 24 | 10 | 8 |
| 10 | 16 | 13 | 15 |
| 14 | 5 | 14 | 16 |
| 14 | 19 | 16 | 7 |
| 17 | 20 | 20 | 1 |
| 20 | 6 | 22 | 21 |
| 23 | 3 | 23 | 19 |
| 23 | 22 | 25 | 13 |
| 25 | 16 | 25 | 22 |
| 25 | 24 | 29 | 2 |
| 29 | 6 | 29 | 19 |
| 30 | 5 | 31 | 15 |
| 31 | 18 | 31 | 22 |
| 31 | 24 | 32 | 2 |
| 32 | 18 | 35 | 2 |
| 35 | 7 | 35 | 11 |
| 35 | 13 | 42 | 10 |
| 44 | 16 | 48 | 9 |
| 48 | 16 | 52 | 15 |
| 53 | 12 | 53 | 17 |
| 56 | 1 | 56 | 21 |

| | | | |
|---|---|---|---|
| 57 | 1 | 79 | 17 |
| 80 | 20 | 90 | 2 |
| 90 | 19 | 91 | 14 |
| 92 | 7 | 93 | 5 |
| 93 | 17 | 94 | 22 |
| 96 | 4 | 97 | 6 |
| 98 | 4 | 98 | 14 |
| 99 | 14 | 100 | 24 |
| 101 | 8 | 102 | 21 |
| 103 | 22 | 108 | 25 |
| 109 | 1 | 120 | 18 |
| 121 | 1 | 121 | 1 |
| 121 | 8 | 122 | 24 |
| 126 | 1 | 128 | 18 |
| 130 | 19 | 135 | 5 |
| 136 | 18 | 139 | 18 |
| 140 | 2 | 142 | 25 |
| 143 | 10 | 148 | 25 |
| 149 | 16 | 155 | 10 |
| 155 | 15 | 161 | 21 |
| 162 | 23 | 169 | 15 |
| 169 | 17 | 183 | 14 |
| 183 | 17 | 186 | 16 |
| 187 | 4 | 188 | 15 |
| 188 | 18 | 198 | 8 |
| 199 | 7 | 211 | 19 |
| 211 | 23 | 217 | 9 |
| 217 | 10 | 220 | 10 |
| 220 | 13 | 223 | 25 |
| 229 | 3 | 236 | 18 |
| 236 | 21 | 241 | 11 |
| 241 | 14 | 246 | 10 |
| 246 | 13 | 247 | 7 |
| 247 | 17 | 253 | 22 |
| 253 | 25 | 257 | 11 |
| 257 | 14 | 260 | 21 |
| 261 | 2 | 262 | 18 |

| | | | |
|---|---|---|---|
| 262 | 21 | 264 | 17 |
| 264 | 21 | 268 | 8 |
| 264 | 21 | 268 | 8 |
| 268 | 11 | 268 | 23 |
| 269 | 11 | 270 | 4 |
| 270 | 8 | 270 | 9 |
| 270 | 14 | 272 | 1 |
| 272 | 4 | 277 | 12 |
| 277 | 16 | 277 | 17 |
| 286 | 21 | 288 | 12 |
| 288 | 19 | 288 | 22 |
| 289 | 24 | 290 | 16 |
| 290 | 19 | 290 | 24 |
| 291 | 5 | 293 | 8 |
| 293 | 17 | 294 | 4 |
| 294 | 22 | 303 | 15 |
| 305 | 8 | 305 | 24 |
| 306 | 4 | 306 | 5 |
| 306 | 7 | 306 | 7 |
| 306 | 11 | 306 | 14 |
| 306 | 18 | 306 | 20 |
| 306 | 24 | 307 | 3 |
| 307 | 17 | 307 | 22 |
| 307 | 25 | 308 | 9 |
| 308 | 11 | 308 | 11 |
| 308 | 15 | 311 | 3 |
| 311 | 7 | 311 | 17 |
| 311 | 7 | 311 | 7 |
| 312 | 8 | 312 | 22 |
| 316 | 14 | 318 | 20 |
| 332 | 15 | 332 | 17 |
| 334 | 9 | 335 | 23 |
| 346 | 17 | 367 | 16 |
| 351 | 8 | 351 | 16 |
| 352 | 12 | 352 | 21 |
| 353 | 2 | 353 | 8 |
| 355 | 8 | 355 | 12 |

| | | | |
|---|---|---|---|
| 403 | 9 | 405 | 7 |
| 410 | 9 | 410 | 10 |
| 411 | 6 | 412 | 4 |
| 424 | 22 | 425 | 3 |
| 427 | 24 | 429 | 6 |

**Joe Kerkhove (August 29, 2017)**

| Start Page | Start Line | End Page | End Line |
|---|---|---|---|
| 16 | 5 | 17 | 24 |
| 18 | 20 | 24 | 25 |
| 29 | 19 | 30 | 5 |
| 30 | 12 | 30 | 21 |
| 31 | 16 | 32 | 9 |
| 32 | 10 | 33 | 10 |
| 34 | 4 | 35 | 8 |
| 35 | 12 | 35 | 18 |
| 36 | 15 | 37 | 24 |
| 46 | 1 | 47 | 5 |
| 48 | 1 | 48 | 7 |
| 48 | 11 | 48 | 20 |
| 60 | 19 | 61 | 16 |
| 62 | 8 | 63 | 25 |
| 65 | 23 | 66 | 9 |
| 68 | 1 | 69 | 2 |
| 74 | 20 | 76 | 10 |
| 81 | 6 | 82 | 7 |
| 212 | 24 | 215 | 5 |
| 215 | 6 | 215 | 17 |
| 220 | 22 | 221 | 5 |
| 237 | 9 | 238 | 15 |
| 238 | 18 | 239 | 21 |
| 239 | 22 | 241 | 17 |
| 278 | 17 | 284 | 18 |
| 286 | 9 | 286 | 22 |

**Danny Maxey (June 1, 2016)**

21

| Start Page | Start Line | End Page | End Line |
|---|---|---|---|
| 4 | 2 | 6 | 5 |
| 6 | 7 | 6 | 9 |
| 8 | 18 | 9 | 22 |
| 12 | 16 | 13 | 5 |
| 13 | 25 | 14 | 17 |
| 23 | 2 | 24 | 18 |
| 25 | 22 | 26 | 6 |
| 32 | 2 | 32 | 11 |
| 36 | 14 | 37 | 5 |
| 37 | 12 | 40 | 14 |
| 50 | 5 | 51 | 2 |
| 51 | 6 | 51 | 17 |
| 52 | 23 | 53 | 16 |
| 56 | 15 | 57 | 4 |
| 59 | 24 | 60 | 17 |
| 61 | 10 | 61 | 13 |
| 61 | 15 | 61 | 17 |
| 61 | 20 | 62 | 22 |
| 63 | 23 | 65 | 24 |
| 66 | 15 | 67 | 11 |
| 67 | 13 | 67 | 21 |
| 68 | 6 | 69 | 21 |
| 69 | 23 | 70 | 1 |
| 81 | 1 | 81 | 4 |
| 81 | 10 | 82 | 21 |
| 83 | 4 | 83 | 7 |
| 83 | 9 | 84 | 5 |
| 84 | 7 | 84 | 22 |
| 85 | 16 | 86 | 10 |
| 88 | 18 | 93 | 15 |
| 94 | 6 | 94 | 25 |
| 107 | 18 | 108 | 5 |
| 108 | 6 | 109 | 25 |
| 110 | 1 | 112 | 25 |
| 126 | 20 | 127 | 7 |

| | | | |
|---|---|---|---|
| 128 | 3 | 129 | 6 |
| 129 | 8 | 129 | 19 |
| 129 | 22 | 130 | 6 |
| 140 | 23 | 141 | 20 |
| 158 | 2 | 159 | 5 |
| 160 | 19 | 161 | 3 |
| 161 | 4 | 162 | 13 |
| 170 | 8 | 170 | 11 |
| 170 | 14 | 172 | 1 |
| 172 | 2 | 172 | 25 |
| 173 | 8 | 173 | 11 |
| 173 | 14 | 173 | 16 |
| 177 | 11 | 179 | 7 |
| 179 | 19 | 181 | 3 |
| 182 | 22 | 183 | 17 |
| 186 | 25 | 193 | 19 |
| 193 | 22 | 194 | 5 |
| 195 | 15 | 196 | 6 |
| 196 | 25 | 197 | 25 |
| 198 | 9 | 199 | 3 |
| 199 | 12 | 203 | 21 |
| 204 | 17 | 205 | 16 |
| 205 | 17 | 206 | 9 |
| 206 | 13 | 208 | 10 |
| 208 | 19 | 211 | 18 |
| 212 | 9 | 215 | 15 |
| 225 | 18 | 226 | 3 |
| 228 | 14 | 230 | 1 |
| 237 | 22 | 239 | 1 |
| 241 | 20 | 241 | 23 |
| 242 | 16 | 243 | 2 |
| 247 | 21 | 249 | 22 |
| 250 | 15 | 250 | 16 |
| 250 | 21 | 252 | 5 |
| 263 | 18 | 263 | 20 |
| 263 | 23 | 264 | 4 |
| 264 | 7 | 267 | 5 |

| 267 | 8 | 267 | 9 |
| 267 | 12 | 267 | 12 |
| 269 | 11 | 271 | 1 |

**Vicki Micheau (September 7, 2017)**

| Start Page | Start Line | End Page | End Line |
| --- | --- | --- | --- |
| 5 | 2 | 7 | 17 |
| 7 | 21 | 11 | 3 |
| 12 | 5 | 14 | 4 |
| 14 | 21 | 18 | 23 |
| 19 | 4 | 20 | 2 |
| 20 | 3 | 20 | 15 |
| 20 | 16 | 21 | 23 |
| 24 | 8 | 35 | 15 |
| 36 | 21 | 38 | 8 |
| 40 | 18 | 41 | 14 |
| 44 | 7 | 45 | 13 |
| 49 | 9 | 51 | 10 |
| 51 | 11 | 51 | 24 |
| 52 | 2 | 55 | 19 |
| 55 | 23 | 57 | 12 |
| 59 | 14 | 61 | 5 |
| 61 | 12 | 62 | 25 |
| 63 | 1 | 65 | 3 |
| 65 | 6 | 73 | 24 |
| 70 | 6 | 70 | 15 |
| 70 | 20 | 71 | 7 |
| 74 | 6 | 79 | 19 |
| 79 | 23 | 80 | 25 |
| 81 | 14 | 82 | 18 |
| 82 | 24 | 86 | 3 |
| 86 | 5 | 91 | 16 |
| 92 | 2 | 94 | 5 |
| 94 | 8 | 96 | 7 |

| | | | |
|---|---|---|---|
| 100 | 9 | 107 | 22 |
| 110 | 16 | 112 | 12 |
| 112 | 15 | 116 | 18 |
| 117 | 3 | 118 | 8 |
| 118 | 9 | 119 | 18 |
| 120 | 21 | 121 | 8 |
| 121 | 10 | 123 | 16 |
| 126 | 5 | 126 | 22 |
| 126 | 23 | 129 | 14 |
| 129 | 25 | 131 | 5 |
| 131 | 6 | 133 | 4 |
| 135 | 22 | 136 | 17 |
| 136 | 21 | 140 | 21 |
| 141 | 11 | 142 | 9 |
| 143 | 2 | 143 | 10 |
| 145 | 7 | 146 | 7 |
| 146 | 8 | 147 | 1 |
| 151 | 20 | 154 | 17 |
| 154 | 24 | 155 | 4 |
| 155 | 5 | 155 | 11 |
| 155 | 15 | 158 | 19 |
| 164 | 25 | 169 | 7 |
| 169 | 22 | 170 | 23 |
| 170 | 24 | 171 | 25 |
| 187 | 3 | 187 | 9 |
| 194 | 21 | 195 | 19 |
| 195 | 23 | 201 | 20 |
| 205 | 22 | 207 | 11 |
| 207 | 20 | 213 | 9 |
| 213 | 10 | 213 | 15 |
| 214 | 10 | 214 | 21 |
| 215 | 12 | 215 | 14 |
| 219 | 1 | 219 | 7 |
| 219 | 9 | 219 | 20 |
| 219 | 23 | 222 | 10 |
| 222 | 19 | 223 | 5 |
| 225 | 21 | 226 | 16 |

| 226 | 17 | 227 | 3 |
| 227 | 4 | 227 | 10 |
| 227 | 11 | 230 | 1 |
| 231 | 22 | 233 | 19 |
| 234 | 6 | 238 | 23 |
| 239 | 7 | 240 | 1 |
| 245 | 21 | 247 | 16 |
| 249 | 5 | 250 | 14 |
| 253 | 12 | 254 | 2 |

**Robert Pahl (September 26, 2017)**

| Start Page | Start Line | End Page | End Line |
| --- | --- | --- | --- |
| 1 | 1 | 1 | 1 |
| 6 | 1 | 8 | 1 |
| 9 | 6 | 19 | 5 |
| 19 | 6 | 24 | 1 |
| 24 | 22 | 27 | 15 |
| 27 | 17 | 29 | 7 |
| 29 | 9 | 29 | 22 |
| 30 | 3 | 38 | 22 |
| 39 | 25 | 40 | 22 |
| 40 | 23 | 46 | 7 |
| 47 | 3 | 48 | 19 |
| 49 | 12 | 49 | 24 |
| 73 | 9 | 80 | 17 |
| 108 | 25 | 109 | 6 |
| 109 | 7 | 110 | 13 |
| 110 | 17 | 111 | 22 |
| 120 | 19 | 120 | 23 |
| 122 | 1 | 123 | 12 |
| 125 | 14 | 126 | 6 |
| 127 | 5 | 128 | 11 |
| 129 | 12 | 130 | 12 |
| 134 | 17 | 135 | 3 |
| 135 | 16 | 136 | 12 |
| 136 | 21 | 141 | 2 |

| | | | |
|---|---|---|---|
| 142 | 9 | 143 | 12 |
| 143 | 23 | 144 | 11 |
| 144 | 19 | 145 | 23 |
| 147 | 5 | 148 | 18 |
| 149 | 5 | 149 | 8 |
| 150 | 12 | 158 | 20 |
| 159 | 5 | 159 | 16 |
| 159 | 17 | 159 | 22 |
| 160 | 1 | 172 | 14 |
| 172 | 16 | 172 | 18 |
| 172 | 20 | 175 | 4 |
| 175 | 6 | 175 | 10 |
| 175 | 14 | 177 | 8 |
| 177 | 10 | 180 | 6 |
| 180 | 9 | 180 | 9 |
| 180 | 11 | 182 | 12 |
| 182 | 14 | 182 | 15 |
| 182 | 18 | 184 | 11 |
| 184 | 13 | 185 | 4 |
| 185 | 6 | 190 | 23 |
| 191 | 1 | 196 | 5 |
| 197 | 1 | 197 | 15 |
| 197 | 19 | 197 | 20 |
| 197 | 23 | 209 | 2 |
| 209 | 3 | 211 | 8 |
| 211 | 9 | 222 | 12 |
| 222 | 17 | 224 | 12 |
| 228 | 9 | 229 | 7 |
| 231 | 5 | 231 | 16 |
| 231 | 21 | 232 | 18 |
| 234 | 16 | 235 | 17 |
| 235 | 20 | 239 | 9 |
| 240 | 5 | 241 | 2 |
| 241 | 12 | 245 | 5 |
| 245 | 16 | 249 | 24 |
| 252 | 21 | 252 | 22 |

**Tom Ploughe (August 31, 2017)**

| Start Page | Start Line | End Page | End Line |
|---|---|---|---|
| 12 | 1 | 13 | 18 |
| 13 | 19 | 13 | 20 |
| 18 | 23 | 19 | 6 |
| 22 | 12 | 30 | 24 |
| 31 | 1 | 33 | 1 |
| 34 | 13 | 36 | 7 |
| 37 | 3 | 43 | 10 |
| 45 | 25 | 48 | 13 |
| 48 | 16 | 48 | 16 |
| 49 | 20 | 50 | 2 |
| 50 | 12 | 50 | 25 |
| 51 | 17 | 53 | 4 |
| 54 | 7 | 54 | 24 |
| 55 | 2 | 55 | 4 |
| 55 | 11 | 57 | 25 |
| 58 | 12 | 58 | 15 |
| 59 | 20 | 60 | 14 |
| 61 | 2 | 61 | 10 |
| 61 | 21 | 62 | 8 |
| 63 | 4 | 64 | 2 |
| 64 | 4 | 64 | 9 |
| 64 | 11 | 65 | 5 |
| 65 | 9 | 65 | 17 |
| 65 | 19 | 66 | 5 |
| 66 | 13 | 66 | 22 |
| 66 | 24 | 67 | 13 |
| 67 | 16 | 67 | 20 |
| 67 | 25 | 69 | 24 |
| 70 | 19 | 72 | 1 |
| 72 | 3 | 72 | 12 |
| 73 | 13 | 73 | 22 |
| 73 | 24 | 75 | 1 |
| 75 | 17 | 76 | 17 |
| 76 | 22 | 77 | 1 |

| | | | |
|---|---|---|---|
| 81 | 13 | 82 | 19 |
| 82 | 21 | 82 | 24 |
| 85 | 4 | 85 | 18 |
| 85 | 24 | 88 | 14 |
| 89 | 6 | 92 | 3 |
| 94 | 23 | 97 | 12 |
| 98 | 7 | 100 | 4 |
| 101 | 18 | 102 | 11 |
| 102 | 14 | 103 | 6 |
| 103 | 16 | 103 | 21 |
| 109 | 25 | 110 | 14 |
| 110 | 18 | 110 | 23 |
| 111 | 2 | 111 | 8 |
| 111 | 20 | 111 | 23 |
| 112 | 2 | 112 | 4 |
| 113 | 13 | 113 | 16 |
| 113 | 18 | 114 | 4 |
| 114 | 5 | 114 | 10 |
| 120 | 6 | 120 | 15 |
| 120 | 18 | 121 | 25 |
| 122 | 25 | 123 | 20 |
| 124 | 1 | 125 | 1 |
| 127 | 14 | 127 | 21 |
| 127 | 23 | 128 | 2 |
| 128 | 5 | 128 | 10 |
| 129 | 23 | 130 | 2 |
| 131 | 9 | 131 | 10 |
| 131 | 13 | 131 | 17 |
| 131 | 21 | 132 | 1 |
| 132 | 4 | 132 | 8 |
| 132 | 11 | 132 | 13 |
| 132 | 23 | 133 | 19 |
| 134 | 8 | 136 | 3 |
| 136 | 10 | 136 | 19 |
| 137 | 10 | 142 | 13 |
| 142 | 16 | 143 | 18 |
| 143 | 21 | 144 | 23 |

| 147 | 22 | 148 | 8 |
| 148 | 11 | 149 | 10 |
| 149 | 12 | 149 | 25 |
| 150 | 20 | 153 | 14 |
| 153 | 17 | 154 | 21 |
| 154 | 24 | 157 | 4 |
| 157 | 5 | 157 | 16 |
| 158 | 5 | 160 | 11 |
| 167 | 7 | 167 | 10 |
| 167 | 17 | 168 | 22 |
| 172 | 10 | 172 | 25 |
| 173 | 10 | 174 | 13 |
| 175 | 11 | 186 | 5 |
| 186 | 7 | 189 | 12 |
| 189 | 15 | 192 | 13 |
| 192 | 23 | 195 | 13 |
| 195 | 22 | 197 | 3 |
| 197 | 21 | 198 | 3 |
| 199 | 5 | 199 | 25 |
| 200 | 22 | 202 | 23 |
| 203 | 19 | 205 | 5 |
| 208 | 13 | 212 | 10 |
| 212 | 23 | 213 | 20 |
| 214 | 1 | 218 | 24 |
| 219 | 9 | 219 | 24 |
| 222 | 24 | 225 | 1 |
| 230 | 11 | 233 | 12 |
| 238 | 18 | 240 | 8 |
| 253 | 2 | 257 | 6 |
| 262 | 6 | 263 | 7 |
| 265 | 19 | 266 | 21 |

**Chip Poth (October 3, 2017)**

| Start Page | Start Line | End Page | End Line |
|---|---|---|---|
| 7 | 9 | 9 | 20 |
| 10 | 9 | 11 | 4 |

30

| 11 | 5 | 12 | 22 |
|----|----|----|----|
| 12 | 23 | 13 | 14 |
| 13 | 18 | 13 | 21 |
| 16 | 19 | 17 | 12 |
| 17 | 15 | 21 | 3 |
| 21 | 24 | 22 | 3 |
| 22 | 6 | 22 | 20 |
| 23 | 23 | 23 | 24 |
| 24 | 1 | 24 | 4 |
| 24 | 22 | 27 | 25 |
| 28 | 13 | 28 | 16 |
| 28 | 19 | 28 | 23 |
| 28 | 25 | 29 | 4 |
| 29 | 7 | 29 | 23 |
| 29 | 24 | 30 | 20 |
| 30 | 21 | 30 | 24 |
| 31 | 1 | 31 | 7 |
| 31 | 9 | 32 | 19 |
| 33 | 25 | 35 | 4 |
| 35 | 5 | 35 | 12 |
| 35 | 18 | 35 | 20 |
| 37 | 20 | 38 | 7 |
| 39 | 14 | 39 | 21 |
| 39 | 22 | 39 | 24 |
| 40 | 2 | 42 | 4 |
| 42 | 5 | 42 | 8 |
| 42 | 10 | 42 | 10 |
| 42 | 13 | 43 | 8 |
| 43 | 9 | 43 | 14 |
| 43 | 17 | 43 | 22 |
| 43 | 23 | 44 | 11 |
| 46 | 2 | 46 | 5 |
| 46 | 7 | 46 | 8 |
| 47 | 5 | 47 | 11 |
| 47 | 16 | 48 | 11 |
| 48 | 12 | 48 | 23 |
| 49 | 4 | 49 | 24 |

| | | | |
|---|---|---|---|
| 50 | 13 | 50 | 18 |
| 51 | 3 | 51 | 13 |
| 51 | 14 | 51 | 17 |
| 51 | 19 | 52 | 4 |
| 52 | 7 | 52 | 16 |
| 53 | 4 | 53 | 12 |
| 53 | 15 | 53 | 16 |
| 53 | 17 | 53 | 24 |
| 54 | 1 | 54 | 16 |
| 54 | 17 | 54 | 23 |
| 55 | 1 | 55 | 7 |
| 55 | 9 | 55 | 19 |
| 55 | 21 | 55 | 21 |
| 55 | 22 | 56 | 4 |
| 56 | 5 | 56 | 11 |
| 56 | 13 | 56 | 16 |
| 56 | 18 | 56 | 22 |
| 56 | 24 | 57 | 2 |
| 57 | 5 | 57 | 7 |
| 57 | 8 | 58 | 4 |
| 58 | 5 | 59 | 24 |
| 60 | 10 | 60 | 13 |
| 60 | 15 | 61 | 10 |
| 61 | 12 | 61 | 12 |
| 62 | 5 | 63 | 1 |
| 65 | 4 | 65 | 11 |
| 65 | 14 | 66 | 5 |
| 66 | 14 | 69 | 9 |
| 69 | 11 | 70 | 10 |
| 70 | 13 | 73 | 18 |
| 74 | 1 | 74 | 14 |
| 74 | 17 | 74 | 20 |
| 75 | 7 | 75 | 17 |
| 76 | 14 | 77 | 2 |
| 78 | 5 | 78 | 7 |
| 78 | 9 | 78 | 13 |
| 78 | 17 | 80 | 11 |

| | | | |
|---|---|---|---|
| 80 | 12 | 80 | 15 |
| 80 | 17 | 81 | 8 |
| 81 | 13 | 81 | 15 |
| 81 | 18 | 81 | 18 |
| 81 | 21 | 81 | 24 |
| 82 | 13 | 84 | 23 |
| 85 | 1 | 85 | 4 |
| 85 | 6 | 85 | 14 |
| 85 | 16 | 87 | 10 |
| 87 | 20 | 88 | 2 |
| 88 | 3 | 88 | 9 |
| 88 | 10 | 92 | 9 |
| 94 | 4 | 94 | 21 |
| 96 | 20 | 96 | 23 |
| 97 | 2 | 98 | 4 |
| 98 | 11 | 101 | 11 |
| 101 | 12 | 104 | 8 |
| 104 | 9 | 105 | 9 |
| 105 | 12 | 106 | 9 |
| 107 | 23 | 108 | 4 |
| 108 | 24 | 110 | 1 |
| 110 | 2 | 113 | 6 |
| 113 | 16 | 113 | 20 |
| 113 | 23 | 114 | 1 |
| 114 | 13 | 115 | 13 |
| 115 | 14 | 116 | 5 |
| 116 | 13 | 117 | 23 |
| 119 | 5 | 121 | 11 |
| 121 | 21 | 122 | 13 |
| 123 | 3 | 125 | 6 |
| 127 | 6 | 131 | 14 |
| 131 | 18 | 132 | 12 |
| 132 | 13 | 133 | 4 |
| 134 | 3 | 134 | 14 |
| 135 | 23 | 136 | 6 |
| 136 | 15 | 136 | 15 |
| 136 | 18 | 136 | 18 |

| 136 | 20 | 138 | 10 |
|-----|-----|-----|-----|
| 138 | 11 | 139 | 2 |
| 140 | 22 | 141 | 5 |
| 141 | 6 | 142 | 17 |
| 142 | 18 | 145 | 2 |
| 145 | 10 | 147 | 2 |
| 147 | 20 | 161 | 5 |
| 161 | 13 | 161 | 14 |
| 161 | 20 | 163 | 6 |
| 163 | 10 | 163 | 14 |
| 163 | 21 | 164 | 5 |
| 164 | 25 | 167 | 4 |
| 167 | 7 | 167 | 13 |
| 168 | 11 | 174 | 13 |
| 174 | 14 | 175 | 21 |
| 175 | 22 | 176 | 7 |
| 176 | 9 | 176 | 17 |
| 177 | 7 | 177 | 25 |
| 178 | 1 | 179 | 4 |
| 179 | 16 | 179 | 23 |
| 179 | 25 | 180 | 4 |
| 180 | 11 | 180 | 18 |
| 180 | 20 | 182 | 9 |
| 182 | 11 | 187 | 7 |
| 187 | 16 | 188 | 8 |
| 188 | 9 | 189 | 21 |
| 189 | 22 | 190 | 1 |
| 190 | 2 | 191 | 5 |
| 191 | 16 | 192 | 5 |
| 192 | 13 | 192 | 19 |
| 192 | 22 | 193 | 5 |
| 194 | 4 | 194 | 8 |
| 194 | 11 | 194 | 11 |
| 194 | 12 | 194 | 24 |
| 194 | 25 | 195 | 23 |
| 195 | 24 | 196 | 16 |
| 197 | 2 | 198 | 2 |

| | | | |
|---|---|---|---|
| 198 | 6 | 199 | 5 |
| 199 | 6 | 200 | 2 |
| 201 | 4 | 201 | 22 |
| 201 | 25 | 210 | 4 |
| 210 | 5 | 211 | 3 |
| 211 | 6 | 217 | 22 |
| 218 | 1 | 218 | 2 |
| 218 | 5 | 219 | 8 |
| 219 | 14 | 221 | 7 |
| 221 | 9 | 221 | 11 |
| 221 | 16 | 222 | 7 |
| 222 | 15 | 224 | 13 |
| 224 | 17 | 225 | 16 |
| 225 | 3 | 225 | 6 |
| 225 | 17 | 226 | 7 |
| 226 | 8 | 228 | 23 |
| 228 | 24 | 229 | 15 |
| 229 | 16 | 230 | 11 |
| 233 | 22 | 236 | 4 |
| 236 | 5 | 236 | 8 |
| 236 | 10 | 237 | 16 |
| 237 | 18 | 239 | 25 |
| 240 | 20 | 241 | 17 |
| 241 | 18 | 242 | 19 |
| 242 | 21 | 245 | 3 |
| 245 | 6 | 246 | 3 |
| 246 | 15 | 250 | 18 |
| 251 | 6 | 252 | 8 |
| 252 | 11 | 252 | 14 |
| 252 | 17 | 253 | 2 |
| 253 | 3 | 253 | 12 |
| 253 | 13 | 255 | 9 |
| 255 | 13 | 255 | 20 |
| 255 | 21 | 256 | 12 |
| 256 | 22 | 256 | 24 |
| 257 | 1 | 257 | 9 |
| 257 | 11 | 258 | 24 |

| 259 | 1 | 260 | 2 |
| 260 | 5 | 260 | 19 |
| 260 | 22 | 261 | 19 |
| 261 | 20 | 263 | 18 |
| 263 | 19 | 265 | 19 |
| 265 | 25 | 267 | 6 |
| 267 | 6 | 268 | 19 |
| 268 | 22 | 270 | 3 |
| 270 | 6 | 270 | 13 |
| 270 | 15 | 270 | 22 |
| 270 | 24 | 271 | 18 |
| 271 | 20 | 271 | 25 |
| 272 | 3 | 272 | 8 |
| 272 | 10 | 274 | 24 |
| 275 | 5 | 275 | 22 |
| 275 | 25 | 276 | 11 |
| 276 | 15 | 276 | 23 |
| 277 | 1 | 277 | 9 |
| 277 | 12 | 277 | 18 |
| 277 | 19 | 280 | 10 |
| 280 | 11 | 282 | 2 |
| 282 | 10 | 285 | 22 |
| 285 | 23 | 290 | 16 |

**William Quiring (September 7, 2017)**

| Start Page | Start Line | End Page | End Line |
| --- | --- | --- | --- |
| 7 | 1 | 10 | 14 |
| 8 | 5 | 10 | 14 |
| 12 | 13 | 12 | 21 |
| 13 | 2 | 13 | 13 |
| 13 | 18 | 16 | 12 |
| 17 | 10 | 18 | 15 |
| 18 | 24 | 19 | 18 |
| 19 | 25 | 21 | 21 |
| 22 | 6 | 24 | 25 |
| 25 | 5 | 27 | 18 |

| | | | |
|---|---|---|---|
| 27 | 21 | 29 | 7 |
| 30 | 17 | 34 | 14 |
| 37 | 21 | 38 | 22 |
| 39 | 5 | 42 | 11 |
| 42 | 14 | 43 | 17 |
| 43 | 19 | 45 | 19 |
| 47 | 22 | 48 | 24 |
| 52 | 19 | 52 | 25 |
| 53 | 10 | 55 | 6 |
| 55 | 9 | 62 | 10 |
| 63 | 21 | 64 | 10 |
| 65 | 4 | 65 | 8 |
| 65 | 19 | 66 | 19 |
| 67 | 21 | 68 | 18 |
| 70 | 19 | 71 | 25 |
| 75 | 23 | 76 | 18 |
| 76 | 21 | 80 | 10 |
| 81 | 10 | 81 | 21 |
| 82 | 19 | 83 | 24 |
| 85 | 13 | 91 | 9 |
| 91 | 16 | 92 | 6 |
| 92 | 9 | 93 | 15 |
| 93 | 18 | 96 | 11 |
| 97 | 8 | 98 | 8 |
| 98 | 9 | 101 | 3 |
| 101 | 6 | 102 | 25 |
| 103 | 4 | 104 | 14 |
| 105 | 24 | 108 | 5 |
| 110 | 2 | 113 | 11 |
| 116 | 2 | 117 | 21 |
| 119 | 8 | 120 | 23 |
| 121 | 3 | 125 | 3 |
| 127 | 7 | 127 | 12 |
| 130 | 17 | 132 | 4 |
| 132 | 8 | 140 | 24 |
| 140 | 25 | 157 | 2 |
| 157 | 13 | 159 | 13 |

| | | | |
|---|---|---|---|
| 159 | 16 | 162 | 3 |
| 163 | 14 | 164 | 13 |
| 165 | 8 | 166 | 8 |
| 166 | 9 | 167 | 17 |
| 167 | 18 | 168 | 5 |
| 168 | 12 | 169 | 14 |
| 170 | 7 | 170 | 9 |
| 170 | 22 | 173 | 2 |
| 173 | 14 | 174 | 20 |
| 175 | 6 | 178 | 22 |
| 179 | 5 | 179 | 22 |
| 179 | 25 | 181 | 20 |
| 181 | 24 | 184 | 4 |
| 184 | 7 | 186 | 25 |
| 187 | 3 | 194 | 4 |
| 194 | 22 | 195 | 4 |
| 198 | 20 | 199 | 21 |
| 200 | 11 | 202 | 18 |
| 208 | 9 | 211 | 12 |

**John Restall (August 17, 2017)**

| Start Page | Start Line | End Page | End Line |
|---|---|---|---|
| 5 | 2 | 6 | 21 |
| 6 | 14 | 6 | 14 |
| 9 | 1 | 9 | 7 |
| 10 | 3 | 10 | 4 |
| 11 | 23 | 12 | 10 |
| 13 | 16 | 18 | 16 |
| 18 | 23 | 23 | 9 |
| 23 | 15 | 23 | 16 |
| 24 | 14 | 24 | 22 |
| 24 | 25 | 24 | 25 |
| 25 | 4 | 25 | 13 |
| 25 | 17 | 25 | 20 |
| 28 | 1 | 29 | 17 |
| 29 | 19 | 32 | 4 |

| | | | |
|---|---|---|---|
| 33 | 8 | 33 | 15 |
| 33 | 23 | 35 | 1 |
| 35 | 3 | 35 | 3 |
| 35 | 5 | 36 | 24 |
| 38 | 21 | 39 | 21 |
| 40 | 15 | 42 | 3 |
| 50 | 25 | 51 | 22 |
| 52 | 7 | 53 | 5 |
| 54 | 21 | 55 | 21 |
| 56 | 12 | 56 | 14 |
| 56 | 16 | 56 | 25 |
| 58 | 4 | 61 | 14 |
| 61 | 16 | 61 | 17 |
| 61 | 19 | 62 | 6 |
| 63 | 3 | 64 | 21 |
| 65 | 7 | 66 | 8 |
| 66 | 12 | 67 | 14 |
| 67 | 19 | 67 | 24 |
| 68 | 1 | 68 | 13 |
| 68 | 16 | 68 | 24 |
| 69 | 23 | 71 | 5 |
| 71 | 9 | 72 | 3 |
| 72 | 13 | 73 | 21 |
| 74 | 10 | 75 | 19 |
| 76 | 1 | 76 | 19 |
| 78 | 20 | 83 | 3 |
| 83 | 5 | 83 | 9 |
| 94 | 8 | 94 | 23 |
| 96 | 10 | 97 | 2 |
| 97 | 11 | 98 | 1 |
| 104 | 1 | 104 | 17 |
| 104 | 19 | 106 | 10 |
| 106 | 15 | 107 | 25 |
| 111 | 15 | 111 | 20 |
| 120 | 3 | 120 | 23 |
| 121 | 14 | 124 | 4 |
| 124 | 24 | 126 | 5 |

| | | | |
|---|---|---|---|
| 126 | 10 | 127 | 17 |
| 130 | 12 | 130 | 19 |
| 131 | 14 | 132 | 14 |
| 132 | 25 | 133 | 7 |
| 133 | 13 | 135 | 9 |
| 137 | 24 | 138 | 6 |
| 138 | 20 | 139 | 9 |
| 139 | 18 | 140 | 20 |
| 141 | 3 | 141 | 16 |
| 142 | 11 | 143 | 22 |
| 145 | 3 | 145 | 12 |
| 145 | 19 | 147 | 3 |
| 147 | 5 | 151 | 2 |
| 151 | 5 | 151 | 10 |
| 152 | 10 | 152 | 21 |
| 154 | 24 | 156 | 15 |
| 156 | 18 | 158 | 13 |
| 160 | 1 | 161 | 3 |
| 161 | 5 | 161 | 11 |
| 161 | 14 | 161 | 25 |
| 162 | 3 | 162 | 14 |
| 163 | 13 | 166 | 19 |
| 170 | 6 | 171 | 6 |
| 172 | 15 | 176 | 16 |
| 176 | 18 | 177 | 2 |
| 177 | 3 | 177 | 12 |
| 177 | 14 | 178 | 15 |
| 179 | 5 | 179 | 24 |
| 180 | 16 | 181 | 3 |
| 181 | 8 | 182 | 14 |
| 183 | 13 | 185 | 14 |
| 186 | 16 | 187 | 11 |
| 188 | 24 | 189 | 7 |
| 191 | 16 | 192 | 13 |
| 192 | 22 | 193 | 1 |
| 193 | 11 | 193 | 20 |
| 197 | 20 | 198 | 11 |

| | | | |
|---|---|---|---|
| 200 | 16 | 204 | 2 |
| 205 | 4 | 205 | 9 |
| 205 | 16 | 206 | 11 |
| 208 | 7 | 209 | 2 |
| 212 | 21 | 215 | 11 |
| 216 | 13 | 216 | 22 |
| 219 | 8 | 220 | 1 |
| 220 | 10 | 221 | 8 |
| 223 | 6 | 225 | 17 |
| 226 | 7 | 227 | 10 |
| 227 | 14 | 228 | 6 |
| 228 | 12 | 228 | 19 |
| 229 | 5 | 229 | 18 |
| 231 | 12 | 232 | 5 |
| 232 | 9 | 232 | 11 |
| 232 | 13 | 232 | 13 |
| 232 | 15 | 232 | 18 |
| 232 | 22 | 233 | 1 |
| 234 | 8 | 234 | 17 |
| 235 | 19 | 236 | 2 |
| 236 | 15 | 236 | 19 |
| 237 | 1 | 241 | 5 |
| 241 | 25 | 242 | 12 |
| 242 | 14 | 242 | 14 |
| 242 | 22 | 244 | 10 |
| 246 | 19 | 246 | 23 |
| 246 | 25 | 249 | 9 |
| 250 | 3 | 250 | 6 |
| 250 | 11 | 253 | 13 |
| 254 | 1 | 256 | 2 |
| 256 | 12 | 256 | 21 |
| 257 | 19 | 257 | 24 |
| 258 | 1 | 261 | 1 |
| 261 | 9 | 261 | 19 |
| 262 | 7 | 264 | 16 |
| 264 | 18 | 264 | 22 |
| 264 | 24 | 264 | 24 |

| 265 | 7 | 267 | 18 |
| 268 | 11 | 268 | 20 |
| 268 | 25 | 269 | 5 |
| 269 | 9 | 269 | 13 |
| 270 | 7 | 271 | 5 |
| 271 | 23 | 272 | 12 |
| 272 | 17 | 274 | 1 |
| 274 | 17 | 275 | 18 |
| 276 | 7 | 276 | 14 |
| 277 | 2 | 277 | 10 |
| 277 | 13 | 279 | 3 |
| 279 | 14 | 281 | 7 |
| 281 | 17 | 282 | 11 |
| 282 | 16 | 283 | 1 |
| 283 | 10 | 283 | 20 |
| 284 | 8 | 285 | 9 |
| 287 | 2 | 287 | 5 |
| 287 | 24 | 288 | 1 |
| 288 | 14 | 289 | 9 |
| 289 | 16 | 289 | 24 |
| 290 | 1 | 290 | 13 |
| 291 | 23 | 292 | 3 |

