# ATTACHMENT 3

Plaintiffs' Updated Proposed Verdict Form and Objections to Defendant's Proposed Verdict Form

<u>**ATTACHMENT I-1(a)**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), ) ) ) ) | |
| Plaintiffs and Counterclaim-Defendants, ) ) ) | Civil Action No.: 1:15-cv-01466-JPB |
| ) | Jury Trial Requested |
| v. ) ) | |
| UNIVERSAL ALLOY CORPORATION, ) ) | |
| Defendant and Counterclaim-Plaintiff. ) ) | |

<u>**PLAINTIFFS' UPDATED [PROPOSED] VERDICT FORM**</u>

<u>**TRADE SECRET CLAIM**</u>

**Question 1:**

Did UAC violate the Georgia Trade Secrets Act by misappropriating Alcoa trade secrets?

> Yes _____   No _____

*(If you answered YES to Question 1, go to Questions 2 and 3.  If you answered NO to Question 1, then skip Questions 2 and 3.)*

**Question 2:**

What amount in damages should Alcoa receive as a result of UAC's violation?

$_____

**Question 3:**

Were UAC's actions willful and malicious?

Yes _____   No _____

# ATTACHMENT I-1(b)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> UNIVERSAL ALLOY CORPORATION, <br><br> Defendant and Counterclaim-Plaintiff. | Civil Action No.: 1:15-cv-01466-JPB <br><br> Jury Trial Requested |

# PLAINTIFFS' UPDATED OBJECTIONS TO DEFENDANT'S PROPOSED VERDICT FORM

Alcoa's verdict form is tailored to this case, understandable by the jury, and appropriate under the law. Alcoa objects to UAC's proposed verdict form as overly complicated and difficult or impossible for jurors to understand.

The 11th Circuit pattern instructions do not preclude Alcoa's proposed verdict form or require UAC's proposed verdict form. First, those pattern instructions relate to the federal trade secret act, not the Georgia Trade Secrets Act, under which this case arises. Second, there is no requirement under Georgia law for a lengthy special verdict form. Third, that instructions might direct the jury to consider each element

of the cause of action individually, does not mean the verdict must have special interrogatories (particularly confusing ones). Indeed, in every case there are many jury instructions that are not expressly part of the verdict form. Finally, even if this case included federal trade secret claims (which it does not not), the pattern jury instructions are not required if they do not make sense under the circumstances of a particular case. Here, they make no sense given they would be unwieldy and too confusing for a jury.

Alcoa also specifically objects to UAC's proposed special interrogatory 3, which asks whether the Claimed Trade Secrets are not readily ascertainable by proper means, because it is duplicative of proposed special interrogatory number 4 and thus risks an inconsistent verdict. Moreover, it misstates the law in that it assumes that not being readily ascertainable by proper means is a stand-alone requirement distinct from the requirement to show that an alleged trade secret "[d]erives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use." O.C.G.A. . § 10-1-761(4)(A).

In sum, UAC's proposed verdict form presents too many impediments for the jury, whereas Alcoa has proposed a straightforward verdict form that largely tracks

the general practice in this district and is tailored to the facts and circumstances of this case.