# ATTACHMENT 4

Defendant's Updated Proposed Verdict Form and Objections to Plaintiffs' Proposed Verdict Form

**ATTACHMENT I-2(a) – DEFENDANT'S PROPOSED VERDICT FORM**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.), )<br><br>Plaintiffs and Counterclaim-Defendants, )<br><br>v. )<br><br>UNIVERSAL ALLOY CORPORATION, )<br><br>Defendant and Counterclaim-Plaintiff. ) | Civil Action No.:<br>1:15-cv-01466-JPB |

**DEFENDANT'S UPDATED [PROPOSED] VERDICT FORM**

**I.   Trade Secrets – Misappropriation of a Trade Secret**

**Do you find by a preponderance of the evidence that:**

1. The Claimed Trade Secrets are Arconic's property?

    Answer Yes or No _____

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," go to the next question.*

2. The Claimed Trade Secrets are not generally known to another person who can obtain economic value from their disclosure or use?

    Answer Yes or No _____

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," go to the next question.*

    3.    The Claimed Trade Secrets are not readily ascertainable through proper means?

        Answer Yes or No _____

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," go to the next question.*

    4.    The Claimed Trade Secrets derive economic value, actual or potential, from not being known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use?

        Answer Yes or No _____

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," go to the next question.*

    5.    Arconic used efforts that were reasonable under the circumstances to maintain the secrecy of the Claimed Trade Secrets?

        Answer Yes or No _____

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," go to the next question.*

    6.    <u>Acquired, Used or Disclosed; Improper Means</u>:

        (a)    UAC acquired the Claimed Trade Secrets and knew or should have known that the Claimed Trade Secrets were acquired by improper means?

Answer Yes or No _____

(b) UAC used or disclosed the Claimed Trade Secrets without express or implied consent, and UAC used improper means to acquire knowledge of the Claimed Trade Secrets?

Answer Yes or No _____

(c) UAC used or disclosed the Claimed Trade Secrets without express or implied consent, and at the time of disclosure or use, UAC knew or should have known the Claimed Trade Secrets were derived from or through a third person who used improper means to acquire the Claimed Trade Secrets?

Answer Yes or No _____

(d) UAC used or disclosed the Claimed Trade Secrets without express or implied consent, and at the time of disclosure or use, UAC knew or should have known the Claimed Trade Secrets were acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use?

Answer Yes or No_____

(e) UAC used or disclosed the Claimed Trade Secrets without express or implied consent, and at the time of disclosure or use, UAC knew or should have known the Claimed Trade Secrets were derived from or through a person who had a duty to Arconic to maintain the secrecy of the Claimed Trade Secrets or limit use of Claimed Trade Secrets?

3

Answer Yes or No _____

  (f) UAC used or disclosed Claimed Trade Secrets without express or implied consent, and before a material change of position, UAC knew or should have known that Claimed Trade Secrets were a trade secret and that knowledge of them had been acquired by accident or mistake?

Answer Yes or No _____

*If your answer is "Yes" to any of the subparts of this question (6(a)-(f)), go to the next question.  If your answer is "No" to all subparts of this question (6(a)-(f)), this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.*

**II.** **<u>Trade Secrets – Affirmative Defense – Statute of Limitations</u>**

**Do you find by a preponderance of the evidence that:**

  7. Arconic discovered, or should have discovered through the exercise of reasonable diligence, the claimed misappropriation before November 17, 2009?

Answer Yes or No _____

*If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.*

4

## III. <u>Trade Secrets – Affirmative Defense – Lawful Means of Acquisition</u>

**Do you find by a preponderance of the evidence that:**

    8.    UAC lawfully acquired Arconic's trade secret by independent development?

Answer Yes or No _____

*If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.*

## IV. <u>Trade Secrets – Damages – Compensatory</u>

    9.    What, if anything, do you the Jury award in damages for Arconic as a result of UAC's misappropriation of Claimed Trade Secrets?

$_____

## V. <u>Trade Secrets – Damages – Exemplary</u>

    10.    Do you find that UAC willfully and maliciously misappropriated Arconic's Claimed Trade Secrets?

Answer Yes or No _____

This ____ day of _____, 2023.

 

_____
FOREPERSON

# ATTACHMENT I-2(b)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ARCONIC CORPORATION, and HOWMET AEROSPACE INC. (f/k/a Alcoa Inc.),<br><br>  Plaintiffs and Counterclaim-Defendants,<br><br>  v.<br><br>UNIVERSAL ALLOY CORPORATION,<br><br>  Defendant and Counterclaim-Plaintiff. | Civil Action No.:<br>1:15-cv-01466-JPB |

## UNIVERSAL ALLOY CORPORATION'S UPDATED OBJECTIONS TO PLAINTIFFS' PROPOSED VERDICT FORM

UAC objects to Arconic's proposed verdict form as it is inadequate to address the numerous and complex issues to be put to the jury, and stands in stark contrast to the detailed Special Interrogatories to the Jury in the Eleventh Circuit Pattern Jury Instructions. Judge Boulee's instructions express a preference for the use of the Eleventh Circuit Pattern Jury Instructions for trial materials such as the requests to charge. Arconic's proposed verdict form, which consists of only a single question to the jury on the issue of liability for trade secret misappropriation, a single question on the issue of damages, and a single question relating to

exemplary damages, is completely lacking in this regard. UAC has proposed a verdict form that largely tracks the special interrogatories in the Eleventh Circuit Pattern Instructions as to the predicate factual findings that the jury must make in order to find that UAC has misappropriated Arconic's trade secrets, and as to the jury's determination of appropriate damages.

     Contrary to Arconic's suggestion, UAC's proposed verdict form would not be difficult or impossible for jurors to understand, but rather would act as a checklist for the jury to ensure that they are making all the necessary decisions on all the matters at issue in the case, in such a way that a comprehensive record of the jury's conclusions will exist at the end of the case. The parties currently contemplate, in their Proposed Requests to Charge, that the jury will be instructed on the law as to each element of a claim of trade secret misappropriation, and as to each category of damages that Arconic may recover should misappropriation be proven. The elements of such a claim have also been discussed at length during the course of trial in this matter. UAC's proposed form serves as a reminder of, and invites careful consideration of, the elements that a jury must find satisfied in order to reach a verdict of trade secret misappropriation under Georgia law, in the manner contemplated by the Eleventh Circuit's Special Interrogatories.