**Paul Scaglione (August 11, 2017)**

| Start Page | Start Line | End Page | End Line |
| --- | --- | --- | --- |
| 6 | 1 | 8 | 13 |
| 10 | 17 | 12 | 7 |
| 24 | 6 | 25 | 7 |
| 25 | 11 | 26 | 13 |
| 26 | 23 | 27 | 3 |
| 27 | 6 | 28 | 20 |
| 30 | 15 | 32 | 9 |
| 34 | 12 | 35 | 18 |
| 36 | 14 | 40 | 14 |
| 42 | 4 | 44 | 14 |
| 49 | 22 | 50 | 15 |

| | | | |
|---|---|---|---|
| 61 | 12 | 63 | 12 |
| 65 | 16 | 66 | 12 |
| 66 | 14 | 67 | 1 |
| 67 | 5 | 67 | 19 |
| 68 | 11 | 68 | 16 |
| 68 | 24 | 69 | 22 |
| 70 | 1 | 71 | 11 |
| 71 | 25 | 76 | 4 |
| 77 | 18 | 77 | 24 |
| 78 | 6 | 79 | 5 |
| 79 | 9 | 79 | 23 |
| 85 | 24 | 86 | 15 |
| 86 | 23 | 87 | 8 |
| 89 | 18 | 90 | 2 |
| 92 | 4 | 92 | 8 |
| 93 | 9 | 99 | 11 |
| 99 | 18 | 100 | 20 |
| 105 | 8 | 107 | 13 |
| 107 | 19 | 108 | 12 |
| 109 | 25 | 111 | 5 |
| 112 | 3 | 116 | 14 |
| 117 | 21 | 117 | 24 |
| 118 | 4 | 119 | 11 |
| 121 | 15 | 121 | 19 |
| 124 | 16 | 127 | 4 |
| 127 | 5 | 129 | 18 |
| 129 | 21 | 134 | 15 |
| 134 | 18 | 135 | 11 |
| 135 | 12 | 135 | 15 |
| 136 | 13 | 136 | 23 |
| 138 | 8 | 139 | 14 |
| 139 | 15 | 143 | 12 |
| 144 | 14 | 144 | 23 |
| 145 | 7 | 145 | 21 |
| 146 | 24 | 147 | 19 |
| 150 | 21 | 151 | 8 |
| 151 | 9 | 151 | 14 |

| 152 | 1 | 153 | 17 |
|-----|-----|-----|-----|
| 153 | 18 | 154 | 1 |
| 155 | 3 | 155 | 10 |
| 157 | 11 | 158 | 21 |
| 159 | 13 | 162 | 21 |
| 163 | 2 | 164 | 21 |
| 165 | 22 | 168 | 5 |
| 170 | 5 | 171 | 1 |
| 171 | 17 | 171 | 24 |
| 172 | 10 | 173 | 1 |
| 174 | 6 | 178 | 10 |
| 178 | 17 | 180 | 12 |
| 180 | 18 | 182 | 4 |
| 182 | 11 | 182 | 16 |
| 183 | 17 | 184 | 9 |
| 184 | 20 | 188 | 20 |
| 189 | 20 | 195 | 3 |
| 196 | 1 | 196 | 6 |
| 196 | 12 | 196 | 21 |
| 197 | 2 | 197 | 2 |
| 197 | 4 | 197 | 17 |
| 197 | 18 | 197 | 23 |
| 198 | 6 | 198 | 23 |
| 199 | 1 | 199 | 5 |
| 200 | 11 | 205 | 25 |
| 206 | 3 | 213 | 15 |
| 213 | 16 | 213 | 18 |
| 213 | 20 | 214 | 1 |
| 214 | 3 | 214 | 7 |
| 214 | 9 | 214 | 12 |
| 214 | 14 | 214 | 16 |
| 214 | 18 | 214 | 19 |
| 214 | 22 | 216 | 4 |
| 217 | 18 | 220 | 22 |
| 220 | 25 | 226 | 11 |
| 227 | 6 | 230 | 8 |
| 230 | 9 | 230 | 18 |

| | | | |
|---|---|---|---|
| 231 | 21 | 232 | 1 |
| 232 | 3 | 232 | 5 |
| 232 | 8 | 232 | 10 |
| 232 | 12 | 232 | 15 |
| 232 | 17 | 232 | 17 |
| 232 | 22 | 233 | 17 |
| 233 | 20 | 235 | 17 |
| 235 | 21 | 235 | 25 |
| 236 | 3 | 236 | 7 |
| 236 | 10 | 236 | 22 |
| 236 | 25 | 237 | 16 |
| 237 | 19 | 237 | 22 |
| 238 | 1 | 238 | 13 |
| 238 | 17 | 240 | 5 |
| 240 | 15 | 243 | 6 |
| 244 | 22 | 246 | 3 |
| 246 | 7 | 246 | 13 |
| 247 | 17 | 248 | 21 |
| 250 | 16 | 251 | 4 |
| 253 | 2 | 264 | 21 |
| 264 | 24 | 265 | 13 |
| 265 | 25 | 270 | 18 |
| 272 | 10 | 273 | 24 |
| 274 | 2 | 274 | 2 |
| 274 | 20 | 276 | 4 |
| 281 | 15 | 281 | 18 |
| 282 | 14 | 282 | 17 |
| 282 | 20 | 282 | 21 |
| 282 | 23 | 283 | 2 |
| 283 | 13 | 286 | 6 |
| 286 | 9 | 286 | 23 |
| 287 | 5 | 290 | 5 |
| 290 | 8 | 290 | 23 |
| 291 | 1 | 291 | 5 |
| 291 | 6 | 291 | 8 |
| 291 | 11 | 291 | 23 |
| 292 | 2 | 292 | 6 |

| | | | |
|---|---|---|---|
| 292 | 9 | 293 | 4 |
| 293 | 9 | 293 | 11 |
| 293 | 20 | 294 | 9 |
| 294 | 14 | 294 | 20 |
| 295 | 2 | 295 | 23 |
| 296 | 1 | 296 | 7 |
| 296 | 9 | 296 | 10 |
| 296 | 12 | 296 | 12 |
| 297 | 9 | 298 | 11 |
| 301 | 1 | 302 | 7 |
| 302 | 22 | 304 | 20 |
| 305 | 20 | 306 | 1 |
| 306 | 7 | 306 | 13 |
| 306 | 22 | 308 | 20 |
| 308 | 21 | 308 | 23 |
| 309 | 5 | 309 | 7 |
| 309 | 10 | 309 | 11 |
| 309 | 12 | 310 | 3 |
| 312 | 10 | 312 | 11 |
| 312 | 14 | 313 | 16 |
| 313 | 17 | 317 | 16 |
| 319 | 21 | 320 | 9 |
| 321 | 12 | 321 | 19 |
| 328 | 16 | 329 | 6 |
| 330 | 23 | 331 | 3 |
| 331 | 6 | 331 | 11 |

**Henry Sigler (September 15, 2017)**

| Start Page | Start Line | End Page | End Line |
|---|---|---|---|
| 5 | 1 | 6 | 20 |
| 7 | 3 | 7 | 4 |
| 8 | 8 | 8 | 20 |
| 9 | 20 | 10 | 16 |
| 10 | 22 | 10 | 23 |
| 11 | 1 | 12 | 9 |
| 13 | 4 | 15 | 1 |

| | | | |
|---|---|---|---|
| 16 | 1 | 16 | 22 |
| 19 | 18 | 22 | 16 |
| 24 | 10 | 25 | 17 |
| 26 | 9 | 26 | 14 |
| 26 | 20 | 28 | 3 |
| 28 | 12 | 35 | 7 |
| 35 | 16 | 37 | 14 |
| 38 | 18 | 41 | 19 |
| 42 | 1 | 42 | 3 |
| 42 | 23 | 43 | 14 |
| 43 | 24 | 44 | 22 |
| 45 | 4 | 49 | 13 |
| 49 | 18 | 51 | 16 |
| 51 | 20 | 52 | 9 |
| 52 | 19 | 60 | 12 |
| 60 | 22 | 63 | 13 |
| 63 | 20 | 65 | 14 |
| 66 | 4 | 67 | 15 |
| 67 | 23 | 69 | 7 |
| 69 | 11 | 69 | 13 |
| 70 | 5 | 70 | 11 |
| 70 | 18 | 71 | 1 |
| 71 | 12 | 71 | 20 |
| 72 | 2 | 73 | 5 |
| 73 | 11 | 74 | 16 |
| 74 | 20 | 75 | 3 |
| 75 | 10 | 75 | 19 |
| 76 | 2 | 79 | 14 |
| 80 | 3 | 80 | 22 |
| 81 | 2 | 83 | 12 |
| 83 | 16 | 84 | 4 |
| 84 | 7 | 87 | 21 |
| 88 | 8 | 97 | 15 |
| 97 | 25 | 103 | 2 |
| 104 | 19 | 106 | 12 |
| 107 | 21 | 108 | 1 |
| 110 | 7 | 112 | 1 |

| | | | |
|---|---|---|---|
| 112 | 14 | 116 | 23 |
| 118 | 17 | 119 | 2 |
| 119 | 17 | 120 | 3 |
| 120 | 23 | 122 | 9 |
| 122 | 22 | 124 | 4 |
| 124 | 9 | 125 | 18 |
| 126 | 13 | 128 | 16 |
| 129 | 8 | 131 | 9 |
| 132 | 15 | 133 | 3 |
| 133 | 16 | 133 | 25 |
| 134 | 10 | 137 | 23 |
| 138 | 4 | 141 | 3 |
| 141 | 14 | 141 | 17 |
| 141 | 20 | 142 | 16 |
| 144 | 6 | 145 | 8 |
| 147 | 3 | 148 | 10 |
| 150 | 10 | 151 | 22 |
| 152 | 17 | 154 | 16 |
| 155 | 9 | 156 | 20 |
| 157 | 2 | 158 | 23 |
| 160 | 2 | 162 | 9 |
| 162 | 19 | 164 | 25 |
| 170 | 7 | 170 | 20 |
| 170 | 25 | 171 | 18 |
| 173 | 6 | 173 | 22 |
| 173 | 25 | 174 | 2 |
| 174 | 1 | 174 | 4 |
| 174 | 5 | 174 | 18 |
| 174 | 23 | 175 | 1 |
| 175 | 23 | 176 | 1 |
| 176 | 11 | 176 | 14 |
| 177 | 19 | 179 | 18 |
| 179 | 24 | 182 | 14 |
| 183 | 24 | 184 | 20 |
| 185 | 8 | 185 | 19 |
| 186 | 10 | 186 | 21 |
| 187 | 10 | 187 | 13 |

| 189 | 23 | 190 | 24 |
|-----|----|----|----|
| 191 | 11 | 201 | 5 |
| 201 | 12 | 209 | 7 |
| 211 | 25 | 213 | 15 |
| 213 | 18 | 214 | 22 |
| 214 | 23 | 214 | 23 |
| 214 | 25 | 215 | 4 |
| 215 | 23 | 219 | 7 |
| 219 | 13 | 220 | 24 |
| 222 | 11 | 230 | 5 |
| 233 | 18 | 234 | 7 |
| 234 | 11 | 239 | 11 |
| 239 | 16 | 244 | 11 |
| 244 | 17 | 244 | 19 |
| 244 | 23 | 245 | 3 |
| 245 | 8 | 257 | 5 |
| 257 | 24 | 259 | 3 |
| 259 | 16 | 259 | 24 |
| 260 | 8 | 260 | 11 |
| 260 | 14 | 260 | 17 |
| 260 | 20 | 262 | 12 |
| 262 | 17 | 270 | 25 |
| 273 | 15 | 274 | 5 |
| 277 | 10 | 278 | 5 |
| 278 | 18 | 279 | 7 |
| 282 | 23 | 283 | 1 |

**Chad Walker (August 9, 2017)**

| Start Page | Start Line | End Page | End Line |
|-----|----|----|----|
| 7 | 1 | 8 | 1 |
| 8 | 6 | 8 | 7 |
| 9 | 23 | 10 | 5 |
| 10 | 14 | 11 | 2 |
| 11 | 11 | 12 | 3 |
| 14 | 8 | 15 | 12 |
| 15 | 21 | 16 | 4 |

| | | | |
|---|---|---|---|
| 16 | 13 | 17 | 5 |
| 18 | 16 | 19 | 18 |
| 20 | 10 | 21 | 9 |
| 21 | 13 | 23 | 2 |
| 23 | 13 | 23 | 17 |
| 24 | 1 | 24 | 20 |
| 25 | 4 | 26 | 2 |
| 26 | 6 | 26 | 14 |
| 27 | 7 | 27 | 11 |
| 27 | 20 | 28 | 1 |
| 28 | 20 | 29 | 4 |
| 29 | 5 | 29 | 17 |
| 30 | 19 | 30 | 20 |
| 30 | 24 | 31 | 2 |
| 31 | 4 | 31 | 7 |
| 31 | 11 | 32 | 15 |
| 33 | 8 | 33 | 14 |
| 36 | 17 | 36 | 22 |
| 37 | 4 | 37 | 9 |
| 37 | 15 | 38 | 9 |
| 40 | 2 | 40 | 16 |
| 40 | 20 | 41 | 9 |
| 41 | 17 | 43 | 17 |
| 44 | 19 | 45 | 14 |
| 46 | 14 | 50 | 2 |
| 50 | 21 | 53 | 7 |
| 61 | 20 | 61 | 24 |
| 65 | 16 | 67 | 10 |
| 69 | 13 | 70 | 1 |
| 71 | 19 | 71 | 21 |
| 71 | 24 | 72 | 21 |
| 73 | 11 | 75 | 9 |
| 75 | 24 | 80 | 9 |
| 82 | 13 | 84 | 11 |
| 87 | 1 | 91 | 21 |
| 92 | 14 | 92 | 24 |
| 93 | 8 | 94 | 3 |

| | | | |
|---|---|---|---|
| 94 | 17 | 96 | 6 |
| 96 | 16 | 97 | 10 |
| 98 | 19 | 101 | 10 |
| 101 | 20 | 101 | 25 |
| 102 | 3 | 117 | 10 |
| 118 | 16 | 121 | 10 |
| 121 | 13 | 125 | 16 |
| 125 | 21 | 125 | 23 |
| 126 | 10 | 130 | 10 |
| 137 | 23 | 139 | 9 |
| 139 | 21 | 140 | 22 |
| 139 | 25 | 140 | 22 |
| 140 | 25 | 141 | 5 |
| 141 | 24 | 143 | 5 |
| 143 | 8 | 143 | 9 |
| 143 | 13 | 148 | 11 |
| 149 | 9 | 151 | 7 |
| 151 | 16 | 152 | 14 |
| 152 | 20 | 154 | 23 |
| 155 | 2 | 155 | 17 |
| 156 | 1 | 156 | 13 |
| 159 | 5 | 160 | 15 |
| 161 | 1 | 164 | 20 |
| 164 | 23 | 164 | 23 |
| 165 | 5 | 166 | 12 |
| 167 | 22 | 168 | 7 |
| 168 | 10 | 169 | 14 |
| 173 | 3 | 176 | 18 |
| 177 | 1 | 177 | 10 |
| 180 | 2 | 182 | 6 |
| 186 | 8 | 187 | 2 |
| 188 | 10 | 188 | 14 |
| 188 | 22 | 190 | 9 |
| 190 | 13 | 191 | 25 |
| 197 | 13 | 198 | 10 |
| 200 | 14 | 205 | 4 |
| 205 | 15 | 206 | 15 |

| 210 | 12 | 213 | 2 |
| 213 | 17 | 216 | 3 |

# ATTACHMENT H-1(b)

(Plaintiffs' Counter-Designations of
Portions of Deposition Testimony)

## ATTACHMENT H-1(b)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), | ) ) ) | |
| | ) | Civil Action No.: |
| Plaintiffs and Counterclaim-Defendants, | ) | 1:15-cv-01466-JPB |
| | ) | |
| v. | ) | Jury Trial Requested |
| | ) | |
| UNIVERSAL ALLOY CORPORATION | ) | |
| | ) | |
| Defendant/Counterclaim-Plaintiff. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFFS' COUNTER-DESIGNATIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS

Plaintiffs Arconic Corporation and Howmet Aerospace, Inc. (f/k/a Alcoa, Inc.) (collectively "Alcoa") identify the following deposition testimony as counter-designations to testimony identified by Defendant UAC.  Alcoa reserves the right to revise, amend, or supplement these designations as necessitated by the Court's pretrial or trial rulings; UAC's trial designations, exhibits, or arguments; or to address any additional developments in the case.  Alcoa further reserves the right to

provide designations for use in its rebuttal case and to use any portion of any deposition transcript for the purposes of impeachment.  Alcoa further reserves the right to introduce any deposition testimony designated by Defendant in order to ensure any testimony Defendant offers is complete.  All extraneous and unnecessary matters, including nonessential colloquy of counsel, will be removed from the designations below when the designations are read to or viewed by the jury.

**Brian Ankenman (May 5, 2016)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 8 | 16 | 9 | 14 |
| 11 | 17 | 11 | 25 |
| 13 | 8 | 14 | 18 |
| 18 | 6 | 19 | 7 |
| 21 | 7 | 21 | 20 |
| 24 | 17 | 25 | 22 |
| 27 | 5 | 27 | 17 |
| 28 | 6 | 28 | 16 |
| 38 | 1 | 38 | 15 |
| 49 | 23 | 50 | 1 |
| 53 | 9 | 53 | 11 |
| 55 | 25 | 56 | 12 |
| 62 | 10 | 63 | 6 |
| 64 | 5 | 64 | 10 |
| 67 | 3 | 67 | 10 |
| 67 | 22 | 68 | 1 |

| | | | |
|---|---|---|---|
| 70 | 12 | 70 | 22 |
| 72 | 10 | 72 | 14 |
| 93 | 22 | 94 | 2 |
| 94 | 18 | 95 | 5 |
| 99 | 12 | 99 | 17 |
| 123 | 1 | 123 | 9 |
| 132 | 22 | 133 | 5 |
| 136 | 11 | 136 | 18 |
| 153 | 18 | 156 | 17 |
| 160 | 6 | 160 | 11 |
| 160 | 24 | 162 | 16 |
| 163 | 16 | 165 | 10 |
| 166 | 24 | 170 | 13 |
| 170 | 23 | 174 | 8 |
| 186 | 8 | 188 | 13 |
| 191 | 16 | 191 | 18 |
| 191 | 23 | 195 | 4 |
| 219 | 8 | 219 | 20 |
| 223 | 5 | 223 | 6 |
| 223 | 22 | 224 | 3 |
| 226 | 3 | 226 | 25 |
| 228 | 21 | 229 | 24 |
| 231 | 2 | 231 | 12 |
| 231 | 13 | 233 | 4 |
| 233 | 15 | 234 | 21 |
| 237 | 14 | 237 | 24 |
| 238 | 12 | 239 | 4 |
| 239 | 10 | 239 | 14 |
| 239 | 22 | 239 | 23 |
| 240 | 3 | 240 | 5 |
| 240 | 13 | 240 | 15 |
| 240 | 23 | 240 | 25 |
| 241 | 8 | 241 | 8 |
| 241 | 14 | 242 | 7 |
| 242 | 13 | 243 | 2 |

| | | | |
|---|---|---|---|
| 243 | 4 | 244 | 9 |
| 245 | 7 | 246 | 12 |
| 255 | 1 | 255 | 25 |
| 256 | 8 | 256 | 17 |
| 256 | 22 | 258 | 14 |
| 270 | 3 | 270 | 9 |
| 271 | 20 | 272 | 3 |
| 276 | 18 | 278 | 10 |
| 278 | 11 | 279 | 1 |
| 282 | 15 | 285 | 9 |
| 286 | 4 | 287 | 1 |
| 288 | 2 | 289 | 3 |
| 290 | 17 | 291 | 1 |
| 295 | 4 | 296 | 20 |
| 298 | 10 | 298 | 14 |
| 298 | 16 | 298 | 25 |
| 303 | 22 | 305 | 4 |
| 317 | 21 | 318 | 7 |

**John Ball (October 12, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 28 | 3 | 28 | 16 |
| 28 | 3 | 28 | 5 |
| 34 | 5 | 34 | 12 |
| 51 | 18 | 52 | 25 |

**Kelly Bethards (May 4, 2016)**

| Plaintiff's Counter Designations |
|---|

| Start Page | Start Line | End Page | End Line |
|------------|------------|----------|----------|
| 7 | 9 | 7 | 25 |
| 10 | 20 | 13 | 3 |
| 17 | 8 | 17 | 10 |
| 34 | 8 | 34 | 13 |
| 39 | 11 | 39 | 13 |
| 41 | 22 | 41 | 24 |
| 54 | 12 | 55 | 21 |
| 63 | 10 | 64 | 1 |
| 65 | 9 | 65 | 16 |
| 67 | 13 | 67 | 18 |
| 84 | 6 | 84 | 24 |
| 125 | 23 | 126 | 19 |
| 126 | 25 | 127 | 5 |
| 136 | 2 | 136 | 11 |
| 137 | 2 | 138 | 24 |
| 139 | 23 | 140 | 21 |
| 142 | 12 | 144 | 6 |
| 144 | 13 | 147 | 13 |
| 148 | 1 | 148 | 8 |
| 156 | 18 | 156 | 25 |
| 159 | 1 | 160 | 7 |
| 189 | 12 | 190 | 1 |
| 190 | 14 | 190 | 25 |
| 192 | 17 | 196 | 1 |
| 198 | 19 | 199 | 6 |
| 208 | 5 | 210 | 12 |
| 211 | 6 | 211 | 21 |
| 212 | 20 | 213 | 5 |
| 217 | 19 | 218 | 11 |
| 218 | 12 | 220 | 12 |
| 262 | 25 | 263 | 6 |

**Jeff Carpenter (September 8, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 6 | 18 | 6 | 21 |
| 9 | 22 | 9 | 24 |
| 13 | 13 | 13 | 17 |
| 21 | 6 | 23 | 2 |
| 40 | 16 | 40 | 21 |
| 44 | 16 | 44 | 20 |
| 45 | 7 | 45 | 9 |
| 49 | 3 | 49 | 9 |
| 65 | 13 | 65 | 23 |
| 71 | 5 | 71 | 11 |
| 77 | 19 | 77 | 25 |
| 79 | 18 | 80 | 15 |
| 94 | 3 | 94 | 6 |
| 102 | 4 | 102 | 7 |
| 103 | 24 | 103 | 25 |
| 104 | 12 | 104 | 25 |
| 105 | 1 | 106 | 11 |
| 112 | 5 | 113 | 1 |
| 113 | 9 | 113 | 12 |
| 114 | 20 | 115 | 11 |
| 116 | 17 | 116 | 20 |
| 116 | 24 | 117 | 4 |
| 117 | 5 | 117 | 21 |
| 118 | 1 | 118 | 12 |
| 119 | 25 | 121 | 12 |
| 121 | 18 | 123 | 14 |
| 124 | 2 | 124 | 5 |
| 124 | 6 | 124 | 11 |
| 125 | 1 | 125 | 7 |
| 126 | 9 | 127 | 3 |
| 127 | 13 | 127 | 16 |

| | | | |
|---|---|---|---|
| 127 | 18 | 127 | 20 |
| 128 | 2 | 128 | 6 |
| 128 | 8 | 129 | 11 |
| 129 | 15 | 130 | 24 |
| 133 | 10 | 133 | 24 |
| 134 | 19 | 135 | 10 |
| 135 | 21 | 136 | 20 |
| 138 | 4 | 139 | 10 |
| 145 | 20 | 146 | 22 |
| 152 | 16 | 153 | 9 |
| 154 | 21 | 155 | 7 |

**Alan Chase (September 22, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 11 | 20 | 12 | 12 |
| 13 | 9 | 13 | 14 |
| 16 | 24 | 17 | 12 |
| 17 | 16 | 17 | 21 |
| 18 | 14 | 19 | 17 |
| 25 | 11 | 26 | 5 |
| 26 | 23 | 28 | 12 |
| 33 | 18 | 33 | 24 |
| 34 | 22 | 35 | 2 |
| 35 | 10 | 36 | 15 |
| 37 | 4 | 37 | 25 |
| 41 | 3 | 41 | 18 |
| 43 | 1 | 45 | 19 |
| 48 | 21 | 48 | 23 |
| 50 | 9 | 51 | 1 |
| 52 | 9 | 52 | 10 |
| 53 | 8 | 56 | 22 |

7

| | | | |
|---|---|---|---|
| 63 | 23 | 64 | 6 |
| 65 | 1 | 65 | 6 |
| 73 | 21 | 73 | 23 |
| 88 | 2 | 90 | 15 |
| 90 | 18 | 90 | 23 |
| 91 | 19 | 95 | 21 |
| 99 | 15 | 100 | 17 |
| 100 | 20 | 100 | 20 |
| 101 | 5 | 102 | 7 |
| 102 | 19 | 103 | 23 |
| 104 | 1 | 104 | 5 |
| 107 | 11 | 108 | 12 |
| 108 | 15 | 108 | 15 |
| 110 | 6 | 110 | 7 |
| 110 | 10 | 111 | 2 |
| 111 | 4 | 111 | 4 |
| 124 | 10 | 124 | 18 |
| 125 | 1 | 126 | 10 |
| 127 | 10 | 127 | 18 |
| 137 | 8 | 137 | 11 |
| 140 | 1 | 140 | 1 |
| 142 | 4 | 142 | 20 |
| 143 | 17 | 144 | 2 |

**Mike Colt (October 18 and 19, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 9 | 4 | 13 | 11 |
| 16 | 6 | 17 | 22 |
| 23 | 17 | 30 | 8 |
| 38 | 13 | 39 | 19 |
| 40 | 5 | 41 | 25 |

8

| | | | |
|---|---|---|---|
| 45 | 13 | 49 | 2 |
| 51 | 20 | 53 | 10 |
| 55 | 1 | 56 | 12 |
| 57 | 4 | 59 | 20 |
| 61 | 19 | 62 | 9 |
| 67 | 14 | 68 | 4 |
| 68 | 7 | 68 | 23 |
| 69 | 15 | 69 | 19 |
| 69 | 22 | 70 | 8 |
| 70 | 11 | 71 | 1 |
| 71 | 6 | 71 | 9 |
| 72 | 12 | 73 | 18 |
| 73 | 24 | 74 | 13 |
| 74 | 16 | 75 | 1 |
| 75 | 3 | 75 | 11 |
| 75 | 13 | 75 | 21 |
| 75 | 23 | 77 | 7 |
| 77 | 9 | 77 | 16 |
| 77 | 18 | 77 | 23 |
| 77 | 25 | 78 | 4 |
| 79 | 21 | 79 | 23 |
| 79 | 25 | 80 | 2 |
| 81 | 2 | 81 | 16 |
| 81 | 19 | 81 | 24 |
| 82 | 2 | 82 | 5 |
| 82 | 7 | 82 | 19 |
| 82 | 24 | 82 | 24 |
| 83 | 16 | 83 | 20 |
| 83 | 23 | 84 | 4 |
| 84 | 15 | 85 | 4 |
| 85 | 14 | 87 | 4 |
| 87 | 15 | 88 | 13 |
| 88 | 22 | 89 | 15 |
| 90 | 5 | 90 | 10 |
| 91 | 1 | 92 | 4 |
| 94 | 5 | 94 | 20 |
| 96 | 21 | 97 | 25 |

| | | | |
|---|---|---|---|
| 98 | 2 | 99 | 1 |
| 101 | 9 | 104 | 16 |
| 104 | 18 | 107 | 5 |
| 107 | 8 | 107 | 17 |
| 108 | 20 | 109 | 25 |
| 110 | 22 | 111 | 1 |
| 112 | 5 | 113 | 2 |
| 113 | 8 | 113 | 16 |
| 115 | 4 | 115 | 21 |
| 115 | 24 | 116 | 25 |
| 117 | 4 | 117 | 11 |
| 125 | 14 | 125 | 25 |
| 128 | 6 | 129 | 23 |
| 129 | 25 | 130 | 12 |
| 130 | 14 | 130 | 17 |
| 130 | 20 | 130 | 21 |
| 149 | 24 | 150 | 5 |
| 151 | 7 | 152 | 14 |
| 152 | 17 | 152 | 23 |
| 153 | 13 | 155 | 12 |
| 155 | 14 | 157 | 4 |
| 157 | 11 | 161 | 1 |
| 161 | 4 | 162 | 18 |
| 162 | 20 | 163 | 3 |
| 163 | 15 | 165 | 5 |
| 165 | 10 | 165 | 23 |
| 166 | 1 | 166 | 17 |
| 168 | 6 | 168 | 17 |
| 168 | 19 | 169 | 4 |
| 171 | 9 | 172 | 16 |
| 177 | 21 | 178 | 17 |
| 178 | 25 | 181 | 2 |
| 181 | 5 | 184 | 20 |
| 184 | 23 | 186 | 2 |
| 188 | 3 | 192 | 7 |
| 192 | 16 | 193 | 25 |
| 195 | 14 | 208 | 7 |

| 208 | 20 | 217 | 17 |
|-----|----|----|----|
| 221 | 11 | 225 | 25 |
| 226 | 4 | 230 | 7 |
| 230 | 13 | 231 | 19 |
| 234 | 2 | 235 | 18 |
| 237 | 3 | 237 | 19 |
| 239 | 3 | 239 | 17 |
| 240 | 3 | 246 | 25 |
| 248 | 22 | 249 | 13 |
| 250 | 1 | 250 | 3 |
| 253 | 1 | 253 | 6 |
| 253 | 10 | 253 | 23 |
| 254 | 1 | 254 | 3 |
| 270 | 8 | 270 | 16 |
| 271 | 5 | 280 | 1 |
| 280 | 11 | 281 | 4 |
| 282 | 19 | 286 | 13 |
| 287 | 13 | 289 | 10 |
| 290 | 25 | 296 | 18 |
| 297 | 2 | 297 | 17 |
| 297 | 2 | 297 | 2 |
| 298 | 7 | 303 | 22 |
| 309 | 14 | 310 | 11 |
| 310 | 18 | 312 | 16 |
| 313 | 9 | 315 | 3 |
| 316 | 13 | 316 | 20 |
| 332 | 1 | 336 | 23 |
| 337 | 1 | 337 | 6 |
| 337 | 8 | 337 | 23 |
| 338 | 18 | 339 | 12 |
| 339 | 20 | 351 | 17 |
| 352 | 11 | 352 | 17 |
| 353 | 11 | 354 | 14 |
| 354 | 24 | 357 | 24 |
| 359 | 3 | 369 | 13 |
| 370 | 8 | 372 | 3 |
| 372 | 6 | 374 | 15 |

| | | | |
|---|---|---|---|
| 374 | 19 | 379 | 7 |
| 379 | 22 | 380 | 3 |
| 380 | 20 | 384 | 10 |
| 384 | 24 | 385 | 6 |
| 385 | 15 | 386 | 3 |
| 386 | 22 | 387 | 5 |
| 387 | 12 | 391 | 20 |
| 394 | 8 | 402 | 22 |
| 405 | 23 | 409 | 9 |
| 410 | 1 | 411 | 22 |
| 413 | 10 | 413 | 15 |
| 414 | 8 | 414 | 10 |
| 414 | 15 | 414 | 18 |
| 415 | 1 | 415 | 9 |
| 417 | 2 | 417 | 9 |
| 417 | 18 | 423 | 20 |
| 424 | 3 | 424 | 6 |
| 424 | 15 | 429 | 18 |
| 430 | 6 | 431 | 4 |
| 432 | 22 | 435 | 4 |
| 437 | 1 | 437 | 3 |
| 437 | 13 | 438 | 1 |
| 438 | 7 | 441 | 2 |
| 441 | 21 | 441 | 24 |
| 442 | 9 | 447 | 9 |
| 447 | 16 | 447 | 23 |
| 448 | 11 | 448 | 15 |
| 448 | 18 | 449 | 2 |
| 450 | 23 | 452 | 9 |
| 452 | 23 | 455 | 9 |
| 463 | 15 | 465 | 10 |
| 470 | 23 | 479 | 24 |
| 480 | 3 | 480 | 8 |
| 480 | 11 | 481 | 9 |
| 481 | 25 | 484 | 7 |
| 484 | 15 | 492 | 6 |
| 492 | 15 | 493 | 19 |

| 494 | 23 | 495 | 16 |
| 498 | 9 | 502 | 3 |
| 502 | 13 | 504 | 24 |
| 505 | 14 | 513 | 6 |
| 520 | 20 | 522 | 12 |

**Edward Colvin November 8, 9 & 10, 2017**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 1 | 1 | 1 | 1 |
| 8 | 3 | 10 | 25 |
| 11 | 7 | 11 | 12 |
| 11 | 16 | 11 | 20 |
| 12 | 13 | 12 | 17 |
| 16 | 7 | 16 | 15 |
| 18 | 24 | 19 | 1 |
| 19 | 3 | 19 | 8 |
| 34 | 10 | 34 | 14 |
| 34 | 17 | 36 | 6 |
| 87 | 4 | 87 | 11 |
| 89 | 14 | 89 | 24 |
| 101 | 1 | 101 | 4 |
| 101 | 5 | 102 | 10 |
| 103 | 15 | 103 | 19 |
| 103 | 22 | 103 | 25 |
| 108 | 20 | 109 | 22 |
| 114 | 5 | 115 | 5 |
| 132 | 20 | 133 | 5 |
| 133 | 13 | 134 | 1 |
| 136 | 12 | 137 | 24 |
| 146 | 21 | 147 | 13 |
| 161 | 17 | 161 | 18 |
| 174 | 1 | 174 | 5 |
| 174 | 9 | 175 | 3 |

| | | | |
|---|---|---|---|
| 214 | 3 | 214 | 5 |
| 219 | 12 | 220 | 4 |
| 247 | 20 | 248 | 17 |
| 249 | 8 | 249 | 18 |
| 266 | 24 | 267 | 24 |
| 279 | 19 | 280 | 20 |
| 287 | 18 | 287 | 25 |
| 288 | 3 | 288 | 4 |
| 291 | 7 | 291 | 14 |
| 291 | 16 | 291 | 21 |
| 293 | 9 | 294 | 4 |
| 311 | 10 | 311 | 25 |
| 320 | 8 | 320 | 16 |
| 334 | 1 | 334 | 1 |
| 365 | 1 | 366 | 1 |
| 366 | 2 | 366 | 5 |
| 368 | 4 | 368 | 8 |
| 385 | 10 | 385 | 19 |
| 399 | 4 | 399 | 9 |
| 430 | 11 | 430 | 15 |
| 430 | 18 | 431 | 5 |
| 431 | 8 | 431 | 24 |
| 457 | 3 | 457 | 4 |
| 457 | 5 | 457 | 10 |
| 457 | 24 | 458 | 10 |
| 481 | 12 | 481 | 15 |
| 549 | 2 | 550 | 10 |
| 550 | 15 | 551 | 11 |
| 551 | 12 | 551 | 12 |
| 619 | 22 | 620 | 3 |
| 678 | 21 | 679 | 5 |
| 711 | 3 | 711 | 5 |
| 711 | 8 | 711 | 15 |
| 717 | 1 | 718 | 10 |
| 804 | 21 | 804 | 23 |
| 880 | 6 | 881 | 6 |
| 920 | 8 | 920 | 11 |

| | | | |
|---|---|---|---|
| 920 | 17 | 920 | 20 |
| 920 | 22 | 920 | 22 |
| 921 | 6 | 921 | 19 |
| 939 | 21 | 940 | 9 |
| 941 | 24 | 942 | 1 |
| 942 | 7 | 942 | 17 |
| 945 | 23 | 946 | 2 |
| 946 | 6 | 946 | 24 |
| 970 | 11 | 970 | 18 |
| 979 | 18 | 979 | 25 |
| 983 | 15 | 983 | 18 |
| 983 | 20 | 983 | 23 |
| 984 | 24 | 985 | 8 |
| 987 | 24 | 987 | 25 |
| 992 | 20 | 992 | 21 |
| 992 | 24 | 993 | 4 |
| 993 | 6 | 993 | 7 |
| 993 | 10 | 993 | 11 |
| 1008 | 1 | 1008 | 3 |
| 1008 | 6 | 1008 | 13 |

**Gerry Dail (October 19, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 6 | 24 | 7 | 6 |
| 10 | 17 | 10 | 19 |
| 11 | 15 | 12 | 19 |
| 11 | 15 | 12 | 2 |
| 12 | 7 | 12 | 19 |
| 16 | 22 | 17 | 23 |
| 27 | 1 | 27 | 1 |
| 27 | 14 | 27 | 14 |
| 40 | 17 | 40 | 20 |
| 41 | 9 | 43 | 2 |

| | | | |
|---|---|---|---|
| 49 | 19 | 50 | 8 |
| 52 | 5 | 52 | 9 |
| 53 | 20 | 54 | 5 |
| 57 | 6 | 57 | 15 |
| 61 | 6 | 62 | 4 |
| 66 | 25 | 66 | 25 |
| 67 | 21 | 67 | 24 |
| 68 | 2 | 68 | 5 |
| 68 | 8 | 68 | 9 |
| 69 | 11 | 69 | 14 |
| 69 | 17 | 69 | 18 |
| 69 | 20 | 69 | 24 |
| 70 | 1 | 70 | 5 |
| 70 | 10 | 70 | 15 |
| 79 | 1 | 80 | 4 |
| 86 | 3 | 86 | 7 |
| 87 | 24 | 88 | 18 |
| 88 | 25 | 89 | 18 |
| 89 | 25 | 90 | 7 |
| 90 | 17 | 91 | 12 |
| 91 | 13 | 91 | 21 |
| 91 | 23 | 92 | 24 |
| 93 | 22 | 95 | 16 |
| 96 | 4 | 96 | 11 |
| 96 | 19 | 96 | 24 |
| 97 | 2 | 97 | 10 |
| 97 | 12 | 97 | 14 |
| 97 | 16 | 97 | 16 |
| 97 | 18 | 97 | 20 |
| 97 | 24 | 98 | 2 |
| 98 | 5 | 98 | 19 |
| 98 | 22 | 98 | 24 |
| 99 | 13 | 100 | 14 |
| 100 | 16 | 100 | 19 |
| 101 | 2 | 101 | 13 |
| 103 | 12 | 103 | 15 |
| 104 | 4 | 104 | 6 |

| | | | |
|---|---|---|---|
| 104 | 4 | 104 | 6 |
| 105 | 17 | 105 | 21 |
| 105 | 24 | 106 | 6 |
| 106 | 8 | 106 | 17 |
| 106 | 19 | 106 | 22 |
| 107 | 3 | 107 | 5 |
| 107 | 7 | 107 | 8 |
| 111 | 15 | 112 | 12 |
| 120 | 7 | 121 | 2 |
| 121 | 5 | 121 | 13 |
| 121 | 17 | 121 | 23 |

**Vic Dangerfield (October 10, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 1 | 1 | 1 | 1 |
| 10 | 10 | 10 | 25 |
| 13 | 25 | 14 | 7 |
| 14 | 17 | 14 | 24 |
| 23 | 12 | 24 | 5 |
| 24 | 8 | 24 | 10 |
| 24 | 15 | 24 | 15 |
| 24 | 25 | 25 | 1 |
| 25 | 10 | 25 | 13 |
| 27 | 17 | 27 | 21 |
| 28 | 14 | 28 | 25 |
| 29 | 1 | 29 | 1 |
| 29 | 3 | 29 | 19 |
| 33 | 4 | 34 | 21 |
| 38 | 11 | 39 | 24 |
| 48 | 17 | 48 | 25 |
| 49 | 22 | 50 | 4 |
| 50 | 7 | 53 | 3 |
| 53 | 11 | 54 | 21 |

| | | | |
|---|---|---|---|
| 55 | 1 | 55 | 6 |
| 55 | 13 | 55 | 14 |
| 55 | 23 | 55 | 24 |
| 57 | 1 | 57 | 4 |
| 57 | 10 | 58 | 5 |
| 58 | 8 | 58 | 15 |
| 58 | 17 | 58 | 22 |
| 66 | 1 | 66 | 20 |
| 66 | 23 | 67 | 3 |
| 67 | 25 | 69 | 2 |
| 69 | 4 | 69 | 8 |
| 72 | 8 | 73 | 2 |
| 79 | 5 | 80 | 10 |
| 85 | 18 | 89 | 21 |
| 90 | 14 | 91 | 17 |
| 99 | 17 | 100 | 16 |
| 102 | 11 | 102 | 25 |
| 107 | 21 | 107 | 23 |
| 107 | 25 | 108 | 8 |
| 109 | 2 | 114 | 9 |
| 114 | 11 | 115 | 14 |
| 115 | 16 | 116 | 24 |
| 117 | 2 | 117 | 10 |
| 117 | 12 | 118 | 19 |
| 123 | 10 | 123 | 12 |
| 123 | 23 | 124 | 3 |
| 123 | 24 | 124 | 1 |
| 124 | 3 | 124 | 3 |
| 125 | 1 | 126 | 6 |
| 126 | 8 | 126 | 15 |
| 126 | 17 | 129 | 19 |
| 129 | 21 | 131 | 10 |
| 131 | 12 | 131 | 18 |
| 132 | 17 | 132 | 23 |
| 143 | 4 | 144 | 14 |
| 144 | 25 | 146 | 9 |
| 148 | 4 | 150 | 8 |

| | | | |
|---|---|---|---|
| 150 | 11 | 151 | 8 |
| 153 | 23 | 157 | 15 |
| 158 | 19 | 161 | 11 |
| 164 | 17 | 164 | 18 |
| 165 | 12 | 167 | 13 |
| 168 | 2 | 169 | 25 |
| 170 | 15 | 171 | 24 |
| 176 | 2 | 180 | 8 |
| 180 | 11 | 180 | 18 |
| 180 | 21 | 180 | 22 |
| 180 | 24 | 182 | 9 |
| 183 | 20 | 183 | 24 |
| 184 | 1 | 185 | 18 |
| 186 | 1 | 186 | 11 |
| 186 | 13 | 189 | 4 |
| 189 | 14 | 191 | 9 |
| 191 | 11 | 193 | 15 |
| 193 | 17 | 194 | 10 |
| 196 | 14 | 196 | 21 |
| 196 | 24 | 197 | 2 |
| 197 | 15 | 198 | 4 |
| 198 | 7 | 198 | 12 |
| 198 | 14 | 198 | 22 |
| 198 | 25 | 202 | 2 |
| 202 | 9 | 202 | 19 |

**Michael Fultz (August 10, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 14 | 13 | 14 | 16 |
| 14 | 19 | 15 | 2 |
| 15 | 15 | 16 | 1 |
| 18 | 17 | 20 | 1 |
| 21 | 15 | 22 | 21 |

19

| | | | |
|---|---|---|---|
| 23 | 3 | 23 | 19 |
| 23 | 22 | 24 | 8 |
| 24 | 16 | 25 | 13 |
| 25 | 16 | 25 | 22 |
| 25 | 24 | 29 | 2 |
| 29 | 6 | 29 | 19 |
| 30 | 5 | 31 | 15 |
| 31 | 18 | 31 | 22 |
| 31 | 24 | 32 | 2 |
| 32 | 18 | 35 | 2 |
| 35 | 7 | 35 | 11 |
| 35 | 13 | 38 | 20 |
| 39 | 8 | 39 | 23 |
| 40 | 19 | 41 | 25 |
| 45 | 11 | 45 | 22 |
| 46 | 19 | 47 | 1 |
| 47 | 5 | 47 | 9 |
| 48 | 10 | 48 | 15 |
| 49 | 5 | 50 | 2 |
| 56 | 1 | 56 | 12 |
| 58 | 1 | 58 | 23 |
| 59 | 9 | 59 | 23 |
| 60 | 8 | 60 | 21 |
| 61 | 18 | 63 | 1 |
| 63 | 22 | 65 | 3 |
| 65 | 20 | 66 | 25 |
| 67 | 10 | 68 | 1 |
| 68 | 10 | 72 | 8 |
| 73 | 6 | 73 | 9 |
| 73 | 13 | 73 | 25 |
| 74 | 22 | 75 | 17 |
| 75 | 21 | 79 | 17 |
| 80 | 20 | 82 | 12 |
| 82 | 16 | 83 | 22 |
| 86 | 6 | 89 | 11 |
| 91 | 3 | 91 | 14 |
| 93 | 17 | 94 | 22 |

| | | | |
|---|---|---|---|
| 96 | 4 | 97 | 6 |
| 98 | 12 | 98 | 14 |
| 100 | 3 | 100 | 24 |
| 101 | 8 | 101 | 11 |
| 101 | 23 | 102 | 21 |
| 103 | 22 | 106 | 20 |
| 107 | 8 | 108 | 25 |
| 113 | 17 | 115 | 12 |
| 116 | 5 | 117 | 10 |
| 118 | 21 | 120 | 10 |
| 127 | 9 | 128 | 18 |
| 130 | 19 | 135 | 5 |
| 136 | 18 | 139 | 18 |
| 140 | 2 | 142 | 25 |
| 143 | 10 | 148 | 25 |
| 149 | 16 | 150 | 11 |
| 151 | 1 | 153 | 13 |
| 155 | 15 | 161 | 21 |
| 162 | 23 | 186 | 16 |
| 188 | 18 | 223 | 25 |
| 199 | 7 | 223 | 21 |
| 228 | 20 | 228 | 23 |
| 229 | 3 | 247 | 7 |
| 247 | 17 | 260 | 7 |
| 261 | 2 | 264 | 17 |
| 264 | 21 | 268 | 8 |
| 269 | 11 | 270 | 4 |
| 270 | 8 | 270 | 9 |
| 270 | 14 | 272 | 1 |
| 272 | 4 | 276 | 5 |
| 277 | 6 | 277 | 12 |
| 297 | 11 | 299 | 1 |
| 301 | 13 | 302 | 6 |
| 302 | 9 | 303 | 15 |
| 317 | 25 | 318 | 21 |
| 332 | 15 | 332 | 17 |
| 403 | 13 | 404 | 19 |

| | | | |
|---|---|---|---|
| 411 | 6 | 411 | 16 |
| 412 | 1 | 412 | 4 |
| 412 | 15 | 412 | 20 |
| 412 | 23 | 412 | 24 |
| 413 | 2 | 413 | 4 |
| 413 | 8 | 413 | 10 |
| 413 | 24 | 413 | 25 |
| 414 | 2 | 414 | 3 |
| 424 | 22 | 425 | 3 |
| 427 | 24 | 429 | 6 |

**Melissa Griffith (October 25, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 7 | 20 | 8 | 17 |
| 13 | 10 | 14 | 3 |
| 14 | 18 | 14 | 21 |
| 15 | 17 | 15 | 23 |
| 27 | 8 | 28 | 11 |
| 64 | 5 | 64 | 19 |
| 96 | 7 | 96 | 13 |
| 107 | 22 | 113 | 25 |
| 125 | 4 | 125 | 11 |
| 142 | 23 | 144 | 9 |
| 171 | 17 | 171 | 19 |
| 245 | 5 | 245 | 8 |
| 245 | 23 | 246 | 17 |

**Terry Jarrett (October 27, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |

| | | | |
|---|---|---|---|
| 28 | 18 | 28 | 23 |
| 30 | 20 | 30 | 21 |
| 35 | 20 | 37 | 1 |
| 41 | 24 | 42 | 6 |
| 44 | 12 | 44 | 13 |
| 46 | 25 | 47 | 3 |
| 50 | 6 | 50 | 17 |
| 52 | 20 | 52 | 22 |
| 122 | 13 | 122 | 21 |
| 122 | 22 | 122 | 24 |
| 123 | 2 | 123 | 2 |
| 131 | 22 | 132 | 11 |
| 132 | 12 | 132 | 15 |
| 132 | 17 | 132 | 19 |
| 138 | 2 | 138 | 10 |
| 138 | 12 | 138 | 15 |
| 149 | 6 | 149 | 8 |
| 151 | 4 | 151 | 11 |
| 158 | 19 | 159 | 1 |
| 163 | 6 | 163 | 8 |
| 163 | 16 | 163 | 23 |
| 164 | 5 | 164 | 9 |
| 173 | 25 | 174 | 3 |

**Kevin Johnson (December 6, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 19 | 10 | 19 | 12 |
| 280 | 22 | 282 | 7 |
| 283 | 7 | 284 | 2 |
| 286 | 20 | 287 | 6 |

**Joe Kerkhove (August 29, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 60 | 17 | 60 | 18 |
| 63 | 16 | 63 | 25 |
| 72 | 16 | 72 | 22 |
| 103 | 17 | 104 | 2 |
| 113 | 21 | 114 | 6 |
| 118 | 10 | 118 | 11 |
| 119 | 6 | 119 | 11 |
| 132 | 14 | 135 | 5 |
| 139 | 13 | 139 | 24 |
| 163 | 6 | 163 | 19 |
| 166 | 15 | 166 | 17 |
| 167 | 22 | 169 | 14 |
| 170 | 14 | 170 | 22 |
| 175 | 25 | 177 | 2 |
| 177 | 3 | 178 | 2 |
| 178 | 3 | 178 | 8 |
| 180 | 11 | 180 | 18 |
| 181 | 6 | 181 | 22 |
| 183 | 5 | 183 | 5 |
| 183 | 7 | 183 | 15 |
| 189 | 14 | 189 | 15 |
| 189 | 17 | 189 | 18 |
| 194 | 11 | 195 | 2 |
| 225 | 15 | 225 | 24 |
| 227 | 1 | 227 | 2 |
| 227 | 4 | 227 | 6 |
| 237 | 9 | 237 | 10 |
| 267 | 22 | 268 | 16 |

**Danny Maxey (June 1, 2016)**

24

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 12 | 16 | 13 | 5 |
| 13 | 25 | 14 | 17 |
| 25 | 22 | 26 | 6 |
| 32 | 2 | 32 | 11 |
| 38 | 4 | 39 | 8 |
| 39 | 25 | 40 | 14 |
| 44 | 24 | 45 | 1 |
| 46 | 5 | 46 | 25 |
| 47 | 14 | 47 | 17 |
| 48 | 4 | 48 | 6 |
| 48 | 9 | 48 | 14 |
| 48 | 17 | 48 | 18 |
| 49 | 1 | 49 | 4 |
| 49 | 7 | 49 | 16 |
| 50 | 18 | 51 | 2 |
| 51 | 6 | 51 | 23 |
| 52 | 23 | 53 | 16 |
| 56 | 15 | 57 | 4 |
| 59 | 24 | 60 | 17 |
| 63 | 23 | 65 | 24 |
| 66 | 15 | 67 | 11 |
| 67 | 13 | 67 | 21 |
| 68 | 6 | 69 | 21 |
| 69 | 23 | 70 | 1 |
| 81 | 7 | 82 | 21 |
| 83 | 4 | 83 | 7 |
| 83 | 9 | 84 | 5 |
| 84 | 7 | 84 | 22 |
| 85 | 16 | 86 | 10 |
| 94 | 2 | 94 | 25 |
| 97 | 2 | 97 | 9 |
| 100 | 4 | 103 | 5 |

| | | | |
|---|---|---|---|
| 107 | 18 | 112 | 25 |
| 114 | 17 | 120 | 2 |
| 126 | 20 | 127 | 7 |
| 134 | 11 | 134 | 23 |
| 172 | 2 | 172 | 25 |
| 173 | 8 | 173 | 11 |
| 173 | 14 | 173 | 16 |
| 177 | 11 | 179 | 7 |
| 179 | 19 | 181 | 3 |
| 182 | 22 | 183 | 17 |
| 187 | 13 | 193 | 19 |
| 193 | 22 | 194 | 5 |
| 195 | 15 | 196 | 6 |
| 196 | 25 | 197 | 25 |
| 204 | 17 | 205 | 16 |
| 210 | 24 | 211 | 18 |
| 225 | 18 | 226 | 3 |
| 228 | 14 | 230 | 1 |
| 241 | 20 | 241 | 23 |
| 242 | 16 | 243 | 2 |
| 247 | 21 | 249 | 22 |
| 250 | 15 | 250 | 16 |
| 250 | 21 | 252 | 5 |
| 263 | 18 | 263 | 20 |
| 263 | 23 | 264 | 4 |
| 264 | 7 | 267 | 5 |
| 267 | 8 | 267 | 9 |
| 267 | 12 | 267 | 12 |
| 269 | 11 | 271 | 1 |

**Vicki Micheau (September 7, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 17 | 3 | 17 | 6 |

26

| 20 | 8 | 20 | 15 |
|---|---|---|---|
| 21 | 16 | 21 | 23 |
| 49 | 24 | 51 | 7 |
| 80 | 6 | 80 | 12 |
| 86 | 16 | 87 | 2 |
| 120 | 21 | 121 | 8 |
| 126 | 15 | 126 | 22 |
| 129 | 7 | 129 | 14 |
| 132 | 25 | 133 | 4 |
| 137 | 18 | 137 | 23 |
| 196 | 16 | 196 | 20 |
| 197 | 16 | 197 | 18 |
| 198 | 15 | 199 | 1 |
| 209 | 3 | 213 | 9 |
| 219 | 1 | 222 | 10 |
| 222 | 19 | 223 | 5 |
| 231 | 22 | 233 | 19 |
| 234 | 6 | 238 | 23 |
| 253 | 8 | 253 | 11 |

**Robert Pahl (September 26, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 10 | 22 | 11 | 14 |
| 12 | 24 | 13 | 16 |
| 14 | 16 | 17 | 11 |
| 19 | 6 | 19 | 13 |
| 20 | 22 | 22 | 10 |
| 22 | 18 | 22 | 22 |
| 23 | 22 | 24 | 1 |
| 24 | 22 | 26 | 4 |
| 26 | 24 | 27 | 13 |
| 29 | 9 | 29 | 22 |
| 36 | 6 | 38 | 22 |

| | | | |
|---|---|---|---|
| 41 | 1 | 42 | 21 |
| 44 | 3 | 46 | 7 |
| 46 | 11 | 46 | 21 |
| 47 | 3 | 48 | 19 |
| 49 | 6 | 49 | 9 |
| 58 | 17 | 59 | 3 |
| 59 | 16 | 60 | 1 |
| 62 | 12 | 62 | 15 |
| 73 | 17 | 77 | 1 |
| 78 | 10 | 80 | 17 |
| 88 | 20 | 88 | 25 |
| 90 | 23 | 91 | 2 |
| 111 | 7 | 111 | 22 |
| 127 | 17 | 128 | 11 |
| 129 | 12 | 130 | 12 |
| 131 | 24 | 132 | 2 |
| 134 | 20 | 135 | 3 |
| 142 | 9 | 142 | 15 |
| 143 | 23 | 144 | 11 |
| 150 | 12 | 155 | 4 |
| 159 | 17 | 159 | 22 |
| 160 | 1 | 172 | 14 |
| 172 | 16 | 172 | 18 |
| 172 | 20 | 175 | 4 |
| 175 | 6 | 175 | 10 |
| 175 | 14 | 177 | 8 |
| 177 | 10 | 180 | 6 |
| 180 | 9 | 180 | 9 |
| 180 | 11 | 182 | 5 |
| 185 | 6 | 190 | 7 |
| 191 | 16 | 193 | 14 |
| 195 | 23 | 196 | 1 |
| 196 | 4 | 196 | 5 |
| 197 | 1 | 197 | 4 |
| 203 | 4 | 209 | 2 |
| 211 | 9 | 211 | 25 |
| 218 | 9 | 218 | 16 |

| | | | |
|---|---|---|---|
| 219 | 6 | 220 | 3 |
| 221 | 5 | 222 | 12 |
| 222 | 17 | 224 | 12 |
| 231 | 5 | 231 | 16 |
| 231 | 21 | 234 | 10 |
| 237 | 21 | 239 | 4 |
| 239 | 21 | 241 | 2 |
| 243 | 3 | 245 | 5 |
| 245 | 16 | 249 | 24 |
| | | | |
| | | | |

**James Perrin (September 20, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 46 | 6 | 47 | 9 |
| 89 | 2 | 90 | 2 |

**Tom Ploughe (August 31, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 26 | 8 | 29 | 25 |
| 30 | 23 | 31 | 1 |
| 31 | 11 | 33 | 1 |
| 54 | 7 | 54 | 24 |
| 55 | 2 | 55 | 4 |
| 58 | 12 | 58 | 15 |
| 60 | 5 | 60 | 11 |
| 63 | 4 | 63 | 6 |
| 64 | 4 | 64 | 4 |
| 64 | 22 | 65 | 5 |

29

| | | | |
|---|---|---|---|
| 65 | 7 | 65 | 7 |
| 65 | 9 | 65 | 17 |
| 65 | 19 | 65 | 25 |
| 66 | 23 | 66 | 23 |
| 67 | 11 | 67 | 13 |
| 67 | 16 | 67 | 20 |
| 67 | 25 | 68 | 1 |
| 69 | 23 | 70 | 7 |
| 70 | 19 | 72 | 1 |
| 72 | 3 | 72 | 12 |
| 73 | 13 | 73 | 22 |
| 73 | 24 | 75 | 1 |
| 75 | 17 | 76 | 17 |
| 76 | 22 | 77 | 1 |
| 81 | 13 | 82 | 19 |
| 82 | 21 | 82 | 24 |
| 86 | 20 | 88 | 14 |
| 102 | 8 | 102 | 11 |
| 102 | 14 | 102 | 15 |
| 109 | 25 | 110 | 14 |
| 110 | 18 | 110 | 23 |
| 111 | 2 | 111 | 8 |
| 111 | 20 | 111 | 23 |
| 112 | 2 | 112 | 4 |
| 114 | 5 | 114 | 10 |
| 120 | 6 | 120 | 15 |
| 120 | 18 | 121 | 25 |
| 122 | 25 | 123 | 20 |
| 124 | 1 | 125 | 1 |
| 127 | 14 | 127 | 21 |
| 127 | 23 | 128 | 2 |
| 128 | 5 | 128 | 10 |
| 131 | 9 | 131 | 10 |
| 131 | 13 | 131 | 17 |
| 131 | 21 | 132 | 1 |
| 132 | 4 | 132 | 8 |
| 132 | 11 | 132 | 21 |

| 132 | 23 | 133 | 19 |
| 135 | 25 | 136 | 3 |
| 136 | 10 | 136 | 11 |
| 136 | 14 | 136 | 19 |
| 143 | 12 | 143 | 18 |
| 143 | 21 | 144 | 11 |
| 150 | 20 | 150 | 24 |
| 153 | 21 | 154 | 7 |
| 156 | 16 | 157 | 16 |
| 158 | 5 | 160 | 11 |
| 167 | 16 | 168 | 22 |
| 172 | 10 | 172 | 25 |
| 173 | 10 | 174 | 13 |
| 192 | 23 | 195 | 13 |
| 195 | 22 | 197 | 3 |
| 197 | 21 | 198 | 3 |
| 199 | 13 | 199 | 18 |
| 199 | 21 | 199 | 25 |
| 200 | 22 | 202 | 23 |
| 203 | 19 | 205 | 5 |
| 212 | 23 | 213 | 20 |
| 214 | 1 | 218 | 24 |
| 219 | 9 | 219 | 24 |
| 222 | 24 | 225 | 1 |
| 236 | 23 | 237 | 21 |
| 238 | 18 | 240 | 8 |
| 241 | 21 | 244 | 1 |
| 253 | 2 | 257 | 6 |
| 262 | 6 | 263 | 7 |
| 265 | 19 | 266 | 21 |

**Chip Poth (October 3, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |

31

| | | | |
|---|---|---|---|
| 9 | 19 | 9 | 20 |
| 10 | 9 | 12 | 22 |
| 12 | 23 | 13 | 14 |
| 13 | 18 | 13 | 21 |
| 17 | 15 | 20 | 7 |
| 22 | 3 | 22 | 3 |
| 23 | 23 | 23 | 24 |
| 24 | 1 | 24 | 4 |
| 27 | 6 | 27 | 25 |
| 28 | 12 | 28 | 16 |
| 28 | 19 | 28 | 23 |
| 29 | 24 | 30 | 24 |
| 31 | 1 | 31 | 11 |
| 37 | 4 | 37 | 19 |
| 39 | 9 | 39 | 13 |
| 39 | 14 | 39 | 17 |
| 42 | 5 | 42 | 8 |
| 42 | 10 | 43 | 14 |
| 43 | 17 | 44 | 11 |
| 46 | 2 | 46 | 5 |
| 46 | 7 | 46 | 8 |
| 47 | 5 | 47 | 11 |
| 47 | 16 | 48 | 23 |
| 49 | 4 | 49 | 24 |
| 50 | 13 | 50 | 18 |
| 51 | 3 | 51 | 17 |
| 51 | 19 | 52 | 4 |
| 52 | 7 | 52 | 16 |
| 53 | 4 | 53 | 12 |
| 53 | 15 | 53 | 24 |
| 54 | 1 | 54 | 23 |
| 55 | 1 | 55 | 7 |
| 55 | 9 | 55 | 19 |
| 55 | 21 | 56 | 11 |
| 56 | 13 | 56 | 16 |
| 56 | 18 | 56 | 22 |
| 56 | 24 | 57 | 2 |

| | | | |
|---|---|---|---|
| 57 | 5 | 58 | 2 |
| 60 | 10 | 60 | 13 |
| 60 | 15 | 61 | 10 |
| 61 | 12 | 61 | 12 |
| 62 | 5 | 62 | 14 |
| 64 | 25 | 65 | 11 |
| 65 | 14 | 66 | 5 |
| 66 | 14 | 66 | 23 |
| 67 | 5 | 67 | 13 |
| 67 | 25 | 70 | 7 |
| 72 | 6 | 73 | 18 |
| 74 | 12 | 74 | 14 |
| 74 | 17 | 74 | 20 |
| 75 | 7 | 75 | 17 |
| 76 | 19 | 77 | 2 |
| 78 | 5 | 78 | 7 |
| 78 | 9 | 78 | 13 |
| 78 | 17 | 79 | 21 |
| 80 | 1 | 80 | 15 |
| 80 | 17 | 81 | 8 |
| 81 | 13 | 81 | 15 |
| 81 | 23 | 81 | 24 |
| 83 | 4 | 84 | 4 |
| 85 | 1 | 85 | 4 |
| 85 | 6 | 85 | 14 |
| 85 | 16 | 87 | 10 |
| 87 | 20 | 88 | 2 |
| 88 | 3 | 88 | 4 |
| 88 | 7 | 88 | 14 |
| 89 | 21 | 90 | 10 |
| 91 | 16 | 92 | 9 |
| 97 | 14 | 97 | 17 |
| 98 | 5 | 98 | 8 |
| 98 | 11 | 99 | 6 |
| 104 | 9 | 105 | 9 |
| 105 | 12 | 106 | 11 |
| 106 | 18 | 106 | 21 |

| | | | |
|---|---|---|---|
| 106 | 23 | 107 | 2 |
| 107 | 23 | 108 | 4 |
| 108 | 24 | 110 | 1 |
| 110 | 9 | 110 | 20 |
| 111 | 3 | 113 | 6 |
| 113 | 16 | 113 | 20 |
| 113 | 23 | 114 | 1 |
| 114 | 13 | 116 | 5 |
| 116 | 13 | 117 | 23 |
| 132 | 13 | 133 | 4 |
| 142 | 18 | 143 | 9 |
| 145 | 15 | 147 | 2 |
| 164 | 25 | 165 | 19 |
| 177 | 12 | 178 | 2 |
| 180 | 5 | 187 | 7 |
| 191 | 16 | 192 | 5 |
| 192 | 13 | 192 | 19 |
| 192 | 22 | 193 | 5 |
| 201 | 4 | 201 | 22 |
| 204 | 24 | 205 | 6 |
| 206 | 4 | 207 | 13 |
| 210 | 5 | 211 | 3 |
| 217 | 6 | 217 | 22 |
| 218 | 1 | 218 | 2 |
| 218 | 5 | 218 | 12 |
| 220 | 13 | 221 | 7 |
| 221 | 9 | 221 | 11 |
| 221 | 16 | 222 | 7 |
| 222 | 15 | 224 | 13 |
| 225 | 13 | 226 | 5 |
| 236 | 10 | 236 | 19 |
| 237 | 13 | 237 | 16 |
| 237 | 18 | 238 | 20 |
| 241 | 20 | 243 | 2 |
| 251 | 18 | 252 | 8 |
| 252 | 11 | 252 | 14 |
| 252 | 17 | 253 | 4 |

| 254 | 11 | 255 | 9 |
| 255 | 13 | 255 | 18 |
| 256 | 2 | 256 | 8 |
| 256 | 13 | 256 | 15 |
| 256 | 22 | 256 | 24 |
| 257 | 1 | 257 | 9 |
| 257 | 11 | 258 | 24 |
| 259 | 1 | 260 | 2 |
| 260 | 5 | 260 | 19 |
| 260 | 22 | 260 | 25 |
| 266 | 8 | 267 | 5 |
| 276 | 8 | 276 | 11 |
| 276 | 15 | 276 | 23 |
| 277 | 1 | 277 | 9 |
| 277 | 12 | 277 | 16 |
| 285 | 21 | 290 | 16 |

**William Quiring (September 7, 2017)**

| Plaintiff's Counter Designations | | | |
| --- | --- | --- | --- |
| Start Page | Start Line | End Page | End Line |
| 8 | 12 | 10 | 14 |
| 11 | 16 | 11 | 17 |
| 13 | 18 | 14 | 4 |
| 14 | 23 | 15 | 14 |
| 24 | 21 | 24 | 22 |
| 24 | 25 | 24 | 25 |
| 30 | 17 | 34 | 14 |
| 39 | 9 | 40 | 8 |
| 52 | 24 | 52 | 25 |
| 53 | 8 | 54 | 14 |
| 54 | 24 | 55 | 8 |
| 55 | 20 | 57 | 9 |
| 61 | 9 | 62 | 10 |
| 65 | 4 | 65 | 8 |

35

| 76 | 5 | 76 | 18 |
| 79 | 21 | 80 | 10 |
| 93 | 18 | 95 | 10 |
| 96 | 1 | 96 | 11 |
| 98 | 9 | 98 | 20 |
| 127 | 7 | 127 | 12 |
| 130 | 17 | 132 | 4 |
| 140 | 25 | 148 | 11 |
| 149 | 24 | 157 | 2 |
| 157 | 13 | 159 | 13 |
| 159 | 16 | 162 | 3 |
| 163 | 14 | 164 | 13 |
| 165 | 8 | 166 | 8 |
| 167 | 18 | 168 | 5 |
| 168 | 12 | 169 | 14 |
| 170 | 7 | 170 | 9 |
| 170 | 22 | 173 | 2 |
| 173 | 14 | 174 | 20 |
| 175 | 6 | 178 | 22 |
| 179 | 5 | 181 | 20 |
| 187 | 3 | 194 | 4 |

**John Restall (August 17, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 20 | 24 | 23 | 9 |
| 23 | 15 | 23 | 16 |
| 26 | 4 | 26 | 16 |
| 27 | 5 | 27 | 20 |
| 28 | 1 | 29 | 1 |
| 104 | 1 | 104 | 17 |
| 104 | 19 | 105 | 16 |
| 106 | 15 | 107 | 7 |
| 134 | 10 | 135 | 9 |

| | | | |
|---|---|---|---|
| 141 | 3 | 141 | 16 |
| 149 | 23 | 150 | 15 |
| 150 | 24 | 151 | 2 |
| 151 | 5 | 151 | 10 |
| 152 | 10 | 152 | 21 |
| 155 | 22 | 156 | 15 |
| 161 | 1 | 161 | 9 |
| 183 | 13 | 184 | 4 |
| 223 | 6 | 225 | 17 |
| 226 | 7 | 227 | 10 |
| 227 | 14 | 228 | 6 |
| 231 | 12 | 232 | 5 |
| 232 | 22 | 233 | 1 |
| 234 | 18 | 235 | 14 |
| 237 | 1 | 239 | 6 |
| 241 | 25 | 242 | 12 |
| 242 | 14 | 242 | 14 |

**Eric Roegner (October 27, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 13 | 1 | 14 | 6 |
| 16 | 19 | 18 | 15 |
| 19 | 2 | 23 | 15 |
| 26 | 15 | 30 | 24 |
| 34 | 19 | 35 | 10 |
| 54 | 11 | 54 | 20 |
| 54 | 21 | 54 | 21 |
| 54 | 23 | 55 | 12 |
| 60 | 12 | 61 | 9 |
| 72 | 17 | 75 | 19 |
| 84 | 13 | 84 | 25 |
| 86 | 16 | 87 | 4 |
| 87 | 10 | 87 | 15 |

| 87 | 18 | 87 | 19 |
| 87 | 22 | 87 | 22 |
| 98 | 2 | 99 | 8 |
| 101 | 10 | 101 | 23 |
| 104 | 21 | 106 | 21 |
| 108 | 14 | 109 | 10 |
| 109 | 21 | 110 | 16 |
| 116 | 15 | 117 | 19 |
| 117 | 23 | 118 | 8 |
| 123 | 9 | 123 | 13 |
| 125 | 8 | 125 | 22 |
| 129 | 16 | 130 | 24 |
| 135 | 10 | 136 | 1 |
| 142 | 15 | 143 | 10 |
| 210 | 13 | 210 | 16 |
| 214 | 4 | 214 | 24 |
| 226 | 4 | 226 | 13 |
| 228 | 21 | 229 | 18 |
| 245 | 16 | 245 | 24 |
| 259 | 25 | 260 | 19 |
| 282 | 6 | 282 | 14 |
| 285 | 10 | 285 | 11 |
| 298 | 12 | 298 | 19 |

**Dustin Ruh (August 14, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 18 | 25 | 19 | 10 |
| 21 | 4 | 21 | 25 |
| 59 | 24 | 60 | 3 |
| 60 | 4 | 60 | 14 |
| 93 | 13 | 93 | 19 |
| 94 | 7 | 94 | 19 |
| 113 | 18 | 114 | 2 |

| | | | |
|---|---|---|---|
| 136 | 1 | 136 | 7 |
| 138 | 9 | 138 | 20 |
| 140 | 10 | 140 | 15 |
| 142 | 18 | 142 | 20 |
| 152 | 24 | 153 | 1 |
| 165 | 9 | 165 | 12 |
| 167 | 5 | 167 | 17 |
| 173 | 9 | 173 | 16 |
| 173 | 20 | 173 | 23 |
| 174 | 22 | 175 | 15 |
| 187 | 6 | 187 | 11 |
| 210 | 4 | 210 | 15 |
| 214 | 5 | 214 | 13 |
| 228 | 20 | 228 | 21 |
| 229 | 5 | 229 | 8 |
| 230 | 2 | 230 | 10 |

**Paul Scaglione (August 11, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 21 | 15 | 21 | 19 |
| 24 | 6 | 24 | 11 |
| 31 | 22 | 33 | 1 |
| 34 | 12 | 35 | 18 |
| 36 | 14 | 40 | 14 |
| 43 | 21 | 44 | 14 |
| 64 | 1 | 64 | 15 |
| 66 | 11 | 66 | 12 |
| 66 | 14 | 67 | 1 |
| 67 | 5 | 67 | 19 |
| 68 | 11 | 68 | 16 |
| 70 | 1 | 71 | 11 |
| 71 | 25 | 76 | 4 |
| 77 | 18 | 77 | 24 |

| | | | |
|---|---|---|---|
| 78 | 6 | 79 | 2 |
| 79 | 5 | 79 | 5 |
| 86 | 23 | 87 | 8 |
| 93 | 25 | 94 | 22 |
| 99 | 6 | 99 | 11 |
| 104 | 1 | 104 | 4 |
| 112 | 3 | 113 | 7 |
| 115 | 18 | 116 | 14 |
| 120 | 15 | 120 | 16 |
| 121 | 15 | 121 | 19 |
| 138 | 24 | 139 | 14 |
| 140 | 16 | 141 | 10 |
| 143 | 1 | 143 | 12 |
| 146 | 24 | 147 | 19 |
| 150 | 21 | 151 | 8 |
| 152 | 17 | 153 | 8 |
| 153 | 24 | 154 | 1 |
| 158 | 8 | 158 | 21 |
| 162 | 11 | 162 | 21 |
| 163 | 2 | 164 | 21 |
| 165 | 22 | 168 | 5 |
| 170 | 5 | 171 | 1 |
| 174 | 6 | 174 | 11 |
| 200 | 11 | 201 | 11 |
| 202 | 2 | 202 | 24 |
| 203 | 3 | 205 | 18 |
| 203 | 3 | 205 | 25 |
| 209 | 16 | 210 | 6 |
| 210 | 21 | 216 | 4 |
| 217 | 18 | 220 | 22 |
| 230 | 5 | 230 | 8 |
| 253 | 17 | 253 | 24 |
| 286 | 9 | 286 | 23 |
| 287 | 5 | 289 | 19 |
| 290 | 19 | 290 | 23 |
| 291 | 1 | 291 | 5 |
| 303 | 9 | 304 | 14 |

| 305 | 20 | 306 | 1 |
| 313 | 17 | 315 | 4 |
| 315 | 14 | 317 | 16 |
| 328 | 16 | 329 | 6 |
| 330 | 23 | 331 | 3 |
| 331 | 6 | 331 | 11 |

**Henry Sigler (September 15, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 16 | 15 | 16 | 22 |
| 20 | 23 | 21 | 7 |
| 28 | 12 | 31 | 21 |
| 33 | 17 | 35 | 7 |
| 40 | 1 | 41 | 3 |
| 41 | 16 | 41 | 19 |
| 42 | 1 | 42 | 3 |
| 45 | 10 | 49 | 13 |
| 51 | 6 | 52 | 9 |
| 52 | 19 | 54 | 25 |
| 56 | 15 | 59 | 9 |
| 63 | 20 | 65 | 4 |
| 63 | 20 | 63 | 20 |
| 67 | 12 | 67 | 15 |
| 67 | 23 | 68 | 11 |
| 71 | 12 | 71 | 20 |
| 72 | 2 | 72 | 17 |
| 80 | 3 | 80 | 10 |
| 82 | 1 | 82 | 22 |
| 84 | 19 | 85 | 18 |
| 88 | 8 | 90 | 10 |
| 91 | 14 | 95 | 16 |
| 97 | 13 | 97 | 15 |
| 101 | 9 | 102 | 11 |

| | | | |
|---|---|---|---|
| 105 | 13 | 105 | 25 |
| 110 | 7 | 110 | 14 |
| 111 | 17 | 112 | 1 |
| 112 | 14 | 112 | 21 |
| 113 | 16 | 116 | 23 |
| 118 | 17 | 119 | 2 |
| 119 | 17 | 120 | 3 |
| 122 | 22 | 124 | 4 |
| 124 | 9 | 125 | 18 |
| 126 | 13 | 128 | 5 |
| 130 | 6 | 131 | 9 |
| 138 | 4 | 139 | 15 |
| 140 | 17 | 141 | 3 |
| 141 | 14 | 142 | 16 |
| 148 | 8 | 148 | 10 |
| 157 | 12 | 157 | 20 |
| 158 | 18 | 158 | 23 |
| 160 | 2 | 162 | 9 |
| 163 | 1 | 163 | 14 |
| 163 | 24 | 164 | 25 |
| 170 | 7 | 170 | 20 |
| 170 | 25 | 171 | 18 |
| 173 | 6 | 173 | 22 |
| 173 | 25 | 174 | 18 |
| 174 | 23 | 175 | 1 |
| 175 | 23 | 176 | 1 |
| 176 | 11 | 176 | 14 |
| 177 | 19 | 179 | 6 |
| 180 | 15 | 182 | 14 |
| 183 | 24 | 184 | 20 |
| 185 | 8 | 185 | 19 |
| 186 | 10 | 186 | 21 |
| 187 | 10 | 187 | 13 |
| 189 | 23 | 190 | 24 |
| 191 | 11 | 191 | 13 |
| 191 | 16 | 199 | 21 |
| 199 | 24 | 201 | 5 |

| 201 | 12 | 203 | 15 |
|-----|----|-----|----|
| 203 | 18 | 207 | 14 |
| 208 | 8  | 209 | 7  |
| 211 | 25 | 215 | 4  |
| 215 | 23 | 219 | 7  |
| 222 | 11 | 228 | 14 |
| 233 | 18 | 234 | 7  |
| 236 | 2  | 237 | 25 |
| 239 | 8  | 239 | 11 |
| 239 | 16 | 240 | 22 |
| 243 | 1  | 243 | 4  |
| 243 | 16 | 243 | 17 |
| 243 | 20 | 244 | 2  |
| 244 | 8  | 244 | 11 |
| 244 | 17 | 244 | 19 |
| 244 | 23 | 244 | 25 |
| 247 | 13 | 252 | 1  |
| 252 | 4  | 254 | 19 |
| 257 | 24 | 258 | 19 |
| 259 | 21 | 259 | 24 |
| 260 | 8  | 260 | 11 |
| 260 | 14 | 260 | 17 |
| 260 | 20 | 260 | 23 |
| 263 | 12 | 270 | 25 |
| 277 | 10 | 278 | 5  |
| 278 | 18 | 279 | 7  |
| 282 | 23 | 283 | 1  |

**Chad Walker (August 9, 2017)**

| Plaintiff's Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 12 | 15 | 12 | 16 |
| 14 | 1  | 14 | 7  |
| 14 | 8  | 14 | 10 |

43

| | | | |
|---|---|---|---|
| 14 | 19 | 15 | 12 |
| 16 | 13 | 17 | 5 |
| 18 | 5 | 18 | 15 |
| 18 | 16 | 19 | 18 |
| 20 | 1 | 20 | 9 |
| 20 | 10 | 21 | 9 |
| 21 | 20 | 23 | 2 |
| 24 | 1 | 24 | 20 |
| 30 | 12 | 30 | 14 |
| 31 | 21 | 32 | 15 |
| 36 | 13 | 36 | 16 |
| 72 | 19 | 72 | 21 |
| 73 | 11 | 75 | 5 |
| 113 | 14 | 117 | 10 |
| 118 | 16 | 122 | 18 |
| 122 | 19 | 125 | 16 |
| 125 | 21 | 125 | 23 |
| 126 | 10 | 126 | 20 |
| 126 | 21 | 130 | 10 |
| 143 | 8 | 146 | 7 |
| 151 | 16 | 155 | 17 |
| 156 | 1 | 156 | 13 |
| 184 | 18 | 185 | 1 |
| 186 | 8 | 187 | 2 |
| 202 | 25 | 205 | 2 |
| 205 | 15 | 206 | 15 |

# ATTACHMENT H-1(c)

(Plaintiffs' Counter-Counter-Designations of Portions of Deposition Testimony)

**ATTACHMENT H-1(c)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> UNIVERSAL ALLOY CORPORATION, <br><br> Defendant/and Counterclaim-Plaintiff. | Civil Action No.: 1:15-cv-01466-JPB <br><br> Jury Trial Requested |

**PLAINTIFFS' COUNTER-COUNTER DESIGNATIONS TO
DEFENDANT'S DEPOSITION DESIGNATIONS**

Plaintiffs Arconic Corporation and Howmet Aerospace, Inc. (f/k/a Alcoa, Inc.) (collectively "Alcoa") identify the following deposition testimony as counter-counter designations to testimony identified by Defendant UAC as counter-designations.  Alcoa reserves the right to revise, amend, or supplement these designations as necessitated by the Court's pretrial or trial rulings; UAC's trial designations, exhibits, or arguments; or to address any additional developments in the case.  Alcoa further reserves the right to provide designations for use in its

rebuttal case and to use any portion of any deposition transcript for the purposes of impeachment. Alcoa further reserves the right to introduce any deposition testimony designated by Defendant in order to ensure any testimony Defendant offers is complete. All extraneous and unnecessary matters, including nonessential colloquy of counsel, will be removed from the designations below when the designations are read to or viewed by the jury.

**Brian Ankenman (May 5, 2016)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 24 | 17 | 25 | 22 |
| 27 | 5 | 27 | 17 |
| 28 | 6 | 28 | 16 |
| 38 | 1 | 38 | 15 |
| 49 | 23 | 50 | 1 |
| 53 | 9 | 53 | 11 |
| 62 | 10 | 63 | 6 |
| 64 | 5 | 64 | 10 |
| 67 | 3 | 67 | 10 |
| 67 | 22 | 68 | 1 |
| 70 | 12 | 70 | 22 |
| 72 | 10 | 72 | 14 |
| 93 | 22 | 94 | 2 |
| 94 | 18 | 95 | 5 |
| 99 | 12 | 99 | 17 |
| 123 | 1 | 123 | 9 |

| 132 | 22 | 133 | 5 |
| 136 | 11 | 136 | 18 |
| 153 | 18 | 156 | 17 |
| 160 | 6 | 160 | 11 |
| 160 | 24 | 162 | 16 |
| 163 | 16 | 165 | 10 |
| 226 | 3 | 226 | 25 |
| 228 | 21 | 229 | 24 |
| 237 | 14 | 237 | 24 |
| 241 | 14 | 242 | 7 |
| 242 | 13 | 243 | 2 |
| 243 | 4 | 244 | 9 |
| 270 | 3 | 270 | 9 |
| 271 | 20 | 272 | 3 |
| 276 | 18 | 279 | 1 |
| 282 | 15 | 283 | 10 |
| 286 | 4 | 287 | 1 |
| 288 | 2 | 289 | 3 |
| 290 | 17 | 291 | 1 |
| 295 | 4 | 296 | 20 |

**John Ball (October 12, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 26 | 20 | 27 | 3 |
| 27 | 6 | 27 | 9 |
| 28 | 3 | 28 | 7 |
| 31 | 3 | 31 | 12 |
| 33 | 19 | 34 | 4 |
| 34 | 5 | 34 | 12 |
| 50 | 14 | 51 | 8 |
| 50 | 14 | 51 | 8 |

3

| | | | |
|---|---|---|---|
| 51 | 25 | 52 | 14 |
| 64 | 10 | 64 | 23 |

**Kelly Bethards (May 4, 2016)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 17 | 8 | 17 | 10 |
| 34 | 8 | 34 | 13 |
| 39 | 11 | 39 | 13 |
| 41 | 22 | 41 | 24 |
| 65 | 23 | 66 | 3 |
| 84 | 6 | 84 | 24 |
| 125 | 23 | 126 | 19 |
| 126 | 25 | 127 | 5 |
| 136 | 16 | 136 | 22 |
| 141 | 15 | 141 | 15 |
| 148 | 18 | 148 | 19 |
| 156 | 18 | 156 | 25 |
| 156 | 18 | 156 | 18 |
| 222 | 23 | 223 | 6 |
| 262 | 25 | 263 | 6 |

**Jeff Carpenter (September 8, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 77 | 19 | 77 | 25 |
| 127 | 13 | 127 | 16 |
| 127 | 18 | 127 | 20 |
| 128 | 2 | 128 | 6 |

| 128 | 8 | 129 | 11 |
| 137 | 11 | 138 | 3 |
| 140 | 21 | 141 | 19 |
| 152 | 16 | 153 | 9 |
| 154 | 21 | 155 | 7 |

**Alan Chase (September 22, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 8 | 5 | 8 | 21 |
| 9 | 3 | 9 | 10 |
| 25 | 11 | 26 | 5 |
| 34 | 10 | 34 | 21 |
| 40 | 17 | 41 | 2 |
| 65 | 1 | 65 | 6 |
| 73 | 21 | 73 | 23 |
| 107 | 11 | 108 | 12 |
| 108 | 15 | 108 | 15 |
| 110 | 6 | 110 | 7 |
| 110 | 10 | 111 | 2 |
| 111 | 4 | 111 | 4 |
| 121 | 2 | 121 | 6 |
| 121 | 12 | 121 | 16 |
| 124 | 10 | 124 | 18 |
| 125 | 1 | 126 | 10 |
| 127 | 10 | 127 | 18 |
| 137 | 8 | 137 | 11 |
| 142 | 4 | 142 | 20 |
| 143 | 17 | 144 | 2 |

**Mike Colt (October 18 and 19, 2017)**

5

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 171 | 25 | 172 | 8 |
| 250 | 1 | 250 | 3 |

**Gerry Dail (October 19, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 42 | 9 | 43 | 2 |
| 49 | 19 | 50 | 8 |
| 111 | 15 | 112 | 12 |
| 121 | 7 | 121 | 13 |
| 121 | 17 | 121 | 23 |

**Vic Dangerfield (October 10, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 123 | 10 | 123 | 12 |

**Michael Fultz (August 10, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 29 | 24 | 29 | 25 |
| 48 | 10 | 48 | 15 |
| 198 | 9 | 199 | 6 |

| 228 | 20 | 228 | 23 |
|-----|----|-----|----|
| 283 | 12 | 283 | 15 |
| 283 | 23 | 283 | 25 |
| 412 | 15 | 412 | 20 |
| 412 | 23 | 412 | 24 |
| 413 | 2  | 413 | 4  |
| 413 | 8  | 413 | 10 |
| 413 | 24 | 413 | 25 |
| 414 | 2  | 414 | 3  |

**Joe Kerkhove (August 29, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|-----|-----|-----|-----|
| Start Page | Start Line | End Page | End Line |
| 60  | 17 | 60  | 18 |
| 72  | 16 | 72  | 22 |
| 103 | 17 | 104 | 2  |
| 132 | 14 | 135 | 5  |
| 139 | 13 | 139 | 24 |
| 163 | 6  | 163 | 19 |
| 170 | 14 | 170 | 22 |
| 175 | 25 | 178 | 8  |
| 180 | 11 | 180 | 18 |
| 181 | 6  | 181 | 22 |
| 183 | 5  | 183 | 15 |
| 189 | 14 | 189 | 18 |
| 194 | 11 | 195 | 2  |
| 216 | 8  | 217 | 3  |
| 225 | 15 | 225 | 24 |
| 227 | 1  | 227 | 2  |
| 227 | 4  | 227 | 6  |
| 267 | 22 | 268 | 16 |

**Danny Maxey (June 1, 2016)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 44 | 24 | 45 | 1 |
| 46 | 5 | 46 | 25 |
| 47 | 14 | 47 | 17 |
| 48 | 4 | 48 | 6 |
| 48 | 9 | 48 | 14 |
| 48 | 17 | 48 | 18 |
| 49 | 1 | 49 | 4 |
| 49 | 7 | 49 | 16 |
| 81 | 7 | 81 | 9 |
| 97 | 2 | 97 | 9 |
| 100 | 4 | 103 | 5 |
| 114 | 17 | 120 | 2 |
| 134 | 11 | 134 | 23 |

**Vicki Micheau (September 7, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 253 | 8 | 253 | 11 |

**Robert Pahl (September 26, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 46 | 11 | 46 | 21 |
| 58 | 17 | 59 | 3 |
| 59 | 16 | 60 | 1 |
| 62 | 12 | 62 | 15 |

8

| 88 | 20 | 88 | 25 |
| 90 | 23 | 91 | 2 |
| 131 | 24 | 132 | 2 |
| 232 | 19 | 234 | 10 |
| 239 | 21 | 240 | 4 |

**Tom Ploughe (August 31, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 92 | 19 | 92 | 25 |
| 219 | 25 | 220 | 8 |
| 220 | 22 | 221 | 1 |
| 222 | 16 | 222 | 17 |
| 222 | 20 | 222 | 20 |
| 236 | 23 | 237 | 21 |
| 241 | 21 | 244 | 1 |

**Chip Poth (October 3, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 37 | 4 | 37 | 19 |

**William Quiring (September 7, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 11 | 16 | 11 | 17 |

**John Restall (August 17, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 26 | 4 | 26 | 16 |
| 130 | 25 | 131 | 13 |
| 234 | 18 | 235 | 14 |

**Paul Scaglione (August 11, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 21 | 15 | 21 | 19 |
| 64 | 1 | 64 | 15 |
| 90 | 3 | 90 | 3 |
| 104 | 1 | 104 | 4 |
| 120 | 15 | 120 | 16 |
| 198 | 3 | 198 | 5 |
| 243 | 13 | 243 | 15 |

**Chad Walker (August 9, 2017)**

| Plaintiff's Counter-Counter Designations | | | |
|---|---|---|---|
| Start Page | Start Line | End Page | End Line |
| 184 | 18 | 185 | 1 |

# ATTACHMENT H-2(a)

(Defendant's Affirmative Designations of Portions of Deposition Testimony)

**ATTACHMENT H-2(a)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), | ) ) ) ) ) | Civil Action No.: 1:15-cv-01466-JPB |
| Plaintiffs and Counterclaim-Defendants, | ) ) | |
| v. | ) ) | |
| UNIVERSAL ALLOY CORPORATION, | ) ) | |
| Defendant and Counterclaim-Plaintiff. | ) ) | |

**DEFENDANT'S DEPOSITION DESIGNATIONS**

Defendant Universal Alloy Corporation ("UAC") identifies the following listing of all persons whose testimony at trial may be given by deposition, and designates the following portions of each person's testimony which may be introduced in its case-in-chief.  UAC reserves the right to revise, amend, or supplement these designations as necessitated by the Court's pretrial or trial rulings; Arconic Corporation (f/k/a Alcoa Inc.) and Howmet Aerospace Inc.'s trial designations, exhibits, or arguments; or to address any additional developments in the case.  UAC further reserves the right to provide designations for use in its rebuttal case and to use any portion of any deposition transcript for the purposes of

impeachment.   All extraneous and unnecessary matters, including nonessential colloquy of counsel, will be removed from the designations below when the designations are read to or viewed by the jury.

**Brian Ankenman, dated May 5, 2016:**

| Page/Line | To | Page/Line |
|---|---|---|
| 5:1 | | 6:21 |
| 7:9 | | 8:15 |
| 9:15 | | 11:16 |
| 12:1 | | 13:7 |
| 14:19 | | 18:5 |
| 19:8 | | 21:6 |
| 21:21 | | 23:23 |
| 24:2 | | 24:16 |
| 25:23 | | 27:4 |
| 27:20 | | 28:5 |
| 28:17 | | 37:22 |
| 38:21 | | 45:4 |
| 47:10 | | 49:22 |
| 50:4 | | 52:18 |
| 52:24 | | 53:7 |
| 54:6 | | 54:8 |
| 54:14 | | 54:24 |
| 55:1 | | 55:18 |
| 56:15 | | 58:23 |
| 59:2 | | 62:9 |
| 63:7 | | 64:4 |
| 64:11 | | 67:2 |
| 68:2 | | 68:23 |
| 68:25 | | 69:6 |
| 69:9 | | 69:23 |
| 69:25 | | 70:11 |
| 70:23 | | 72:9 |
| 72:15 | | 75:17 |
| 79:21 | | 80:13 |
| 86:14 | | 89:13 |

| Page/Line | To | Page/Line |
|---|---|---|
| 89:16 | | 89:16 |
| 89:18 | | 89:25 |
| 91:13 | | 93:21 |
| 98:25 | | 99:11 |
| 100:20 | | 101:3 |
| 102:1 | | 103:1 |
| 104:10 | | 109:14 |
| 109:17 | | 109:24 |
| 112:21 | | 113:19 |
| 115:4 | | 122:25 |
| 123:10 | | 124:5 |
| 129:18 | | 132:21 |
| 133:6 | | 136:10 |
| 136:19 | | 138:10 |
| 140:25 | | 141:24 |
| 147:13 | | 148:12 |
| 148:15 | | 149:6 |
| 150:19 | | 152:11 |
| 156:18 | | 156:22 |
| 157:12 | | 157:21 |
| 158:5 | | 158:15 |
| 158:17 | | 159:16 |
| 159:20 | | 160:5 |
| 162:17 | | 162:20 |
| 162:22 | | 162:24 |
| 163:7 | | 163:15 |
| 165:11 | | 166:23 |
| 188:14 | | 190:25 |
| 191:3 | | 191:15 |
| 195:5 | | 195:8 |
| 195:12 | | 195:15 |
| 195:18 | | 195:24 |
| 207:18 | | 208:9 |
| 219:3 | | 219:7 |
| 223:7 | | 223:19 |
| 223:21 | | 223:21 |
| 225:19 | | 226:2 |
| 227:1 | | 228:20 |
| 230:5 | | 230:9 |

3

| Page/Line | To | Page/Line |
|---|---|---|
| 230:11 | | 230:13 |
| 230:15 | | 230:15 |
| 230:17 | | 231:1 |
| 235:18 | | 237:13 |
| 251:23 | | 254:8 |
| 254:11 | | 254:25 |
| 256:1 | | 256:7 |
| 256:18 | | 256:19 |
| 258:24 | | 259:2 |
| 259:5 | | 259:9 |
| 259:12 | | 259:21 |
| 259:23 | | 260:4 |
| 260:7 | | 260:10 |
| 260:13 | | 260:13 |
| 264:11 | | 265:19 |
| 266:19 | | 270:2 |
| 270:10 | | 270:10 |
| 270:12 | | 271:19 |
| 273:22 | | 274:21 |
| 274:23 | | 275:16 |
| 275:19 | | 276:14 |
| 276:17 | | 276:17 |
| 279:12 | | 281:21 |
| 282:6 | | 282:10 |
| 285:10 | | 286:3 |
| 287:2 | | 288:1 |
| 291:2 | | 291:24 |
| 299:11 | | 299:21 |
| 299:24 | | 301:23 |
| 302:1 | | 303:15 |
| 309:23 | | 309:24 |
| 310:2 | | 311:7 |
| 315:12 | | 315:23 |
| 316:1 | | 317:3 |

**John Ball, dated October 12, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 5:8 | | 8:4 |
| 21:23 | | 22:9 |
| 23:2 | | 23:19 |
| 24:12 | | 26:3 |
| 26:8 | | 26:19 |
| 28:8 | | 30:4 |
| 30:9 | | 31:2 |
| 35:24 | | 36:9 |
| 42:17 | | 43:2 |
| 44:19 | | 45:25 |
| 46:12 | | 46:16 |
| 48:20 | | 50:13 |
| 51:9 | | 51:24 |
| 53:20 | | 54:11 |
| 61:12 | | 63:1 |
| 63:25 | | 64:9 |
| 65:17 | | 66:14 |

**Kelly Bethards, dated May 4, 2016:**

| Page/Line | To | Page/Line |
|---|---|---|
| 5:2 | | 6:12 |
| 8:1 | | 10:19 |
| 13:4 | | 14:1 |
| 15:8 | | 16:13 |
| 17:11 | | 19:5 |
| 19:8 | | 21:8 |
| 21:11 | | 22:19 |
| 23:25 | | 24:9 |
| 24:12 | | 24:15 |
| 24:18 | | 24:21 |
| 24:23 | | 24:25 |
| 25:3 | | 26:25 |
| 27:2 | | 27:22 |
| 27:24 | | 29:13 |
| 29:15 | | 30:12 |
| 30:14 | | 30:20 |

| Page/Line | To | Page/Line |
|---|---|---|
| 30:22 | | 31:24 |
| 32:12 | | 34:7 |
| 34:14 | | 37:9 |
| 37:22 | | 37:23 |
| 37:25 | | 38:2 |
| 38:4 | | 38:7 |
| 38:9 | | 38:13 |
| 38:20 | | 39:10 |
| 39:17 | | 40:1 |
| 40:3 | | 41:2 |
| 41:5 | | 41:10 |
| 41:13 | | 41:21 |
| 42:8 | | 42:11 |
| 42:13 | | 42:19 |
| 42:22 | | 42:24 |
| 43:25 | | 44:3 |
| 44:5 | | 44:16 |
| 44:18 | | 44:19 |
| 44:21 | | 46:12 |
| 46:14 | | 48:8 |
| 48:10 | | 48:18 |
| 48:20 | | 48:20 |
| 48:22 | | 49:22 |
| 49:24 | | 50:2 |
| 50:11 | | 51:2 |
| 51:4 | | 51:9 |
| 51:19 | | 52:7 |
| 52:25 | | 53:9 |
| 55:22 | | 56:10 |
| 57:22 | | 58:1 |
| 58:20 | | 59:4 |
| 59:25 | | 60:4 |
| 60:7 | | 60:9 |
| 60:12 | | 60:13 |
| 60:23 | | 61:1 |
| 61:3 | | 61:4 |
| 62:6 | | 62:7 |
| 62:9 | | 63:6 |
| 64:16 | | 64:25 |

| Page/Line | To | Page/Line |
|---|---|---|
| 66:6 | | 66:15 |
| 67:2 | | 67:12 |
| 67:19 | | 67:24 |
| 68:7 | | 70:24 |
| 71:17 | | 72:11 |
| 74:1 | | 75:10 |
| 77:3 | | 77:6 |
| 77:8 | | 78:4 |
| 78:10 | | 79:4 |
| 79:6 | | 79:8 |
| 79:11 | | 80:17 |
| 80:19 | | 81:5 |
| 81:7 | | 81:8 |
| 81:10 | | 82:21 |
| 83:20 | | 84:3 |
| 84:5 | | 84:5 |
| 85:3 | | 86:11 |
| 86:13 | | 86:13 |
| 86:16 | | 89:25 |
| 90:2 | | 90:2 |
| 94:4 | | 94:20 |
| 94:22 | | 95:4 |
| 95:6 | | 95:6 |
| 95:12 | | 95:17 |
| 98:25 | | 100:11 |
| 103:8 | | 104:5 |
| 104:7 | | 104:7 |
| 106:1 | | 107:4 |
| 107:12 | | 107:15 |
| 109:7 | | 109:11 |
| 109:14 | | 109:23 |
| 113:13 | | 116:18 |
| 116:20 | | 117:6 |
| 117:9 | | 117:17 |
| 118:20 | | 119:5 |
| 119:9 | | 119:15 |
| 119:17 | | 119:17 |
| 119:20 | | 119:20 |
| 119:22 | | 119:25 |

7

| Page/Line | To | Page/Line |
|---|---|---|
| 120:2 | | 120:2 |
| 120:4 | | 120:7 |
| 120:9 | | 120:12 |
| 120:14 | | 120:18 |
| 148:20 | | 156:2 |
| 156:5 | | 156:8 |
| 156:11 | | 156:12 |
| 156:14 | | 156:17 |
| 163:3 | | 164:7 |
| 188:2 | | 188:19 |
| 188:22 | | 188:22 |
| 189:1 | | 189:10 |
| 191:12 | | 191:20 |
| 191:25 | | 192:16 |
| 196:13 | | 198:11 |
| 198:14 | | 198:18 |
| 204:6 | | 205:2 |
| 227:12 | | 229:4 |
| 229:11 | | 230:4 |
| 235:5 | | 238:1 |
| 259:5 | | 259:24 |
| 260:8 | | 262:24 |

**Jeff Carpenter, dated September 8, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 4:2 | | 6:17 |
| 6:22 | | 9:21 |
| 10:5 | | 11:9 |
| 13:18 | | 15:7 |
| 15:14 | | 16:14 |
| 16:18 | | 18:4 |
| 18:7 | | 20:4 |
| 20:21 | | 21:5 |
| 23:3 | | 23:21 |
| 24:4 | | 27:15 |
| 28:22 | | 40:6 |
| 40:22 | | 44:15 |

| Page/Line | To | Page/Line |
|---|---|---|
| 45:19 | | 46:1 |
| 46:24 | | 47:10 |
| 47:20 | | 47:24 |
| 49:22 | | 58:6 |
| 58:14 | | 65:12 |
| 66:13 | | 67:5 |
| 68:12 | | 71:4 |
| 71:12 | | 71:17 |
| 71:20 | | 75:6 |
| 75:19 | | 77:18 |
| 78:1 | | 79:17 |
| 80:16 | | 81:9 |
| 81:14 | | 82:12 |
| 83:2 | | 85:25 |
| 88:1 | | 89:18 |
| 90:16 | | 92:8 |
| 93:14 | | 94:2 |
| 94:7 | | 95:22 |
| 95:24 | | 100:17 |
| 102:8 | | 103:23 |
| 104:3 | | 104:10 |
| 115:22 | | 116:16 |
| 123:15 | | 124:1 |
| 125:12 | | 126:1 |
| 153:14 | | 154:20 |

**Alan Chase, dated September 22, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 4:1 | | 6:7 |
| 7:19 | | 10:18 |
| 26:6 | | 26:22 |
| 36:16 | | 36:22 |
| 39:24 | | 40:16 |
| 51:19 | | 52:8 |
| 64:20 | | 64:25 |
| 73:15 | | 73:20 |
| 83:20 | | 83:23 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 84:8 | | 86:16 |
| 87:11 | | 88:1 |
| 100:21 | | 101:4 |
| 108:16 | | 110:5 |
| 123:14 | | 123:21 |
| 124:19 | | 124:25 |
| 128:22 | | 129:2 |
| 131:15 | | 132:9 |
| 136:24 | | 137:7 |
| 137:20 | | 139:16 |
| 139:21 | | 139:24 |
| 140:2 | | 140:15 |
| 140:17 | | 141:15 |
| 141:18 | | 141:25 |
| 142:2 | | 142:3 |
| 142:21 | | 143:16 |

**Michael Colt, dated October 18, 2017:**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 7:8 | | 8:13 |
| 8:22 | | 10:19 |
| 16:14 | | 17:16 |
| 20:17 | | 21:17 |
| 22:12 | | 23:16 |
| 30:9 | | 32:10 |
| 32:22 | | 34:2 |
| 34:16 | | 35:25 |
| 37:14 | | 38:11 |
| 53:11 | | 54:25 |
| 56:13 | | 57:1 |
| 62:10 | | 64:25 |
| 66:9 | | 67:6 |
| 67:8 | | 67:13 |
| 79:9 | | 79:20 |
| 99:13 | | 101:8 |
| 117:12 | | 119:12 |
| 119:15 | | 120:12 |

| **Page/Line** | **To** | **Page/Line** |
|:---:|:---:|:---:|
| 127:19 | | 128:5 |
| 130:22 | | 131:4 |
| 131:7 | | 131:22 |
| 163:4 | | 163:5 |
| 163:7 | | 163:12 |
| 172:17 | | 173:2 |
| 173:4 | | 177:20 |
| 186:10 | | 188:2 |
| 194:1 | | 195:13 |
| 231:20 | | 234:1 |
| 235:19 | | 237:2 |
| 237:20 | | 239:2 |
| 247:9 | | 247:24 |
| 248:3 | | 248:10 |
| 248:12 | | 248:21 |
| 249:14 | | 249:25 |
| 281:14 | | 282:18 |
| 289:11 | | 290:24 |
| 296:19 | | 297:1 |
| 297:18 | | 298:6 |
| 303:23 | | 303:24 |
| 304:2 | | 309:7 |
| 309:9 | | 309:13 |
| 310:12 | | 310:17 |
| 312:17 | | 313:4 |
| 315:4 | | 316:12 |
| 316:24 | | 317:15 |

**Michael Colt, dated October 19, 2017:**

| **Page/Line** | **To** | **Page/Line** |
|:---:|:---:|:---:|
| 357:25 | | 359:2 |
| 384:11 | | 384:23 |
| 385:7 | | 385:14 |
| 386:4 | | 386:21 |
| 391:21 | | 392:12 |
| 392:14 | | 394:7 |

| Page/Line | To | Page/Line |
|---|---|---|
| 402:23 | | 403:1 |
| 403:4 | | 403:18 |
| 403:20 | | 405:12 |
| 411:23 | | 413:9 |
| 413:16 | | 414:7 |
| 414:11 | | 414:14 |
| 414:19 | | 414:25 |
| 415:10 | | 416:11 |
| 416:13 | | 417:1 |
| 431:5 | | 431:9 |
| 431:12 | | 432:21 |
| 435:5 | | 436:25 |
| 437:4 | | 437:12 |
| 438:2 | | 438:6 |
| 449:8 | | 450:22 |
| 452:10 | | 452:22 |
| 469:17 | | 470:22 |
| 495:23 | | 498:8 |
| 502:4 | | 502:12 |
| 504:25 | | 505:13 |

**Arconic 30(b)(6) deposition of Edward Colvin, dated November 8, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 8:3 | | 10:25 |
| 11:3 | | 11:6 |
| 12:5 | | 12:12 |
| 12:19 | | 12:21 |
| 12:24 | | 13:4 |
| 13:7 | | 13:7 |
| 13:19 | | 13:22 |
| 86:10 | | 86:11 |
| 86:14 | | 86:18 |
| 86:21 | | 87:3 |
| 87:23 | | 87:25 |
| 88:3 | | 88:7 |
| 88:10 | | 88:15 |
| 88:18 | | 89:2 |

| Page/Line | To | Page/Line |
|---|---|---|
| 89:5 | | 89:10 |
| 89:12 | | 89:12 |
| 90:10 | | 90:16 |
| 90:19 | | 91:4 |
| 91:8 | | 91:14 |
| 91:17 | | 91:18 |
| 91:20 | | 91:25 |
| 93:14 | | 93:19 |
| 94:1 | | 94:3 |
| 95:3 | | 95:8 |
| 95:11 | | 95:21 |
| 95:24 | | 96:13 |
| 96:16 | | 96:25 |
| 97:3 | | 97:10 |
| 97:13 | | 97:15 |
| 98:3 | | 98:5 |
| 98:7 | | 98:17 |
| 98:20 | | 98:24 |
| 99:2 | | 99:11 |
| 99:16 | | 100:1 |
| 100:4 | | 100:18 |
| 100:21 | | 100:24 |
| 105:8 | | 105:10 |
| 105:13 | | 105:20 |
| 105:23 | | 106:2 |
| 106:5 | | 106:5 |
| 106:7 | | 106:11 |
| 106:14 | | 106:20 |
| 106:23 | | 106:24 |
| 108:6 | | 108:7 |
| 108:12 | | 108:18 |
| 113:12 | | 113:14 |
| 113:16 | | 114:4 |
| 133:6 | | 133:11 |
| 135:18 | | 135:20 |
| 141:13 | | 141:18 |
| 141:20 | | 142:5 |
| 142:25 | | 143:8 |
| 143:12 | | 144:17 |

| Page/Line | To | Page/Line |
|---|---|---|
| 145:1 | | 145:18 |
| 146:8 | | 146:15 |
| 161:8 | | 161:16 |
| 211:17 | | 212:22 |
| 212:25 | | 213:1 |
| 213:3 | | 214:2 |
| 235:12 | | 235:21 |
| 247:5 | | 247:19 |
| 248:18 | | 249:7 |
| 256:14 | | 257:4 |
| 259:13 | | 264:22 |
| 264:25 | | 266:3 |
| 266:6 | | 266:19 |
| 288:5 | | 290:14 |
| 290:19 | | 291:2 |
| 292:20 | | 292:25 |
| 293:3 | | 293:7 |
| 295:20 | | 295:24 |
| 296:8 | | 296:19 |
| 297:18 | | 297:23 |
| 300:1 | | 301:7 |
| 301:9 | | 301:12 |
| 301:15 | | 301:20 |
| 301:23 | | 302:2 |
| 302:5 | | 302:7 |
| 302:10 | | 303:4 |
| 303:8 | | 303:19 |
| 303:21 | | 303:22 |
| 303:24 | | 303:25 |
| 304:4 | | 304:16 |
| 304:19 | | 304:22 |
| 305:1 | | 305:3 |
| 305:5 | | 306:25 |
| 307:3 | | 308:24 |
| 309:13 | | 310:22 |
| 313:8 | | 313:23 |
| 318:17 | | 319:8 |
| 319:22 | | 320:7 |
| 321:9 | | 321:20 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 323:18 | | 324:17 |
| 324:20 | | 325:6 |
| 325:9 | | 326:7 |

**Arconic 30(b)(6) deposition of Edward Colvin, dated November 9, 2017:**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 341:17 | | 341:19 |
| 342:1 | | 342:5 |
| 344:8 | | 344:22 |
| 346:19 | | 347:17 |
| 348:24 | | 349:6 |
| 349:9 | | 349:10 |
| 358:9 | | 358:13 |
| 358:16 | | 359:2 |
| 359:6 | | 359:24 |
| 360:2 | | 360:9 |
| 376:20 | | 379:14 |
| 385:6 | | 385:9 |
| 389:6 | | 391:18 |
| 392:15 | | 393:1 |
| 393:4 | | 393:6 |
| 398:10 | | 399:3 |
| 455:21 | | 455:24 |
| 456:2 | | 456:8 |
| 456:11 | | 457:2 |
| 462:18 | | 462:21 |
| 463:4 | | 463:6 |
| 480:3 | | 481:11 |
| 487:24 | | 489:23 |
| 550:11 | | 550:14 |
| 552:12 | | 553:1 |
| 570:9 | | 570:12 |
| 570:15 | | 570:25 |
| 571:3 | | 571:4 |
| 594:14 | | 594:20 |
| 596:20 | | 596:21 |
| 596:25 | | 597:7 |

| Page/Line | To | Page/Line |
|---|---|---|
| 597:14 | | 597:19 |
| 597:22 | | 598:1 |
| 598:4 | | 598:9 |
| 598:12 | | 598:16 |
| 598:19 | | 598:23 |
| 598:25 | | 599:2 |
| 599:4 | | 599:8 |
| 599:10 | | 599:16 |
| 599:19 | | 599:22 |
| 599:25 | | 600:5 |
| 600:8 | | 600:8 |
| 600:10 | | 600:13 |
| 600:17 | | 600:24 |
| 605:22 | | 605:24 |
| 606:3 | | 606:3 |
| 606:5 | | 606:14 |
| 606:17 | | 606:21 |
| 607:1 | | 607:6 |
| 607:10 | | 607:10 |
| 614:2 | | 614:3 |
| 614:8 | | 614:14 |
| 614:16 | | 614:18 |
| 614:20 | | 614:24 |
| 615:1 | | 615:8 |
| 616:21 | | 616:25 |
| 617:3 | | 617:5 |
| 617:7 | | 617:8 |
| 617:10 | | 619:19 |
| 620:4 | | 620:8 |
| 633:11 | | 634:24 |
| 635:3 | | 635:3 |
| 635:20 | | 636:3 |
| 636:5 | | 636:14 |
| 636:16 | | 637:4 |
| 637:6 | | 637:7 |
| 639:5 | | 639:24 |
| 643:6 | | 643:9 |
| 643:20 | | 645:8 |
| 663:17 | | 664:13 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 676:13 | | 678:20 |

**Arconic 30(b)(6) deposition of Edward Colvin, dated November 10, 2017:**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 700:16 | | 700:19 |
| 701:2 | | 701:22 |
| 702:4 | | 702:5 |
| 712:3 | | 712:6 |
| 712:10 | | 712:17 |
| 712:20 | | 713:13 |
| 716:12 | | 716:17 |
| 718:11 | | 718:15 |
| 718:23 | | 718:25 |
| 719:2 | | 719:4 |
| 771:16 | | 772:14 |
| 772:19 | | 772:24 |
| 773:2 | | 773:8 |
| 774:14 | | 774:17 |
| 784:14 | | 784:20 |
| 788:14 | | 788:17 |
| 788:20 | | 788:23 |
| 789:4 | | 789:8 |
| 804:5 | | 804:8 |
| 804:11 | | 804:20 |
| 829:13 | | 829:18 |
| 829:25 | | 830:17 |
| 830:21 | | 831:5 |
| 831:8 | | 831:14 |
| 831:22 | | 831:22 |
| 834:21 | | 834:23 |
| 835:1 | | 835:8 |
| 850:12 | | 850:15 |
| 850:18 | | 850:20 |
| 853:5 | | 853:9 |
| 853:12 | | 853:14 |
| 855:22 | | 856:2 |
| 856:6 | | 856:21 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 858:9 | | 858:15 |
| 878:12 | | 878:18 |
| 879:20 | | 879:23 |
| 879:25 | | 880:5 |
| 886:6 | | 886:8 |
| 886:16 | | 886:17 |
| 887:11 | | 887:18 |
| 887:25 | | 887:25 |
| 894:1 | | 894:3 |
| 894:6 | | 894:18 |
| 895:16 | | 896:4 |
| 896:6 | | 896:13 |
| 896:15 | | 896:17 |
| 918:7 | | 919:5 |
| 919:10 | | 920:7 |
| 921:20 | | 922:2 |
| 922:16 | | 922:23 |
| 923:12 | | 923:23 |
| 924:25 | | 925:8 |
| 925:12 | | 925:12 |
| 925:17 | | 926:2 |
| 926:5 | | 926:8 |
| 926:11 | | 926:13 |
| 927:10 | | 927:14 |
| 927:17 | | 928:3 |
| 928:19 | | 930:9 |
| 930:12 | | 930:13 |
| 933:22 | | 933:25 |
| 934:3 | | 934:3 |
| 940:10 | | 941:4 |
| 941:7 | | 941:8 |
| 941:11 | | 941:23 |
| 943:17 | | 944:2 |
| 944:15 | | 945:5 |
| 945:8 | | 945:16 |
| 948:4 | | 948:20 |
| 948:23 | | 949:8 |
| 949:15 | | 950:6 |
| 950:13 | | 950:22 |

| Page/Line | To | Page/Line |
|---|---|---|
| 950:25 | | 950:25 |
| 951:2 | | 951:4 |
| 951:7 | | 951:9 |
| 958:19 | | 959:3 |
| 959:13 | | 960:8 |
| 960:11 | | 960:12 |
| 961:2 | | 961:8 |
| 961:11 | | 961:12 |
| 964:11 | | 966:9 |
| 966:11 | | 967:1 |
| 967:6 | | 967:17 |
| 969:15 | | 969:23 |
| 970:24 | | 970:25 |
| 971:4 | | 971:5 |
| 978:2 | | 978:5 |
| 978:8 | | 979:13 |
| 980:3 | | 981:4 |
| 981:8 | | 981:15 |
| 981:17 | | 982:2 |
| 982:4 | | 982:5 |
| 982:14 | | 982:14 |
| 982:17 | | 982:17 |
| 982:21 | | 983:4 |
| 983:7 | | 983:11 |
| 983:13 | | 983:13 |
| 983:25 | | 984:3 |
| 984:6 | | 984:10 |
| 984:13 | | 984:18 |
| 984:22 | | 984:22 |
| 986:25 | | 987:14 |
| 987:17 | | 987:20 |
| 988:1 | | 988:2 |
| 988:5 | | 988:11 |
| 988:16 | | 989:3 |
| 989:14 | | 989:20 |
| 989:23 | | 990:1 |
| 990:4 | | 990:15 |
| 990:18 | | 990:25 |
| 991:3 | | 991:11 |

| Page/Line | To | Page/Line |
|---|---|---|
| 991:14 | | 991:20 |
| 991:23 | | 991:24 |
| 996:11 | | 996:17 |
| 996:22 | | 997:8 |
| 997:11 | | 997:11 |
| 997:14 | | 997:19 |
| 997:22 | | 998:1 |
| 999:9 | | 999:16 |
| 1000:9 | | 1001:1 |
| 1001:4 | | 1001:5 |
| 1001:9 | | 1001:15 |
| 1001:18 | | 1001:19 |
| 1002:12 | | 1002:15 |
| 1002:19 | | 1002:20 |
| 1002:22 | | 1002:24 |
| 1003:3 | | 1003:3 |
| 1003:16 | | 1003:17 |
| 1003:21 | | 1004:1 |
| 1005:2 | | 1005:5 |
| 1005:9 | | 1005:11 |
| 1006:9 | | 1007:7 |
| 1007:10 | | 1007:13 |
| 1007:15 | | 1007:25 |
| 1008:15 | | 1008:16 |
| 1008:19 | | 1008:23 |
| 1009:1 | | 1009:8 |
| 1009:10 | | 1009:12 |
| 1009:14 | | 1009:18 |
| 1010:13 | | 1010:20 |
| 1012:18 | | 1013:2 |
| 1013:5 | | 1013:20 |
| 1014:5 | | 1015:3 |
| 1018:18 | | 1018:18 |
| 1018:20 | | 1018:23 |
| 1019:1 | | 1019:2 |
| 1019:4 | | 1019:14 |
| 1019:17 | | 1019:22 |
| 1019:25 | | 1020:23 |
| 1021:1 | | 1021:7 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 1021:10 | | 1021:14 |
| 1021:17 | | 1021:19 |
| 1021:22 | | 1022:4 |
| 1022:6 | | 1022:8 |
| 1022:10 | | 1022:14 |
| 1022:17 | | 1022:23 |
| 1023:1 | | 1023:5 |
| 1023:8 | | 1023:16 |
| 1023:19 | | 1023:24 |
| 1024:2 | | 1024:9 |
| 1024:12 | | 1024:16 |
| 1024:20 | | 1024:21 |
| 1025:1 | | 1025:8 |
| 1025:11 | | 1025:11 |
| 1025:15 | | 1026:15 |
| 1026:18 | | 1027:1 |
| 1027:3 | | 1027:5 |
| 1027:10 | | 1027:18 |
| 1027:23 | | 1028:10 |
| 1028:18 | | 1028:20 |
| 1028:24 | | 1028:24 |
| 1029:3 | | 1029:11 |
| 1030:11 | | 1030:14 |
| 1030:18 | | 1031:2 |
| 1031:5 | | 1031:11 |
| 1031:14 | | 1031:18 |
| 1032:9 | | 1032:13 |
| 1032:25 | | 1033:3 |
| 1033:6 | | 1033:6 |
| 1033:8 | | 1033:10 |
| 1033:14 | | 1033:15 |
| 1033:17 | | 1033:19 |
| 1033:22 | | 1033:22 |
| 1034:20 | | 1035:8 |
| 1035:13 | | 1035:15 |
| 1036:6 | | 1036:20 |
| 1036:23 | | 1036:23 |

**Gerry Dail, dated October 19, 2017:**

| Page/Line | To | Page/Line |
|:---:|:---:|:---:|
| 5:1 | | 5:22 |
| 6:1 | | 9:25 |
| 10:17 | | 10:19 |
| 11:15 | | 12:6 |
| 12:20 | | 15:22 |
| 16:4 | | 16:14 |
| 16:22 | | 17:2 |
| 17:4 | | 19:5 |
| 19:10 | | 20:25 |
| 21:5 | | 21:20 |
| 22:23 | | 24:2 |
| 24:5 | | 25:5 |
| 25:10 | | 26:2 |
| 26:7 | | 26:9 |
| 26:12 | | 26:22 |
| 27:1 | | 27:1 |
| 27:5 | | 27:10 |
| 27:15 | | 28:17 |
| 29:24 | | 30:1 |
| 30:13 | | 30:16 |
| 31:9 | | 31:22 |
| 31:24 | | 32:7 |
| 34:3 | | 34:9 |
| 34:13 | | 35:12 |
| 36:11 | | 36:15 |
| 36:21 | | 38:19 |
| 39:1 | | 39:14 |
| 39:17 | | 40:1 |
| 40:17 | | 42:8 |
| 43:6 | | 44:13 |
| 44:19 | | 45:6 |
| 46:3 | | 46:24 |
| 47:4 | | 47:6 |
| 49:4 | | 49:18 |
| 50:12 | | 50:17 |
| 51:4 | | 51:17 |
| 51:20 | | 52:4 |

| Page/Line | To | Page/Line |
|---|---|---|
| 52:10 | | 54:1 |
| 54:6 | | 55:2 |
| 58:12 | | 61:11 |
| 63:15 | | 66:21 |
| 67:1 | | 67:13 |
| 67:18 | | 67:19 |
| 70:1 | | 70:5 |
| 70:10 | | 70:15 |
| 73:11 | | 75:1 |
| 76:1 | | 76:21 |
| 77:2 | | 77:7 |
| 77:13 | | 78:8 |
| 80:10 | | 84:15 |
| 85:1 | | 85:3 |
| 85:24 | | 86:2 |
| 86:16 | | 87:8 |
| 113:21 | | 117:7 |

**Victor Dangerfield, dated October 10, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 6:8 | | 7:6 |
| 9:4 | | 10:9 |
| 11:1 | | 13:10 |
| 16:3 | | 18:19 |
| 19:6 | | 23:10 |
| 24:16 | | 24:24 |
| 25:14 | | 27:16 |
| 27:22 | | 28:13 |
| 34:22 | | 35:17 |
| 35:19 | | 37:19 |
| 43:10 | | 48:16 |
| 49:1 | | 49:21 |
| 55:25 | | 56:2 |
| 56:5 | | 56:25 |
| 58:23 | | 58:25 |
| 59:2 | | 59:13 |
| 59:15 | | 60:3 |

| **Page/Line** | **To** | **Page/Line** |
|---|---|---|
| 61:22 | | 65:25 |
| 66:21 | | 66:22 |
| 67:4 | | 67:24 |
| 70:9 | | 71:19 |
| 71:23 | | 71:25 |
| 72:2 | | 72:7 |
| 73:3 | | 73:9 |
| 73:13 | | 74:6 |
| 74:12 | | 75:1 |
| 75:6 | | 78:15 |
| 89:22 | | 90:8 |
| 91:18 | | 92:10 |
| 92:11 | | 97:21 |
| 98:7 | | 99:16 |
| 101:6 | | 102:10 |
| 103:1 | | 107:20 |
| 108:9 | | 109:1 |
| 119:15 | | 119:17 |
| 119:19 | | 120:18 |
| 120:24 | | 120:25 |
| 121:8 | | 123:5 |
| 123:7 | | 123:9 |
| 133:2 | | 140:2 |
| 142:23 | | 142:25 |
| 144:15 | | 144:24 |
| 157:16 | | 158:1 |
| 164:19 | | 165:11 |
| 167:14 | | 168:1 |
| 170:1 | | 170:14 |
| 171:25 | | 176:1 |
| 194:11 | | 195:24 |
| 196:1 | | 196:13 |
| 197:3 | | 197:5 |
| 197:7 | | 197:9 |
| 197:11 | | 197:14 |

**Michael Fultz, dated August 10, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 6:1 | | 7:9 |
| 9:4 | | 10:8 |
| 10:16 | | 12:25 |
| 13:11 | | 13:15 |
| 14:5 | | 14:12 |
| 15:3 | | 15:14 |
| 16:2 | | 17:8 |
| 17:20 | | 18:16 |
| 20:8 | | 20:20 |
| 21:1 | | 21:14 |
| 24:9 | | 24:15 |
| 38:21 | | 39:7 |
| 39:24 | | 40:18 |
| 42:1 | | 42:10 |
| 42:19 | | 45:10 |
| 45:23 | | 46:18 |
| 47:2 | | 47:4 |
| 47:10 | | 49:4 |
| 54:1 | | 55:25 |
| 56:13 | | 57:25 |
| 58:24 | | 59:8 |
| 59:24 | | 60:7 |
| 60:22 | | 61:17 |
| 63:2 | | 63:21 |
| 65:4 | | 65:19 |
| 67:1 | | 67:9 |
| 68:2 | | 68:9 |
| 72:9 | | 73:5 |
| 73:10 | | 73:12 |
| 74:1 | | 74:21 |
| 75:18 | | 75:20 |
| 82:13 | | 82:15 |
| 83:23 | | 86:5 |
| 89:12 | | 90:10 |
| 90:19 | | 91:2 |
| 91:15 | | 93:16 |
| 97:7 | | 98:11 |

| Page/Line | To | Page/Line |
|---|---|---|
| 98:15 | | 98:22 |
| 99:14 | | 100:2 |
| 100:8 | | 100:24 |
| 101:12 | | 101:22 |
| 106:21 | | 107:7 |
| 109:1 | | 113:16 |
| 115:13 | | 116:4 |
| 117:11 | | 118:20 |
| 126:6 | | 127:1 |
| 223:22 | | 223:25 |
| 227:13 | | 227:16 |
| 228:16 | | 228:19 |
| 260:8 | | 260:11 |
| 260:13 | | 260:17 |
| 260:20 | | 260:21 |
| 276:6 | | 277:5 |
| 293:17 | | 294:11 |
| 294:22 | | 296:4 |
| 296:12 | | 297:10 |
| 299:2 | | 301:12 |
| 302:7 | | 302:8 |
| 316:14 | | 317:24 |
| 319:17 | | 321:15 |
| 321:17 | | 322:8 |
| 322:11 | | 322:19 |
| 322:21 | | 323:13 |
| 330:24 | | 331:2 |
| 331:15 | | 333:12 |
| 333:17 | | 334:18 |
| 334:22 | | 337:17 |
| 337:19 | | 338:5 |
| 338:7 | | 338:9 |
| 338:24 | | 340:9 |
| 340:23 | | 341:9 |
| 341:13 | | 342:21 |
| 342:24 | | 342:24 |
| 343:3 | | 343:5 |
| 343:8 | | 343:14 |
| 343:16 | | 343:16 |

| Page/Line | To | Page/Line |
|---|---|---|
| 343:18 | | 344:9 |
| 344:11 | | 344:13 |
| 344:15 | | 344:19 |
| 344:21 | | 344:25 |
| 345:6 | | 345:12 |
| 345:16 | | 346:2 |
| 346:17 | | 346:23 |
| 347:2 | | 347:14 |
| 347:16 | | 348:2 |
| 348:10 | | 351:2 |
| 351:4 | | 354:23 |
| 355:2 | | 355:15 |
| 355:17 | | 356:19 |
| 356:21 | | 357:22 |
| 357:25 | | 359:11 |
| 359:14 | | 360:17 |
| 360:22 | | 361:9 |
| 361:11 | | 364:12 |
| 364:14 | | 366:25 |
| 367:2 | | 367:16 |
| 367:21 | | 367:25 |
| 368:8 | | 368:14 |
| 368:24 | | 370:22 |
| 371:5 | | 372:8 |
| 372:16 | | 373:1 |
| 374:7 | | 379:1 |
| 379:4 | | 379:7 |
| 380:16 | | 382:17 |
| 382:19 | | 383:8 |
| 383:10 | | 383:10 |
| 383:12 | | 384:10 |
| 384:15 | | 384:19 |
| 384:21 | | 386:4 |
| 393:22 | | 394:13 |
| 394:15 | | 394:21 |
| 394:23 | | 395:3 |
| 395:5 | | 395:14 |
| 396:2 | | 396:5 |
| 397:7 | | 398:6 |

| Page/Line | To | Page/Line |
|---|---|---|
| 398:9 | | 398:16 |
| 398:19 | | 399:18 |
| 399:21 | | 399:23 |
| 400:1 | | 400:17 |
| 400:22 | | 401:3 |
| 403:5 | | 403:12 |
| 404:20 | | 405:5 |
| 410:9 | | 410:20 |
| 411:17 | | 411:25 |

**Melissa Griffith, dated October 25, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 4:1 | | 4:14 |
| 11:13 | | 11:17 |
| 11:25 | | 12:4 |
| 12:12 | | 13:9 |
| 15:24 | | 16:12 |
| 16:15 | | 17:7 |
| 17:10 | | 19:3 |
| 19:6 | | 20:2 |
| 20:5 | | 20:16 |
| 20:19 | | 23:10 |
| 26:17 | | 26:22 |
| 33:6 | | 35:9 |
| 35:12 | | 35:23 |
| 45:19 | | 45:19 |
| 45:22 | | 46:4 |
| 46:8 | | 46:25 |
| 47:3 | | 47:8 |
| 47:11 | | 47:16 |
| 47:19 | | 47:21 |
| 47:24 | | 47:25 |
| 48:3 | | 48:4 |
| 50:24 | | 54:1 |
| 54:3 | | 55:3 |
| 55:6 | | 55:13 |
| 55:16 | | 55:21 |

| Page/Line | To | Page/Line |
|---|---|---|
| 62:4 | | 64:1 |
| 64:20 | | 65:3 |
| 65:6 | | 66:21 |
| 68:2 | | 68:7 |
| 81:3 | | 81:6 |
| 81:9 | | 81:21 |
| 90:12 | | 91:3 |
| 95:19 | | 96:6 |
| 97:7 | | 99:6 |
| 99:13 | | 101:14 |
| 106:15 | | 107:2 |
| 123:8 | | 124:4 |
| 124:7 | | 124:21 |
| 124:24 | | 125:3 |
| 127:18 | | 128:13 |
| 138:5 | | 138:22 |
| 141:11 | | 141:20 |
| 141:23 | | 142:8 |
| 144:10 | | 149:23 |
| 171:20 | | 171:23 |
| 177:20 | | 178:20 |
| 184:17 | | 184:20 |
| 232:4 | | 232:22 |
| 232:25 | | 233:9 |
| 235:19 | | 237:13 |
| 237:16 | | 237:21 |
| 238:3 | | 238:23 |
| 239:1 | | 241:3 |
| 241:6 | | 241:20 |
| 241:23 | | 242:10 |
| 242:13 | | 242:25 |
| 243:3 | | 244:1 |
| 245:12 | | 245:15 |
| 245:20 | | 245:20 |
| 247:14 | | 249:15 |
| 249:18 | | 251:4 |
| 251:7 | | 251:11 |
| 251:19 | | 253:11 |
| 253:15 | | 254:2 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 254:5 | | 254:10 |
| 254:14 | | 254:24 |
| 255:2 | | 255:8 |
| 255:11 | | 255:11 |
| 255:14 | | 256:15 |
| 256:18 | | 257:2 |
| 257:9 | | 258:5 |
| 258:8 | | 260:3 |
| 260:6 | | 260:17 |
| 260:20 | | 261:22 |
| 261:25 | | 262:5 |
| 265:17 | | 266:7 |
| 266:17 | | 266:22 |

**Terry Jarrett, dated October 27, 2017:**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 5:3 | | 6:16 |
| 8:4 | | 11:10 |
| 12:5 | | 12:13 |
| 13:7 | | 15:8 |
| 15:10 | | 15:11 |
| 17:1 | | 17:18 |
| 18:1 | | 18:4 |
| 19:24 | | 20:17 |
| 20:20 | | 21:2 |
| 21:5 | | 22:14 |
| 22:25 | | 23:16 |
| 24:15 | | 25:4 |
| 25:7 | | 25:11 |
| 25:14 | | 25:19 |
| 25:22 | | 26:3 |
| 26:5 | | 26:25 |
| 27:2 | | 27:5 |
| 28:6 | | 28:15 |
| 30:12 | | 30:19 |
| 30:22 | | 31:21 |
| 32:6 | | 32:14 |

| Page/Line | To | Page/Line |
|---|---|---|
| 32:17 | | 33:15 |
| 33:17 | | 34:2 |
| 34:4 | | 34:7 |
| 34:9 | | 34:24 |
| 35:2 | | 35:3 |
| 37:2 | | 37:4 |
| 37:7 | | 37:10 |
| 37:12 | | 39:25 |
| 40:3 | | 41:23 |
| 42:7 | | 43:3 |
| 43:16 | | 44:11 |
| 53:3 | | 53:17 |
| 54:12 | | 54:18 |
| 54:21 | | 55:8 |
| 55:11 | | 55:11 |
| 56:1 | | 56:13 |
| 56:16 | | 57:11 |
| 64:10 | | 64:12 |
| 64:15 | | 64:18 |
| 64:21 | | 65:1 |
| 78:3 | | 78:15 |
| 78:18 | | 78:21 |
| 95:8 | | 96:6 |
| 97:15 | | 97:16 |
| 97:18 | | 98:2 |
| 98:5 | | 98:20 |
| 100:9 | | 101:1 |
| 102:5 | | 102:10 |
| 102:12 | | 102:21 |
| 103:10 | | 103:14 |
| 104:20 | | 105:18 |
| 105:21 | | 106:17 |
| 106:19 | | 106:19 |
| 107:2 | | 107:4 |
| 107:6 | | 107:7 |
| 107:9 | | 107:12 |
| 107:15 | | 107:19 |
| 107:21 | | 108:1 |
| 108:4 | | 108:5 |

| Page/Line | To | Page/Line |
|---|---|---|
| 108:23 | | 110:23 |
| 111:1 | | 111:5 |
| 111:7 | | 111:13 |
| 112:13 | | 112:16 |
| 112:19 | | 112:20 |
| 112:23 | | 113:22 |
| 113:24 | | 113:25 |
| 114:4 | | 114:14 |
| 114:16 | | 114:19 |
| 114:22 | | 115:22 |
| 115:24 | | 116:17 |
| 116:21 | | 117:2 |
| 117:4 | | 117:6 |
| 117:9 | | 117:23 |
| 117:25 | | 120:3 |
| 120:6 | | 120:25 |
| 121:2 | | 121:4 |
| 121:10 | | 121:16 |
| 121:19 | | 122:12 |
| 125:12 | | 125:25 |
| 126:10 | | 126:18 |
| 126:21 | | 126:24 |
| 127:2 | | 127:15 |
| 127:18 | | 130:18 |
| 130:20 | | 131:8 |
| 132:22 | | 133:4 |
| 133:18 | | 133:25 |
| 134:21 | | 135:18 |
| 135:21 | | 136:17 |
| 136:20 | | 137:1 |
| 137:3 | | 137:18 |
| 139:6 | | 139:10 |
| 140:11 | | 142:23 |
| 143:1 | | 143:5 |
| 144:24 | | 145:2 |
| 145:8 | | 145:16 |
| 145:19 | | 146:4 |
| 149:15 | | 149:25 |
| 150:3 | | 150:8 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 150:12 | | 150:13 |
| 150:16 | | 150:24 |
| 151:1 | | 151:3 |
| 151:18 | | 151:20 |
| 151:23 | | 152:1 |
| 152:3 | | 153:1 |
| 153:22 | | 153:23 |
| 154:1 | | 156:22 |
| 156:24 | | 157:1 |
| 157:3 | | 157:3 |
| 157:9 | | 158:6 |
| 158:8 | | 158:13 |
| 158:16 | | 158:18 |
| 159:10 | | 161:4 |
| 161:8 | | 161:21 |
| 162:1 | | 162:3 |
| 162:6 | | 162:16 |
| 162:19 | | 163:2 |
| 164:10 | | 164:24 |
| 165:1 | | 165:1 |
| 165:4 | | 165:5 |
| 165:8 | | 165:12 |
| 166:24 | | 167:20 |
| 167:23 | | 168:8 |
| 168:11 | | 168:12 |
| 168:13 | | 169:5 |
| 169:8 | | 169:10 |
| 169:12 | | 169:16 |
| 169:19 | | 169:25 |
| 170:3 | | 170:8 |
| 170:11 | | 170:14 |
| 170:20 | | 171:14 |
| 171:17 | | 172:9 |
| 172:13 | | 173:4 |
| 173:6 | | 173:9 |
| 173:11 | | 173:21 |
| 173:24 | | 173:24 |
| 174:13 | | 174:25 |
| 175:3 | | 176:7 |

| Page/Line | To | Page/Line |
|---|---|---|
| 176:9 | | 176:11 |
| 176:13 | | 176:16 |
| 176:19 | | 176:19 |
| 177:25 | | 178:2 |
| 178:6 | | 178:15 |
| 178:19 | | 179:3 |
| 179:8 | | 179:12 |
| 181:1 | | 181:5 |
| 181:8 | | 181:12 |
| 181:16 | | 181:22 |
| 182:2 | | 182:5 |
| 182:8 | | 183:11 |
| 183:14 | | 184:2 |
| 184:5 | | 184:20 |
| 184:22 | | 184:24 |
| 185:1 | | 185:5 |
| 185:8 | | 185:16 |
| 185:18 | | 185:24 |
| 186:3 | | 186:9 |
| 186:11 | | 186:18 |
| 186:21 | | 187:5 |
| 187:8 | | 187:10 |
| 187:14 | | 187:18 |
| 187:21 | | 187:22 |
| 187:25 | | 189:2 |
| 189:4 | | 189:6 |
| 189:9 | | 189:14 |
| 189:19 | | 190:16 |
| 190:19 | | 190:21 |
| 190:24 | | 192:16 |
| 192:23 | | 193:10 |
| 193:13 | | 193:14 |
| 194:9 | | 194:21 |
| 194:24 | | 195:17 |
| 195:19 | | 195:22 |
| 195:24 | | 196:1 |
| 196:5 | | 196:10 |
| 196:14 | | 196:17 |
| 196:19 | | 196:19 |

| Page/Line | To | Page/Line |
|-----------|----|-----------|
| 196:22 | | 197:3 |
| 197:5 | | 197:5 |
| 197:8 | | 197:14 |
| 197:18 | | 197:21 |
| 197:25 | | 198:4 |
| 198:6 | | 198:10 |
| 198:24 | | 199:2 |
| 199:4 | | 199:14 |
| 199:17 | | 199:17 |
| 200:5 | | 200:6 |
| 200:10 | | 200:13 |
| 200:16 | | 200:16 |
| 200:18 | | 200:19 |
| 200:22 | | 200:22 |
| 201:13 | | 201:15 |

**Arconic 30(b)(6) deposition of Kevin Johnson, dated December 6, 2017:**

| Page/Line | To | Page/Line |
|-----------|----|-----------|
| 6:1 | | 7:15 |
| 14:11 | | 14:23 |
| 15:12 | | 15:24 |
| 16:15 | | 16:22 |
| 17:10 | | 17:19 |
| 18:25 | | 19:12 |
| 20:12 | | 20:16 |
| 22:13 | | 22:20 |
| 23:1 | | 23:3 |
| 24:12 | | 24:16 |
| 24:18 | | 24:18 |
| 25:7 | | 25:14 |
| 25:17 | | 27:9 |
| 31:14 | | 32:3 |
| 32:5 | | 32:18 |
| 36:12 | | 36:16 |
| 36:18 | | 36:20 |
| 36:23 | | 36:23 |
| 36:25 | | 38:2 |

| Page/Line | To | Page/Line |
|---|---|---|
| 38:4 | | 38:13 |
| 38:15 | | 38:25 |
| 39:2 | | 39:5 |
| 39:7 | | 39:12 |
| 39:14 | | 39:16 |
| 39:18 | | 39:23 |
| 40:1 | | 40:1 |
| 40:3 | | 40:5 |
| 40:7 | | 40:15 |
| 40:18 | | 40:23 |
| 40:25 | | 41:13 |
| 41:15 | | 41:18 |
| 41:20 | | 42:1 |
| 42:3 | | 42:7 |
| 42:9 | | 42:12 |
| 42:14 | | 42:20 |
| 42:22 | | 42:25 |
| 43:2 | | 43:4 |
| 43:7 | | 43:10 |
| 43:12 | | 43:17 |
| 43:19 | | 44:1 |
| 44:4 | | 44:10 |
| 44:13 | | 44:17 |
| 44:19 | | 44:22 |
| 44:25 | | 45:3 |
| 45:5 | | 45:8 |
| 45:11 | | 45:12 |
| 45:15 | | 45:22 |
| 45:24 | | 46:2 |
| 46:4 | | 46:7 |
| 46:9 | | 46:16 |
| 46:19 | | 46:21 |
| 46:23 | | 47:6 |
| 47:8 | | 47:10 |
| 47:13 | | 47:18 |
| 47:20 | | 48:5 |
| 48:8 | | 48:10 |
| 48:12 | | 48:18 |
| 48:20 | | 49:1 |

| Page/Line | To | Page/Line |
|---|---|---|
| 49:4 | | 49:10 |
| 49:12 | | 49:24 |
| 50:1 | | 50:6 |
| 50:12 | | 50:12 |
| 50:14 | | 50:20 |
| 50:22 | | 50:24 |
| 51:1 | | 51:1 |
| 51:10 | | 51:18 |
| 51:20 | | 52:11 |
| 52:13 | | 52:21 |
| 54:13 | | 54:15 |
| 54:17 | | 54:19 |
| 54:21 | | 55:2 |
| 55:4 | | 55:8 |
| 55:11 | | 55:16 |
| 55:18 | | 55:20 |
| 55:22 | | 56:1 |
| 56:3 | | 56:11 |
| 57:21 | | 57:25 |
| 58:2 | | 58:14 |
| 58:16 | | 58:19 |
| 58:21 | | 59:12 |
| 59:14 | | 59:16 |
| 59:18 | | 60:4 |
| 62:6 | | 63:5 |
| 63:7 | | 63:10 |
| 67:13 | | 68:2 |
| 68:4 | | 68:5 |
| 70:1 | | 71:8 |
| 71:11 | | 71:15 |
| 71:17 | | 71:17 |
| 74:11 | | 74:17 |
| 74:20 | | 75:8 |
| 75:10 | | 75:14 |
| 75:23 | | 76:8 |
| 76:22 | | 77:1 |
| 80:6 | | 81:23 |
| 81:25 | | 82:7 |
| 82:9 | | 82:22 |

| Page/Line | To | Page/Line |
|:---:|:---:|:---:|
| 83:21 | | 85:2 |
| 85:6 | | 85:8 |
| 85:13 | | 86:17 |
| 90:24 | | 90:24 |
| 91:1 | | 91:3 |
| 91:5 | | 91:5 |
| 103:17 | | 103:18 |
| 103:20 | | 103:24 |
| 104:1 | | 104:1 |
| 104:12 | | 104:16 |
| 105:11 | | 105:13 |
| 105:16 | | 105:20 |
| 105:23 | | 106:1 |
| 106:3 | | 106:25 |
| 112:10 | | 112:14 |
| 112:18 | | 112:18 |
| 115:8 | | 115:19 |
| 115:22 | | 116:6 |
| 116:20 | | 117:5 |
| 117:7 | | 117:15 |
| 117:17 | | 117:17 |
| 120:1 | | 120:23 |
| 127:24 | | 128:12 |
| 131:16 | | 132:11 |
| 132:13 | | 132:19 |
| 132:22 | | 132:22 |
| 133:16 | | 134:13 |
| 136:9 | | 136:10 |
| 136:12 | | 137:6 |
| 137:8 | | 137:8 |
| 137:11 | | 137:11 |
| 137:13 | | 137:13 |
| 138:2 | | 138:3 |
| 138:5 | | 138:8 |
| 138:10 | | 138:15 |
| 138:17 | | 138:23 |
| 138:25 | | 139:4 |
| 139:6 | | 139:21 |
| 139:23 | | 140:4 |

| Page/Line | To | Page/Line |
|---|---|---|
| 140:6 | | 140:11 |
| 140:13 | | 140:20 |
| 140:22 | | 141:9 |
| 141:11 | | 141:13 |
| 141:15 | | 141:19 |
| 141:21 | | 142:5 |
| 142:7 | | 142:9 |
| 142:11 | | 142:16 |
| 142:19 | | 142:22 |
| 142:24 | | 143:1 |
| 143:3 | | 143:7 |
| 143:9 | | 143:13 |
| 144:14 | | 144:15 |
| 144:18 | | 144:24 |
| 145:10 | | 146:1 |
| 146:4 | | 146:8 |
| 146:11 | | 146:22 |
| 146:25 | | 146:25 |
| 149:9 | | 149:11 |
| 149:13 | | 150:2 |
| 150:5 | | 150:22 |
| 150:25 | | 151:8 |
| 151:11 | | 151:20 |
| 152:4 | | 152:12 |
| 152:15 | | 152:19 |
| 152:22 | | 153:25 |
| 154:2 | | 154:2 |
| 158:17 | | 159:6 |
| 159:8 | | 159:9 |
| 159:22 | | 159:23 |
| 159:25 | | 159:25 |
| 160:3 | | 160:14 |
| 160:17 | | 161:6 |
| 161:8 | | 161:11 |
| 161:13 | | 161:16 |
| 161:18 | | 162:8 |
| 162:10 | | 162:16 |
| 162:19 | | 162:22 |
| 162:24 | | 163:6 |

| Page/Line | To | Page/Line |
|---|---|---|
| 163:11 | | 163:14 |
| 163:16 | | 164:23 |
| 165:1 | | 165:10 |
| 168:1 | | 168:15 |
| 168:17 | | 168:24 |
| 169:1 | | 169:1 |
| 170:3 | | 170:4 |
| 170:7 | | 170:7 |
| 170:9 | | 170:21 |
| 170:23 | | 171:1 |
| 171:3 | | 171:7 |
| 171:10 | | 171:11 |
| 171:14 | | 171:21 |
| 174:15 | | 175:9 |
| 175:25 | | 176:6 |
| 176:10 | | 176:17 |
| 177:6 | | 177:21 |
| 177:24 | | 178:6 |
| 178:8 | | 179:5 |
| 179:7 | | 179:10 |
| 179:13 | | 180:4 |
| 180:7 | | 180:12 |
| 180:14 | | 180:20 |
| 180:24 | | 181:8 |
| 181:11 | | 181:19 |
| 181:22 | | 182:3 |
| 182:7 | | 182:19 |
| 182:21 | | 183:2 |
| 183:4 | | 183:6 |
| 190:21 | | 191:12 |
| 191:14 | | 191:21 |
| 192:1 | | 192:14 |
| 192:16 | | 192:16 |
| 197:1 | | 197:14 |
| 197:17 | | 197:17 |
| 197:20 | | 198:14 |
| 198:17 | | 198:17 |
| 199:14 | | 200:10 |
| 200:12 | | 200:24 |

| Page/Line | To | Page/Line |
|---|---|---|
| 201:1 | | 201:8 |
| 201:10 | | 201:18 |
| 201:20 | | 201:22 |
| 201:24 | | 201:24 |
| 203:23 | | 204:18 |
| 204:21 | | 204:24 |
| 205:1 | | 205:4 |
| 205:7 | | 205:7 |
| 205:14 | | 205:21 |
| 205:24 | | 206:2 |
| 206:4 | | 206:8 |
| 206:12 | | 206:12 |
| 206:15 | | 207:5 |
| 207:8 | | 207:14 |
| 207:16 | | 208:17 |
| 208:20 | | 208:20 |
| 208:23 | | 209:3 |
| 209:6 | | 209:20 |
| 209:23 | | 209:23 |
| 215:17 | | 217:2 |
| 217:5 | | 217:5 |
| 217:7 | | 217:12 |
| 217:14 | | 217:22 |
| 217:25 | | 218:6 |
| 218:8 | | 218:21 |
| 221:17 | | 222:1 |
| 222:3 | | 222:3 |
| 237:9 | | 237:18 |
| 237:21 | | 238:7 |
| 238:10 | | 238:19 |
| 244:23 | | 246:3 |
| 246:5 | | 246:14 |
| 246:17 | | 246:24 |
| 247:1 | | 247:8 |
| 247:11 | | 247:11 |
| 247:14 | | 247:22 |
| 247:25 | | 248:17 |
| 248:20 | | 249:2 |
| 249:4 | | 249:11 |

| Page/Line | To | Page/Line |
|---|---|---|
| 249:14 | | 249:21 |
| 249:23 | | 250:12 |
| 250:15 | | 250:24 |
| 251:1 | | 251:4 |
| 251:8 | | 252:9 |
| 252:20 | | 253:8 |
| 253:11 | | 253:11 |
| 253:14 | | 255:1 |
| 255:3 | | 255:5 |
| 255:8 | | 255:10 |
| 255:13 | | 255:20 |
| 255:23 | | 255:25 |
| 256:2 | | 256:13 |
| 256:16 | | 256:21 |
| 262:16 | | 263:12 |
| 263:16 | | 263:20 |
| 263:23 | | 264:8 |
| 264:10 | | 264:24 |
| 265:1 | | 265:18 |
| 265:20 | | 266:4 |
| 266:6 | | 266:16 |
| 266:18 | | 266:18 |

**Joseph Kerkhove, dated August 29, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 16:5 | | 17:24 |
| 18:20 | | 23:2 |
| 24:4 | | 24:8 |
| 25:17 | | 26:12 |
| 26:25 | | 28:1 |
| 60:2 | | 60:16 |
| 62:8 | | 63:15 |
| 65:2 | | 65:19 |
| 66:22 | | 66:24 |
| 67:1 | | 67:9 |
| 67:11 | | 67:17 |
| 67:19 | | 67:21 |

| **Page/Line** | **To** | **Page/Line** |
|---|---|---|
| 67:23 | | 69:10 |
| 69:12 | | 69:13 |
| 74:5 | | 74:14 |
| 84:13 | | 84:16 |
| 84:25 | | 87:12 |
| 87:14 | | 87:24 |
| 89:19 | | 91:10 |
| 91:12 | | 91:22 |
| 93:20 | | 94:21 |
| 96:4 | | 96:6 |
| 96:8 | | 96:21 |
| 96:23 | | 97:4 |
| 97:6 | | 97:9 |
| 98:14 | | 100:14 |
| 100:16 | | 101:11 |
| 103:6 | | 103:16 |
| 105:16 | | 106:4 |
| 106:6 | | 106:6 |
| 108:24 | | 110:9 |
| 111:24 | | 113:20 |
| 116:11 | | 118:9 |
| 118:12 | | 118:23 |
| 119:12 | | 123:15 |
| 124:3 | | 124:24 |
| 125:1 | | 125:1 |
| 126:24 | | 128:10 |
| 128:12 | | 129:19 |
| 129:21 | | 130:2 |
| 130:7 | | 131:20 |
| 132:8 | | 132:13 |
| 135:6 | | 135:11 |
| 135:14 | | 135:18 |
| 136:12 | | 137:14 |
| 137:16 | | 139:12 |
| 142:10 | | 143:4 |
| 143:6 | | 144:17 |
| 160:18 | | 161:12 |
| 161:14 | | 162:4 |
| 162:6 | | 163:5 |

| Page/Line | To | Page/Line |
|---|---|---|
| 163:20 | | 164:17 |
| 165:12 | | 166:14 |
| 167:12 | | 167:21 |
| 169:17 | | 170:13 |
| 173:20 | | 175:24 |
| 179:15 | | 180:1 |
| 180:3 | | 180:10 |
| 183:18 | | 184:14 |
| 185:19 | | 186:19 |
| 186:24 | | 188:23 |
| 190:24 | | 192:25 |
| 193:2 | | 194:4 |
| 197:3 | | 197:11 |
| 197:13 | | 197:24 |
| 198:1 | | 198:2 |
| 198:25 | | 199:25 |
| 200:2 | | 200:4 |
| 201:7 | | 202:11 |
| 202:14 | | 202:24 |
| 203:1 | | 203:2 |
| 206:4 | | 206:19 |
| 225:3 | | 225:10 |
| 225:25 | | 226:25 |
| 230:19 | | 231:15 |
| 232:11 | | 232:12 |
| 232:25 | | 233:12 |
| 233:14 | | 233:24 |
| 237:11 | | 238:15 |
| 257:9 | | 258:18 |
| 267:3 | | 267:21 |
| 268:17 | | 271:3 |
| 290:25 | | 291:8 |
| 291:15 | | 293:11 |
| 297:21 | | 298:6 |
| 299:7 | | 299:22 |

**Danny Maxey, dated June 1, 2016:**

| Page/Line | To | Page/Line |
|---|---|---|
| 4:2 | | 6:13 |
| 8:18 | | 9:24 |
| 26:22 | | 31:12 |
| 33:9 | | 33:15 |
| 34:4 | | 35:20 |
| 36:14 | | 37:5 |
| 37:10 | | 38:3 |
| 39:9 | | 39:24 |
| 45:2 | | 46:4 |
| 50:5 | | 50:17 |
| 61:10 | | 61:13 |
| 61:15 | | 61:17 |
| 61:20 | | 63:22 |
| 70:19 | | 73:16 |
| 75:18 | | 75:20 |
| 75:22 | | 77:21 |
| 77:23 | | 78:23 |
| 79:1 | | 79:8 |
| 79:11 | | 80:20 |
| 80:22 | | 81:6 |
| 92:12 | | 94:1 |
| 97:10 | | 97:23 |
| 98:17 | | 100:3 |
| 127:17 | | 129:6 |
| 129:8 | | 131:25 |
| 132:2 | | 134:10 |
| 140:2 | | 140:6 |
| 140:9 | | 140:19 |
| 140:23 | | 141:20 |
| 145:10 | | 148:13 |
| 155:8 | | 162:24 |
| 170:8 | | 170:11 |
| 170:14 | | 172:1 |
| 185:17 | | 187:12 |
| 198:9 | | 204:16 |
| 205:17 | | 210:23 |
| 237:22 | | 239:1 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 278:6 | | 278:9 |
| 278:12 | | 278:20 |
| 278:23 | | 279:9 |

**Vicki Micheau, dated September 7, 2017:**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 5:2 | | 6:24 |
| 7:8 | | 7:15 |
| 8:2 | | 11:3 |
| 12:20 | | 14:4 |
| 14:21 | | 17:2 |
| 17:7 | | 18:20 |
| 19:4 | | 20:7 |
| 20:19 | | 21:15 |
| 22:23 | | 23:25 |
| 24:8 | | 24:19 |
| 25:5 | | 26:5 |
| 26:11 | | 26:17 |
| 26:20 | | 32:7 |
| 32:11 | | 33:3 |
| 33:11 | | 35:15 |
| 36:21 | | 38:8 |
| 42:4 | | 42:11 |
| 44:7 | | 49:5 |
| 49:9 | | 49:23 |
| 51:8 | | 51:24 |
| 52:2 | | 55:19 |
| 55:23 | | 61:5 |
| 61:12 | | 61:23 |
| 63:1 | | 65:3 |
| 65:6 | | 68:6 |
| 68:12 | | 69:8 |
| 70:20 | | 71:7 |
| 71:24 | | 72:23 |
| 73:1 | | 73:12 |
| 73:15 | | 73:24 |
| 74:6 | | 75:12 |

46

| Page/Line | To | Page/Line |
|---|---|---|
| 77:2 | | 78:12 |
| 79:7 | | 79:19 |
| 79:23 | | 80:5 |
| 80:13 | | 80:25 |
| 81:14 | | 82:18 |
| 82:24 | | 83:15 |
| 83:22 | | 86:3 |
| 86:5 | | 86:15 |
| 87:3 | | 89:3 |
| 89:9 | | 91:16 |
| 92:2 | | 94:5 |
| 94:8 | | 97:12 |
| 97:21 | | 97:22 |
| 98:2 | | 100:4 |
| 101:8 | | 107:22 |
| 110:16 | | 110:21 |
| 111:3 | | 112:5 |
| 112:15 | | 114:9 |
| 114:20 | | 116:18 |
| 117:3 | | 119:18 |
| 121:9 | | 125:20 |
| 126:6 | | 126:14 |
| 126:23 | | 127:21 |
| 128:22 | | 129:6 |
| 129:25 | | 132:24 |
| 133:8 | | 135:15 |
| 135:18 | | 135:21 |
| 136:9 | | 136:17 |
| 136:21 | | 137:17 |
| 137:24 | | 140:21 |
| 141:1 | | 142:9 |
| 143:2 | | 145:4 |
| 145:7 | | 150:18 |
| 151:20 | | 151:25 |
| 152:17 | | 154:17 |
| 154:24 | | 162:2 |
| 162:14 | | 164:3 |
| 164:25 | | 169:7 |
| 169:14 | | 169:21 |

| Page/Line | To | Page/Line |
|---|---|---|
| 172:17 | | 174:15 |
| 178:9 | | 180:21 |
| 184:22 | | 186:1 |
| 192:21 | | 193:22 |
| 200:20 | | 201:20 |
| 226:7 | | 227:7 |
| 249:3 | | 250:10 |
| 250:24 | | 252:9 |
| 252:15 | | 253:7 |
| 254:15 | | 255:18 |

**Robert Pahl, dated September 26, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 6:1 | | 8:1 |
| 9:6 | | 10:25 |
| 11:15 | | 12:23 |
| 13:17 | | 14:15 |
| 17:12 | | 19:5 |
| 19:14 | | 20:21 |
| 22:11 | | 22:17 |
| 22:23 | | 23:21 |
| 26:5 | | 26:23 |
| 27:17 | | 28:1 |
| 28:6 | | 29:1 |
| 34:9 | | 36:5 |
| 38:23 | | 39:2 |
| 39:6 | | 39:6 |
| 39:8 | | 39:8 |
| 39:25 | | 40:25 |
| 42:22 | | 44:2 |
| 46:8 | | 46:10 |
| 46:22 | | 47:2 |
| 48:21 | | 49:5 |
| 49:10 | | 49:24 |
| 58:7 | | 58:13 |
| 59:4 | | 59:15 |
| 61:3 | | 61:18 |

| Page/Line | To | Page/Line |
|---|---|---|
| 61:22 | | 62:11 |
| 80:18 | | 80:19 |
| 80:25 | | 81:4 |
| 81:8 | | 82:10 |
| 82:13 | | 82:13 |
| 82:17 | | 84:15 |
| 84:19 | | 86:3 |
| 86:5 | | 86:5 |
| 86:9 | | 86:11 |
| 86:16 | | 86:24 |
| 87:1 | | 87:19 |
| 87:23 | | 88:3 |
| 88:6 | | 88:10 |
| 88:14 | | 88:18 |
| 89:3 | | 90:18 |
| 91:3 | | 91:4 |
| 91:7 | | 91:14 |
| 97:11 | | 98:13 |
| 104:9 | | 104:11 |
| 104:15 | | 104:18 |
| 104:24 | | 105:2 |
| 105:5 | | 105:7 |
| 105:9 | | 105:14 |
| 105:18 | | 106:7 |
| 106:9 | | 106:12 |
| 106:15 | | 107:1 |
| 107:7 | | 107:10 |
| 107:12 | | 107:22 |
| 108:2 | | 108:3 |
| 108:6 | | 111:6 |
| 117:15 | | 118:9 |
| 118:17 | | 118:20 |
| 118:23 | | 120:8 |
| 120:11 | | 123:15 |
| 123:18 | | 124:6 |
| 124:9 | | 124:15 |
| 127:5 | | 127:16 |
| 128:20 | | 128:22 |
| 128:25 | | 129:8 |

| Page/Line | To | Page/Line |
|---|---|---|
| 131:17 | | 131:23 |
| 132:3 | | 132:9 |
| 133:10 | | 134:4 |
| 134:15 | | 134:19 |
| 135:4 | | 135:22 |
| 135:25 | | 136:18 |
| 139:13 | | 140:22 |
| 142:16 | | 143:12 |
| 144:19 | | 145:25 |
| 147:5 | | 147:25 |
| 182:6 | | 182:12 |
| 182:14 | | 182:15 |
| 182:18 | | 184:11 |
| 184:13 | | 185:4 |
| 190:8 | | 190:23 |
| 191:1 | | 191:15 |
| 193:15 | | 195:22 |
| 197:5 | | 197:15 |
| 197:19 | | 197:20 |
| 197:23 | | 203:3 |
| 234:11 | | 237:20 |
| 239:5 | | 239:20 |
| 241:12 | | 243:2 |

**James Perrin, dated September 20, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 7:15 | | 8:5 |
| 10:18 | | 11:8 |
| 11:22 | | 15:25 |
| 16:13 | | 17:16 |
| 25:25 | | 26:12 |
| 39:23 | | 40:11 |
| 40:14 | | 42:4 |
| 42:15 | | 43:4 |
| 43:7 | | 43:10 |
| 43:12 | | 43:13 |
| 43:15 | | 43:19 |

| Page/Line | To | Page/Line |
|---|---|---|
| 43:21 | | 43:24 |
| 44:2 | | 45:4 |
| 45:6 | | 45:20 |
| 45:22 | | 46:5 |
| 48:2 | | 48:15 |
| 49:5 | | 50:17 |
| 70:15 | | 71:12 |
| 71:14 | | 72:11 |
| 72:13 | | 73:17 |
| 73:19 | | 74:16 |
| 87:25 | | 88:21 |
| 90:22 | | 91:1 |
| 95:12 | | 97:22 |
| 99:11 | | 100:16 |
| 100:20 | | 101:20 |
| 101:25 | | 102:4 |
| 103:1 | | 104:4 |
| 105:7 | | 105:14 |
| 106:2 | | 106:11 |
| 106:13 | | 107:11 |
| 107:14 | | 107:25 |
| 108:2 | | 108:24 |
| 109:3 | | 111:7 |
| 111:10 | | 111:16 |
| 111:18 | | 112:2 |
| 129:5 | | 130:4 |
| 130:7 | | 131:5 |
| 131:8 | | 131:10 |
| 131:13 | | 131:21 |
| 131:23 | | 133:15 |
| 139:11 | | 139:21 |
| 147:11 | | 150:18 |

**Thomas Ploughe, dated August 31, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 13:16 | | 13:20 |
| 26:2 | | 26:7 |

| Page/Line | To | Page/Line |
|---|---|---|
| 30:1 | | 30:22 |
| 31:2 | | 31:10 |
| 42:8 | | 43:10 |
| 52:21 | | 53:7 |
| 55:11 | | 58:11 |
| 59:2 | | 60:4 |
| 60:12 | | 61:10 |
| 61:21 | | 62:21 |
| 63:7 | | 64:2 |
| 64:5 | | 64:9 |
| 64:11 | | 64:21 |
| 66:1 | | 66:22 |
| 66:24 | | 67:10 |
| 68:2 | | 69:22 |
| 85:4 | | 86:19 |
| 101:18 | | 102:7 |
| 102:16 | | 103:22 |
| 103:25 | | 104:4 |
| 104:7 | | 104:17 |
| 104:19 | | 104:21 |
| 104:24 | | 105:4 |
| 109:11 | | 109:24 |
| 113:13 | | 113:16 |
| 113:18 | | 114:4 |
| 117:2 | | 120:5 |
| 129:23 | | 131:8 |
| 134:8 | | 135:24 |
| 137:10 | | 142:13 |
| 142:16 | | 143:11 |
| 144:12 | | 144:25 |
| 145:3 | | 145:9 |
| 145:12 | | 145:16 |
| 147:22 | | 148:8 |
| 148:11 | | 149:10 |
| 149:12 | | 150:9 |
| 150:25 | | 153:14 |
| 153:17 | | 153:20 |
| 154:8 | | 154:21 |
| 154:24 | | 156:15 |

| Page/Line | To | Page/Line |
|---|---|---|
| 157:17 | | 158:4 |
| 166:11 | | 166:22 |
| 166:25 | | 167:15 |
| 199:5 | | 199:8 |
| 199:11 | | 199:12 |
| 236:19 | | 236:22 |
| 241:8 | | 241:20 |
| 265:4 | | 265:7 |
| 265:9 | | 265:15 |
| 265:18 | | 265:18 |

**Chip Poth, dated October 3, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 7:9 | | 9:18 |
| 20:8 | | 21:3 |
| 21:24 | | 22:2 |
| 22:6 | | 22:20 |
| 24:22 | | 27:5 |
| 28:3 | | 28:8 |
| 28:10 | | 28:11 |
| 28:25 | | 29:4 |
| 29:7 | | 29:23 |
| 31:12 | | 33:1 |
| 33:25 | | 37:3 |
| 37:20 | | 39:8 |
| 39:18 | | 39:24 |
| 40:2 | | 42:4 |
| 63:2 | | 63:8 |
| 63:11 | | 64:24 |
| 66:24 | | 67:4 |
| 67:14 | | 67:24 |
| 70:8 | | 70:10 |
| 70:13 | | 72:5 |
| 74:1 | | 74:11 |
| 79:22 | | 79:25 |
| 87:24 | | 88:2 |
| 88:15 | | 89:20 |

| Page/Line | To | Page/Line |
|---|---|---|
| 90:11 | | 91:15 |
| 94:4 | | 94:21 |
| 96:20 | | 96:23 |
| 97:2 | | 97:13 |
| 97:18 | | 98:4 |
| 101:12 | | 104:8 |
| 108:16 | | 108:23 |
| 127:6 | | 131:14 |
| 131:18 | | 132:12 |
| 133:5 | | 134:14 |
| 143:10 | | 143:13 |
| 143:16 | | 145:2 |
| 145:10 | | 145:14 |
| 149:11 | | 149:14 |
| 149:17 | | 150:23 |
| 163:21 | | 164:5 |
| 165:20 | | 166:25 |
| 167:1 | | 167:4 |
| 167:7 | | 176:7 |
| 176:9 | | 177:11 |
| 178:3 | | 179:23 |
| 179:25 | | 180:4 |
| 187:16 | | 191:15 |
| 195:22 | | 196:16 |
| 197:2 | | 198:2 |
| 198:6 | | 199:16 |
| 203:12 | | 203:13 |
| 203:19 | | 204:23 |
| 224:17 | | 225:12 |
| 233:24 | | 236:8 |
| 236:20 | | 237:12 |
| 253:5 | | 254:10 |
| 255:21 | | 256:1 |
| 256:9 | | 256:12 |
| 256:16 | | 256:18 |
| 261:1 | | 261:19 |
| 285:7 | | 285:20 |

**William Quiring, dated September 7, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 7:1 | | 10:14 |
| 11:18 | | 13:13 |
| 14:5 | | 14:22 |
| 15:15 | | 16:12 |
| 16:24 | | 17:3 |
| 17:5 | | 19:18 |
| 21:11 | | 21:21 |
| 22:6 | | 24:2 |
| 24:6 | | 24:20 |
| 25:5 | | 27:18 |
| 29:17 | | 30:1 |
| 37:21 | | 38:22 |
| 39:3 | | 39:8 |
| 40:9 | | 41:12 |
| 41:15 | | 41:15 |
| 41:17 | | 43:13 |
| 43:15 | | 47:2 |
| 47:4 | | 48:24 |
| 50:17 | | 51:15 |
| 51:18 | | 52:2 |
| 52:19 | | 52:23 |
| 54:15 | | 54:23 |
| 55:9 | | 55:19 |
| 57:10 | | 61:8 |
| 63:21 | | 64:10 |
| 65:9 | | 65:23 |
| 65:25 | | 66:1 |
| 66:4 | | 66:5 |
| 66:7 | | 69:22 |
| 71:17 | | 71:25 |
| 72:3 | | 72:11 |
| 74:2 | | 75:1 |
| 75:4 | | 75:14 |
| 75:17 | | 75:20 |
| 75:23 | | 76:4 |
| 76:21 | | 79:20 |
| 81:8 | | 81:21 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 82:17 | | 87:10 |
| 95:11 | | 95:25 |
| 96:12 | | 96:16 |
| 96:20 | | 97:3 |
| 98:21 | | 100:21 |
| 100:24 | | 101:3 |
| 104:18 | | 105:20 |
| 108:8 | | 109:5 |
| 109:7 | | 109:12 |
| 109:15 | | 109:16 |
| 113:12 | | 115:23 |
| 116:1 | | 117:21 |
| 123:19 | | 124:24 |
| 148:12 | | 149:23 |
| 203:12 | | 203:25 |

**John Restall, dated August 17, 2017:**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 5:2 | | 6:21 |
| 8:23 | | 20:21 |
| 25:4 | | 26:3 |
| 29:2 | | 29:17 |
| 29:19 | | 32:6 |
| 32:8 | | 32:17 |
| 32:19 | | 35:1 |
| 35:3 | | 38:1 |
| 38:3 | | 40:1 |
| 40:14 | | 44:10 |
| 44:12 | | 44:19 |
| 50:3 | | 52:6 |
| 58:8 | | 61:14 |
| 61:16 | | 68:6 |
| 68:8 | | 71:19 |
| 71:21 | | 74:13 |
| 74:15 | | 75:21 |
| 76:1 | | 78:2 |
| 78:4 | | 78:6 |

| Page/Line | To | Page/Line |
|---|---|---|
| 78:8 | | 83:3 |
| 83:5 | | 83:20 |
| 83:22 | | 85:4 |
| 85:15 | | 85:17 |
| 85:19 | | 89:5 |
| 89:13 | | 90:20 |
| 90:22 | | 97:10 |
| 102:18 | | 102:21 |
| 102:24 | | 103:14 |
| 105:17 | | 106:10 |
| 107:8 | | 110:3 |
| 110:5 | | 111:2 |
| 111:15 | | 111:20 |
| 132:25 | | 134:9 |
| 137:9 | | 137:17 |
| 138:7 | | 139:19 |
| 139:21 | | 141:1 |
| 150:16 | | 150:23 |
| 154:24 | | 155:21 |
| 160:12 | | 160:25 |
| 180:16 | | 180:20 |
| 181:8 | | 182:14 |
| 184:5 | | 187:17 |
| 200:16 | | 204:25 |
| 205:2 | | 205:2 |
| 233:18 | | 234:11 |
| 239:7 | | 240:21 |
| 240:23 | | 240:23 |

**Eric Roegner, dated October 27, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 11:1 | | 12:2 |
| 14:7 | | 16:10 |
| 18:16 | | 19:1 |
| 23:25 | | 25:19 |
| 31:20 | | 33:12 |
| 53:21 | | 53:25 |

| Page/Line | To | Page/Line |
|---|---|---|
| 54:2 | | 54:10 |
| 55:13 | | 55:15 |
| 55:17 | | 55:21 |
| 61:10 | | 61:21 |
| 61:23 | | 62:6 |
| 62:8 | | 62:16 |
| 62:25 | | 63:12 |
| 65:6 | | 66:5 |
| 67:11 | | 69:8 |
| 69:10 | | 70:23 |
| 71:16 | | 72:16 |
| 75:20 | | 75:24 |
| 76:1 | | 76:15 |
| 76:17 | | 77:1 |
| 77:3 | | 77:5 |
| 77:7 | | 77:10 |
| 83:24 | | 84:12 |
| 85:1 | | 85:17 |
| 87:23 | | 89:15 |
| 90:9 | | 90:12 |
| 91:13 | | 91:18 |
| 91:20 | | 92:5 |
| 92:7 | | 92:7 |
| 92:13 | | 93:14 |
| 93:20 | | 96:1 |
| 96:7 | | 98:1 |
| 99:17 | | 101:9 |
| 106:22 | | 106:24 |
| 107:1 | | 108:12 |
| 115:15 | | 115:23 |
| 115:25 | | 116:9 |
| 116:11 | | 116:13 |
| 118:9 | | 118:19 |
| 118:21 | | 119:13 |
| 119:15 | | 119:20 |
| 119:22 | | 120:7 |
| 121:25 | | 122:25 |
| 123:14 | | 123:18 |
| 123:20 | | 124:9 |

| Page/Line | To | Page/Line |
|---|---|---|
| 124:18 | | 125:7 |
| 125:23 | | 126:13 |
| 126:21 | | 127:12 |
| 127:18 | | 129:7 |
| 130:25 | | 132:25 |
| 133:2 | | 133:19 |
| 133:21 | | 135:9 |
| 136:2 | | 136:23 |
| 136:25 | | 137:1 |
| 137:3 | | 139:13 |
| 139:15 | | 140:17 |
| 141:1 | | 141:15 |
| 143:17 | | 143:21 |
| 143:23 | | 143:24 |
| 144:6 | | 144:14 |
| 144:17 | | 144:24 |
| 145:11 | | 147:22 |
| 148:20 | | 149:14 |
| 152:15 | | 153:14 |
| 158:18 | | 160:5 |
| 161:13 | | 163:4 |
| 163:6 | | 163:16 |
| 164:15 | | 166:2 |
| 172:9 | | 172:18 |
| 180:16 | | 183:12 |
| 183:19 | | 184:21 |
| 184:23 | | 184:25 |
| 187:24 | | 188:13 |
| 188:15 | | 188:17 |
| 206:6 | | 207:17 |
| 207:19 | | 208:3 |
| 208:5 | | 208:15 |
| 208:17 | | 209:6 |
| 209:15 | | 210:12 |
| 211:9 | | 211:18 |
| 212:21 | | 214:3 |
| 215:13 | | 216:23 |
| 225:5 | | 225:7 |
| 225:9 | | 225:15 |

| Page/Line | To | Page/Line |
|:---:|:---:|:---:|
| 227:7 | | 227:11 |
| 227:13 | | 227:22 |
| 228:2 | | 228:20 |
| 245:5 | | 245:15 |
| 249:7 | | 250:8 |
| 251:7 | | 252:14 |
| 257:7 | | 259:24 |
| 260:20 | | 262:12 |
| 262:22 | | 263:18 |
| 264:23 | | 264:25 |
| 265:2 | | 265:5 |
| 265:8 | | 265:12 |
| 265:14 | | 266:2 |
| 266:4 | | 266:7 |
| 268:19 | | 269:5 |
| 269:24 | | 270:19 |
| 271:21 | | 271:24 |
| 280:2 | | 281:24 |
| 282:1 | | 282:5 |
| 282:15 | | 282:20 |
| 284:3 | | 285:1 |
| 285:3 | | 285:9 |
| 285:18 | | 285:22 |
| 287:21 | | 289:10 |
| 291:10 | | 292:23 |
| 292:25 | | 293:2 |
| 297:16 | | 298:11 |
| 298:21 | | 300:20 |
| 301:1 | | 302:4 |
| 302:6 | | 303:17 |
| 303:20 | | 303:23 |
| 304:4 | | 304:6 |
| 304:8 | | 304:10 |
| 304:19 | | 305:20 |
| 305:22 | | 306:17 |
| 306:19 | | 306:21 |

**Dustin Ruh, dated August 14, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 10:1 | | 12:4 |
| 15:6 | | 18:19 |
| 20:18 | | 21:3 |
| 35:2 | | 35:20 |
| 37:3 | | 37:12 |
| 51:23 | | 52:20 |
| 53:20 | | 55:13 |
| 58:1 | | 58:7 |
| 59:6 | | 59:23 |
| 60:15 | | 61:11 |
| 62:14 | | 63:9 |
| 67:12 | | 68:4 |
| 68:6 | | 68:10 |
| 68:12 | | 68:13 |
| 68:15 | | 68:15 |
| 69:5 | | 71:7 |
| 83:3 | | 83:12 |
| 84:7 | | 84:10 |
| 90:10 | | 92:12 |
| 92:15 | | 93:1 |
| 93:4 | | 93:12 |
| 93:20 | | 94:6 |
| 95:23 | | 98:3 |
| 98:6 | | 98:8 |
| 98:11 | | 98:14 |
| 110:19 | | 110:23 |
| 111:13 | | 112:4 |
| 112:6 | | 113:15 |
| 113:17 | | 113:17 |
| 114:3 | | 114:15 |
| 115:9 | | 115:16 |
| 116:16 | | 117:7 |
| 117:10 | | 117:15 |
| 117:18 | | 117:20 |
| 117:23 | | 117:23 |
| 121:17 | | 122:7 |
| 123:1 | | 125:7 |

| Page/Line | To | Page/Line |
|---|---|---|
| 125:9 | | 125:20 |
| 127:5 | | 128:4 |
| 128:7 | | 129:19 |
| 132:21 | | 132:25 |
| 134:8 | | 135:25 |
| 136:8 | | 138:8 |
| 139:20 | | 139:25 |
| 141:4 | | 141:6 |
| 141:9 | | 141:20 |
| 141:23 | | 142:7 |
| 142:10 | | 142:17 |
| 144:21 | | 144:24 |
| 145:2 | | 145:6 |
| 145:15 | | 145:22 |
| 148:3 | | 150:18 |
| 150:21 | | 150:25 |
| 151:3 | | 151:3 |
| 151:9 | | 152:20 |
| 153:2 | | 153:25 |
| 154:4 | | 156:19 |
| 160:15 | | 161:16 |
| 161:22 | | 162:14 |
| 163:10 | | 163:18 |
| 163:24 | | 164:9 |
| 164:11 | | 164:11 |
| 164:14 | | 164:18 |
| 164:20 | | 164:24 |
| 165:1 | | 165:6 |
| 165:8 | | 165:8 |
| 165:13 | | 167:4 |
| 167:23 | | 168:19 |
| 168:22 | | 168:23 |
| 169:1 | | 169:1 |
| 171:5 | | 171:10 |
| 171:25 | | 172:6 |
| 172:17 | | 173:8 |
| 173:24 | | 174:11 |
| 175:16 | | 176:9 |
| 176:15 | | 178:14 |

| Page/Line | To | Page/Line |
|---|---|---|
| 179:1 | | 179:13 |
| 181:10 | | 183:25 |
| 187:12 | | 187:25 |
| 190:7 | | 190:10 |
| 190:12 | | 190:17 |
| 190:19 | | 190:21 |
| 191:4 | | 191:21 |
| 193:4 | | 193:20 |
| 194:1 | | 194:5 |
| 194:7 | | 194:18 |
| 194:21 | | 195:16 |
| 195:18 | | 195:18 |
| 196:20 | | 196:24 |
| 197:21 | | 198:4 |
| 198:6 | | 198:6 |
| 198:14 | | 198:18 |
| 198:20 | | 198:25 |
| 199:3 | | 199:9 |
| 200:19 | | 201:20 |
| 208:10 | | 208:23 |
| 209:1 | | 209:15 |
| 211:2 | | 211:17 |
| 213:2 | | 213:18 |
| 214:14 | | 214:21 |
| 215:9 | | 216:1 |
| 216:3 | | 216:7 |
| 216:9 | | 216:21 |
| 217:17 | | 218:15 |
| 218:18 | | 218:18 |
| 223:17 | | 224:1 |
| 228:10 | | 228:19 |
| 229:9 | | 229:18 |
| 229:24 | | 230:1 |
| 230:11 | | 230:13 |
| 230:15 | | 231:20 |
| 231:22 | | 232:15 |
| 232:17 | | 232:20 |
| 235:11 | | 235:22 |
| 235:25 | | 236:24 |

| Page/Line | To | Page/Line |
|---|---|---|
| 237:2 | | 237:8 |

**Paul Scaglione, dated August 11, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 6:1 | | 8:13 |
| 9:25 | | 13:8 |
| 14:8 | | 21:14 |
| 21:20 | | 22:18 |
| 24:12 | | 26:13 |
| 27:10 | | 28:20 |
| 30:15 | | 31:21 |
| 42:4 | | 43:20 |
| 44:15 | | 45:14 |
| 47:6 | | 47:19 |
| 49:22 | | 51:8 |
| 61:12 | | 63:25 |
| 65:16 | | 66:10 |
| 68:24 | | 69:22 |
| 85:24 | | 86:22 |
| 92:4 | | 93:24 |
| 98:9 | | 99:5 |
| 99:18 | | 101:8 |
| 103:12 | | 103:25 |
| 105:8 | | 109:12 |
| 109:25 | | 111:5 |
| 113:8 | | 115:17 |
| 117:21 | | 120:14 |
| 120:17 | | 121:5 |
| 121:22 | | 122:1 |
| 123:20 | | 124:2 |
| 138:8 | | 138:23 |
| 139:15 | | 140:15 |
| 141:11 | | 141:14 |
| 141:17 | | 142:25 |
| 144:14 | | 144:23 |
| 145:7 | | 145:21 |
| 152:1 | | 152:16 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 153:9 | | 153:23 |
| 154:2 | | 154:6 |
| 157:11 | | 158:7 |
| 159:13 | | 162:10 |
| 174:12 | | 175:10 |
| 175:13 | | 178:16 |
| 191:20 | | 195:3 |
| 199:6 | | 199:21 |
| 210:7 | | 210:20 |
| 253:2 | | 253:16 |
| 253:25 | | 254:20 |
| 289:20 | | 290:5 |
| 290:8 | | 290:18 |
| 315:5 | | 315:13 |
| 321:12 | | 322:8 |
| 324:14 | | 327:21 |

**Henry Sigler, dated September 15, 2017:**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 5:1 | | 7:11 |
| 8:8 | | 8:22 |
| 9:23 | | 12:9 |
| 12:25 | | 15:23 |
| 16:1 | | 16:14 |
| 17:1 | | 18:12 |
| 19:8 | | 20:21 |
| 21:8 | | 23:2 |
| 23:17 | | 23:25 |
| 24:7 | | 25:19 |
| 26:3 | | 28:3 |
| 31:22 | | 33:16 |
| 35:16 | | 37:25 |
| 38:7 | | 39:25 |
| 41:4 | | 41:15 |
| 42:6 | | 45:9 |
| 49:20 | | 51:5 |
| 55:1 | | 56:14 |

| Page/Line | To | Page/Line |
|---|---|---|
| 59:10 | | 63:22 |
| 65:5 | | 67:11 |
| 68:12 | | 71:1 |
| 72:18 | | 75:3 |
| 75:5 | | 79:14 |
| 80:11 | | 81:25 |
| 82:23 | | 84:18 |
| 85:19 | | 87:21 |
| 90:11 | | 91:13 |
| 95:17 | | 97:12 |
| 97:22 | | 101:8 |
| 102:12 | | 103:20 |
| 104:19 | | 105:12 |
| 106:1 | | 109:14 |
| 110:15 | | 111:16 |
| 112:22 | | 113:15 |
| 120:23 | | 122:19 |
| 123:1 | | 123:8 |
| 128:6 | | 128:8 |
| 128:10 | | 128:16 |
| 129:8 | | 129:25 |
| 130:2 | | 130:5 |
| 132:8 | | 133:25 |
| 134:16 | | 135:2 |
| 135:4 | | 135:10 |
| 135:12 | | 135:16 |
| 139:16 | | 139:20 |
| 139:25 | | 140:14 |
| 144:11 | | 148:7 |
| 149:15 | | 150:4 |
| 150:19 | | 151:6 |
| 152:17 | | 157:11 |
| 157:21 | | 158:17 |
| 158:25 | | 160:1 |
| 162:19 | | 162:25 |
| 163:15 | | 163:23 |
| 179:7 | | 179:13 |
| 179:16 | | 179:18 |
| 179:24 | | 180:4 |

| Page/Line | To | Page/Line |
|---|---|---|
| 207:15 | | 208:7 |
| 234:9 | | 236:1 |
| 238:1 | | 239:7 |
| 240:23 | | 242:25 |
| 243:5 | | 243:15 |
| 245:1 | | 245:3 |
| 254:22 | | 255:20 |
| 255:23 | | 256:5 |
| 256:7 | | 257:23 |
| 258:20 | | 259:20 |
| 260:24 | | 263:9 |
| 273:15 | | 274:19 |
| 279:10 | | 279:21 |
| 279:24 | | 281:14 |
| 283:25 | | 284:6 |

**Chad Walker, dated August 9, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 7:1 | | 8:7 |
| 9:23 | | 12:14 |
| 14:11 | | 14:15 |
| 24:21 | | 26:14 |
| 27:20 | | 30:14 |
| 30:17 | | 30:20 |
| 30:24 | | 31:7 |
| 31:11 | | 31:20 |
| 157:12 | | 158:18 |
| 185:2 | | 185:8 |
| 185:11 | | 185:18 |
| 185:22 | | 185:23 |
| 186:2 | | 186:3 |
| 192:23 | | 192:24 |
| 193:1 | | 193:17 |
| 193:21 | | 194:8 |
| 194:12 | | 196:1 |
| 196:3 | | 196:3 |
| 196:7 | | 196:21 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 196:24 | | 197:2 |
| 197:5 | | 197:8 |
| 197:11 | | 197:19 |
| 197:22 | | 202:22 |
| 205:3 | | 205:12 |
| 210:12 | | 210:14 |
| 210:18 | | 211:6 |
| 211:10 | | 213:9 |

# ATTACHMENT H-2(b)

(Defendant's Counter-Designations of
Portions of Deposition Testimony)

<u>**ATTACHMENT H-2(b)**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.),　　　　　　　　　　 ) ) ) ) | Civil Action No.: 1:15-cv-01466-JPB |
| Plaintiffs and Counterclaim-Defendants,　　) ) | |
| v.　　　　　　　　　　　　　　　) ) | |
| UNIVERSAL ALLOY CORPORATION,　　) ) | |
| Defendant and Counterclaim-Plaintiff.　　) ) | |

<u>**DEFENDANT'S COUNTER-DESIGNATIONS TO PLAINTIFF'S**</u>
<u>**DEPOSITION DESIGNATIONS**</u>

Defendant Universal Alloy Corporation ("UAC") identifies the following deposition testimony as counter-designations to testimony identified by Plaintiffs Arconic Corporation (f/k/a Alcoa Inc.) and Howmet Aerospace Inc. ("Plaintiffs"). UAC reserves the right to revise, amend, or supplement these designations as necessitated by the Court's pretrial or trial rulings; Plaintiffs' trial designations, exhibits, or arguments; or to address any additional developments in the case. UAC further reserves the right to provide designations for use in its rebuttal case and to use any portion of any deposition transcript for the purposes of impeachment. UAC further reserves the right to introduce any deposition testimony designated by

Plaintiffs in order to ensure any testimony Plaintiffs offer is complete. All extraneous and unnecessary matters, including nonessential colloquy of counsel, will be removed from the designations below when the designations are read to or viewed by the jury.

**Brian Ankenman, dated May 5, 2016:**

| Page/Line | To | Page/Line |
|:---:|:---:|:---:|
| 5:1 | | 6:7 |
| 22:5 | | 23:23 |
| 24:11 | | 24:16 |
| 25:23 | | 27:4 |
| 27:20 | | 28:5 |
| 28:17 | | 37:22 |
| 38:21 | | 44:14 |
| 44:22 | | 45:4 |
| 47:10 | | 49:22 |
| 50:4 | | 52:18 |
| 52:24 | | 53:7 |
| 54:6 | | 54:8 |
| 54:14 | | 54:24 |
| 55:1 | | 55:18 |
| 55:19 | | 55:20 |
| 55:23 | | 55:24 |
| 56:15 | | 58:23 |
| 59:2 | | 62:9 |
| 63:7 | | 64:4 |
| 64:11 | | 67:2 |
| 68:2 | | 68:23 |
| 68:25 | | 69:6 |
| 69:9 | | 69:23 |
| 69:25 | | 70:11 |
| 70:23 | | 72:9 |
| 72:15 | | 75:17 |
| 79:21 | | 80:13 |
| 84:21 | | 86:13 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 86:14 | | 89:13 |
| 89:16 | | 89:16 |
| 89:18 | | 89:25 |
| 91:13 | | 93:21 |
| 98:25 | | 99:11 |
| 100:20 | | 101:3 |
| 102:1 | | 103:1 |
| 104:10 | | 109:14 |
| 109:17 | | 109:24 |
| 115:4 | | 122:25 |
| 123:10 | | 124:5 |
| 129:18 | | 132:21 |
| 133:6 | | 136:10 |
| 136:19 | | 138:10 |
| 140:25 | | 141:24 |
| 150:19 | | 152:11 |
| 156:18 | | 156:22 |
| 157:12 | | 157:21 |
| 158:5 | | 158:15 |
| 158:17 | | 159:16 |
| 159:20 | | 160:5 |
| 162:17 | | 162:20 |
| 162:22 | | 162:24 |
| 163:7 | | 163:15 |
| 165:11 | | 166:23 |
| 174:13 | | 174:15 |
| 207:18 | | 208:9 |
| 215:1 | | 216:8 |
| 220:6 | | 220:23 |
| 225:19 | | 226:2 |
| 227:1 | | 228:20 |
| 230:5 | | 230:9 |
| 230:11 | | 230:13 |
| 230:15 | | 230:15 |
| 230:17 | | 231:1 |
| 234:15 | | 234:16 |
| 234:18 | | 234:21 |
| 235:9 | | 235:10 |
| 235:12 | | 235:13 |

| Page/Line | To | Page/Line |
|---|---|---|
| 235:18 | | 237:13 |
| 251:23 | | 254:8 |
| 254:11 | | 254:25 |
| 256:1 | | 256:7 |
| 256:18 | | 256:19 |
| 258:15 | | 258:18 |
| 258:24 | | 259:2 |
| 259:5 | | 259:9 |
| 259:12 | | 259:21 |
| 259:23 | | 260:4 |
| 260:7 | | 260:10 |
| 260:13 | | 260:13 |
| 266:19 | | 270:2 |
| 270:10 | | 270:10 |
| 270:12 | | 271:19 |
| 273:22 | | 274:21 |
| 274:23 | | 275:16 |
| 275:19 | | 276:14 |
| 276:17 | | 276:17 |
| 279:12 | | 281:21 |
| 282:6 | | 282:10 |
| 285:10 | | 286:3 |
| 287:2 | | 288:1 |
| 291:2 | | 291:24 |
| 310:5 | | 311:7 |
| 315:12 | | 315:23 |
| 316:1 | | 317:3 |

**John Ball, dated October 12, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 5:8 | | 6:2 |
| 21:23 | | 22:9 |
| 23:2 | | 23:19 |
| 24:20 | | 25:3 |
| 25:8 | | 25:18 |
| 25:24 | | 26:3 |
| 26:8 | | 26:19 |

4

| Page/Line | To | Page/Line |
|-----------|----|-----------|
| 28:8 | | 30:4 |
| 30:9 | | 31:2 |
| 35:24 | | 36:9 |
| 42:17 | | 43:2 |
| 44:19 | | 45:25 |
| 46:12 | | 46:16 |
| 48:20 | | 50:13 |
| 51:12 | | 51:24 |
| 61:12 | | 63:1 |
| 63:25 | | 64:9 |
| 65:17 | | 66:5 |

**Kelly Bethards, dated May 4, 2016:**

| Page/Line | To | Page/Line |
|-----------|----|-----------|
| 5:2 | | 6:4 |
| 8:16 | | 10:19 |
| 13:4 | | 13:9 |
| 13:16 | | 14:1 |
| 15:8 | | 16:13 |
| 17:11 | | 19:5 |
| 19:8 | | 21:8 |
| 21:11 | | 22:19 |
| 23:25 | | 24:9 |
| 24:12 | | 24:15 |
| 24:18 | | 24:21 |
| 24:23 | | 24:25 |
| 25:3 | | 26:25 |
| 27:2 | | 27:22 |
| 27:24 | | 29:13 |
| 29:15 | | 30:12 |
| 30:14 | | 30:20 |
| 30:22 | | 31:24 |
| 32:12 | | 34:7 |
| 34:14 | | 37:9 |
| 37:22 | | 37:23 |
| 37:25 | | 38:2 |
| 38:4 | | 38:7 |

| Page/Line | To | Page/Line |
|---|---|---|
| 38:9 | | 38:13 |
| 38:20 | | 39:10 |
| 39:17 | | 40:1 |
| 40:3 | | 41:2 |
| 41:5 | | 41:10 |
| 41:13 | | 41:21 |
| 42:8 | | 42:11 |
| 42:13 | | 42:19 |
| 42:22 | | 42:24 |
| 43:25 | | 44:3 |
| 44:5 | | 44:16 |
| 44:18 | | 44:19 |
| 44:21 | | 46:12 |
| 46:14 | | 48:8 |
| 48:10 | | 48:18 |
| 48:20 | | 48:20 |
| 48:22 | | 49:22 |
| 49:24 | | 50:2 |
| 50:15 | | 51:2 |
| 51:4 | | 51:9 |
| 51:19 | | 52:7 |
| 52:25 | | 53:9 |
| 56:9 | | 56:10 |
| 57:22 | | 58:1 |
| 58:20 | | 59:4 |
| 59:25 | | 60:4 |
| 60:7 | | 60:9 |
| 60:12 | | 60:13 |
| 60:23 | | 61:1 |
| 61:3 | | 61:4 |
| 62:6 | | 62:7 |
| 62:9 | | 63:6 |
| 64:16 | | 64:25 |
| 65:17 | | 65:20 |
| 66:6 | | 66:15 |
| 67:2 | | 67:12 |
| 67:19 | | 67:24 |
| 68:7 | | 70:24 |
| 71:17 | | 72:11 |

| Page/Line | To | Page/Line |
|---|---|---|
| 74:1 | | 75:10 |
| 76:1 | | 76:6 |
| 77:3 | | 77:6 |
| 77:8 | | 78:4 |
| 78:10 | | 79:4 |
| 79:6 | | 79:8 |
| 79:11 | | 80:17 |
| 80:19 | | 81:5 |
| 81:7 | | 81:8 |
| 81:10 | | 82:21 |
| 83:20 | | 84:3 |
| 84:5 | | 84:5 |
| 85:3 | | 86:11 |
| 86:13 | | 86:13 |
| 86:16 | | 89:25 |
| 90:2 | | 90:2 |
| 94:4 | | 94:20 |
| 94:22 | | 95:4 |
| 95:6 | | 95:6 |
| 95:12 | | 95:17 |
| 98:25 | | 100:11 |
| 104:7 | | 104:7 |
| 106:1 | | 107:4 |
| 107:12 | | 107:15 |
| 109:7 | | 109:11 |
| 109:14 | | 109:23 |
| 113:13 | | 115:22 |
| 116:5 | | 116:18 |
| 116:20 | | 117:6 |
| 118:20 | | 119:5 |
| 119:9 | | 119:15 |
| 119:17 | | 119:17 |
| 119:20 | | 119:20 |
| 119:22 | | 119:25 |
| 120:2 | | 120:2 |
| 120:4 | | 120:7 |
| 120:9 | | 120:12 |
| 120:14 | | 120:18 |
| 130:9 | | 130:14 |

| Page/Line | To | Page/Line |
|---|---|---|
| 130:17 | | 130:20 |
| 136:12 | | 136:15 |
| 137:4 | | 137:21 |
| 139:3 | | 139:22 |
| 141:16 | | 141:18 |
| 141:23 | | 142:11 |
| 148:9 | | 148:11 |
| 148:14 | | 148:17 |
| 148:20 | | 156:2 |
| 156:5 | | 156:8 |
| 156:11 | | 156:12 |
| 156:14 | | 156:17 |
| 157:6 | | 157:8 |
| 157:11 | | 157:12 |
| 163:3 | | 164:7 |
| 183:8 | | 183:16 |
| 188:2 | | 188:19 |
| 188:22 | | 188:22 |
| 189:1 | | 189:10 |
| 190:22 | | 191:4 |
| 191:12 | | 191:20 |
| 191:25 | | 192:16 |
| 197:2 | | 198:11 |
| 198:14 | | 198:18 |
| 201:25 | | 202:4 |
| 202:8 | | 202:10 |
| 203:7 | | 203:12 |
| 222:15 | | 222:17 |
| 227:12 | | 229:4 |
| 229:11 | | 230:4 |
| 235:5 | | 238:1 |
| 246:6 | | 246:10 |
| 259:5 | | 259:24 |
| 260:8 | | 262:24 |
| 263:7 | | 263:12 |

**Jeff Carpenter, dated September 8, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 4:2 | | 4:25 |
| 8:18 | | 9:14 |
| 14:21 | | 15:7 |
| 15:14 | | 16:2 |
| 16:18 | | 18:4 |
| 18:7 | | 20:4 |
| 20:21 | | 21:5 |
| 23:3 | | 23:21 |
| 24:4 | | 27:15 |
| 28:22 | | 29:19 |
| 30:22 | | 32:15 |
| 33:6 | | 40:6 |
| 40:22 | | 44:15 |
| 45:19 | | 46:1 |
| 46:24 | | 47:10 |
| 47:20 | | 49:2 |
| 49:10 | | 50:6 |
| 53:20 | | 54:17 |
| 56:13 | | 56:20 |
| 58:1 | | 58:6 |
| 58:19 | | 59:13 |
| 61:6 | | 62:1 |
| 62:10 | | 62:19 |
| 62:25 | | 63:11 |
| 63:23 | | 64:9 |
| 65:10 | | 65:12 |
| 65:24 | | 67:5 |
| 68:12 | | 69:20 |
| 70:17 | | 71:4 |
| 71:12 | | 71:17 |
| 71:20 | | 75:6 |
| 75:19 | | 77:18 |
| 78:1 | | 79:6 |
| 80:16 | | 81:9 |
| 82:2 | | 82:12 |
| 83:2 | | 83:16 |
| 83:20 | | 85:25 |

| Page/Line | To | Page/Line |
|---|---|---|
| 88:1 | | 89:18 |
| 91:17 | | 92:8 |
| 93:14 | | 93:19 |
| 94:15 | | 97:8 |
| 98:22 | | 100:17 |
| 104:3 | | 104:10 |
| 116:24 | | 117:4 |
| 125:8 | | 125:11 |
| 125:12 | | 126:1 |
| 133:25 | | 134:18 |
| 136:21 | | 137:10 |
| 139:11 | | 140:20 |
| 143:4 | | 144:7 |
| 153:14 | | 154:20 |

**Alan Chase, dated September 22, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 4:1 | | 6:4 |
| 7:19 | | 8:13 |
| 8:22 | | 9:2 |
| 9:11 | | 9:20 |
| 26:6 | | 26:16 |
| 34:8 | | 34:9 |
| 40:14 | | 40:16 |
| 64:20 | | 64:25 |
| 73:15 | | 73:20 |
| 83:20 | | 83:23 |
| 84:8 | | 86:16 |
| 108:16 | | 110:5 |
| 120:22 | | 121:1 |
| 121:7 | | 121:11 |
| 123:14 | | 123:21 |
| 124:19 | | 124:25 |
| 128:22 | | 129:2 |
| 131:15 | | 132:9 |
| 136:24 | | 137:7 |
| 137:20 | | 139:16 |

| Page/Line | To | Page/Line |
|---|---|---|
| 139:21 | | 139:24 |
| 140:2 | | 140:15 |
| 140:17 | | 141:15 |
| 141:18 | | 141:25 |
| 142:2 | | 142:3 |
| 142:21 | | 143:16 |

**Michael Colt, dated October 18, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 7:15 | | 8:7 |
| 20:17 | | 21:17 |
| 32:22 | | 33:21 |
| 35:5 | | 35:25 |
| 53:18 | | 53:20 |
| 73:19 | | 73:23 |
| 78:5 | | 79:8 |
| 118:18 | | 119:12 |
| 119:15 | | 120:12 |
| 130:22 | | 131:4 |
| 172:9 | | 172:16 |
| 192:8 | | 192:9 |
| 192:12 | | 192:15 |
| 208:9 | | 208:17 |
| 235:19 | | 236:9 |
| 236:18 | | 237:2 |
| 247:9 | | 247:24 |
| 248:3 | | 248:10 |
| 248:12 | | 248:21 |
| 249:14 | | 249:25 |
| 270:17 | | 271:4 |

**Michael Colt, dated October 19, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 469:17 | | 470:22 |
| 522:16 | | 523:25 |

11

**Gerry Dail, dated October 19, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 5:1 | | 5:22 |
| 6:1 | | 6:7 |
| 6:11 | | 7:6 |
| 12:20 | | 15:22 |
| 16:4 | | 16:14 |
| 16:22 | | 17:2 |
| 17:4 | | 19:5 |
| 19:10 | | 20:25 |
| 21:5 | | 21:20 |
| 29:24 | | 30:1 |
| 30:13 | | 30:16 |
| 31:9 | | 31:22 |
| 31:24 | | 32:7 |
| 34:3 | | 34:9 |
| 34:13 | | 35:12 |
| 36:11 | | 36:15 |
| 36:21 | | 38:19 |
| 39:1 | | 39:14 |
| 39:17 | | 40:1 |
| 40:17 | | 42:8 |
| 43:6 | | 44:13 |
| 44:19 | | 45:6 |
| 46:3 | | 46:24 |
| 47:4 | | 47:6 |
| 49:4 | | 49:18 |
| 113:21 | | 117:7 |
| 120:25 | | 121:2 |
| 121:5 | | 121:6 |

**Victor Dangerfield, dated October 10, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 6:8 | | 7:6 |
| 25:24 | | 26:3 |
| 64:24 | | 64:25 |
| 119:15 | | 119:17 |
| 119:19 | | 120:18 |

| Page/Line | To | Page/Line |
|---|---|---|
| 120:24 | | 120:25 |
| 121:8 | | 123:5 |
| 123:7 | | 123:9 |
| 144:15 | | 144:24 |
| 142:23 | | 142:25 |

**Michael Fultz, dated August 10, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 6:1 | | 7:5 |
| 16:8 | | 17:8 |
| 29:20 | | 29:22 |
| 30:3 | | 30:4 |
| 32:5 | | 32:13 |
| 43:8 | | 44:15 |
| 48:10 | | 48:15 |
| 55:4 | | 55:25 |
| 56:22 | | 56:25 |
| 90:3 | | 90:10 |
| 91:15 | | 92:6 |
| 93:6 | | 93:16 |
| 97:7 | | 98:3 |
| 98:15 | | 98:22 |
| 227:13 | | 227:16 |
| 228:16 | | 228:19 |
| 268:24 | | 269:8 |
| 286:8 | | 286:18 |
| 294:5 | | 294:11 |
| 316:14 | | 317:15 |
| 318:22 | | 319:2 |
| 319:17 | | 321:15 |
| 321:17 | | 322:8 |
| 322:11 | | 322:19 |
| 322:21 | | 323:13 |
| 330:24 | | 331:2 |
| 331:15 | | 332:14 |
| 332:18 | | 333:12 |
| 333:17 | | 334:8 |

| Page/Line | To | Page/Line |
|---|---|---|
| 335:24 | | 337:17 |
| 337:19 | | 338:5 |
| 338:7 | | 338:9 |
| 338:24 | | 340:9 |
| 340:23 | | 341:9 |
| 341:13 | | 342:21 |
| 342:24 | | 342:24 |
| 343:3 | | 343:5 |
| 343:8 | | 343:14 |
| 343:16 | | 343:16 |
| 343:18 | | 344:9 |
| 344:11 | | 344:13 |
| 344:15 | | 344:19 |
| 344:21 | | 344:25 |
| 345:6 | | 345:12 |
| 345:16 | | 346:2 |
| 367:21 | | 367:25 |
| 368:8 | | 368:14 |
| 368:24 | | 370:22 |
| 371:5 | | 372:8 |
| 372:16 | | 373:1 |
| 374:7 | | 379:1 |
| 379:4 | | 379:7 |
| 380:16 | | 382:17 |
| 382:19 | | 383:8 |
| 383:10 | | 383:10 |
| 383:12 | | 384:10 |
| 384:15 | | 384:19 |
| 384:21 | | 386:4 |
| 393:22 | | 394:13 |
| 394:15 | | 394:21 |
| 394:23 | | 395:3 |
| 395:5 | | 395:14 |
| 396:2 | | 396:5 |
| 397:7 | | 398:6 |
| 398:9 | | 398:16 |
| 398:19 | | 399:18 |
| 399:21 | | 399:23 |
| 400:1 | | 400:17 |

| Page/Line | To | Page/Line |
|---|---|---|
| 400:22 | | 401:3 |
| 403:5 | | 403:8 |
| 410:11 | | 410:20 |

**Joseph Kerkhove, dated August 29, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 16:5 | | 17:22 |
| 18:20 | | 23:2 |
| 24:4 | | 24:8 |
| 25:17 | | 26:12 |
| 26:25 | | 28:1 |
| 30:22 | | 31:9 |
| 60:2 | | 60:16 |
| 62:8 | | 63:15 |
| 65:2 | | 65:19 |
| 66:22 | | 66:24 |
| 67:1 | | 67:9 |
| 67:11 | | 67:17 |
| 67:19 | | 67:21 |
| 67:23 | | 67:25 |
| 69:3 | | 69:10 |
| 69:12 | | 69:13 |
| 74:5 | | 74:14 |
| 84:13 | | 84:16 |
| 84:25 | | 87:12 |
| 87:14 | | 87:24 |
| 89:19 | | 91:10 |
| 91:12 | | 91:22 |
| 93:20 | | 94:21 |
| 96:4 | | 96:6 |
| 96:8 | | 96:21 |
| 96:23 | | 97:4 |
| 97:6 | | 97:9 |
| 98:14 | | 100:14 |
| 100:16 | | 101:11 |
| 103:6 | | 103:16 |
| 105:16 | | 106:4 |

15

| | |
|---|---|
| 106:6 | 106:6 |
| 108:24 | 110:9 |
| 128:14 | 129:19 |
| 129:21 | 130:2 |
| 130:7 | 131:20 |
| 132:8 | 132:13 |
| 135:6 | 135:11 |
| 135:14 | 135:18 |
| 136:12 | 137:14 |
| 137:16 | 139:12 |
| 142:10 | 143:4 |
| 143:6 | 144:17 |
| 160:18 | 161:12 |
| 161:14 | 162:4 |
| 162:6 | 163:5 |
| 163:20 | 164:17 |
| 169:17 | 170:13 |
| 173:20 | 175:24 |
| 179:15 | 180:1 |
| 180:3 | 180:10 |
| 183:18 | 184:14 |
| 185:19 | 186:19 |
| 186:24 | 188:23 |
| 190:24 | 192:25 |
| 193:2 | 194:4 |
| 197:3 | 197:11 |
| 197:13 | 197:24 |
| 198:1 | 198:2 |
| 198:25 | 199:25 |
| 200:2 | 200:4 |
| 215:18 | 215:20 |
| 215:23 | 215:23 |
| 221:6 | 221:19 |
| 225:3 | 225:10 |
| 225:25 | 226:25 |
| 267:3 | 267:21 |
| 268:17 | 271:3 |
| 286:23 | 287:5 |
| 290:25 | 291:8 |
| 291:15 | 293:11 |

16

297:21                          298:6
299:7                           299:22


**Danny Maxey, dated June 1, 2016:**

| Page/Line | To | Page/Line |
|:---:|:---:|:---:|
| 4:2 | | 6:6 |
| 6:10 | | 6:13 |
| 9:23 | | 9:24 |
| 26:22 | | 31:12 |
| 33:9 | | 33:15 |
| 34:4 | | 35:20 |
| 37:10 | | 37:11 |
| 45:2 | | 46:4 |
| 62:23 | | 63:22 |
| 70:19 | | 73:16 |
| 75:18 | | 75:20 |
| 75:22 | | 77:21 |
| 77:23 | | 78:23 |
| 79:1 | | 79:8 |
| 79:11 | | 80:20 |
| 80:22 | | 80:25 |
| 81:5 | | 81:6 |
| 93:16 | | 94:1 |
| 97:10 | | 97:23 |
| 98:17 | | 100:3 |
| 127:17 | | 128:2 |
| 130:7 | | 131:25 |
| 132:2 | | 134:10 |
| 140:2 | | 140:6 |
| 140:9 | | 140:19 |
| 145:10 | | 148:13 |
| 155:8 | | 158:1 |
| 159:6 | | 160:18 |
| 162:14 | | 162:24 |
| 185:17 | | 186:24 |
| 199:4 | | 199:11 |
| 203:22 | | 204:16 |
| 208:11 | | 208:18 |

17

| Page/Line | To | Page/Line |
|---|---|---|
| 278:6 | | 278:9 |
| 278:12 | | 278:20 |
| 278:23 | | 279:9 |

**Vicki Micheau, dated September 7, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 5:2 | | 6:4 |
| 12:20 | | 14:4 |
| 14:21 | | 15:9 |
| 16:24 | | 17:2 |
| 17:7 | | 18:20 |
| 19:10 | | 19:11 |
| 19:21 | | 20:2 |
| 20:19 | | 21:15 |
| 22:23 | | 23:25 |
| 24:8 | | 24:19 |
| 25:5 | | 26:5 |
| 26:11 | | 26:17 |
| 26:20 | | 32:7 |
| 32:11 | | 33:3 |
| 33:11 | | 35:1 |
| 35:13 | | 35:15 |
| 36:21 | | 38:8 |
| 42:4 | | 42:11 |
| 45:14 | | 49:5 |
| 49:9 | | 49:23 |
| 52:13 | | 54:1 |
| 55:2 | | 55:6 |
| 55:23 | | 60:16 |
| 60:25 | | 61:5 |
| 61:12 | | 61:23 |
| 64:25 | | 65:3 |
| 65:6 | | 68:6 |
| 68:12 | | 69:8 |
| 71:24 | | 72:23 |
| 73:1 | | 73:12 |
| 73:15 | | 73:24 |

| Page/Line | To | Page/Line |
|---|---|---|
| 74:6 | | 75:12 |
| 77:2 | | 78:12 |
| 79:7 | | 79:19 |
| 81:14 | | 82:18 |
| 82:24 | | 83:15 |
| 83:22 | | 86:3 |
| 86:5 | | 86:15 |
| 87:3 | | 89:3 |
| 91:10 | | 91:16 |
| 93:12 | | 94:5 |
| 94:8 | | 97:12 |
| 97:21 | | 97:22 |
| 98:2 | | 100:4 |
| 101:18 | | 106:18 |
| 110:16 | | 110:21 |
| 111:3 | | 112:5 |
| 115:20 | | 116:18 |
| 117:3 | | 118:8 |
| 123:17 | | 125:20 |
| 126:23 | | 127:21 |
| 128:22 | | 129:6 |
| 131:6 | | 132:24 |
| 133:8 | | 135:15 |
| 135:18 | | 135:21 |
| 136:9 | | 136:17 |
| 136:21 | | 137:17 |
| 137:24 | | 140:21 |
| 141:1 | | 142:9 |
| 143:2 | | 145:4 |
| 145:7 | | 146:7 |
| 147:2 | | 150:18 |
| 151:20 | | 151:25 |
| 152:17 | | 154:17 |
| 154:24 | | 155:4 |
| 155:12 | | 155:14 |
| 158:20 | | 162:2 |
| 162:14 | | 164:3 |
| 167:6 | | 169:7 |
| 169:14 | | 170:2 |

| Page/Line | To | Page/Line |
|---|---|---|
| 172:13 | | 172:16 |
| 172:17 | | 174:15 |
| 178:9 | | 180:21 |
| 184:22 | | 187:2 |
| 192:21 | | 193:22 |
| 195:20 | | 195:22 |
| 197:11 | | 197:18 |
| 200:20 | | 201:20 |
| 206:9 | | 206:17 |
| 206:24 | | 207:3 |
| 207:7 | | 207:11 |
| 226:17 | | 227:3 |
| 231:5 | | 231:21 |
| 240:2 | | 240:4 |
| 249:3 | | 250:10 |
| 250:24 | | 252:9 |
| 252:15 | | 253:7 |
| 254:15 | | 255:18 |

**Robert Pahl, dated September 26, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 6:1 | | 7:24 |
| 27:17 | | 27:24 |
| 38:23 | | 39:2 |
| 39:6 | | 39:6 |
| 39:8 | | 39:8 |
| 46:8 | | 46:10 |
| 46:22 | | 47:2 |
| 48:21 | | 49:5 |
| 49:10 | | 49:11 |
| 58:7 | | 58:13 |
| 59:4 | | 59:15 |
| 61:3 | | 61:18 |
| 61:22 | | 62:11 |
| 80:18 | | 80:19 |
| 80:25 | | 81:4 |
| 81:8 | | 82:10 |

20

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 82:13 | | 82:13 |
| 82:17 | | 84:15 |
| 84:19 | | 86:3 |
| 86:5 | | 86:5 |
| 86:9 | | 86:11 |
| 86:16 | | 86:24 |
| 87:1 | | 87:19 |
| 87:23 | | 88:3 |
| 88:6 | | 88:10 |
| 88:14 | | 88:18 |
| 89:3 | | 90:18 |
| 91:3 | | 91:4 |
| 91:7 | | 91:14 |
| 97:11 | | 98:13 |
| 104:9 | | 104:11 |
| 104:15 | | 104:18 |
| 104:24 | | 105:2 |
| 105:5 | | 105:7 |
| 105:9 | | 105:14 |
| 105:18 | | 106:7 |
| 106:9 | | 106:12 |
| 106:15 | | 107:1 |
| 107:7 | | 107:10 |
| 107:12 | | 107:22 |
| 108:2 | | 108:3 |
| 108:6 | | 108:24 |
| 110:14 | | 110:16 |
| 117:15 | | 118:9 |
| 118:17 | | 118:20 |
| 118:23 | | 120:8 |
| 120:11 | | 120:18 |
| 120:24 | | 121:25 |
| 123:13 | | 123:15 |
| 123:18 | | 124:6 |
| 124:9 | | 124:15 |
| 128:20 | | 128:22 |
| 128:25 | | 129:8 |
| 131:17 | | 131:23 |
| 132:3 | | 132:9 |

| Page/Line | To | Page/Line |
|---|---|---|
| 133:10 | | 134:4 |
| 134:15 | | 134:16 |
| 135:4 | | 135:15 |
| 136:13 | | 136:18 |
| 141:22 | | 142:8 |
| 145:24 | | 145:25 |
| 231:17 | | 231:20 |
| 234:11 | | 234:15 |
| 239:10 | | 239:20 |
| 251:19 | | 251:21 |
| 252:2 | | 252:2 |
| 252:5 | | 252:10 |

**Thomas Ploughe, dated August 31, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 13:16 | | 13:18 |
| 53:5 | | 53:7 |
| 54:25 | | 55:1 |
| 55:5 | | 55:9 |
| 58:1 | | 58:11 |
| 59:2 | | 59:19 |
| 60:15 | | 61:1 |
| 62:9 | | 62:21 |
| 66:6 | | 66:12 |
| 67:21 | | 67:24 |
| 72:13 | | 72:19 |
| 75:6 | | 75:9 |
| 75:11 | | 75:16 |
| 85:19 | | 85:23 |
| 92:4 | | 92:18 |
| 103:7 | | 103:15 |
| 103:22 | | 103:22 |
| 103:25 | | 104:4 |
| 104:7 | | 104:17 |
| 104:19 | | 104:21 |
| 104:24 | | 105:4 |
| 109:11 | | 109:24 |

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 111:9 | | 111:10 |
| 111:14 | | 111:19 |
| 117:2 | | 120:5 |
| 130:3 | | 131:8 |
| 132:14 | | 132:21 |
| 136:4 | | 136:9 |
| 144:24 | | 144:25 |
| 145:3 | | 145:9 |
| 145:12 | | 145:16 |
| 150:1 | | 150:9 |
| 157:17 | | 158:4 |
| 166:11 | | 166:22 |
| 166:25 | | 167:6 |
| 167:11 | | 167:15 |
| 168:23 | | 169:4 |
| 174:14 | | 174:16 |
| 174:19 | | 175:1 |
| 192:14 | | 192:21 |
| 197:4 | | 197:13 |
| 198:4 | | 198:22 |
| 202:24 | | 202:24 |
| 203:1 | | 203:17 |
| 212:11 | | 212:13 |
| 212:15 | | 212:21 |
| 213:21 | | 213:23 |
| 218:25 | | 219:8 |
| 220:9 | | 220:14 |
| 220:17 | | 220:21 |
| 221:2 | | 221:15 |
| 221:18 | | 221:21 |
| 221:23 | | 222:10 |
| 225:3 | | 225:10 |
| 225:13 | | 225:22 |
| 225:25 | | 226:6 |
| 236:19 | | 236:22 |
| 240:9 | | 240:11 |
| 241:8 | | 241:20 |
| 263:8 | | 263:8 |
| 265:4 | | 265:7 |

| Page/Line | To | Page/Line |
|---|---|---|
| 265:9 | | 265:15 |
| 265:18 | | 265:18 |
| 266:25 | | 267:8 |

**Chip Poth, dated October 3, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 7:9 | | 8:5 |
| 14:8 | | 15:1 |
| 28:3 | | 28:8 |
| 28:10 | | 28:11 |
| 32:20 | | 33:1 |
| 35:13 | | 35:17 |
| 35:21 | | 37:3 |
| 38:8 | | 39:8 |
| 63:2 | | 63:8 |
| 63:11 | | 64:24 |
| 81:9 | | 81:12 |
| 106:10 | | 106:11 |
| 106:18 | | 106:21 |
| 106:23 | | 107:2 |
| 108:16 | | 108:23 |
| 113:7 | | 113:11 |
| 121:12 | | 121:20 |
| 133:5 | | 134:14 |
| 163:21 | | 164:5 |
| 167:14 | | 168:10 |
| 174:14 | | 175:21 |
| 176:18 | | 177:6 |
| 179:5 | | 179:15 |
| 189:22 | | 190:1 |
| 191:6 | | 191:15 |
| 256:16 | | 256:18 |

**William Quiring, dated September 7, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 7:1 | | 8:4 |

24

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 11:18 | | 12:12 |
| 12:22 | | 13:1 |
| 14:5 | | 14:22 |
| 15:15 | | 16:12 |
| 16:24 | | 17:3 |
| 17:5 | | 17:9 |
| 18:16 | | 18:23 |
| 19:4 | | 19:18 |
| 22:6 | | 23:1 |
| 23:14 | | 24:2 |
| 24:6 | | 24:20 |
| 29:2 | | 29:10 |
| 29:13 | | 29:14 |
| 29:17 | | 30:1 |
| 39:3 | | 39:4 |
| 42:12 | | 42:13 |
| 43:18 | | 47:2 |
| 47:4 | | 48:24 |
| 50:17 | | 51:15 |
| 51:18 | | 52:2 |
| 65:9 | | 65:23 |
| 65:25 | | 66:1 |
| 66:4 | | 66:5 |
| 66:7 | | 67:20 |
| 68:19 | | 69:22 |
| 71:17 | | 71:25 |
| 72:3 | | 72:11 |
| 74:2 | | 75:1 |
| 75:4 | | 75:14 |
| 75:17 | | 75:20 |
| 81:8 | | 81:9 |
| 82:17 | | 87:10 |
| 96:12 | | 96:16 |
| 96:20 | | 97:3 |
| 98:1 | | 98:8 |
| 104:18 | | 105:20 |
| 108:8 | | 109:5 |
| 109:7 | | 109:12 |
| 109:15 | | 109:16 |

| Page/Line | To | Page/Line |
|:---:|:---:|:---:|
| 113:12 | | 115:23 |
| 116:1 | | 117:21 |
| 123:19 | | 124:24 |
| 162:4 | | 163:13 |
| 168:6 | | 168:11 |
| 203:12 | | 203:25 |
| 204:13 | | 205:5 |
| 205:14 | | 206:19 |
| 206:22 | | 206:25 |
| 207:5 | | 208:8 |

**John Restall, dated August 17, 2017:**

| Page/Line | To | Page/Line |
|:---:|:---:|:---:|
| 5:2 | | 6:5 |
| 8:23 | | 8:25 |
| 9:8 | | 10:2 |
| 10:5 | | 11:22 |
| 12:11 | | 13:15 |
| 18:17 | | 18:22 |
| 25:4 | | 25:16 |
| 25:21 | | 26:3 |
| 32:5 | | 32:6 |
| 32:8 | | 32:17 |
| 32:19 | | 33:7 |
| 33:16 | | 33:22 |
| 36:25 | | 38:1 |
| 38:3 | | 38:20 |
| 39:22 | | 40:1 |
| 42:4 | | 44:10 |
| 44:12 | | 44:19 |
| 50:3 | | 50:24 |
| 51:23 | | 52:6 |
| 62:7 | | 63:2 |
| 64:22 | | 67:25 |
| 68:25 | | 69:22 |
| 71:5 | | 71:8 |
| 72:4 | | 72:12 |

| Page/Line | To | Page/Line |
|---|---|---|
| 73:22 | | 74:9 |
| 75:20 | | 75:21 |
| 76:20 | | 78:2 |
| 78:4 | | 78:6 |
| 78:8 | | 78:19 |
| 83:2 | | 83:3 |
| 83:5 | | 83:20 |
| 83:22 | | 85:4 |
| 85:15 | | 85:17 |
| 85:19 | | 89:5 |
| 89:13 | | 90:20 |
| 90:22 | | 94:7 |
| 94:24 | | 96:9 |
| 97:3 | | 97:10 |
| 102:18 | | 102:21 |
| 102:24 | | 103:14 |
| 106:11 | | 106:14 |
| 108:1 | | 110:3 |
| 110:5 | | 111:2 |
| 130:20 | | 130:23 |
| 132:15 | | 132:21 |
| 133:8 | | 133:12 |
| 135:10 | | 135:18 |
| 137:9 | | 137:17 |
| 138:7 | | 138:19 |
| 139:10 | | 139:17 |
| 140:21 | | 141:1 |
| 181:8 | | 182:14 |
| 184:5 | | 186:15 |
| 187:12 | | 187:17 |
| 204:3 | | 204:25 |
| 205:2 | | 205:2 |
| 221:9 | | 221:12 |
| 233:18 | | 234:7 |
| 256:7 | | 256:11 |
| 261:20 | | 262:5 |
| 269:14 | | 269:23 |

**Paul Scaglione, dated August 11, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 6:1 | | 8:10 |
| 9:25 | | 10:16 |
| 12:8 | | 13:8 |
| 14:8 | | 21:14 |
| 21:20 | | 22:18 |
| 25:8 | | 25:10 |
| 44:15 | | 45:14 |
| 47:6 | | 47:19 |
| 50:16 | | 51:8 |
| 63:13 | | 63:25 |
| 86:16 | | 86:22 |
| 90:4 | | 90:8 |
| 92:9 | | 93:8 |
| 100:21 | | 101:8 |
| 103:12 | | 103:25 |
| 107:14 | | 107:18 |
| 108:13 | | 109:12 |
| 117:25 | | 118:3 |
| 119:12 | | 120:14 |
| 120:17 | | 121:5 |
| 121:22 | | 122:1 |
| 123:20 | | 124:2 |
| 151:15 | | 151:17 |
| 154:2 | | 154:6 |
| 178:11 | | 178:16 |
| 196:7 | | 196:11 |
| 197:24 | | 198:2 |
| 199:6 | | 199:21 |
| 243:7 | | 243:10 |
| 321:20 | | 322:8 |
| 324:14 | | 327:21 |

**Henry Sigler, dated September 15, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 5:1 | | 7:2 |
| 7:5 | | 7:11 |

| Page/Line | To | Page/Line |
|:---:|:---:|:---:|
| 8:21 | | 8:22 |
| 10:17 | | 10:21 |
| 10:24 | | 10:25 |
| 12:25 | | 13:3 |
| 15:2 | | 15:23 |
| 17:1 | | 18:12 |
| 19:8 | | 19:17 |
| 22:17 | | 23:2 |
| 23:17 | | 23:25 |
| 24:7 | | 24:9 |
| 25:18 | | 25:19 |
| 26:3 | | 26:8 |
| 26:15 | | 26:19 |
| 37:15 | | 37:25 |
| 38:7 | | 38:17 |
| 42:6 | | 42:22 |
| 43:15 | | 43:23 |
| 44:23 | | 45:3 |
| 60:13 | | 60:21 |
| 63:13 | | 63:19 |
| 65:15 | | 66:3 |
| 69:8 | | 69:10 |
| 69:14 | | 70:4 |
| 70:12 | | 70:17 |
| 73:6 | | 73:10 |
| 74:17 | | 74:19 |
| 75:5 | | 75:9 |
| 75:20 | | 76:1 |
| 80:23 | | 81:1 |
| 83:13 | | 83:15 |
| 84:5 | | 84:6 |
| 97:22 | | 97:24 |
| 103:3 | | 103:20 |
| 106:13 | | 107:20 |
| 108:2 | | 109:14 |
| 122:10 | | 122:19 |
| 132:8 | | 132:14 |
| 133:4 | | 133:15 |
| 145:9 | | 147:2 |

| Page/Line | To | Page/Line |
|---|---|---|
| 149:15 | | 150:4 |
| 154:17 | | 155:8 |
| 156:21 | | 157:1 |
| 158:25 | | 160:1 |
| 179:18 | | 179:18 |
| 230:6 | | 230:9 |
| 257:6 | | 257:23 |
| 259:4 | | 259:15 |
| 262:13 | | 262:16 |
| 274:6 | | 274:19 |
| 279:10 | | 279:21 |
| 279:24 | | 281:14 |
| 283:25 | | 284:6 |

**Chad Walker, dated August 9, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 7:1 | | 8:5 |
| 10:3 | | 10:13 |
| 11:3 | | 11:10 |
| 12:4 | | 12:14 |
| 24:21 | | 25:3 |
| 26:3 | | 26:5 |
| 28:2 | | 28:19 |
| 29:18 | | 30:14 |
| 30:17 | | 30:18 |
| 31:3 | | 31:3 |
| 130:15 | | 131:6 |
| 155:18 | | 155:25 |
| 156:14 | | 156:25 |
| 157:7 | | 157:11 |
| 157:12 | | 158:18 |
| 185:2 | | 185:8 |
| 185:11 | | 185:18 |
| 185:22 | | 185:23 |
| 186:2 | | 186:3 |
| 192:23 | | 192:24 |
| 193:1 | | 193:17 |

| Page/Line | To | Page/Line |
|-----------|----|-----------| 
| 193:21 | | 194:8 |
| 194:12 | | 196:1 |
| 196:3 | | 196:3 |
| 196:7 | | 196:21 |
| 196:24 | | 197:2 |
| 197:5 | | 197:8 |
| 197:11 | | 197:12 |
| 198:11 | | 200:13 |
| 205:5 | | 205:12 |
| 213:3 | | 213:9 |

# ATTACHMENT H-2(c)

(Defendant's Counter-Designations of
Portions of Deposition Testimony)

<u>**ATTACHMENT H-2(c)**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), | ) ) ) ) ) | Civil Action No.: 1:15-cv-01466-JPB |
| Plaintiffs and Counterclaim-Defendants, | ) ) |  |
| v. | ) ) |  |
| UNIVERSAL ALLOY CORPORATION, | ) ) |  |
| Defendant and Counterclaim-Plaintiff. | ) ) |  |

<u>**DEFENDANT'S COUNTER-COUNTER DESIGNATIONS TO
PLAINTIFF'S DEPOSITION DESIGNATIONS**</u>

Defendant Universal Alloy Corporation ("UAC") identifies the following

deposition testimony as counter-counter-designations to testimony identified by

Arconic Corporation (f/k/a Alcoa Inc.) and Howmet Aerospace Inc. ("Plaintiffs").

UAC reserves the right to revise, amend, or supplement these designations as

necessitated by the Court's pretrial or trial rulings; Plaintiffs' trial designations,

exhibits, or arguments; or to address any additional developments in the case.  UAC

further reserves the right to provide designations for use in its rebuttal case and to

use any portion of any deposition transcript for the purposes of impeachment.  UAC

further reserves the right to introduce any deposition testimony designated by

Plaintiffs to ensure any testimony Plaintiffs offer is complete.  All extraneous and

unnecessary matters, including nonessential colloquy of counsel, will be removed

from the designations below when the designations are read to or viewed by the jury.

**Brian Ankenman, dated May 5, 2016:**

| Page/Line | To | Page/Line |
|---|---|---|
| 27:15 | | 27:17 |
| 38:16 | | 38:20 |
| 50:2 | | 50:3 |
| 53:12 | | 53:15 |
| 94:3 | | 94:6 |
| 94:9 | | 94:17 |
| 95:6 | | 95:8 |
| 95:11 | | 95:18 |
| 99:18 | | 99:24 |
| 152:13 | | 153:17 |
| 244:10 | | 244:11 |
| 244:14 | | 244:14 |
| 246:13 | | 246:18 |
| 246:20 | | 246:23 |
| 247:5 | | 247:15 |
| 279:2 | | 279:11 |
| 299:1 | | 299:5 |
| 299:8 | | 299:10 |

**Kelly Bethards, dated May 4, 2016:**

| Page/Line | To | Page/Line |
|---|---|---|
| 41:25 | | 42:5 |
| 42:7 | | 42:7 |
| 65:17 | | 65:20 |
| 138:25 | | 139:22 |
| 191:1 | | 191:4 |
| 213:6 | | 213:13 |
| 263:7 | | 263:12 |

**Jeff Carpenter, dated September 8, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 45:10 | | 45:18 |
| 115:12 | | 115:19 |
| 121:13 | | 121:17 |
| 124:12 | | 124:14 |
| 125:8 | | 125:11 |
| 130:25 | | 131:8 |
| 133:25 | | 134:18 |
| 136:21 | | 137:10 |
| 139:11 | | 140:20 |
| 152:3 | | 152:15 |

**Alan Chase, dated September 22, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 12:13 | | 12:17 |
| 13:23 | | 14:4 |
| 17:13 | | 17:15 |
| 20:5 | | 20:9 |
| 34:8 | | 34:9 |
| 38:1 | | 38:5 |
| 78:25 | | 79:6 |
| 90:24 | | 90:24 |
| 95:22 | | 95:25 |
| 96:3 | | 96:11 |
| 129:18 | | 129:21 |
| 129:24 | | 130:2 |

**Michael Colt, dated October 18, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 72:10 | | 72:11 |
| 73:19 | | 73:23 |
| 78:5 | | 78:20 |
| 89:20 | | 89:23 |

3

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 192:8 | | 192:9 |
| 192:12 | | 192:15 |
| 208:9 | | 208:17 |
| 247:1 | | 247:3 |
| 247:5 | | 247:8 |
| 250:4 | | 250:12 |
| 270:17 | | 271:4 |
| 280:2 | | 280:10 |

**Michael Colt, dated October 19, 2017:**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 352:18 | | 353:3 |
| 424:9 | | 424:12 |
| 447:10 | | 447:11 |
| 447:14 | | 447:15 |
| 463:3 | | 463:4 |
| 463:7 | | 463:14 |
| 469:5 | | 469:16 |
| 519:1 | | 523:25 |

**Arconic 30(b)(6) deposition of Edward Colvin, dated November 8, 2017:**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 90:1 | | 90:9 |
| 110:7 | | 110:11 |
| 115:6 | | 115:14 |
| 117:12 | | 117:18 |
| 118:25 | | 119:23 |
| 134:2 | | 134:4 |
| 134:7 | | 134:11 |
| 174:6 | | 174:8 |
| 175:4 | | 175:11 |
| 279:12 | | 279:18 |
| 291:4 | | 291:6 |
| 294:5 | | 294:13 |
| 320:17 | | 320:23 |

4

**Arconic 30(b)(6) deposition of Edward Colvin, dated November 9, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 430:1 | | 430:10 |
| 432:2 | | 432:4 |
| 432:7 | | 432:9 |
| 457:11 | | 457:23 |
| 481:16 | | 481:20 |
| 679:6 | | 679:15 |

**Arconic 30(b)(6) deposition of Edward Colvin, dated November 10, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 716:18 | | 716:25 |
| 920:22 | | 921:1 |
| 939:7 | | 939:9 |
| 939:14 | | 939:20 |
| 942:19 | | 942:20 |
| 942:25 | | 943:5 |
| 969:24 | | 970:5 |
| 980:1 | | 980:1 |
| 985:9 | | 985:12 |

**Gerry Dail, dated October 19, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 62:5 | | 62:5 |
| 62:9 | | 63:2 |
| 63:10 | | 63:14 |
| 68:14 | | 69:6 |
| 69:8 | | 69:9 |
| 88:19 | | 88:24 |
| 90:8 | | 90:16 |
| 104:7 | | 104:9 |
| 104:13 | | 104:14 |
| 104:17 | | 104:20 |
| 104:22 | | 104:23 |

| Page/Line | To | Page/Line |
|---|---|---|
| 105:1 | | 105:4 |
| 111:3 | | 111:11 |
| 112:13 | | 112:16 |
| 113:8 | | 113:20 |

**Victor Dangerfield, dated October 10, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 100:19 | | 101:5 |
| 162:11 | | 162:22 |

**Michael Fultz, dated August 10, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 29:20 | | 29:22 |
| 29:24 | | 29:25 |
| 30:2 | | 30:4 |
| 32:5 | | 32:13 |
| 101:5 | | 101:7 |
| 102:22 | | 103:14 |
| 224:1 | | 224:17 |
| 318:22 | | 319:2 |

**Melissa Griffith, dated October 25, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 14:8 | | 14:14 |
| 15:12 | | 15:16 |
| 64:2 | | 64:4 |

**Terry Jarrett, dated October 27, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 28:24 | | 28:25 |
| 29:3 | | 29:6 |
| 35:16 | | 35:19 |

| Page/Line | To | Page/Line |
|---|---|---|
| 52:23 | | 53:2 |
| 138:16 | | 138:20 |
| 151:12 | | 151:17 |
| 159:5 | | 159:9 |
| 174:5 | | 174:7 |

**Arconic 30(b)(6) deposition of Kevin Johnson, dated December 6, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 66:10 | | 66:11 |
| 66:14 | | 66:14 |
| 66:16 | | 66:22 |
| 66:25 | | 66:25 |
| 82:23 | | 82:24 |
| 83:1 | | 83:7 |
| 83:9 | | 83:13 |
| 83:16 | | 83:17 |
| 83:19 | | 83:19 |
| 86:1 | | 86:24 |
| 87:12 | | 88:7 |
| 88:19 | | 88:24 |
| 89:15 | | 90:25 |
| 91:19 | | 92:2 |
| 92:20 | | 92:25 |
| 95:16 | | 96:14 |
| 99:20 | | 100:4 |
| 100:15 | | 100:25 |
| 107:16 | | 107:19 |
| 107:21 | | 107:21 |
| 107:23 | | 108:6 |
| 108:12 | | 109:3 |
| 109:19 | | 111:6 |
| 111:11 | | 111:11 |

**Joseph Kerkhove, dated August 29, 2017:**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 170:23 | | 171:2 |
| 178:20 | | 178:24 |
| 181:23 | | 182:18 |

**Vicki Micheau, dated September 7, 2017**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 110:22 | | 111:2 |
| 229:5 | | 229:20 |
| 233:20 | | 234:6 |

**Robert Pahl, dated September 26, 2017:**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 24:2 | | 24:3 |
| 24:8 | | 24:21 |
| 73:9 | | 73:16 |
| 141:1 | | 141:2 |
| 141:22 | | 142:8 |
| 149:9 | | 149:11 |
| 149:14 | | 149:15 |
| 220:5 | | 220:11 |
| 224:13 | | 225:3 |
| 250:14 | | 251:3 |
| 253:1 | | 253:2 |
| 253:6 | | 253:21 |

**Thomas Ploughe, dated August 31, 2017:**

| Page/Line | To | Page/Line |
|-----------|-----|-----------|
| 67:21 | | 67:24 |
| 77:2 | | 77:6 |
| 111:9 | | 111:10 |
| 111:14 | | 111:19 |
| 112:5 | | 112:8 |
| 112:12 | | 112:15 |
| 123:21 | | 123:23 |

| **Page/Line** | **To** | **Page/Line** |
|:---:|:---:|:---:|
| 168:23 | | 169:4 |
| 195:14 | | 195:20 |
| 197:4 | | 197:20 |
| 202:24 | | 202:24 |
| 203:1 | | 203:3 |
| 213:21 | | 213:23 |
| 225:2 | | 225:10 |
| 225:13 | | 225:18 |

**Chip Poth, dated October 3, 2017:**

| **Page/Line** | **To** | **Page/Line** |
|:---:|:---:|:---:|
| 44:12 | | 45:2 |
| 48:24 | | 49:3 |
| 61:13 | | 61:24 |
| 81:9 | | 81:12 |
| 113:7 | | 113:15 |

**William Quiring, dated September 7, 2017:**

| **Page/Line** | **To** | **Page/Line** |
|:---:|:---:|:---:|
| 126:7 | | 127:6 |
| 168:9 | | 168:11 |

**John Restall, dated August 17, 2017:**

| **Page/Line** | **To** | **Page/Line** |
|:---:|:---:|:---:|
| 106:11 | | 106:14 |
| 135:10 | | 135:18 |
| 152:22 | | 153:2 |
| 183:2 | | 183:12 |
| 229:5 | | 229:18 |
| 236:18 | | 236:22 |
| 242:16 | | 242:20 |

**Eric Roegner, dated October 27, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 30:25 | | 31:6 |
| 85:22 | | 86:12 |
| 109:11 | | 109:20 |
| 142:6 | | 142:11 |
| 142:13 | | 142:14 |
| 143:11 | | 143:16 |

**Dustin Ruh, dated August 14, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 22:5 | | 22:7 |
| 140:1 | | 140:9 |
| 142:21 | | 142:22 |
| 210:16 | | 211:1 |
| 228:25 | | 229:2 |

**Paul Scaglione, dated August 11, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 116:15 | | 117:2 |
| 201:12 | | 201:23 |
| 216:10 | | 216:18 |
| 317:25 | | 318:16 |

**Henry Sigler, dated September 15, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 165:1 | | 165:5 |
| 165:13 | | 165:16 |
| 172:12 | | 172:19 |
| 176:5 | | 176:10 |
| 186:22 | | 187:9 |
| 214:23 | | 214:23 |
| 214:25 | | 215:9 |
| 215:17 | | 215:22 |
| 244:12 | | 244:16 |
| 245:8 | | 246:12 |

10

| Page/Line | To | Page/Line |
|---|---|---|
| 259:25 | | 260:4 |
| 278:6 | | 278:17 |

**Chad Walker, dated August 9, 2017:**

| Page/Line | To | Page/Line |
|---|---|---|
| 72:22 | | 73:9 |
| 130:20 | | 131:6 |
| 155:18 | | 155:25 |
| 156:14 | | 156:20 |
| 184:14 | | 184:17 |

11

# ATTACHMENT I-1(a)

(Plaintiffs' Proposed Verdict Form)

<u>**ATTACHMENT I-1(a)**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), | ) ) ) | |
| | ) | Civil Action No.: |
| Plaintiffs and Counterclaim-Defendants, | ) ) | 1:15-cv-01466-JPB |
| | ) | Jury Trial Requested |
| v. | ) ) | |
| UNIVERSAL ALLOY CORPORATION, | ) ) | |
| Defendant and Counterclaim-Plaintiff. | ) ) | |
| _____ | ) | |

<u>**PLAINTIFFS' [PROPOSED] VERDICT FORM**</u>

<u>**TRADE SECRET CLAIM**</u>

**Question 1:**

Did UAC violate the Georgia Trade Secrets Act by misappropriating Alcoa

trade secrets?

| |
|---|
| Yes _____     No _____ |

*(If you answered YES to Question 1, go to Questions 2, 3 and 4..  If you answered NO to Question 1, then skip Questions 2, 3, and 4.)*

**Question 2:**

What amount in damages should Alcoa receive as a result of UAC's violation?

$_____

**Question 3:**

If UAC's actions were willful and malicious, what amount of exemplary damages should be awarded?

$_____

(This amount can be up to double the amount in Question 2.)

**Question 4:**

Should attorney's fees be awarded against UAC?

Yes _____     No _____

# ATTACHMENT I-1(b)

(Plaintiffs' Objections to Defendant's Proposed Verdict Form)

**ATTACHMENT I-1(b)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), ) ) ) ) | |
| Plaintiffs and Counterclaim-Defendants, ) | Civil Action No.: 1:15-cv-01466-JPB |
| ) ) | |
| v. ) | Jury Trial Requested |
| ) | |
| UNIVERSAL ALLOY CORPORATION, ) | |
| ) | |
| Defendant and Counterclaim-Plaintiff. ) | |
| ) ) | |

**PLAINTIFFS' OBJECTIONS TO**
**DEFENDANT'S PROPOSED VERDICT FORM**

Alcoa's verdict form is tailored to this case, understandable by the jury, and appropriate under the law. To the extent that fewer than all of the trade secrets are determined to be misappropriated at trial, that issue would be dealt with through expert testimony on damages. Specifically, experts could testify as to the damages attributable to various combinations of trade secrets.

Alcoa objects to UAC's proposed verdict form as overly complicated and difficult or impossible for jurors to understand. UAC's proposed verdict form requires findings for each individual alleged trade secret for liability and damages.

As a threshold matter, the various trade secrets can be viewed individually or in combination.  In this case, where there are dozens of alleged trade secrets and the trade secrets are interrelated, it would become far too complex to list out all of them individually, and all of the various combinations of them, on the verdict form. UAC's approach would quickly lead to an unwieldy number of permutations, which would be unnecessarily complicated and not aid in the jury's decision making.  The pertinent question is how damages are apportioned for trade secrets found to be misappropriated, and that can be dealt with through expert testimony and the jury's sound judgment.

The 11th Circuit pattern instructions do not preclude Alcoa's proposed verdict form or require UAC's proposed verdict form.  First, those pattern instructions relate to the federal trade secret act, not the Georgia Trade Secrets Act, under which this case arises.  Second, there is no requirement under Georgia law for a lengthy special verdict form.  Third, that instructions might direct the jury to consider each trade secret individually, or each element of the cause of action individually, does not mean the verdict must have special interrogatories (particularly voluminous and confusing ones).  Indeed, in every case there are many jury instructions that are not expressly part of the verdict form.  Finally, even if this case included federal trade secret claims (which it does not not), the pattern jury instructions are not required if

they do not make sense under the circumstances of a particular case.  Here, they make no sense given they would require too many permutations and would be unwieldy and too confusing for a jury.

Alcoa has identified its objections for purposes of the Pretrial Order to assist the Court in understanding its position.  Alcoa understands that argument on the objections will take place later, and the Court will request briefing to the extent helpful (and therefore all arguments and authorities have not been presented here). In sum, UAC's proposed verdict form presents too many impediments for the jury, whereas Alcoa has proposed a straightforward verdict form that largely tracks the general practice in this district and is tailored to the facts and circumstances of this case.

# ATTACHMENT I-2(a)

(Defendant's Proposed Verdict Form)

## ATTACHMENT I-2(a) – DEFENDANT'S PROPOSED VERDICT FORM

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.),     ) <br>     ) <br>     ) <br> Plaintiffs and Counterclaim-Defendants,     ) <br>     ) <br> v.     ) <br>     ) <br> UNIVERSAL ALLOY CORPORATION,     ) <br>     ) <br> Defendant and Counterclaim-Plaintiff.     ) <br>     ) <br>     ) <br>     ) | Civil Action No.: <br> 1:15-cv-01466-JPB |

## VERDICT FORM

## I.  Trade Secrets – Misappropriation of a Trade Secret

**Do you find by a preponderance of the evidence that:**

A.  [NAME OF ALLEGED TRADE SECRET 1][1]

1.  [Name of alleged trade secret 1] ("Alleged Trade Secret 1") is

Arconic's property?

Answer Yes or No _____

---

[1]  Individual alleged trade secrets to be specified by Arconic.  If Arconic asserts more than one alleged trade secret at trial, each question must be repeated for each alleged trade secret where indicated by brackets. This form includes Alleged Trade Secret 1 and Alleged Trade Secret 2 for exemplary purposes.

*If your answer is "No," do not answer Questions 2 through 6, and instead go to Question 7. If your answer is "Yes," go to the next question.*

2. Alleged Trade Secret 1 is not generally known to another person who can obtain economic value from its disclosure or use?

Answer Yes or No _____

*If your answer is "No," do not answer Questions 3 through 6, and instead go to Question 7. If your answer is "Yes," go to the next question.*

3. Alleged Trade Secret 1 is not readily ascertainable through proper means?

Answer Yes or No _____

*If your answer is "No," do not answer Questions 4 through 6, and instead go to Question 7. If your answer is "Yes," go to the next question.*

4. Alleged Trade Secret 1 derives economic value, actual or potential, from not being known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use?

Answer Yes or No _____

*If your answer is "No," do not answer Questions 5 through 6, and instead go to Question 7. If your answer is "Yes," go to the next question.*

5. Arconic used efforts that were reasonable under the circumstances to maintain the secrecy of Alleged Trade Secret 1?

Answer Yes or No _____

*If your answer is "No," do not answer Question 6, and instead go to Question 7. If your answer is "Yes," go to the next question.*

2

6.   <u>Acquired, Used or Disclosed; Improper Means</u>:

(a)   UAC acquired Alleged Trade Secret 1 and knew or should have known that Alleged Trade Secret 1 was acquired by improper means?

Answer Yes or No _____

(b)   UAC used or disclosed Alleged Trade Secret 1 without express or implied consent, and UAC used improper means to acquire knowledge of Alleged Trade Secret 1?

Answer Yes or No _____

(c)   UAC used or disclosed Alleged Trade Secret 1 without express or implied consent, and at the time of disclosure or use, UAC knew or should have known Alleged Trade Secret 1 was derived from or through a third person who used improper means to acquire Alleged Trade Secret 1?

Answer Yes or No _____

(d)   UAC used or disclosed Alleged Trade Secret 1 without express or implied consent, and at the time of disclosure or use, UAC knew or should have known Alleged Trade Secret 1 was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use?

Answer Yes or No_____

(e)   UAC used or disclosed Alleged Trade Secret 1 without express or implied consent, and at the time of disclosure or use, UAC knew or should have

3

known Alleged Trade Secret 1 was derived from or through a person who had a

duty to Arconic to maintain the secrecy of Alleged Trade Secret 1 or limit use of

Alleged Trade Secret 1?

Answer Yes or No _____

(f)     UAC used or disclosed Alleged Trade Secret 1 without express

or implied consent, and before a material change of position, UAC knew or should

have known that Alleged Trade Secret 1 was a trade secret and that knowledge of it

had been acquired by accident or mistake?

Answer Yes or No _____

*Regardless of whether your answer is "Yes" or "No," go to the next question.*

7.     <u>Summary of Findings for Misappropriation of Alleged Trade Secret 1</u>:

Did you answer "Yes" to each and every one of Questions 1-5 and "Yes" to at least

one of Questions 6(a)-(f)?

Answer Yes or No _____

*Regardless of whether your answer is "Yes" or "No," go to the next question.*

B.     <u>[NAME OF ALLEGED TRADE SECRET 2]</u>

8.     <u>[Name of alleged trade secret 2]</u> ("Alleged Trade Secret 2") is

Arconic's property?

Answer Yes or No _____

*If your answer is "No," do not answer Questions 9 through 13, and instead go to*
*Question 14. If your answer is "Yes," go to the next question.*

4

9.    Alleged Trade Secret 2 is not generally known to another person who can obtain economic value from its disclosure or use?

Answer Yes or No  _____

*If your answer is "No," do not answer Questions 10 through 13, and instead go to Question 14. If your answer is "Yes," go to the next question.*

10.    Alleged Trade Secret 2 is not readily ascertainable through proper means?

Answer Yes or No  _____

*If your answer is "No," do not answer Questions 11 through 13, and instead go to Question 14. If your answer is "Yes," go to the next question.*

11.    Alleged Trade Secret 2 derives economic value, actual or potential, from not being known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use?

Answer Yes or No  _____

*If your answer is "No," do not answer Questions 12 through 13, and instead go to Question 14. If your answer is "Yes," go to the next question.*

12.    Arconic used efforts that were reasonable under the circumstances to maintain the secrecy of Alleged Trade Secret 2?

Answer Yes or No  _____

*If your answer is "No," do not answer Question 13, and instead go to Question 14. If your answer is "Yes," go to the next question.*

13.    <u>Acquired, Used or Disclosed; Improper Means</u>:

5

(a)     UAC acquired Alleged Trade Secret 2 and knew or should have known that Alleged Trade Secret 2 was acquired by improper means?

Answer Yes or No _____

(b)     UAC used or disclosed Alleged Trade Secret 2 without express or implied consent, and UAC used improper means to acquire knowledge of Alleged Trade Secret 2?

Answer Yes or No _____

(c)     UAC used or disclosed Alleged Trade Secret 2 without express or implied consent, and at the time of disclosure or use, UAC knew or should have known Alleged Trade Secret 2 was derived from or through a third person who used improper means to acquire Alleged Trade Secret 2?

Answer Yes or No _____

(d)     UAC used or disclosed Alleged Trade Secret 2 without express or implied consent, and at the time of disclosure or use, UAC knew or should have known Alleged Trade Secret 2 was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use?

Answer Yes or No_____

(e)     UAC used or disclosed Alleged Trade Secret 2 without express or implied consent, and at the time of disclosure or use, UAC knew or should have known Alleged Trade Secret 2 was derived from or through a person who had a

6

duty to Arconic to maintain the secrecy of Alleged Trade Secret 2 or limit use of Alleged Trade Secret 2?

Answer Yes or No _____

(f)     UAC used or disclosed Alleged Trade Secret 2 without express or implied consent, and before a material change of position, UAC knew or should have known that Alleged Trade Secret 2 was a trade secret and that knowledge of it had been acquired by accident or mistake?

Answer Yes or No _____

*Regardless of whether your answer is "Yes" or "No," go to the next question.*

14.     <u>Summary of Findings for Misappropriation of Alleged Trade Secret 2</u>: Did you answer "Yes" to each and every one of Questions 8-12 and "Yes" to at least one of Questions 13(a)-(f)?

Answer Yes or No _____

*Only proceed to the next question if you answered "Yes" to at least one of Questions 7 or 14.  If you answered "No" to both Questions 7 and 14, this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.*

## II.     <u>Trade Secrets – Affirmative Defense – Statute of Limitations</u>

**Do you find by a preponderance of the evidence that:**

15.     Arconic discovered, or should have discovered through the exercise of reasonable diligence, the claimed misappropriation before November 17, 2009?

Answer Yes or No  _____

*If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.*

## III.   <u>Trade Secrets – Affirmative Defense – Lawful Means of Acquisition</u>

**Do you find by a preponderance of the evidence that:**

16.   UAC lawfully acquired Arconic's trade secret by reverse engineering, independent development, or in some other lawful way?

Answer Yes or No _____

*If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.*

**IV.** **Trade Secrets – Damages – Compensatory**

A.      [NAME OF ALLEGED TRADE SECRET 1]

*Only answer Questions 17-19 if you answered "Yes" to Question 7, and you answered "No" to each and every one of Questions 15-16.*

> i.      Actual Damages and Unjust Enrichment

17.      What, if anything, do you the Jury award in actual damages suffered by Arconic as a result of UAC's misappropriation of [name of alleged trade secret 1] (Alleged Trade Secret 1)?

> $_____

18.      What, if anything, do you the Jury award Arconic for UAC's unjust enrichment that is a result of UAC's misappropriation of Alleged Trade Secret 1?

> $_____

> ii.      Reasonable Royalty

19.      If neither actual damages nor unjust enrichment caused by the misappropriation are proved by a preponderance of the evidence, you may award a reasonable royalty to Arconic for UAC's unauthorized disclosure or use of Alleged Trade Secret 1 for no longer than the period of time for which use could have been prohibited. What, if anything, do you the Jury award Arconic as a reasonable royalty against UAC?

> $_____

B.     [NAME OF ALLEGED TRADE SECRET 2]

*Only answer Questions 20-22 if you answered "Yes" to Question 14, and you answered "No" to each and every one of Questions 15-16.*

i.     Actual Damages and Unjust Enrichment

20.     What, if anything, do you the Jury award in actual damages suffered by Arconic as a result of UAC's misappropriation of [name of alleged trade secret 2] (Alleged Trade Secret 2)?

$_____

21.     What, if anything, do you the Jury award Arconic for UAC's unjust enrichment that is a result of UAC's misappropriation of Alleged Trade Secret 2?

$_____

ii.     Reasonable Royalty

22.     If neither actual damages nor unjust enrichment caused by the misappropriation are proved by a preponderance of the evidence, you may award a reasonable royalty to Arconic for UAC's unauthorized disclosure or use of Alleged Trade Secret 2 for no longer than the period of time for which use could have been prohibited. What, if anything, do you the Jury award Arconic as a reasonable royalty against UAC?

$_____

11

## V.   **Trade Secrets – Damages – Exemplary**

*Only answer Question 23 if you answered "Yes" to Question 7, and you answered "No" to each and every one of Questions 15-16.*

23.   Do you find that UAC willfully and maliciously misappropriated

Arconic's [name of alleged trade secret 1] (Alleged Trade Secret 1)?

Answer Yes or No _____

*Only answer Question 24 if you answered "Yes" to Question 14, and you answered "No" to each and every one of Questions 15-16.*

24.   Do you find that UAC willfully and maliciously misappropriated

Arconic's [name of alleged trade secret 2] (Alleged Trade Secret 2)?

Answer Yes or No _____

This _____ day of _____, 2020.

_____
FOREPERSON

12

# ATTACHMENT I-2(b)

(Defendant's Objections to Plaintiffs' Proposed Verdict Form)

**ATTACHMENT I-2(b)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), ) ) ) | |
| ) | Civil Action No.: |
| Plaintiffs and Counterclaim-Defendants, ) | 1:15-cv-01466-JPB |
| ) | |
| v. ) | |
| ) | |
| UNIVERSAL ALLOY CORPORATION, ) | |
| ) | |
| Defendant and Counterclaim-Plaintiff. ) | |
| ) | |
| ) | |
| ) | |

**UNIVERSAL ALLOY CORPORATION'S OBJECTION TO
PLAINTIFF'S PROPOSED VERDICT FORM**

UAC objects to Arconic's proposed verdict form as it is inadequate to address the numerous and complex issues to be put to the jury, and stands in stark contrast to the detailed Special Interrogatories to the Jury in the Eleventh Circuit Pattern Jury Instructions. Judge Ross's instructions express a preference for the use of the Eleventh Circuit Pattern Jury Instructions for trial materials such as the requests to charge. The special interrogatories in those pattern instructions require findings for each individual alleged trade secret for liability and damages.

Arconic's proposed verdict form is completely lacking in this regard, whereas UAC has proposed a verdict form that largely tracks the special interrogatories in the pattern instructions.

While UAC's proposed form is undeniably longer than Arconic's, the additional detail is intended as an aid to the jurors, who will be grappling with numerous complex issues, voluminous evidence, and likely a lengthy set of jury instructions.  Contrary to Arconic's suggestion, UAC's proposed verdict form does not amount to a reiteration of the jury instructions, but rather would act as a checklist for the jury to ensure that they are making all the necessary decisions on all the matters at issue in the case, in such a way that a comprehensive record of the jury's conclusions will exist at the end of the case.  Indeed, Arconic's arguments against UAC's proposed form go a long way toward proving the need for a detailed verdict:  if Arconic intends to present a case that will involve "an unwieldy number of permutations" of trade secrets, then they owe it to the jurors to do the work and provide a clear framework for the jurors to render their decision, not provide open ended questions that will invite confusion and potential error.

Arconic's proposed verdict form also inappropriately puts the question of the amount of exemplary damages and the question regarding attorneys' fees to the jury. These are questions for the Court. *See, e.g.*, O.C.G.A. § 10-1-763(b) ("[T]he

court may award exemplary damages . . . ."); *id.* § 10-7-764 ("[T]he court may award reasonable attorneys' fees . . . .").

The foregoing is intended to provide the Court and Arconic with notice of UAC's position on the proper form of verdict in this case, and is not intended to be an exhaustive recitation of the grounds and authorities for UAC's position. UAC welcomes the opportunity to provide further argument to assist the Court in resolving this dispute.